1  Avi Wagner (#226688)
   avi@thewagnerfirm.com
2  THE WAGNER FIRM
   1801 Avenue of the Stars, Suite 307
3  Los Angeles, California 90067
   Tel: (310) 491-7949
4  Fax: (310) 491-7949

5  *Liaison Counsel for the Proposed Lead Plaintiff*

6  Beverly Tse (#237240)
   btse@kmllp.com
7  Ira M. Press
   ipress@kmllp.com
8  Randall K. Berger
   rberger@kmllp.com
9  KIRBY McINERNEY LLP
   825 Third Avenue, 16th Floor
10 New York, New York 10022
   Tel: (212) 371-6600
11 Fax: (212) 751-2540

12 *Lead Counsel for the Proposed Lead Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAINE STATE RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, a Delaware corporation; COUNTRYWIDE HOME LOANS, INC.; CW ALT INC., a Delaware corporation; CWMBS, INC., a Delaware corporation; CWABS, INC., a Delaware corporation, CWHEQ, INC., a Delaware corporation, COUNTRYWIDE CAPITAL MARKETS; COUNTRYWIDE SECURITIES CORPORATION; J.P. MORGAN SECURITIES INC.; | Case No.: 2:10-CV-00302 MRP (MAN)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION BY UNITED METHODIST CHURCHES BENEFIT BOARD, INC. FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL<br><br>Date:      May 3, 2010<br>Time:      11:00 a.m.<br>Courtroom: 12<br>Judge:     Hon. Mariana R. Pfaelzer |

MEMO OF POINTS & AUTH. IN SUPP. OF MOT.
FOR APPOINTMENT OF LEAD PLAINTIFF
CASE NO. 2:10-CV-00302 MRP (MAN)

| | |
|---|---|
| DEUTSCHE BANK SECURITIES INC.; BEAR, STEARNS & CO., INC.; BANC OF AMERICA SECURITIES LLC; UBS SECURITIES, LLC; MORGAN STANLEY & CO. INCORPORATED; EDWARD D. JONES & CO., L.P.; CITIGROUP GLOBAL MARKETS INC.; GOLDMAN, SACHS & CO.; CREDIT SUISSE SECURITIES (USA) LLC; GREENWICH CAPITAL MARKETS, INC. A.K.A. RBS GREENWICH CAPITAL; BARCLAYS CAPITAL INC.; HSBC SECURITIES (USA); BNP PARIBAS SECURITIES CORP.; MERRILL LYNCH, PIERCE, FENNER & SMITH, INCORPORATED; STANFORD L. KURLAND; DAVID A. SPECTOR; ERIC P. SIERACKI; N. JOSHUA ADLER; RANJIT KRIPALANI; JENNIFER S. SANDEFUR; DAIVD A. SAMBOL, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I.   PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  FACTUAL AND PROCEDURAL BACKGROUND . . . . . . . . . . . . . . . 2

III. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    A.   The Benefit Board Should Be Appointed Lead Plaintiff. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        1.   The Benefit Board Believes That It Has The Largest Financial Interest In The Relief Sought By The Class. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        2.   The Benefit Board Otherwise Satisfies The Requirements of Rule 23. . . . . . . . . . . . . . . . . . . . . . . . . . 5

    B.   The Court Should Approve Lead Plaintiff's Selection of Kirby McInerney LLP as Lead Counsel . . . . . . . . . . . . . . 7

IV.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

# TABLE OF AUTHORITIES

**CASES** **Page(s)**

*Armour v. Network Assoc., Inc.*,
    171 F. Supp. 2d 1044 (N.D. Cal. 2001) .......................... 6

*Cunha v. Hansen Natural Corp.*,
    No. 08 Civ. 01249, 2009 WL 2029797 (C.D. Cal. July 13, 2009) ...... 4

*Erikson v. Cornerstone Propane Partners LP*,
    No. 03-2522, 2003 WL 222387 (N.D. Cal. Sept. 15, 2003) .......... 5

