CALDWELL LESLIE & PROCTOR, PC
CHRISTOPHER G. CALDWELL, State Bar No. 106790
  *caldwell@caldwell-leslie.com*
DAVID C. CODELL, Of Counsel, State Bar No. 200965
  *codell@caldwell-leslie.com*
ANDREW ESBENSHADE, State Bar No. 202301
  *esbenshade@caldwell-leslie.com*
1000 Wilshire Boulevard, Suite 600
Los Angeles, California 90017-2463
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

Attorneys for Defendant
STANFORD L. KURLAND

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| MAINE STATE RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTRYWIDE FINANCIAL CORPORATION,<br>a Delaware corporation, et al.,<br><br>Defendants. | Case No. CV 10-0302-MRP (MANx)<br><br>**NOTICE OF MOTION AND MOTION OF STANFORD L. KURLAND TO DISMISS COUNTS I AND III OF THE AMENDED CONSOLIDATED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Request for Judicial Notice; Declaration of David C. Codell and Exhibits thereto filed concurrently herewith]<br><br>**Date:      October 18, 2010**<br>**Time:      11:00 a.m.**<br>**Crtrm.:    12**<br><br>Trial Date:      None Set |

CALDWELL
LESLIE &
PROCTOR

DEFENDANT STANFORD L. KURLAND'S NOTICE AND MOTION TO DISMISS
COUNTS I AND III OF THE AMENDED CONSOLIDATED COMPLAINT

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on October 18, 2010, at 11:00 a.m., or as soon thereafter as this matter may be heard, in the courtroom of the Honorable Mariana R. Pfaelzer, located in the United States Courthouse, 312 N. Spring Street, Los Angeles, CA 90012, Defendant Stanford L. Kurland ("Kurland") will and hereby does move this Court to Dismiss Counts I and III of the Amended Consolidated Class Action Complaint ("Amended Complaint"), as alleged against Kurland. This Motion is made pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and is based upon the following grounds:

*First*, Count I, a claim under Section 11 of the Securities Act of 1933 ("1933 Act"), is time-barred under the applicable statute of repose;

*Second*, Count III, a claim under Section 15 of the 1933 Act, is time-barred under the applicable statutes of limitation and repose; and

*Third*, Count III fails for the additional reason that Plaintiffs have not pled sufficient facts to provide notice of the claims asserted against Kurland.

Kurland also joins and incorporates by reference the requests and grounds for dismissal in the separate Motion to Dismiss filed by Countrywide Financial Corporation and the other Countrywide entity defendants, as well as the Motions to Dismiss filed by other defendants (including David A. Spector, David Sambol, Jennifer Sandefur and Ranjit Kripalani), as they relate to claims for relief against Kurland, including but not limited to the following grounds:

- Plaintiffs lack standing to assert claims based on mortgage-backed securities they did not purchase;

- Plaintiffs do not allege a legally cognizable injury;

- The Amended Complaint has not alleged any material misstatements or omissions in the offering documents at issue;

- Plaintiffs' claims sound in fraud and Plaintiffs have failed to satisfy the heightened pleading standards of Federal Rule of Civil Procedure 9(b

-1-
DEFENDANT STANFORD L. KURLAND'S NOTICE AND MOTION TO DISMISS
COUNTS I AND III OF THE AMENDED CONSOLIDATED COMPLAINT

- Plaintiffs fail to allege sufficient facts to state a claim under Section 12(a)(2) of the 1933 Act, which serves as a predicate violation to Plaintiffs' Section 15 claim against Kurland;

- Plaintiffs had knowledge of the alleged misrepresentations in the offering documents; and

- Plaintiffs failed to plead reliance as required under Section 11(a) of the 1933 Act.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Amended Consolidated Class Action Complaint, the Request for Judicial Notice, the Declaration of David C. Codell and Exhibit thereto filed concurrently herewith, all of the pleadings and other documents on file in this case, all other matters of which the Court may take judicial notice, and any further argument or evidence that may be received by the Court at the hearing.

Pursuant to Local Rule 7-3, the undersigned counsel for Kurland conferred telephonically with counsel for Plaintiffs about the issues specific to this Motion on August 11, 2010. Counsel for all defendants subsequently held an omnibus telephone conference on the same day with counsel for Plaintiffs regarding the issues to be raised in each defendant's Motion to Dismiss. The parties were unable to reach agreement about those issues.

DATED: August 16, 2010          Respectfully submitted,

                                CALDWELL LESLIE & PROCTOR, PC


                                By _____/s/_____
                                      DAVID C. CODELL
                                Attorneys for Defendant
                                STANFORD L. KURLAND

-2-

1

# <u>TABLE OF CONTENTS</u>

2

<u>Page</u>

3

4   I.   INTRODUCTION ...................................................................... 1

5   II.   PROCEDURAL BACKGROUND ............................................. 2

6   III.   PLAINTIFFS' CLAIMS AGAINST KURLAND ARE TIME-BARRED ...... 4

7        A.   Section 13 Imposes a Strict Three-Year Limit That Cannot Be Tolled ................................................................. 6

8

9        B.   *American Pipe* Tolling Does Not Apply to Section 13's Statute of Repose ............................................ 7

10       C.   Plaintiffs' Subsequent Class Action Is Not Entitled to Tolling ........... 10

11       D.   Even If *American Pipe* Tolling Applies, Plaintiffs' Section 15 Claim Is Still Time-Barred ................................. 12

12

13  IV.   PLAINTIFFS FAILED TO ALLEGE SUFFICIENT FACTS TO STATE A CLAIM THAT KURLAND IS A "CONTROL PERSON" UNDER SECTION 15 ............................................. 13

14

15  V.   CONCLUSION ........................................................................ 15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

Page(s)

Cases

*American Pipe & Constr. Co. v. Utah*,
   414 U.S. 538 (1974) ................................................................ 1, 7, 8, 9, 10

