Lloyd Winawer (State Bar No. 157823)
*lwinawer@goodwinprocter.com*
**GOODWIN PROCTER LLP**
10250 Constellation Boulevard, 21st Floor
Los Angeles, CA 90067
Telephone:  310-788-5177
Facsimile:  310-286-0992

Brian E. Pastuszenski (*pro hac vice*)
*bpastuszenski@goodwinprocter.com*
Inez H. Friedman-Boyce (*pro hac vice*)
*ifriedmanboyce@goodwinprocter.com*
Brian C. Devine (State Bar No. 222240)
*bdevine@goodwinprocter.com*
**GOODWIN PROCTER LLP**
53 State Street
Boston, MA 02109-2802
Telephone:  617-570-1000
Facsimile:  617-523-1231

*Attorneys for Defendants*
Countrywide Financial Corp.,
Countrywide Home Loans, Inc., CWALT,
Inc., CWMBS, Inc., CWABS, Inc.,
CWHEQ, Inc., Countrywide Capital
Markets, Countrywide Securities Corp.,
and N. Joshua Adler

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAINE STATE RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, et al.,<br><br>Defendants. | Case No. 2:10-CV-00302-MRP (MANx)<br><br>**COUNTRYWIDE DEFENDANTS' NOTICE OF REQUEST AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Date:        October 18, 2010<br>Time:        11:00 a.m.<br>Courtroom:   12<br>Judge:       Hon. Mariana R. Pfaelzer |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Countrywide Financial Corporation, Countrywide Securities Corporation, Countrywide Home Loans, Inc., Countrywide Capital Markets, CWALT, Inc., CWMBS, Inc., CWABS, Inc., CWHEQ, Inc., and N. Joshua Adler (collectively, the "Countrywide Defendants"), by and through their attorneys of record, hereby request that the Court take judicial notice, pursuant to Federal Rule of Evidence 201 and supporting case law, of the documents and facts listed below in connection with their Motion to Dismiss the Amended Consolidated Class Action Complaint ("AC").

| EXHIBIT | DESCRIPTION |
| --- | --- |
| 1 | CWALT 2007-OA2 Form 8-K (filed February 27, 2007) |
| 2 | Excerpt from Countrywide Financial Corp. Form 10-K for 2007 (filed February 29, 2008) |
| 3 | CWALT Form S-3/A, Reg. No. 333-123167 (filed April 21, 2005) |
| 4 | CWMBS Form S-3/A, Reg. No. 333-131662 (filed March 6, 2006) |
| 5 | Prospectus Supplement for CWALT 2005-24 (filed May 27, 2005) |
| 6 | Prospectus Supplement for CWMBS 2007-HYB2 (filed April 3, 2007) |
| 7 | Prospectus Supplement for CWMBS 2007-16 (filed August 31, 2007) |
| 8 | Prospectus Supplement for CWABS 2006-15 (filed October 3, 2006) |
| 9 | Prospectus Supplement for CWHEQ 2007-E (filed June 1, 2007) |
| 10 | Prospectus Supplement for CWHEQ 2006-S9 (filed January 4, 2007) |
| 11 | Pooling & Servicing Agreement for CWALT 2005-24 (dated May 1, 2005) |
| 12 | Front Pages from Bank of New York Distribution Reports |
| 13 | Selected Front Pages from Bank of New York Distribution Reports |