*Ferrari v. Gisch*,
    225 F.R.D. 599 (C.D. Cal. 2004) ............................... 5

*Fischler v. AmSouth Bancorp.*,
    No. 96 civ. 1567, 1997 WL 118429 (M.D. Fla. Feb. 6, 1997) ........ 5

*In re Cavanaugh Securities Litigation*,
    306 F.3d 726 (9th Cir. 2002) ............................... 4, 5, 7

*In re Sirf Technology Holdings, Inc. Securities Litigation*,
    2008 WL 2220601 (N.D. Cal. May 27, 2008) ...................... 6

*Ruland v. InfoSonics*,
    No. 06-cv-1231, 2006 WL 3746716 (S.D. Cal. Oct. 23, 2006) ...... 6, 7

*Tanne v. Autobytel, Inc.*,
    226 F.R.D. 659 (C.D. Cal. 2005) ............................. 4-7

**FEDERAL REGULATIONS** **Page(s)**

15 U.S.C. § 77z-1(a)(3)(B) ........................................ 1

15 U.S.C. § 77z-1(a)(3)(B)(i) ..................................... 4

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) ................................ 4

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa) ........................... 7

15 U.S.C. § 77z-1(a)(3)(B)(v) ..................................... 7

The United Methodist Churches Benefit Board, Inc. ("Benefit Board") respectfully submits this memorandum of law in support of its motion for: (i) appointment of Lead Plaintiff pursuant to Section 27(a)(3)(B) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4; and (ii) approval of its selection of Kirby McInerney LLP as Lead Counsel.

## I. PRELIMINARY STATEMENT

The claims in this case arise from violations of the securities laws by Countrywide Financial Corporation ("CFC"), various of CFC's subsidiaries, certain of the subsidiaries' officers and directors, and the underwriters ("Underwriters")[1] of the mortgage-backed certificate securities ("Certificates") issued by the CFC subsidiaries. The Certificates at issue in this case were sold using false and misleading information contained in registration statements that were filed with the SEC and in sales prospectuses that were given to purchasers and filed with the SEC. The false and misleading information related to the quality of the mortgages underlying the Certificates, the appraisal procedures used to value that collateral, and the criteria used to establish borrower eligibility for the underlying mortgages.

When mortgages underlying the Certificates eventually defaulted as borrowers were unable to pay mortgages, the securities were downgraded by ratings agencies, Moody's, Fitch, and S&P. As a result, prices for the Certificates plummeted, causing substantial damage to the plaintiffs and members of the Class who had purchased them.

---

[1] The underwriter defendants are: J.P. Morgan Securities Inc.; Deutsche Bank Securities Inc.; Bear, Stearns & Co., Inc.; Banc of America Securities LLC; UBS Securities, LLC; Morgan Stanley & Co. Incorporated; Edward D. Jones & Co., L.P.; Citigroup Global Markets Inc.; Goldman, Sachs & Co.; Credit Suisse Securities (USA) LLC; Greenwich Capital Markets, Inc. a.k.a. RBS Greenwich Capital; Barclays Capital Inc.; HSBC Securities (USA); BNP Paribas Securities Corp.; and Merrill Lynch, Pierce, Fenner & Smith, Incorporated.

The Benefit Board purchased the Certificates pursuant to various respective offerings and the accompanying registration statements and prospectuses. By virtue of its substantial investment in the Certificates and the loss of approximately $10.9 million it suffered as a result of Defendants' misconduct, the Benefit Board believes that it has the largest financial interest in the relief sought in these actions.[2] The Benefit Board is, therefore, presumptively the "most adequate plaintiff" as defined by the PSLRA and should be appointed Lead Plaintiff.