*Andrews v. Chevy Chase Bank, FSB*,
   243 F.R.D. 313 (E.D. Wis. 2007) ................................................................ 9

*Arivella v. Lucent Techs., Inc.*,
   623 F.Supp.2d 164 (D. Mass. 2009) ....................................................... 10

*Ashcroft v. Iqbal*,
   129 S.Ct. 1937 (2009) ....................................................................... 13-14

*Bailey v. Carnival Cruise Lines*,
   774 F.2d 1577 (11th Cir. 1985) ............................................................. 11

*Balam-Chuc v. Mukasey*,
   547 F.3d 1044 (9th Cir. 2008) ................................................................. 6

*Ballard v. Tyco Int'l, Ltd.*, No. 04-CV-1336-PB,
   2005 WL 1683598 (D.N.H. July 11, 2005) ........................................... 10

*Batwin v. Occam Networks, Inc.*, No. CV 07-2750 CAS,
   2008 WL 2676364 (C.D. Cal. July 1, 2008) ......................................... 13

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................... 13

*Boise Cascade Corp. v. EPA*,
   942 F.2d 1427 (9th Cir. 1991) ................................................................. 7

*Catholic Social Services, Inc. v. INS*,
   232 F.3d 1139 (9th Cir. 2000) ............................................................... 11

*Caviness v. DeRand Res. Corp.*,
   983 F.2d 1295 (4th Cir. 1993) ................................................................. 7

*Clemens v. DaimlerChrysler Corp.*,
    534 F.3d 1017 (9th Cir. 2008) .................................................................. 10

*Crown, Cork & Seal Co., Inc. v. Parker*,
    462 U.S. 345 (1983) ........................................................................... 7, 11

*Finkel v. Stratton Corp.*,
    962 F.2d 169 (2d Cir. 1992) ................................................................... 5

*Friedlob v. Trustees of Alpine Mut. Fund Trust*,
    905 F.Supp. 843 (D. Colo. 1995) ............................................................ 5

*Griffin v. Singletary*,
    17 F.3d 356 (11th Cir. 1994) .............................................................11-12

*Hairston v. Travelers Cas. & Sur. Co.*,
    232 F.3d 1348 (11th Cir. 2000) ............................................................. 11

*In re Alcatel Sec. Litig.*,
    382 F.Supp.2d 513 (S.D.N.Y. 2005) ........................................................ 5

*In re Am. Funds Sec. Litig.*,
    556 F.Supp.2d 1100 (C.D. Cal. 2008) ................................................11-12

*In re Countrywide Fin. Corp. Sec. Litig.*, No. CV-07-05295 MRP,
    2009 WL 943271 (C.D. Cal. Apr. 6, 2009) ........................................5-6, 15

*In re Cypress Semiconductors Sec. Litig.*,
    864 F.Supp. 957 (N.D. Cal. 1994) ......................................................... 11

*In re DRAM Antitrust Litig.*,
    516 F.Supp.2d 1072 (N.D. Cal. 2007) ................................................11-12

*In re Enron Corp. Sec.*,
    465 F.Supp.2d 687 (S.D. Tex. 2006) ...................................................... 9

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,
    352 F.Supp.2d 429 (S.D.N.Y. 2005) ...................................................... 9

*In re NovaGold Res. Inc. Sec. Litig.*,
    629 F.Supp.2d 272 (S.D.N.Y. 2009) ..................................................5, 13

CALDWELL
LESLIE &
PROCTOR

*In re Sagent Tech., Inc. Derivative Litig.*,
    278 F.Supp.2d 1079 (N.D. Cal. 2003) ........................................................ 15

*In re Stac Elec. Sec. Litig.*,
    89 F.3d 1399 (9th Cir. 1996) .................................................................... 13

*Jackson Nat'l Life Ins. Co. v. Merrill Lynch & Co., Inc.*,
    32 F.3d 697 (2d Cir. 1994) ......................................................................... 6

*Joseph v. Wiles*,
    223 F.3d 1155 (10th Cir. 2000) ............................................................ 9, 10

*Kirkendall v. Dep't of Army*,
    479 F.3d 830 (Fed. Cir. 2007) ................................................................... 7

*Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*,
    501 U.S. 350 (1991) ............................................................................ 6-7, 9

*Ma v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
    597 F.3d 84 (2d Cir. 2010) ........................................................................ 8

*Madani v. Shell Oil Co.*, No. CV 08-1283,
    2008 WL 7856015 (C.D. Cal. July 11, 2008) ........................................... 11

*McDonald v. Sun Oil Co.*,
    548 F.3d 774 (9th Cir. 2008) ...................................................................... 8

*Moore v. Liberty Nat'l Life Ins. Co.*,
    267 F.3d 1209 (11th Cir. 2001) .................................................................. 8

*McLaughlin v. Am. Tobacco Co.*,
    522 F.3d 215 (2d Cir. 2008) ....................................................................... 9

*Norris v. Wirtz*,
    818 F.2d 1329 (7th Cir. 1987) ................................................................... 6

*Official Comm. of Asbestos Claimants of G-I Holding, Inc. v. Heyman*,
    277 B.R. 20 (S.D.N.Y. 2002) ..................................................................... 9

*P. Stolz Family P'ship L.P. v. Daum*,
    355 F.3d 92 (2d Cir. 2004) ................................................................. 5, 8, 9

-iv-
DEFENDANT STANFORD L. KURLAND'S NOTICE AND MOTION TO DISMISS COUNTS I AND III OF THE AMENDED CONSOLIDATED COMPLAINT

*Portwood v. Ford Motor Co.*,
        183 Ill. 2d 459 (1998) ............................................................... 10

*Robbin v. Fluor Corp.*,
        835 F.2d 213 (9th Cir. 1987) ..................................................... 11

*SEC v. Seaboard Corp.*,
        677 F.2d 1301 (9th Cir. 1982) ..................................................... 6