| | | |
|---|---|---|
| | 14 | Selected Front Pages from Bank of New York Distribution Reports |
| | 15 | Excerpt from OCERS Comprehensive Annual Financial Report for 2008 |
| | 16 | Excerpt from OCERS Comprehensive Annual Financial Report for 2009 |
| | 17 | Excerpt from IPERS Comprehensive Annual Financial Report for 2008 |
| | 18 | Excerpt from IPERS Comprehensive Annual Financial Report for 2009 |
| | 19 | Moody's Structured Finance Quick Check (dated July 19, 2010) |
| | 20 | Fitch RMBS Performance Update (dated July 2010) |
| | 21 | Standard & Poor's RatingsDirect Report (dated July 10, 2007) |
| | 22 | Annette Haddad, *Credit Fears May Hurt Home Sales*, Los Angeles Times (dated August 13, 2007) |
| | 23 | Edmund L. Andrews & Jeremy Peters, *Persistent Fear Drives Stocks Down Sharply*, The New York Times (dated August 29, 2007) |
| | 24 | Allen Ferrell & Atanu Saha, *Securities Litigation and the Housing Market Downturn*, 35 J. Corp. L. 97 (2009) |
| | 25 | Class Action Complaint in *Luther v. Countrywide Home Loans Servicing L.P.*, No. BC380698 (California Superior Court) (filed on November 14, 2007) |
| | 26 | Amended Complaint in *Luther v. Countrywide Financial Corp.*, No. BC380698 (California Superior Court) (filed on September 9, 2008) |
| | 27 | Class Action Complaint in *Washington State Plumbing & Pipefitting Pension Trust v. Countrywide Financial Corp.,* No. BC392571 (California Superior Court) (filed on June 12, 2008) |
| | 28 | Consolidated Complaint in *Luther v. Countrywide Financial Corp.*, No. BC380698 (California Superior Court) (filed on October 16, 2008) |
| | 29 | Excerpt from Plaintiffs' Omnibus Memorandum of Law in Support of Opposition to Defendants' Demurrers and Joinders Thereto in *Luther v. Countrywide Home Loans Servicing, LP, et al.,* No. BC 380698 (California Superior Court) (filed on April 3, 2009) |

| | |
|---|---|
| 30 | Declaration of Spencer A. Burkholz in Support of Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel, with accompanying Exhibits (filed April 2, 2010) |
| 31 | Certification Regarding Plaintiff IPERS' MBS Purchases |
| 32 | Certification Regarding Plaintiff GBPHB's MBS Purchases |
| 33 | Certification Regarding Plaintiff OCERS' MBS Purchases |
| 34 | Certification Regarding Plaintiff OPERS' MBS Purchases |
| 35 | Transcript of Decision in *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, No. 08-10783-MGC (S.D.N.Y. Jan. 28, 2010) |
| 36 | Transcript of Proceedings in *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, No. 08-10783-MGC (S.D.N.Y. May 27, 2010) |
| 37 | Transcript of Lead Plaintiff Hearing (dated May 3, 2010) |
| 38 | Order Allowing Motion to Vacate Stay and Sustaining Demurrers in *Luther v. Countrywide Financial Corp.*, No. BC380698 (California Superior Court) (dated January 6, 2010) |
| 39 | Prudential Analyst Report (dated February 1, 2006) |
| 40 | Stifel Nicolaus Analyst Report (dated December 8, 2006) |
| 41 | Goldman Sachs Analyst Report (dated January 31, 2007) |
| 42 | Goldman Sachs Analyst Report (dated April 19, 2007) |
| 43 | JPMorgan Analyst Report (dated March 12, 2007) |
| 44 | Excerpt from Countrywide Financial Corporation conference call transcript (dated April 26, 2007) |

This request is based on the attached Memorandum of Points and Authorities in support thereof, the papers, records, and pleadings on file herein, and upon any additional argument or evidence permitted at the hearing on the Countrywide Defendants' motion to dismiss.

Dated: August 16, 2010           **GOODWIN PROCTER LLP**

/s/ Brian E. Pastuszenski
Brian E. Pastuszenski (*pro hac vice*)
Lloyd Winawer (State Bar No. 157823)
Inez H. Friedman-Boyce (*pro hac vice*)
Brian C. Devine (State Bar No. 222240)

*Counsel for the Countrywide Defendants*

## MEMORANDUM OF POINTS AND AUTHORITIES

Federal Rule of Evidence 201 provides that a court may take judicial notice of a fact "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). As set forth below, the documents submitted in support of the Countrywide Defendants' motion to dismiss are properly subject to judicial notice.

Exhibits 1-11 are various documents that were publicly filed with the Securities Exchange Commission ("SEC"). It is well-settled that the Court may take judicial notice of SEC filings on a motion to dismiss. *See Dreiling v. American Exp. Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006); *Argent Classic Conv. Arb. Fund L.P. v. Countrywide Fin. Corp.*, No. CV-07-07097, slip op. at 6 (C.D. Cal. Mar. 19, 2009) (documents filed with the SEC were "indisputably subject to notice"); *In re Finisar Corp. Deriv. Litig.*, 542 F. Supp. 2d 980, 989 n.4 (N.D. Cal. 2008) ("public filings with the SEC are properly the subject of judicial notice in a motion to dismiss"); *In re Computer Scis. Corp. Deriv. Litig.*, 244 F.R.D. 580, 587 n.8 (C.D. Cal. 2007) (same).[1] The Court may properly consider these documents because they are matters of public record, and Plaintiffs cite heavily to Countrywide SEC filings throughout the AC. *See, e.g.*, AC at 1, ¶¶ 21-24, 77-82, and 160-85.