The Benefit Board satisfies the requirement of Rule 23 of the Federal Rules of Civil Procedure that a class representative be adequate and have claims typical of the other class members. The Benefit Board is willing and able to undertake the responsibilities necessary to ensure a vigorous prosecution of this class action. The Benefit Board is, moreover, a sophisticated institutional investor capable of supervising counsel in complex securities litigation. Accordingly, The Benefit Board respectively submits that it should be appointed Lead Plaintiff.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

Defendant CFC and its subsidiary Countrywide Home Loans (collectively "Countrywide") is the largest residential mortgage lender in the United States. A substantial number of the mortgages made by Countrywide from 2005 through 2007 were pooled together and transferred to hundreds of "Issuing Trusts" created by Countrywide subsidiaries: CWALT, Inc.; CWABS, Inc.; CWMBS, Inc.; and CWHEQ, Inc. CWALT issued Alternative Loan Trust Certificates; CWABS issued Asset-Backed Trust Certificates, CWMBS issued Mortgage Pass-Through Trust Certificates, and CWHEQ issued Home Equity Loan Trust Certificates.

CWALT, CWABS, CWMBS and CWHEQ issued the Certificates pursuant

---

[2] A copy of the Benefit Board's Certification is attached as Exhibit A to the Declaration of Beverly Tse ("Tse Decl."). This Certification sets forth the Benefit Board's transactions in the Certificates. A chart setting forth the Benefit Board's losses in the Certificates is attached as Exhibit B to the Tse declaration.

1  to 20 different registration statements ("Registration Statements") filed with the
2  SEC.  The Certificates were then sold to plaintiffs by Countrywide and the
3  Underwriters, pursuant to written prospectuses ("Prospectus Supplements") that
4  were also filed with the SEC. The Certificates provided for plaintiffs to receive
5  monthly distributions of interest and principle on the mortgages held by the Issuing
6  Trusts.  Plaintiffs received their income as borrowers repaid their mortgages.  If
7  borrowers did not repay their mortgages, losses would carry through to plaintiffs
8  pursuant to Certificate terms.

9  The Registration Statements and Prospectus Supplements contained
10 materially false and misleading information, and omitted to include material
11 information in violation of Sections 11, 12(a)(2) and 15 of the Securities Act, 15
12 U.S.C. §§ 77k, 77l(a)(2) and 77o.  Specifically, these documents misstated and
13 omitted information about the origination process used to obtain the mortgages in
14 the Issuing Trusts that were the underpinning for the Certificates. The Registration
15 Statements and Prospectus Supplements described underwriting and appraisal
16 standards that had not been followed by Countrywide when it sold the mortgages.
17 The appraisals of the collateral used to secure the Certificates overstated its value
18 and thereby exposed plaintiffs to losses in the event of foreclosure.

19 Countrywide provided this misinformation to Moody's, Fitch, and S&P,
20 which used it to rate the Certificates in different categories, or "tranches,"
21 according to priorities of payment and exposure to default on the underlying
22 mortgages.  The ratings, in turn, determined in part the price of the Certificates,
23 and were incorporated into the Prospectus Supplements for purposes of selling the
24 Certificates to plaintiffs and the Class.  Based on the misrepresentations and
25 omissions about the quality of the underlying mortgages and other criteria
26 regarding the collateral held by the Issuing Trusts, all of the various tranches of the
27 Certificates were given investment grade ratings.
28 By mid-2007, the mortgages held by the Issuing Trusts were defaulting in

significant numbers, which led to foreclosures on the underlying real estate. These foreclosures revealed properties that were worth substantially less than the mortgages used to secure Countrywide's loans. As borrowers failed to make payments of principle and interest, plaintiffs who held the Certificates were entitled to less income. As a consequence, and due to Countrywide's failure to comply with underwriting and appraisal guidelines described in the Registration Statements and Prospectus Supplements, many of the Certificates were downgraded by Moody's, Fitch, and S&P, and all were very severely impacted. Threatened with bankruptcy, Countrywide was eventually acquired by Bank of America.

The instant class action was filed on January 14, 2010, and on February 1, 2010, the first notice of the action was published on Business Wire (*see* Tse Decl., Exhibit C). The notice alerted the Class to the pendency of this case and the deadline for seeking appointment as Lead Plaintiff. Consistent with the requirements of the PSLRA, the Benefit Board has timely filed this motion for appointment as Lead Plaintiff within 60 days from publication of the first notice of pendency.