*Short v. Belleville Shoe Mfg. Co.*,
        908 F.2d 1385 (7th Cir. 1990) .................................................. 6, 7

*Snyder v. Newhard, Cook & Co., Inc.*,
        764 F.Supp. 612 (D. Colo. 1991) ............................................. 13

*Webb v. United States*,
        66 F.3d 691 (4th Cir. 1995) ........................................................ 8

Statutes

15 U.S.C. § 77k ...................................................................................... 4

15 U.S.C. § 77m ................................................................................. 4, 6

15 U.S.C. § 77o ...................................................................................... 5

28 U.S.C. § 2072 .................................................................................... 8

Rules and Regulations

17 C.F.R. § 230.430B(f)(2) ................................................................... 5

17 C.F.R. § 230.430B(f)(4) ................................................................... 5

Fed. R. Civ. P. 8 .................................................................................. 14

Fed. R. Civ. P. 9(b) ............................................................................ 14

Fed. R. Civ. P. 23 ................................................................... 1-2, 8, 9, 10

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

In this putative class action, Plaintiffs bring claims under the Securities Act of 1933 ("1933 Act") against 38 defendants based on alleged purchases of securities that were made pursuant or traceable to nineteen Registration Statements that allegedly contained material misstatements or omissions.  Among those defendants is Stanford L. Kurland ("Kurland"), the former President and Chief Operating Officer of Countrywide Financial Corporation ("Countrywide"), who Plaintiffs claim is liable under Section 11 of the 1933 Act because he allegedly signed fifteen of those Registration Statements.  Plaintiffs also bring a Section 15 claim against Kurland, alleging that, by virtue of his corporate positions, he "controlled" other Defendants who are liable under Sections 11 and 12(a)(2) of the 1933 Act.

Plaintiffs filed this action on January 14, 2010, over three years after Kurland's tenure at Countrywide ended and after the expiration of the three-year statute of repose in Section 13 that governs Plaintiffs' claims against Kurland.  Unless Plaintiffs can obtain the benefit of some form of tolling, Plaintiffs' claims against Kurland plainly are time-barred under the statute of repose.  Plaintiffs do not allege that *Luther v. Countrywide Financial Corporation* ("*Luther*")—a putative class action filed in California Superior Court that brought nearly identical claims and was dismissed by the Superior Court on January 6, 2010 for lack of subject matter jurisdiction—tolled Section 13's statute of repose.  Even if Plaintiffs were to make such an allegation, the Supreme Court's holding in *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), that the commencement of a class action suspends the applicable statute of *limitations* as to all asserted class members, does not apply to Section 13's statute of *repose*.  The plain language of Section 13, which states that "*[i]n no event* may any such action be brought" in three years, is clear, unequivocal, and leaves no room for tolling.  Moreover, the judicially created doctrine announced in *American Pipe*, which is rooted in the purposes and policies of Federal Rule of

1  Civil Procedure 23 ("Rule 23"), cannot displace Congress's clear intent that

2  Section 13's three-year repose period provide an absolute cut-off for the filing of

3  lawsuits.

4      Even if *American Pipe* tolling were to apply to Section 13's statute of repose,

5  Plaintiffs' Section 15 claim against Kurland would still be time-barred under

6  Section 13's one-year statute of limitations.  The *Luther* plaintiffs' original complaint

7  brought a Section 15 claim against Kurland based on similar predicate violations, but

8  the *Luther* plaintiffs chose not to include a Section 15 claim against Kurland in the

9  operative consolidated class action complaint filed in *Luther* on October 16, 2008.  It

10  is plain, then, that the limitations period was running, at the very least, between

11  October 16, 2008 and January 14, 2010, the date that this federal action including a

12  Section 15 claim against Kurland was filed.  That period exceeded one year.

13      Apart from the glaring timing issues presented by Plaintiffs' claims, their

14  Section 15 claim against Kurland should be dismissed for the separate reason that

15  Plaintiffs' allegations simply lump Kurland together with all other Section 15

16  defendants and consequently fail to provide Kurland with sufficient notice of the

17  basis of plaintiffs' claim.  For these reasons, and for the additional reasons set forth

18  in the Memoranda of Points and Authorities submitted by the other Defendants and

19  hereby joined in by Kurland, Plaintiffs' claims against Kurland should be dismissed.

20  **II.    PROCEDURAL BACKGROUND**

21      According to the Amended Consolidated Class Action Complaint ("Am.

22  Compl."), from 2005 to 2007, Countrywide was the nation's largest residential

23  mortgage lender.  (Am. Compl. ¶ 4.)  Many of the loans originated by Countrywide

24  during this time were pooled together, securitized into mortgage-backed securities,

25  and sold to the public in the form of Certificates.  (*Id.* ¶¶ 4-5.)  Plaintiffs allege that

26  between January 25, 2005 and November 29, 2007 (the "class period"), they "and/or

27  members of the Class" purchased certain of these Certificates "pursuant to" or

28  "traceable to" nineteen Registration Statements and corresponding Prospectus

1  Supplements filed with the Securities and Exchange Commission that allegedly

2  contained materially misleading information.  (*Id.* ¶¶ 1, 21-24, 34-37.)

3          Kurland was the President and Chief Operating Officer of Countrywide until

4  his termination without cause on September 7, 2006.  (Declaration of David C.

5  Codell in Support of Defendant Stanford L. Kurland's Request for Judicial Notice

6  ("Codell Decl."), Ex. A, Item 1.02.)  Plaintiffs allege that, prior to his termination,

7  Kurland signed fifteen of the Registration Statements at issue and is therefore liable

8  under Section 11 of the 1933 Act.  (Am. Compl. ¶¶ 56, 194-97, 217-22.)  Plaintiffs

9  also allege in conclusory language that Kurland, along with every other individual

10  defendant and four Countrywide entities, "had the power and influence and exercised

11  the same" over other Defendants who are liable under Sections 11 and 12(a)(2) of the

12  1933 Act, and is therefore liable as a control person under Section 15.  (Am. Compl.