Exhibits 12-14 are collections of the front pages of distribution reports detailing the principal and interest payments made to holders of the MBS at issue. In the AC, Plaintiffs expressly allege that they examined and relied upon such reports in investigating their claims, and therefore those reports have been incorporated by reference into the AC and may be considered on a motion to dismiss. *See* AC at 1

---

[1] For the same reasons, the Court may properly consider Tabs 1-10 of the Countrywide Defendants' Appendix In Support Of Their Motion To Dismiss, which is concurrently filed herewith. The Appendix contains tables that consist entirely of data derived from documents that have been publicly filed with the SEC or are otherwise subject to judicial notice as set forth herein.

Goodwin Procter LLP
10250 Constellation Blvd., 21st Floor
Los Angeles, California 90067

(allegations based in part on "examination of the monthly service or remittance reports issued in connection with the Certificates"); *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994) ("documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss"); *In re Silicon Graphics, Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (courts may consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading"); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (documents incorporated by reference in complaint may be considered on motion to dismiss).

Exhibits 15-18 are excerpts[2] from recent Comprehensive Annual Financial Reports ("CAFR") issued by Plaintiffs IPERS and OCERS. Both entities are required by the laws of their respective states to prepare these CAFRs and to file them publicly with state agencies. *See* CAL. GOV'T CODE § 31597 (requiring county retirement systems to prepare annual financial statements and to file them with office of county auditor); IOWA CODE § 97B.4(4)(a) (requiring IPERS, which is itself designated as state agency under IOWA CODE § 97B.1(1), to prepare annual report that must also be submitted to Governor). Accordingly, these documents are matters of public record, analogous to SEC filings, and this Court may properly take judicial notice of their contents. *Cf. Yuen v. U.S. Stock Transfer Co.*, 966 F. Supp. 944, 945 n.1 (C.D. Cal. 1997) (courts "may take judicial notice of the contents of relevant public disclosure documents required to be filed with the SEC as facts capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned").

Exhibits 19-24 are certain articles and reports that discuss the nationwide housing market collapse that began in 2007. Courts routinely take judicial notice of

---

[2] In the interests of efficiency, the Countrywide Defendants have submitted excerpts from the relevant CAFRs. Of course, the Countrywide Defendants will submit the filings in their entirety at the Court's request.

industry or economy-wide downturns, including "the widespread decline in property values over the past year" at issue here. *See, e.g.*, *Ritter v. Hughes Aircraft Co.*, 58 F.3d 454, 458-59 (9th Cir. 1995) (judicial notice of "widespread layoffs" at company because they were "a fact which would be generally known in Southern California and which would be capable of sufficiently accurate and ready determination"); *Luminent Mortg. Capital, Inc. v. Merrill Lynch & Co.*, 652 F. Supp. 2d 576, 578, 594 (E.D. Pa. 2009) ("the mortgage industry and the financing methods that the industry has historically relied upon have deteriorated significantly and in unprecedented fashion"); *Sec. & Exch. Comm'n v. Universal Express, Inc.*, 546 F. Supp. 2d 132, 137 n.7 (S.D.N.Y. 2008) (judicial notice of "the widespread decline in property values" during the time period at issue here); *Bastian v. Petren Res. Corp.*, 892 F.2d 680, 685 (7th Cir. 1990) (decline in oil and gas industry); *D.E. & J Ltd. P'ship v. Conaway*, 284 F. Supp. 2d 719, 749 n.26 (E.D. Mich. 2003) (stock market decline after September 11, 2001); *In re Northpoint Commc'ns Group, Inc. Sec. Litig.*, 184 F. Supp. 2d 991, 1004 (N.D. Cal. 2001) (decline of Internet industry in late 2000). Furthermore, judicial notice of these articles is also appropriate because they are publicly available and their contents are not subject to reasonable dispute. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 401 n.15 (3d Cir. 2006) (judicial notice of "newspaper articles . . . . to indicate what was in the public realm at the time"); *County of Santa Clara v. Astra USA, Inc.*, 2006 WL 1344572, at *2 (N.D. Cal. May 17, 2006), (judicial notice of "various government [documents] . . . and news articles from The Wall Street Journal").