**III.  ARGUMENT**

    **A.  The Benefit Board Should Be Appointed Lead Plaintiff.**

The Benefit Board respectfully submits that it should be appointed Lead Plaintiff because it is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 77z-1(a)(3)(B)(i). The PSLRA establishes a presumption that the "most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class" and which "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). *See also In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002); *Cunha v. Hansen Natural Corp.*, No. 08 Civ. 01249, 2009 WL 2029797, at *1 (C.D. Cal. July 13, 2009); *Tanne v. Autobytel, Inc.*, 226 F.R.D. 659,

664-65 (C.D. Cal. 2005).

### 1. The Benefit Board Believes That It Has The Largest Financial Interest In The Relief Sought By The Class.

The Benefit Board is presumptively the most adequate plaintiff for the reasons set forth below and because it believes that it has the largest financial interest in the relief sought by the Class. As a result of the wrongdoing alleged in the complaint, and the consequential decline in value of its Certificates, the Benefit Board has suffered approximately $10.9 million in losses. *See Tanne*, 226 F.R.D. at 666 (comparing losses of competing lead plaintiff movants). The Benefit Board purchased a total of 58,469,392 Certificates, and (taking into account sales) had net holdings of 31,358,667 Certificates. The net funds expended by the Benefit Board on Certificates was $31,388,415. Given the magnitude of its losses, the Benefit Board believes that it has the largest financial interest of any proposed Lead Plaintiff.

### 2. The Benefit Board Otherwise Satisfies The Requirements of Rule 23.

The Benefit Board should be appointed Lead Plaintiff because it also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. On a motion to serve as Lead Plaintiff, the movant need only make "a preliminary showing of typicality and adequacy." *Ferrari v. Gisch*, 225 F.R.D. 599, 606 (C.D. Cal. 2004) (citing *Erikson v. Cornerstone Propane Partners LP,* No. 03-2522, 2003 WL 22232387, at *3 (N.D. Cal. Sept. 15, 2003). *See also In re Cavanaugh*, 306 F.3d at 730; *Tanne*, 226 F.R.D. at 666 ("'A wide ranging analysis is not appropriate' to determine whether [the movant] has made a prima facie showing that he satisfies the requirements of Rule 23, and 'should be left for consideration on a motion for class certification'") (quoting *Fischler v. AMSouth Bancorporation.*, No. 96 civ. 1567, 1997 WL 118429, at *2 (M.D. Fla. Feb. 6, 1997)). The Benefit Board satisfies both requirements in this case.

The Benefit Board's claims are typical of the claims of other Class members.

The typicality requirement is satisfied when the proposed Lead Plaintiff has (i) suffered the same injuries as class members; (ii) as a result of the same course of conduct; and (iii) its claims are based on the same legal issues. *See Armour v. Network Assocs., Inc.*, 171 F. Supp. 2d 1044, 1052 (N.D. Cal. 2001). The Benefit Board's claims and injuries in this action arise from the same course of misconduct by defendants as those of other Class members – *i.e.*, the inflated prices paid for the Certificates as a result of false statements and omissions regarding the quality of the underlying mortgages. *See Tanne*, 226 F.R.D. at 667. The legal issues are likewise the same; the case only alleges innocent and/or negligent conduct on the part of Countrywide and its subsidiaries, the individuals, and the Underwriters.

The Benefit Board likewise satisfies the adequacy requirement of Rule 23. "Representation is 'adequate' when the representative's interests are not antagonistic to the interests of absent class members, it is unlikely that the action is collusive, and counsel for the class is qualified and competent." *Ruland v. InfoSonics Corp.*, No. 06-cv-1231, 2006 WL 3746716, at *6 (S.D. Cal. Oct. 23, 2006). The Benefit Board is adequate to represent the Class because its interests are perfectly aligned with those of the other Class members and are not antagonistic in any way. *See Tanne*, 226 F.R.D. at 667. As an investor who purchased Certificates at inflated prices and suffered substantial losses when the truth was revealed, the Benefit Board has an identity of interest with its fellow Class members. There are no facts suggesting that any actual or potential conflict of interest or other antagonism exists between the Benefit Board and other Class members.