13  ¶¶ 233-34.)

14          The allegations in this action are related to *Luther v. Countrywide Financial*

15  *Corporation*, a class action filed in Los Angeles Superior Court (LASC Case No. BC

16  380698).  Below is a timeline regarding the complaints that were filed in the *Luther*

17  action and the claims that were brought against Kurland in the *Luther* action:

18  •   **November 14, 2007:**  The *Luther* plaintiffs filed their original complaint,

19          bringing a Section 11 claim against Kurland based on allegations that he

20          signed four Registration Statements that are also subjects of this action.

21          (Countrywide Defendants' Request for Judicial Notice ("CW RJN"),  Ex. 25.)

22          The plaintiffs also brought a Section 15 claim against Kurland.

23  •   **June 12, 2008:**  The plaintiffs in *Washington State Plumbing & Pipefitting*

24          *Pension Trust v. Countrywide Financial Corporation* (LASC Case No.

25          BC392571) ("*Washington State Plumbing*") filed their complaint in Los

26          Angeles Superior Court, bringing a Section 11 claim against Kurland based on

27          allegations that he signed sixteen Registration Statements, most of which are

28

1   also subjects of this action.  (CW RJN, Ex. 27.)  The plaintiffs did not include
2   a Section 15 claim against Kurland.

3   • **September 9, 2008:**  The *Luther* plaintiffs filed an amended complaint,
4   bringing a Section 11 claim against Kurland based on allegations that he
5   signed seventeen Registration Statements, most of which are also subjects of
6   this action.  (CW RJN, Ex. 26.)  The plaintiffs also brought a Section 15 claim
7   against Kurland.

8   • **October 16, 2008:**  The *Luther* plaintiffs filed a consolidated complaint
9   following the consolidation of *Luther* and *Washington State Plumbing*,
10   bringing a Section 11 claim against Kurland based on allegations that he
11   signed seventeen Registration Statements, most of which are also subjects of
12   this action.  (CW RJN, Ex. 28.)  The plaintiffs did not bring a Section 15 claim
13   against Kurland.

14   • **January 6, 2010:**  The Superior Court dismissed *Luther* for lack of subject
15   matter jurisdiction pursuant to the Securities Litigation Uniform Standards Act
16   of 1933.  (CW RJN, Ex. 38.)  That ruling is on appeal.

17   On January 14, 2010, the plaintiffs in *Luther* filed the original complaint in
18   this action.  On May 14, 2010, the Court appointed Iowa Public Employees'
19   Retirement System ("IPERS") lead plaintiff.  IPERS, joined by three other named
20   plaintiffs, filed the Amended Consolidated Class Action Complaint on July 13, 2010.

21   **III.   PLAINTIFFS' CLAIMS AGAINST KURLAND ARE TIME-BARRED**

22   Plaintiffs' claims against Kurland under Sections 11 and 15 of the 1933 Act
23   are barred by Section 13's three-year statute of repose.  Section 11 imposes strict
24   liability on every person who signs a Registration Statement containing a material
25   misstatement or omission.  15 U.S.C. § 77k.  The three-year repose period for
26   Plaintiffs' Section 11 claim begins to run on the date the "security was *bona fide*
27   offered to the public," 15 U.S.C. § 77m, which this Court has held, for directors and
28   signing officers, is the date the registered securities were first offered pursuant to a

shelf offering.[1]  *In re Countrywide Fin. Corp. Sec. Litig.*, No. CV-07-05295 MRP, 2009 WL 943271, at *7 (C.D. Cal. Apr. 6, 2009).  Using the "first offered" date, the latest possible date on which a "security was bona fide offered to the public" pursuant to a Registration Statement signed by Kurland is December 28, 2006—over three years before the original complaint was filed in this action on January 14, 2010.[2]

Section 15 of the 1933 Securities Act imposes joint and several liability upon anyone who "controls any person liable under" Section 11 or 12.  15 U.S.C. § 77o. The three-year repose period that Section 13 applies to Section 11 and 12 claims also applies to Plaintiffs' Section 15 claims.  *In re NovaGold Res. Inc. Sec. Litig.*, 629 F.Supp.2d 272, 285 (S.D.N.Y. 2009); *In re Alcatel Sec. Litig.*, 382 F.Supp.2d 513, 522 (S.D.N.Y. 2005); *Friedlob v. Trustees of Alpine Mut. Fund Trust*, 905 F.Supp. 843, 851 (D. Colo. 1995).  The latest possible date on which the repose clock began running for a predicate Section 11 or 12(a)(2) claim—and therefore the latest date on which the three-year statute of repose began running on Plaintiffs' control person claim against Kurland—is September 7, 2006, the date Kurland was terminated without cause from Countrywide.[3]  *In re Countrywide Fin. Corp. Sec. Litig.*, 2009 WL 943271, at *7 (finding "as a matter of law" that a defendant "cannot be liable as

---

[1] Kurland respectfully maintains that, for directors and signing officers, the date the "security was *bona fide* offered to the public" is the effective date of the registration statement covering that security.  *See P. Stolz Family P'ship L.P. v. Daum*, 355 F.3d 92, 96 (2d Cir. 2004); *Finkel v. Stratton Corp.*, 962 F.2d 169, 173 (2d Cir. 1992); 17 C.F.R. § 230.430B(f)(2) & (4).  But even using the first offering dates for each shelf registration statement signed by Kurland, Plaintiffs' claims against Kurland are still time-barred.

[2] Appendix A to this Motion lists the date of each Registration Statement allegedly signed by Kurland and the corresponding "first offered" date as alleged by Plaintiffs.