Exhibits 25-28 are copies of the complaints filed in the California state court actions related to this case: *Luther v. Countrywide Home Loans Servicing L.P.*, No. BC380698 (Nov. 14, 2007) and *Washington State Plumbing and Pipefitting Pension Trust v. Countrywide Financial Corp.*, No. BC392571 (June 12, 2008). Exhibit 29 is an excerpt from Plaintiffs' Omnibus Opposition to Defendants' Demurrers in the *Luther* case. Exhibit 30 is a copy of the Declaration of Spencer A. Burkholz in

Support of Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel filed in this action, together with its four accompanying exhibits, which include Certifications identifying the alleged MBS purchases made by the named plaintiffs in *Luther* and *Washington State*. This Declaration and its accompanying exhibits were filed with this Court on April 2, 2010. Exhibits 31-34 are copies of the Certifications filed in this action by Lead Plaintiff IPERS and named Plaintiffs GBPHB, OCERS, and OPERS, which identify the MBS purchases allegedly made by Plaintiffs in this case. Clearly, this Court may take judicial notice of pleadings and papers filed in this action and in related actions. *See Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998) (granting request for judicial notice of pleadings in related action); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (same); *DeMarco v. DepoTech Corp.*, 149 F. Supp. 2d 1212, 1217-18 (S.D. Cal. 2001) (judicial notice of court filings in present action).

For the same reason, this Court may take judicial notice of Exhibits 35-36, which are transcripts of proceedings held by the Honorable Miriam Goldman Cedarbaum in *NECA-IBEW Health & Welfare Fund, et al. v. Goldman Sachs & Co., et al.*, No. 08-CV-10783-MGC (S.D.N.Y.) on January 28, 2010 and May 27, 2010, respectively; Exhibit 37, which is a transcript of the Lead Plaintiff hearing held by this Court on May 3, 2010; and Exhibit 38, which is a copy of the state court's Order Allowing Motion to Vacate Stay and Sustaining Demurrers in *Luther v. Countrywide Financial Corp.*, No. BC380698 (California Super. Ct. Jan. 6, 2010). *See Papai v. Harbor Tug & Barge Co.*, 67 F.3d 203, 207 n.5 (9th Cir. 1995) ("[j]udicial notice is properly taken of orders and decisions made by other courts or administrative agencies"); *In re Edward Jones Holders Litig.*, 453 F. Supp. 2d 1210, 1217 n.8 (C.D. Cal. 2006) (taking judicial notice of related proceedings).

Exhibits 39-43 are copies of analyst reports concerning Countrywide Financial Corporation. This Court may properly take judicial notice of the contents of these

8
NOTICE OF REQUEST AND REQUEST FOR JUDICIAL NOTICE

reports to determine whether and when particular information was disclosed or known to investors.  *See In re Infonet Servs. Corp. Sec. Litig.*, 310 F. Supp. 2d 1106, 1115 n.10 (C.D. Cal. 2003) (taking judicial notice of analyst reports submitted to establish "whether and when certain information was provided to the market").  For the same reason, this Court may also take judicial notice of Exhibit 44, which is an excerpt from a transcript of a Countrywide analyst conference call held to discuss the company's earnings for the first quarter of 2007.  *See In re Century Aluminum Co. Sec. Litig.*, 2010 WL 1729426, at *13-14 (N.D. Cal. Apr. 27, 2010) (taking judicial notice of "transcripts of conference calls with analysts, PowerPoint presentations to analysts, analyst reports, and news articles" "to show disclosure of information").

## CONCLUSION

For all of the above reasons, the Countrywide Defendants respectfully request that the Court take judicial notice of Exhibits 1-44 and the Appendix filed in support of its motion to dismiss.

Dated:  August 16, 2010                **GOODWIN PROCTER LLP**

/s/ Brian E. Pastuszenski
Brian E. Pastuszenski (*pro hac vice*)
Lloyd Winawer (State Bar No. 157823)
Inez H. Friedman-Boyce (*pro hac vice*)
Brian C. Devine (State Bar No. 222240)

*Counsel for the Countrywide Defendants*