As a large and sophisticated institution with $15.7 billion in assets under management, the Benefit Board is the type of investor Congress hoped would lead class actions when it enacted the PSLRA. *See, e.g., In re SiRF Tech. Holdings, Inc. Sec. Litig.*, No. C 08-0856, 2008 WL 2220601, at *3 (N.D. Cal. May 27, 2008) ("by enacting the PSLRA, Congress sought to increase the participation of

institutional investors in securities class actions"); *Osher v. Guess?, Inc.*, No. 01-cv-871, 2001 WL 861694, at *3 (C.D. Cal. Apr. 26, 2001) ("large institutional investor preferred by the Reform Act").

The Benefit Board's very significant interest in the outcome of the case ensures vigorous advocacy. *See, e.g., Ruland*, 2006 WL 3746716, at *6 (finding adequate a proposed Lead Plaintiff that "has [adequate] incentive to prosecute this action vigorously and states that he is willing to serve as a representative on behalf of the class"). The Benefit Board has submitted a Certification affirming its commitment to the steps necessary for effective prosecution of this complex Class action. *See* Tse Decl., Exhibit A. Through that Certification, the Benefit Board accepts the fiduciary obligations it will assume if appointed Lead Plaintiff in this action. *See Tanne*, 226 F.R.D. at 668, 671.

### B. The Court Should Approve Lead Plaintiff's Selection of Kirby McInerney LLP as Lead Counsel

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v). Thus, the Court should not disturb the Lead Plaintiff's choice of counsel unless necessary to "adequately protect the interest of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa). *See also In re Cavanaugh*, 306 F.3d at 733. In the present case, movant has retained Kirby McInerney LLP to pursue this litigation on its behalf, and will seek to use the firm as plaintiff's Lead Counsel, and the law firm of The Wagner Firm as Liaison Counsel, in the event it is appointed Lead Plaintiff. Kirby McInerney LLP possesses extensive experience in the area of securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors, as reflected by the firm resumé attached to the Tse Declaration as Exhibit D. Thus, the Court may be assured that, by granting movant's motion, the Class will receive high quality legal representation.

## IV. CONCLUSION

For all of the foregoing reasons, the Benefit Board respectfully requests that the Court: (i) appoint the Benefit Board as Lead Plaintiff pursuant to the PSLRA; (ii) approve its selection of Kirby McInerney LLP as Lead Counsel; and (iii) grant such other and further relief as the Court may deem just and proper.

Dated: April 2, 2010

Respectfully submitted,

THE WAGNER FIRM

By: */s/ Avi Wagner*
Avi Wagner (#226688)
avi@thewagnerfirm.com
1801 Avenue of the Stars, Suite 307
Los Angeles, California 90067
Tel: (310) 491-7949
Fax: (310) 491-7949

*Liaison Counsel for the Proposed Lead Plaintiff*

Beverly Tse (#237240)
btse@kmllp.com
Ira M. Press
ipress@kmllp.com
Randall K. Berger
rberger@kmllp.com
KIRBY McINERNEY LLP
825 Third Avenue, 16th Floor
New York, New York 10022
Tel: (212) 371-6600
Fax: (212) 751-2540

*Lead Counsel for the Proposed Lead Plaintiff*

**PROOF OF SERVICE VIA ELECTRONIC POSTING PURSUANT TO CENTRAL DISTRICT OF CALIFORNIA LOCAL RULES AND ECF GENERAL ORDER NO. 08-02**

I, the undersigned, say:

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court. I am over the age of 18 and not a party to the within action. My business address is 1801 Avenue of the Stars, Suite 311, Los Angeles, California 90067.