[3] Kurland was replaced as Countrywide's President and Chief Operating Officer on September 7, 2006, and his termination as an employee was effective thirty days later.  (Codell Decl., Ex. A, Items 1.02, 5.02(c).)

1  a control person under § 15" for securities issued after his departure from

2  Countrywide).

3       Because Plaintiffs filed this lawsuit on January 14, 2010—more than three

4  years after the latest offering date pursuant to the Registration Statements allegedly

5  signed by Kurland and more than three years after his termination from

6  Countrywide—Plaintiffs' Section 11 and Section 15 claims against Kurland are

7  expressly time-barred under the 1933 Act.

8       ***A.***     ***Section 13 Imposes a Strict Three-Year Limit That Cannot Be Tolled***

9       The language of the 1933 Act's statute of repose is clear and categorical:  "*In*

10 *no event* shall any such action be brought" after three years.  15 U.S.C. § 77m

11 (emphasis added).  This period is "an absolute limitation," *Jackson Nat'l Life Ins. Co.*

12 *v. Merrill Lynch & Co., Inc.*, 32 F.3d 697, 704 (2d Cir. 1994), that Congress intended

13 to be a strict bar.  *See Balam-Chuc v. Mukasey*, 547 F.3d 1044, 1049 (9th Cir. 2008)

14 ("[A] statute of repose is a fixed, statutory cutoff date, usually independent of any

15 variable . . . .  Thus . . . statutes of repose act as the endpoint of the definite time

16 period in which Congress would permit [claims].") (internal quotation marks and

17 citations omitted); *SEC v. Seaboard Corp.*, 677 F.2d 1301, 1308 (9th Cir. 1982)

18 ("[W]e believe the statutory language [of Section 13's statute of repose] requires the

19 conclusion that Congress meant the bar to be absolute."); *see also Norris v. Wirtz*,

20 818 F.2d 1329, 1332 (7th Cir. 1987) ("The legislative history in 1934 makes it

21 pellucid that Congress included statutes of repose because of fear that lingering

22 liabilities would disrupt normal business and facilitate false claims.  It was

23 understood that the three-year rule was to be absolute."), *overruled on other grounds*

24 *by Short v. Belleville Shoe Mfg. Co.*, 908 F.2d 1385 (7th Cir. 1990).

25      The plain and unequivocal language of Section 13 leaves no room for tolling.

26 Indeed, the United States Supreme Court has made clear that "[b]ecause the purpose

27 of the 3-year limitation [of the 1933 Act] is clearly to serve as a cutoff, . . . tolling

28 principles do not apply to that period."  *Lampf, Pleva, Lipkind, Prupis & Petigrow v.*

1  *Gilbertson*, 501 U.S. 350, 363 (1991).  The Court is obligated to interpret Section 13

2  in a manner that "giv[es] effect to each word" and does not render any provision

3  "meaningless or superfluous."  *Boise Cascade Corp. v. EPA*, 942 F.2d 1427, 1432

4  (9th Cir. 1991).  "[T]o adopt an interpretation that tolling principles should be

5  applied to extend the three-year period of § 13 would" violate these basic tenets of

6  statutory interpretation and "require [a court] to ignore the plain meaning of the

7  language that says 'in no event' may an action be filed more than three years after the

8  sale and defeat the very purpose of a statute of repose."  *Caviness v. DeRand Res.*

9  *Corp.*, 983 F.2d 1295, 1301 (4th Cir. 1993); *accord, Short*, 908 F.2d at 1391

10  ("Unless the 'in no event more than three' language [in Section 13] cuts off claims of

11  tolling and estoppel at three years . . . it serves no purpose at all . . . ."); *see also*

12  *Kirkendall v. Dep't of Army*, 479 F.3d 830, 855-56 (Fed. Cir. 2007) (finding

13  comparable "in no event" language to be "unequivocal and emphatic" and stating

14  that if it "is not meant to foreclose tolling, it would be entirely superfluous").

15        **B.**     **American Pipe *Tolling Does Not Apply to Section 13's Statute of***

16                    ***Repose***

17        Plaintiffs cannot rely on tolling principles established in *American Pipe &*

18  *Construction Co. v. Utah*, to preserve their untimely claims.  In *American Pipe*, the

19  Supreme Court held that "the commencement of a class action suspends the

20  applicable *statute of limitations* as to all asserted members of the class who would

21  have been parties had the suit been permitted to continue as a class action."  414 U.S.

22  at 554 (emphasis added); *see also Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S.

23  345, 350 (1983) ("The filing of a class action tolls the *statute of limitations* 'as to all

24  asserted members of the class' . . . .") (emphasis added).  The purpose of the

25  *American Pipe* rule was to safeguard "the efficiency and economy of litigation which

26  is the principal purpose of" Federal Rule of Civil Procedure 23.  *American Pipe*, 414

27  U.S. at 553.

28

1    The purposes and policies of Rule 23, which provided the basis for the

2  Supreme Court's decision in *American Pipe*, do not provide a proper basis for tolling

3  Section 13's statute of repose.  Such tolling would violate the Rules Enabling Act,

4  which empowers the Supreme Court to "prescribe general rules of practice," so long

5  as they do not "abridge, enlarge, or modify any substantive right."  28 U.S.C. § 2072.