On April 2, 2010, I caused to be served the following documents:

1. **NOTICE OF MOTION AND MOTION BY UNITED METHODIST CHURCHES BENEFIT BOARD, INC. FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

2. **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION BY UNITED METHODIST CHURCHES BENEFIT BOARD, INC. FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

3. **DECLARATION OF BEVERLY TSE IN SUPPORT OF MOTION BY UNITED METHODIST CHURCHES BENEFIT BOARD, INC. FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

4. **[PROPOSED] ORDER FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION**

By posting these documents to the ECF Website of the United States District Court for the Central District of California, for receipt electronically by the following parties:

Leiv H Blad , Jr
leiv.blad@bingham.com

Spencer Alan Burkholz
spenceb@csgrr.com,jillk@csgrr.com,e_file_sd@csgrr.com

Christopher G Caldwell
caldwell@caldwell-leslie.com,martindale@caldwell-leslie.com,hammer@caldwell-leslie.com,pettit@caldwell-leslie.com,willingham@caldwell-leslie.com,hayes@caldwell-leslie.com,popescu@caldwell-leslie.com,strother@caldwell-leslie.com,wong@caldwell-leslie.com,wilson@caldwell-leslie.com

Peter Young Hoon Cho
petercho@paulhastings.com

David C Codell
codell@caldwell-leslie.com

Daniel S. Drosman

| | |
|---|---|
| 1 | ddrosman@csgrr.com,tholindrake@csgrr.com |
| 2 | Thomas E Egler |
| 3 | tome@csgrr.com |
| 4 | Inez H Friedman-Boyce<br>ifriedmanboyce@goodwinprocter.com |
| 5 | Penelope A Graboys Blair |
| 6 | pgraboysblair@orrick.com,jcopoulos@orrick.com |
| 7 | Joshua G Hamilton<br>joshuahamilton@paulhastings.com,melmanahan@paulhastings.com |
| 8 | Jeffrey M Hammer |
| 9 | hammer@caldwell-leslie.com |
| 10 | Jennifer L Joost |
| 11 | jjoost@btkmc.com,acashwell@btkmc.com,mswift@btkmc.com |
| 12 | Lauren G Kerkhoff<br>lkerkhoff@csgrr.com |
| 13 | Dean J Kitchens |
| 14 | dkitchens@gibsondunn.com,MOstrye@gibsondunn.com |
| 15 | Jennifer Y Lai<br>jennifer@21orgpartners.com |
| 16 | Jennifer B Luz |
| 17 | jluz@goodwinprocter.com |
| 18 | Alexander K Mircheff<br>amircheff@gibsondunn.com |
| 19 | Sharan Nirmul |
| 20 | snirmul@btkmc.com,azivitz@btkmc.com,ecf_filings@btkmc.com |
| 21 | Brian E Pastuszenski |
| 22 | bpastuszenski@goodwinprocter.com |
| 23 | Lauren Wagner Pederson<br>lpederson@btkmc.com,neena.verma@btkmc.com,dpotts@btkmc.com |
| 24 | Lindsay R Pennington |
| 25 | lpennington@gibsondunn.com |
| 26 | Christina A Royce<br>croyce@csgrr.com |
| 27 | |
| 28 | Scott H Saham<br>scotts@csgrr.com |

| | |
|---|---|
| 1 | Jennifer M Sepic |
| 2 | jennifer.sepic@bingham.com |
| 3 | William F Sullivan<br>williamsullivan@paulhastings.com,lisavermeulen@paulhastings.com |
| 4 | Michael D Torpey |
| 5 | mtorpey@orrick.com |
| 6 | Michael C Tu<br>mtu@orrick.com,fphan@orrick.com |
| 7 | |
| 8 | Lloyd Winawer<br>lwinawer@goodwinprocter.com,sasmith@goodwinprocter.com,monyeagbako@goodwinprocter.com,cburgos@goodwinprocter.com |
| 9 | |
| 10 | Andrew L Zivitz<br>azivitz@btkmc.com |
| 11 | There are no non-ECF registered parties in this action. |
| 12 | I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on April 2, 2010, at Los Angeles, California. |
| 13 | |
| 14 | |
| 15 | *s/ Avi Wagner*<br>Avi Wagner |

PROOF OF SERVICE