6  Statutes of limitation, such as the one at issue in *American Pipe*, and statutes of

7  repose "are distinct legal concepts with distinct effects."  *McDonald v. Sun Oil Co.*,

8  548 F.3d 774, 779 (9th Cir. 2008).  Unlike statutes of limitation, which "preclude [a]

9  plaintiff from proceeding," a statute of repose "has a more substantive effect because

10  it can bar a suit even before the cause of action could have accrued, or, for that

11  matter, retroactively after the cause of action has accrued.  In proper circumstances, it

12  can be said to destroy the right itself."  *Id.* at 779-80 (internal punctuation and

13  citation omitted); *accord, Ma v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 597

14  F.3d 84, 88 n.4 (2d Cir. 2010) (stating that Section 13's "statute of repose

15  *extinguishes* a plaintiff's cause of action after the passage of a fixed period of time,

16  usually measured from one of the defendant's acts"); *see also Webb v. United States*,

17  66 F.3d 691, 700-01 (4th Cir. 1995) (stating that a statute of repose "creates a

18  substantive right") (quoting *First United Methodist Church v. United States Gypsum*

19  *Co.,* 882 F.2d 862, 865-66 (4th Cir. 1989)); *Moore v. Liberty Nat'l Life Ins. Co.*, 267

20  F.3d 1209, 1218 (11th Cir. 2001).[4]  Through the clear language of Section 13's

21

22  _____

23  [4] In *P. Stolz Family Partnership L.P. v. Daum*, 355 F.3d at 102-03, the Second
    Circuit also explained that, unlike a limitations period, Section 13's statute of repose
24  affects the availability of the underlying right and imposes an absolute bar:

25      Statutes of limitations bear on the availability of remedies [and] are
        subject to . . . tolling . . . .  In contrast, statutes of repose affect the
26      availability of the underlying right:  That right is no longer available
        on the expiration of the specified period of time. . . . [T]he legislative
27      bar to subsequent action is absolute.

    *Id.* (citation omitted).

28

statute of repose, Congress conferred a substantive right that a court cannot modify. *See McLaughlin v. Am. Tobacco Co.*, 522 F.3d 215, 231 (2d Cir. 2008).

The lone circuit court to extend *American Pipe* to statutes of repose—the Tenth Circuit in *Joseph v. Wiles*, 223 F.3d 1155 (10th Cir. 2000)—incorrectly allowed certain policy goals reflected in Rule 23 to trump the clear statutory language of Section 13. In *Joseph*, the Tenth Circuit held that tolling Section 13's statute of repose "for class members while class certification is pending serves the purposes of Rule 23 of the Federal Rules of Civil Procedure governing class actions." *Id.* at 1167. Without citation to any authority, the court stated that *Lampf*—which precludes tolling of Section 13's statute of repose—was "not relevant" because the tolling the plaintiff sought in *Joseph* was "legal rather than equitable in nature." *Id.* at 1166. The Tenth Circuit's reasoning is flawed in at least two fundamental ways.

First, the court in *Joseph* ignored "[t]he proper test" for determining whether Rule 23 permits the tolling of the limitation period: "whether tolling the limitation in a given context is consonant with the legislative scheme." *American Pipe*, 414 U.S. at 557-58. The court failed to consider the plain text of Section 13 and made no mention of whether Congress intended to permit tolling of the three-year repose period. Second, the Tenth Circuit's characterization of *American Pipe* tolling as "legal" rather than "equitable tolling" was without citation to authority and ignored that *Lampf* made no such distinction when stating that "tolling principles do not apply to" Section 13's statute of repose.[5]

_____

[5] Some district courts that have followed *Joseph* have adopted its flawed reasoning wholesale, without substantial independent analysis. *E.g.*, *Andrews v. Chevy Chase Bank, FSB*, 243 F.R.D. 313, 316-17 (E.D. Wis. 2007); *In re Enron Corp. Sec.*, 465 F.Supp.2d 687, 717 (S.D. Tex. 2006). Two cases from the Southern District of New York that followed *Joseph* without any analysis either pre-date the Second Circuit's decision in *P. Stolz*, *see Official Comm. of Asbestos Claimants of G-I Holding, Inc. v. Heyman*, 277 B.R. 20, 31-32 (S.D.N.Y. 2002), or fail to mention *P. Stolz* and the Second Circuit's clear explanation that Section 13's statute of repose affects the availability of the underlying right and is not subject to tolling, *see In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 352 F.Supp.2d 429, 455 n.19 (S.D.N.Y. 2005). (footnote continued)

1    The few courts that have extended *American Pipe* tolling to statutes of repose

2  focused exclusively, and incorrectly, on promoting the goals of Rule 23 while

3  ignoring the threshold inquiry of whether tolling is consistent with Congress's intent

4  in enacting the relevant statutes.  *American Pipe*, 414 U.S. at 558.  This Court should

5  decline to follow the flawed reasoning in those cases.

6    **C.    *Plaintiffs' Subsequent Class Action Is Not Entitled to Tolling***

7    Even if the statute of repose were subject to some form of tolling, Plaintiffs

8  cannot rely on tolling for several additional reasons.

9    First, numerous state and federal courts have rightly rejected the notion of

10  cross-jurisdictional tolling, where the filing of a class action in one judicial system is

11  sought to toll the limitations period for a suit filed in another.  *See, e.g., Clemens v.*

12  *DaimlerChrysler Corp.*, 534 F.3d 1017, 1025 (9th Cir. 2008) (class action filed in

13  Illinois did not toll limitations period under California law because "the weight of

14  authority and California's interest in managing its own judicial system counsel us not

15  to import the doctrine of cross-jurisdictional tolling into California law"); *see also*

16  *Portwood v. Ford Motor Co.*, 183 Ill. 2d 459, 464 (1998) ("Tolling the statute of

17  limitations for individual actions filed after the dismissal of a class action is sound

18  policy when both actions are brought in the same court system" but not in different

19  court systems.).  The *American Pipe* tolling doctrine serves federal procedural

20  interests, and the filing of the *Luther* action in California state court should not be

21  deemed to have tolled any limitations or repose period for purposes of this federal

22  lawsuit.

23

24  ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

25  Other district courts that have followed *Joseph* compounded their error by conflating
the purposes of statutes of limitation and repose and thereby failed to give

26  appropriate consideration to whether tolling the specific statute of repose was
consistent with Congress's intent.  *See Arivella v. Lucent Techs., Inc.*, 623 F.Supp.2d

27  164, 177 (D. Mass. 2009); *Ballard v. Tyco Int'l, Ltd.*, No. 04-CV-1336-PB, 2005 WL
1683598, at *7 (D.N.H. July 11, 2005).

28

Second, tolling based on an earlier state court action is also inapplicable when—as in *Luther*—the state court lacked subject matter jurisdiction to hear the case.  *See, e.g.*, *Hairston v. Travelers Cas. & Sur. Co.*, 232 F.3d 1348, 1353 (11th Cir. 2000); *Bailey v. Carnival Cruise Lines*, 774 F.2d 1577, 1580-81 (11th Cir. 1985).

Third, Plaintiffs cannot rely on *American Pipe*'s class action tolling doctrine because it applies only to subsequent actions brought by plaintiffs in their individual capacities and not to subsequently filed class actions.  *Robbin v. Fluor Corp.*, 835 F.2d 213, 214 (9th Cir. 1987) (dismissing successive securities class action under statute of limitations); *In re Cypress Semiconductors Sec. Litig.*, 864 F.Supp. 957, 959-60 (N.D. Cal. 1994) (same).  Although the Supreme Court has stated that individual members of a putative class are entitled to tolling, the Supreme Court has made no mention of protecting a subsequent class action under the class action tolling doctrine.  *See Crown, Cork & Seal Co.*, 462 U.S. at 354 ("Once the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied.  At that point, class members may choose to file *their own suits* . . . .") (emphasis added).  To extend tolling to subsequent class actions "tests the outer limits of the *American Pipe* doctrine and falls beyond its carefully crafted parameters into the range of abusive options."  *Robbin*, 835 F.2d at 214 (quoting *Korwek v. Hunt*, 827 F.2d 874, 879 (2d Cir. 1987) (internal quotation marks and ellipses omitted)).  Plaintiffs may not benefit from *American Pipe* tolling by "piggyback[ing] one class action onto another."[6]  *Griffin v. Singletary*, 17 F.3d

---

[6] In *Catholic Social Services, Inc. v. INS*, 232 F.3d 1139, 1146 (9th Cir. 2000), the Ninth Circuit extended tolling to a subsequent class action where the earlier class action was dismissed because, during the pendency of the earlier class action and after the class had been certified, Congress enacted a new statute that eliminated the claims of the named plaintiffs.  That holding has been limited to the unique facts of that case.  *Madani v. Shell Oil Co.*, No. CV 08-1283, 2008 WL 7856015, at *2 (C.D. Cal. July 11, 2008) ("The court in [*Catholic Social Servs, Inc.*] merely extended tolling to a subsequent class action filed to cure a deficiency created when Congress (footnote continued)

1  356, 359 (11th Cir. 1994) (quoting *Salazar-Calderon v. Presidio Valley Farmers*

2  *Ass'n*, 765 F.2d 1334, 1351 (5th Cir. 1985)).

3  **D.      *Even If* American Pipe *Tolling Applies, Plaintiffs' Section 15 Claim***

4  **        *Is Still Time-Barred***

5  Regardless of whether the three-year statute of repose in Section 13 can be

6  tolled under *American Pipe*, Plaintiffs' Section 15 claim against Kurland is still time-

7  barred under the one-year statute of limitations.  According to Plaintiffs' Amended

8  Complaint, Plaintiffs' discovery of the alleged misstatements and omissions that

9  provide the basis for their Section 11 and 12(a)(2) claims—and therefore the basis for

10  their Section 15 claims—occurred no later than late 2007.  (*See* Am. Compl. ¶¶ 95-

11  96, 148-49, 154.)  Indeed, on November 14, 2007, the plaintiffs in *Luther* brought a

12  Section 15 claim against Kurland in the original complaint based on nearly the same

13  allegations.  (CW RJN, Ex. 25.)  Later, on September 9, 2008, the *Luther* plaintiffs

14  filed their amended complaint, again bringing a Section 15 claim against Kurland

15  based on nearly the same allegations.  (CW RJN, Ex. 26.)  Following the

16  consolidation of the *Luther* and *Washington State Plumbing* actions, the *Luther*

17  plaintiffs filed a consolidated complaint on October 16, 2008, that included Section

18  11 and 12(a)(2) claims based on nearly all of the offerings at issue in this case but did

19  not bring a Section 15 claim against Kurland.  (CW RJN, Ex. 28.)

20  _____

21  enacted a new statute while an appeal was pending.")  Here there was no intervening
    act of Congress; rather, plaintiffs simply made a tactical decision to file in a court

22  that lacks subject matter jurisdiction.  In addition, the court in *Catholic Social*
    *Services* noted that the plaintiffs were "not attempting to relitigate an earlier denial of

23  class certification, or to correct a procedural deficiency in an earlier would-be class,"
    *id.* at 1149, but here Plaintiffs *are* trying to cure a procedural deficiency—the

24  California court lacked subject matter jurisdiction over the *Luther* class action.
    Moreover, unlike in *Catholic Social Services*, the class in *Luther* was never certified.

25  *See In re Am. Funds Sec. Litig.*, 556 F.Supp.2d 1100, 1111-12 (C.D. Cal. 2008)
    (concluding that *Catholic Social Services* did not require tolling of successor class

26  action where "no class has ever been certified"); *In re DRAM Antitrust Litig.*, 516
    F.Supp.2d 1072, 1102 (N.D. Cal. 2007) (distinguishing *Catholic Social Services* and

27  declining to apply class action tolling doctrine to successor class action where "*no
    decision* has yet been made in the earlier filed class action").

28

DEFENDANT STANFORD L. KURLAND'S NOTICE AND MOTION TO DISMISS
COUNTS I AND III OF THE AMENDED CONSOLIDATED COMPLAINT

1    Even assuming that the one-year statute of limitation on Plaintiffs' Section 15
2    claim against Kurland was tolled under *American Pipe* for the period that Kurland
3    was named as a Section 15 defendant in the *Luther* action, the limitations clock
4    would have begun running again on October 16, 2008, when the *Luther* plaintiffs
5    filed the consolidated complaint and chose not to bring a Section 15 claim against
6    Kurland.  Plaintiffs did not file this action including a Section 15 claim against
7    Kurland until January 14, 2010—nearly 15 months later.

8    Using the most generous triggering date for the one-year statute of limitations,
9    Plaintiffs' Section 15 claim against Kurland expired no later than October 16, 2009,
10   well before this action was filed.  The claim must therefore be dismissed.  *See In re*
11   *Stac Elec. Sec. Litig.*, 89 F.3d 1399, 1411 (9th Cir. 1996) (dismissing securities
12   claims brought against new defendants for first time in amended complaint where
13   one-year statute of limitations expired after original complaint);  *In re NovaGold*
14   *Res.*, 629 F.Supp.2d at 289 (dismissing Section 15 claims brought in amended
15   complaint where statute of limitations expired after filing of original complaint but
16   before Section 15 claims were added); *Snyder v. Newhard, Cook & Co., Inc.*, 764
17   F.Supp. 612, 617-20 (D. Colo. 1991) (same).

18   **IV.   PLAINTIFFS FAILED TO ALLEGE SUFFICIENT FACTS TO STATE**
19   **A CLAIM THAT KURLAND IS A "CONTROL PERSON" UNDER**
20   **SECTION 15**

21   To state a Section 15 claim, Plaintiffs must plead "(1) a primary violation of
22   federal securities laws . . . ; and (2) that the defendant exercised actual power or
23   control over the primary violator."  *Batwin v. Occam Networks, Inc.*, No. CV 07-
24   2750 CAS, 2008 WL 2676364, at *24 (C.D. Cal. July 1, 2008) (citing *Howard v.*
25   *Everex Sys., Inc.*, 228 F.3d 1057, 1065 (9th Cir. 2000)).  A plaintiff must plead
26   sufficient facts "to give the defendant fair notice of what the . . . claim is and the
27   grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)
28   (citation omitted).  A complaint that merely alleges "labels and conclusions" or a

1   "formulaic recitation of the elements of a cause of action" does not satisfy Rule 8—

2   much less Rule 9(b).[7]  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing

3   *Twombly*, 550 U.S. at 555).

4          Plaintiffs claim that Kurland controlled four defendants—Countrywide

5   Financial Corp., CWALT, Inc., CWMBS, Inc., CWABS, Inc., and CWHEQ, Inc.

6   ("Issuing Defendants")—who are liable under Section 11 and 12(a)(2).  Plaintiffs'

7   conclusory allegations that Kurland controlled the Issuing Defendants are contained

8   in two paragraphs: Plaintiffs allege that Kurland, along with four Countrywide

9   Defendants and eight other Individual Defendants, was "a controlling person of the

10  Issuing Defendants within the meaning of Section 15 of the Securities Act" by virtue

11  "of his, her or its control, ownership, offices, directorship, and specific acts."  (Am.

12  Compl. ¶ 233.)  Plaintiffs further allege that each Section 15 Defendant "had the

13  power and influence and exercised the same to cause the Issuing Defendants to

14  engage in the acts described" in the Amended Complaint.  (*Id*.)

15         Plaintiffs' conclusory allegations of control person liability fail to satisfy the

16  basic pleading requirements of Federal Rule of Civil Procedure 8.  Kurland was

17  Countrywide's President and Chief Operating Officer until he was terminated

18  without cause on September 7, 2006—just over halfway through the 34-month class

19  period (*see* Am. Compl. ¶ 1)—yet Plaintiffs indiscriminately lump Kurland in with

20  twelve other Section 15 Defendants and claim they are collectively liable for the

21  conduct of Issuing Defendants that allegedly continued for 14 months after Kurland's

22  termination.  Plaintiffs' allegations fail to put Kurland on notice as to the timeframe

23  during which he allegedly controlled each Issuing Defendant; the Registration

24  Statements that became effective during his period of alleged control; or the

25

26  _____

27  [7] Kurland joins in the arguments of the Countrywide Defendants and Defendant
    David Spector that Plaintiffs' claims sound in fraud and must satisfy the particularity
    requirement of Rule 9(b).

28

1  securities that were sold during his period of alleged control.  Plaintiffs also fail to
2  allege the manner in which each Section 15 Defendant, including Kurland, exercised
3  power or control over the primary violator.

4          As an initial matter, the Section 15 claim must be dismissed to the extent
5  Kurland's liability is predicated on Section 11 or 12(a)(2) claims that are based on
6  offerings after his termination date (September 7, 2006).  *In re Countrywide Fin.*
7  *Corp. Sec. Litig.*, 2009 WL 943271, at *7 (dismissing Section 15 claim against
8  former director to the extent it was predicated on offerings after resignation).
9  Moreover, Plaintiffs' Section 15 claim against Kurland should be dismissed because
10  Plaintiffs' blanket allegations fail to draw any distinction between Kurland and the
11  other Section 15 Defendants.  *See In re Sagent Tech., Inc. Derivative Litig.*, 278
12  F.Supp.2d 1079, 1094-95 (N.D. Cal. 2003) (holding that "[a] complaint that lumps
13  together thirteen 'individual defendants'" and fails to "indicate which individual
14  defendant or defendants were responsible for which alleged wrongful act" does not
15  satisfy Rule 8).

16  **V.      CONCLUSION**

17          For the foregoing reasons, Defendant Kurland respectfully requests that the
18  Court grant his motion to dismiss Counts I and III as alleged against Kurland.

19

20  DATED: August 16, 2010              Respectfully submitted,

21                                      CALDWELL LESLIE & PROCTOR, PC

22

23

24                                      By _____/s/_____
25                                          DAVID C. CODELL
                                        Attorneys for Defendant
26                                      STANFORD L. KURLAND

27

28