# EXHIBIT 3
# Part 4

Table of Contents

APPENDIX C

# SANDLER

# O'NEILL

# + PARTNERS

January 10, 2008

Board of Directors
Countrywide Financial Corporation
4500 Park Granada
Calabasas, CA 91302

Ladies and Gentlemen:

Countrywide Financial Corporation ("Countrywide"), Bank of America Corporation ("Bank of America") and Red Oak Merger Corporation, a wholly−owned subsidiary of Bank of America ("Merger Sub") have entered into an Agreement and Plan of Merger, dated as of January 10, 2008 (the "Agreement"), pursuant to which Countrywide will be merged with and into Merger Sub with Merger Sub as the surviving entity (the "Merger"). Under the terms of the Agreement, upon consummation of the Merger, each share of Countrywide common stock, par value $0.05 per share, issued and outstanding immediately prior to the Merger (the "Countrywide Common Stock"), except for certain shares as specified in the Agreement, will be converted into the right to receive 0.1822 (the "Exchange Ratio") of a share of common stock, par value $0.01 per share of Bank of America (the "Bank of America Common Stock"). The terms and conditions of the Merger are more fully set forth in the Agreement. Capitalized terms not defined in this opinion have the meanings given them in the Agreement. You have requested our opinion as to the fairness, from a financial point of view, of the Exchange Ratio to the holders of Countrywide Common Stock.

Sandler O'Neill & Partners, L.P., as part of its investment banking business, is regularly engaged in the valuation of financial institutions and their securities in connection with mergers and acquisitions and other corporate transactions. In connection with this opinion, we have reviewed, among other things: (i) the Agreement; (ii) certain publicly available financial statements and other historical financial information of Countrywide that we deemed relevant; (iii) certain publicly available financial statements and other historical financial information of Bank of America that we deemed relevant; (iv) consensus earnings per share estimates for Countrywide for the years ending December 31, 2007 and 2008 as published by I/B/E/S and reviewed with management of Countrywide; (v) internal financial projections for Countrywide for the years ending December 31, 2007 through 2012 as prepared by and discussed with senior management of Countrywide; (vi) consensus earnings per share estimates for Bank of America for the years ending December 31, 2007 and 2008 and an estimated long−term growth rate as published by I/B/E/S and reviewed with senior management of Bank of America; (vii) the pro forma financial impact of the Merger on Bank of America, based on assumptions relating to transaction expenses, purchase accounting adjustments, cost savings and other synergies as determined by the senior management of Bank of America; (viii) the publicly reported historical price and trading activity for Countrywide's and Bank of America's common stock, including a comparison of certain financial and stock market information for Countrywide and Bank of America with similar publicly available information for certain other companies the securities of which are publicly traded; (ix) to the extent publicly available, the financial terms of certain recent business combinations in the financial services industry; (x) the current market environment generally and the banking environment in particular; and (xi) such other information, financial studies, analyses and investigations and financial, economic and market criteria as we considered relevant. We also discussed with certain members of senior management of Countrywide the business, financial condition, results of operations and prospects of Countrywide, including certain operating, liquidity, regulatory and other financial matters. We held similar discussions with certain members of senior management of Bank of America regarding the business, financial condition, results of operations and prospects of Bank of America.

C−1

Exhibit 3
324

Table of Contents

Page 2 of 3
January 10, 2008
Board of Directors
Countrywide Financial Corporation

# SANDLER
# O'NEILL
# + PARTNERS

In performing our review, we have relied upon the accuracy and completeness of all of the financial and other information that was available to us from public sources, that was provided to us by Countrywide and Bank of America or their respective representatives or that was otherwise reviewed by us and have assumed such accuracy and completeness for purposes of rendering this opinion. We have further relied on the assurances of management of Countrywide and Bank of America that they are not aware of any facts or circumstances that would make any of such information inaccurate or misleading. We have not been asked to and have not undertaken an independent verification of any of such information and we do not assume any responsibility or liability for the accuracy or completeness thereof. We did not make an independent evaluation or appraisal of the specific assets, the collateral securing assets or the liabilities (contingent or otherwise) of Country wide or Bank of America or any of their subsidiaries, or the collectibility of any such assets, nor have we been furnished with any such evaluations or appraisals.

We did not make an independent evaluation of the adequacy of the allowance for loan losses of Countrywide or Bank of America nor have we reviewed any individual credit files relating to Countrywide or Bank of America. We have assumed, with your consent, that the respective allowances for loan losses for both Countrywide and Bank of America are adequate to cover such losses and will be adequate on a pro forma basis for the combined entity.

With respect to anticipated transaction costs, purchase accounting adjustments, expected cost savings and other synergies and other information prepared by and/or reviewed with the management of Bank of America and used by Sandler O'Neill in its analyses, Bank of America's management confirmed to us that they reflected the best currently available estimates and judgments of such management with respect thereto and we assumed that such performances would be achieved. We express no opinion as to such financial projections or the assumptions on which they are based. We have also assumed that there has been no material change in Countrywide's and Bank of America's assets, financial condition, results of operations, business or prospects since the date of the most recent financial statements made available to us. We have assumed in all respects material to our analysis that Countrywide and Bank of America will remain as going concerns for all periods relevant to our analyses, that each party to the Agreement will perform all of the material covenants required to be performed by such party under the Agreement, that the conditions precedent in the Agreement are not waived and that the Merger will qualify as a tax–free reorganization for federal income tax purposes. We express no opinion as to any of the legal, accounting and tax matters relating to the Merger and the other transactions contemplated by the Agreement.

Our opinion is necessarily based on financial, economic, market and other conditions as in effect on, and the information made available to us as of, the date hereof. Events occurring after the date hereof could materially affect this opinion. We have not undertaken to update, revise, reaffirm or withdraw this opinion or otherwise comment upon events occurring after the date hereof. We are expressing no opinion herein as to what the value of Bank of America's common stock will be when issued to Countrywide shareholders pursuant to the Agreement or the prices at which Countrywide's or Bank of America's common stock may trade at any time.

We have acted as financial advisor to the Board of Directors of Countrywide in connection with the Merger and will receive a fee for our services, a substantial portion of which is contingent upon consummation of the Merger. We will also receive a fee for rendering this opinion. Countrywide has also agreed to indemnify us against certain liabilities arising out of our engagement.

C–2

Exhibit 3
325

Table of Contents

# SANDLER

# O'NEILL

# + PARTNERS

In the ordinary course of our business as a broker—dealer, we may purchase securities from and sell securities to Countrywide and Bank of America and their affiliates. We may also actively trade the equity or debt securities of Countrywide and Bank of America or their affiliates for our own account and for the accounts of our customers and, accordingly, may at any time hold a long or short position in such securities.

Our opinion is directed to the Board of Directors of Countrywide in connection with its consideration of the Merger and does not constitute a recommendation to any shareholder of Countrywide as to how such shareholder should vote at any meeting of shareholders called to consider and vote upon the Merger. Our opinion is directed only to the fairness, from a financial point of view, of the Exchange Ratio to holders of Countrywide Common Stock and does not address the underlying business decision of Countrywide to engage in the Merger, the relative merits of the Merger as compared to any other alternative business strategies that might exist for Countrywide or the effect of any other transaction in which Countrywide might engage. Our opinion is not to be quoted or referred to, in whole or in part, in a registration statement, prospectus, proxy statement or in any other document, nor shall this Opinion be used for any other purposes, without Sandler O'Neill's prior written consent, which will not be unreasonably withheld. This Opinion has been approved by Sandler O'Neill's fairness opinion committee. We do not express any opinion as to the fairness of the amount or nature of the compensation to be received in the Merger by the company's officers, directors, or employees, or class of such persons, relative to the compensation to be received in the Merger by any other shareholders of the company.

Based upon and subject to the foregoing, it is our opinion that, as of the date hereof, the Exchange Ratio is fair to the holders of Countrywide's Common Stock from a financial point of view.

Very truly yours,

*Sandler O'Neill Partners, L.P.*

C—3

Exhibit 3
326

Table of Contents

## PART II

### INFORMATION NOT REQUIRED IN PROSPECTUS

**Item 20.** *Indemnification of Directors and Officers.*

Section 145 (a) of the General Corporation Law of the State of Delaware ("Delaware Corporation Law") provides, in general, that a corporation shall have the power to indemnify any person who was or is a party or is threatened to be made a party to any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative (other than an action by or in the right of the corporation), because the person is or was a director, officer, employee or agent of the corporation or is or was serving at the request of the corporation as a director, officer, employee or agent of any other enterprise. Such indemnity may be against expenses (including attorneys' fees), judgments, fines and amounts paid in settlement actually and reasonably incurred by the person in connection with such action, suit or proceeding, if the person acted in good faith and in a manner the person reasonably believed to be in or not opposed to the best interests of the corporation and if, with respect to any criminal action or proceeding, the person did not have reasonable cause to believe the person's conduct was unlawful.

Section 145 (b) of the Delaware Corporation Law provides, in general, that a corporation shall have the power to indemnify any person who was or is a party or is threatened to be made a party to any threatened, pending or completed action or suit by or in the right of the corporation to procure a judgment in its favor because the person is or was a director, officer, employee or agent of the corporation or is or was serving at the request of the corporation as a director, officer, employee or agent of any other enterprise, against any expenses (including attorneys' fees) actually and reasonably incurred by the person in connection with the defense or settlement of such action or suit if the person acted in good faith and in a manner the person reasonably believed to be in or not opposed to the best interests of the corporation, except that no indemnification shall be made in respect of any claim, issue or matter as to which such person shall have been adjudged to be liable to the corporation unless and only to the extent that the Court of Chancery or the court in which such action or suit was brought shall determine upon application that, despite the adjudication of liability but in view of all the circumstances of the case, such person is fairly and reasonably entitled to indemnity for such expenses which the Court of Chancery or such other court shall deem proper.

Section 145(g) of the Delaware Corporation Law provides, in general, that a corporation shall have the power to purchase and maintain insurance on behalf of any person who is or was a director, officer, employee or agent of the corporation or is or was serving at the request of the corporation as a director, officer, employee or agent of any other enterprise, against any liability asserted against the person in any such capacity, or arising out of the person's status as such, regardless of whether the corporation would have the power to indemnify the person against such liability under the provisions of the law.

Article VIII of the Registrant's bylaws provides for indemnification to the fullest extent authorized by Delaware law for any person who is or was a director or officer of the Registrant who is or was involved or threatened to be made involved in any proceeding, whether civil, criminal, administrative or investigative, by reason of the fact that such person is or was serving as a director, officer, manager or employee of the Registrant or was serving at the request of the Registrant as a director, officer, manager or employee of any other enterprise. Such indemnification is provided only if the director, officer, manager or employee acted in good faith and in a manner that the director, officer, manager or employee reasonably believed to be in, or not opposed to, the best interests of the Registrant, and with respect to any criminal proceeding, had no reasonable cause to believe that the conduct was unlawful.

The foregoing is only a general summary of certain aspects of Delaware law and the Registrant's bylaws dealing with indemnification of directors and officers, and does not purport to be complete. It is qualified in its entirety by reference to the detailed provisions of Section 145 of the Delaware Corporation Law and Article VIII of the bylaws of the Registrant.

Pursuant to the Registrant's bylaws, the Registrant also maintains a directors' and officers' insurance policy which insures the directors and officers of the Registrant against liability asserted against such persons

II–1

Exhibit 3
327

Table of Contents

in such capacity whether or not such directors or officers have the right to indemnification pursuant to the bylaws or otherwise.

**Item 21.**   *Exhibits and Financial Statement Schedules.*

(a) *Exhibits.* The following is a list of Exhibits to this Registration Statement:

| Exhibit No. | Description |
|---|---|
| 2(a) | Agreement and Plan of Merger, dated as of January 11, 2008, by and among Countrywide Financial Corporation, Bank of America Corporation and Red Oak Merger Corporation (included in Part I as Appendix A to the document included in this Registration Statement) |
| 3(a) | Amended and Restated Certificate of Incorporation of Registrant, as in effect on the date hereof, incorporated by reference to Exhibit 3(a) of Registrant's Annual Report on Form 10–K filed February 28, 2008 |
| 3(b) | Amended and Restated Bylaws of Registrant, as in effect on the date hereof, incorporated by reference to Exhibit 3.1 of Registrant's Current Report on Form 8–K filed January 24, 2007 |
| 4(a) | Specimen Certificate of Registrant's common stock* |
| 5(a) | Opinion of Timothy J. Mayopoulos, Executive Vice President and General Counsel of Bank of America Corporation, as to the validity of the shares of Bank of America common stock |
| 8(a) | Opinion of Cleary Gottlieb Steen & Hamilton LLP as to tax matters |
| 8(b) | Opinion of Wachtell, Lipton, Rosen & Katz as to tax matters |
| 23(a) | Consent of Timothy J. Mayopoulos, Executive Vice President and General Counsel of Bank of America Corporation (included in Exhibit 5(a) to this Registration Statement) |
| 23(b) | Consent of PricewaterhouseCoopers LLP |
| 23(c) | Consent of KPMG LLP |
| 23(d) | Consent of Cleary Gottlieb Steen & Hamilton LLP (included in Exhibit 8(a) to this Registration Statement) |
| 23(e) | Consent of Wachtell, Lipton, Rosen & Katz (included in Exhibit 8(b) to this Registration Statement) |
| 24(a) | Power of Attorney* |
| 99(a) | Notice of Special Meeting of Stockholders of Countrywide Financial Corporation (included in the document included in this Registration Statement) |
| 99(b) | Form of Proxy Card for Special Meeting of Stockholders of Countrywide Financial Corporation |
| 99(c) | Consent of Goldman, Sachs & Co. |
| 99(d) | Consent of Sandler O'Neill & Partners L.P. |

\*   Previously filed as an exhibit to the initial registration statement on Form S–4, dated February 13, 2008

II–2

Exhibit 3
328

Table of Contents

**Item 22.** *Undertakings.*

The undersigned Registrant hereby undertakes:

(1) To file, during any period in which offers or sales are being made, a post−effective amendment to this registration statement: (i) to include any prospectus required by Section 10(a) (3) of the Securities Act of 1933, as amended (the "Securities Act"); (ii) to reflect in the prospectus any facts or events arising after the effective date of the registration statement (or the most recent post−effective amendment thereof) which, individually or in the aggregate, represent a fundamental change in the information set forth in the registration statement (notwithstanding the foregoing, any increase or decrease in volume of securities offered (if the total dollar value of securities offered would not exceed that which was registered) and any deviation from the low or high end of the estimated maximum offering range may be reflected in the form of prospectus filed with the Commission pursuant to Rule 424(b) if, in the aggregate, the changes in volume and price represent no more than a 20% change in the maximum aggregate offering price set forth in the "Calculation of Registration Fee" table in the effective registration statement); and (iii) to include any material information with respect to the plan of distribution not previously disclosed in the registration statement or any material change to such information in the registration statement.

(2) That, for the purpose of determining any liability under the Securities Act, each such post−effective amendment shall be deemed to be a new registration statement relating to the securities offered therein, and the offering of such securities at that time shall be deemed to be the initial *bona fide* offering thereof.

(3) To remove from registration by means of a post−effective amendment any of the securities being registered which remain unsold at the termination of the offering.

(4) That, for purposes of determining any liability under the Securities Act, each filing of the Registrant's annual report pursuant to Section 13 (a) or 15 (d) of the Securities Exchange Act of 1934, as amended (and, where applicable, each filing of an employee benefit plan's annual report pursuant to Section 15 (d) of the Securities Exchange Act of 1934, as amended) that is incorporated by reference in this registration statement shall be deemed to be a new registration statement relating to the securities offered therein, and the offering of such securities at that time shall be deemed to be the initial *bona fide* offering thereof.

(5) That prior to any public reoffering of the securities registered hereunder through use of a prospectus which is a part of this registration statement, by any person or party who is deemed to be an underwriter within the meaning of Rule 145 (c), the Registrant undertakes that such reoffering prospectus will contain the information called for by the applicable registration form with respect to reofferings by persons who may be deemed underwriters, in addition to the information called for by the other items of the applicable form.

(6) That every prospectus (i) that is filed pursuant to paragraph (5) above, or (ii) that purports to meet the requirements of Section 10(a) (3) of the Securities Act and is used in connection with an offering of securities subject to Rule 415, will be filed as a part of an amendment to this registration statement and will not be used until such amendment has become effective, and that for the purpose of determining liabilities under the Securities Act, each such post−effective amendment shall be deemed to be a new registration statement relating to the securities offered therein, and the offering of such securities at that time shall be deemed to be the initial *bona fide* offering thereof.

(7) To respond to requests for information that is incorporated by reference into the prospectus pursuant to Items 4, 10(b), 11 or 13 of this form, within one business day of receipt of such request, and to send the incorporated documents by first class mail or other equally prompt means. This includes information contained in documents filed subsequent to the effective date of the registration statement through the date of responding to the request.

II−3

Exhibit 3
329

Table of Contents

(8) To supply by means of a post-effective amendment all information concerning a transaction, and the company being acquired involved therein, that was not the subject of and included in this registration statement when it became effective.

(9) Insofar as indemnification for liabilities arising under the Securities Act of 1933 may be permitted to directors, officers and controlling persons of the registrant pursuant to the foregoing provisions, or otherwise, the registrant has been advised that in the opinion of the Securities and Exchange Commission such indemnification is against public policy as expressed in the Securities Act of 1933 and is, therefore, unenforceable. In the event that a claim for indemnification against such liabilities (other than the payment by the registrant of expenses incurred or paid by a director, officer or controlling person of the registrant in the successful defense of any action, suit or proceeding) is asserted by such director, officer, or controlling person in connection with the securities being registered, the registrant will, unless in the opinion of its counsel the matter has been settled by controlling precedent, submit to a court of appropriate jurisdiction the question whether such indemnification by it is against public policy as expressed in the Securities Act of 1933 and will be governed by the final adjudication of such issue.

**[Remainder of Page Intentionally Left Blank]**

II-4

Exhibit 3

330

Table of Contents

## SIGNATURES

Pursuant to the requirements of the Securities Act of 1933, as amended, the Registrant has duly caused this Form S–4 Registration Statement to be signed on its behalf by the undersigned, thereunto duly authorized, in the city of Charlotte, state of North Carolina, on May 28, 2008.

**BANK OF AMERICA CORPORATION**

By:                                                            *

        Name:    Kenneth D. Lewis

        Title:    Chairman and Chief Executive Officer

Pursuant to the requirements of the Securities Act of 1933, as amended, this Form S–4 Registration Statement has been signed by the following persons in the capacities and on the dates indicated.

| Signature | Title | Date |
|---|---|---|
| *<br>Kenneth D. Lewis | Chairman, Chief Executive Officer,<br>President and Director<br>(Principal Executive Officer) | |
| *<br>Joe L. Price | Chief Financial Officer<br>(Principal Financial Officer) | |
| *<br>Neil A. Cotty | Senior Vice President and Chief<br>Accounting Officer<br>(Principal Accounting Officer) | |
| *<br>William Barnet, III | Director | |
| *<br>Frank P. Bramble, Sr. | Director | |
| *<br>John T. Collins | Director | |
| *<br>Gary L. Countryman | Director | |
| *<br>Tommy R. Franks | Director | |
| *<br>Charles K. Gifford | Director | |
| *<br>W. Steven Jones | Director | |

II–5

Exhibit 3
331

Table of Contents

| Signature | Title | Date |
|---|---|---|
| * | Director | |
| Monica C. Lozano | | |
| * | Director | |
| Walter E. Massey | | |
| * | Director | |
| Thomas J. May | | |
| * | Director | |
| Patricia E. Mitchell | | |
| * | Director | |
| Thomas M. Ryan | | |
| * | Director | |
| O. Temple Sloan, Jr. | | |
| * | Director | |
| Meredith R. Spangler | | |
| * | Director | |
| Robert L. Tillman | | |
| * | Director | |
| Jackie M. Ward | | |

\*By:  /s/ Teresa M. Brenner                                                                                   May 28, 2008

          Teresa M. Brenner
          *Attorney-in-Fact*

II-6

Exhibit 3

332

Table of Contents

## EXHIBIT INDEX

| Exhibit No. | Description |
|---|---|
| 2(a) | Agreement and Plan of Merger, dated as of January 11, 2008, by and among Countrywide Financial Corporation, Bank of America Corporation and Red Oak Merger Corporation (included in Part I as Appendix A to the document included in this Registration Statement) |
| 3(a) | Amended and Restated Certificate of Incorporation of Registrant, as in effect on the date hereof, incorporated by reference to Exhibit 3(a) of Registrant's Annual Report on Form 10–K filed February 28, 2008 |
| 3(b) | Amended and Restated Bylaws of Registrant, as in effect on the date hereof, incorporated by reference to Exhibit 3.1 of Registrant's Current Report on Form 8–K filed January 24, 2007 |
| 4(a) | Specimen Certificate of Registrant's common stock* |
| 5(a) | Opinion of Timothy J. Mayopoulos, Executive Vice President and General Counsel of Bank of America Corporation, as to the validity of the shares of Bank of America common stock |
| 8(a) | Opinion of Cleary Gottlieb Steen & Hamilton LLP as to tax matters |
| 8(b) | Opinion of Wachtell, Lipton, Rosen & Katz as to tax matters |
| 23(a) | Consent of Timothy J. Mayopoulos, Executive Vice President and General Counsel of Bank of America Corporation (included in Exhibit 5(a) to this Registration Statement) |
| 23(b) | Consent of PricewaterhouseCoopers LLP |
| 23(c) | Consent of KPMG LLP |
| 23(d) | Consent of Cleary Gottlieb Steen & Hamilton LLP (included in Exhibit 8(a) to this Registration Statement) |
| 23(e) | Consent of Wachtell, Lipton, Rosen & Katz (included in Exhibit 8(b) to this Registration Statement) |
| 24(a) | Power of Attorney* |
| 99(a) | Notice of Special Meeting of Stockholders of Countrywide Financial Corporation (included in the document included in this Registration Statement) |
| 99(b) | Form of Proxy Card for Special Meeting of Stockholders of Countrywide Financial Corporation |
| 99(c) | Consent of Goldman, Sachs & Co. |
| 99(d) | Consent of Sandler O'Neill & Partners L.P. |

\* Previously filed as an exhibit to the initial registration statement on Form S–4, dated February 13, 2008

Exhibit 3
333

# BANK OF AMERICA CORP /DE/ (BAC)

BANK OF AMERICA CORPORATE CENTER
100 N TRYON ST
CHARLOTTE, NC 28255
704. 386.8486

# EX−5.A

**EXHIBIT 5(A)**
**S−4/A Filed on 05/28/2008**
File Number 333−149204



GSI

Exhibit 3
334

LIVEDGAR® Information Provided by Global Securities Information, Inc.
800.669.1154
www.gsionline.com

Exhibit 5(a)

May 28, 2008
Bank of America Corporation
Bank of America Corporate Center
100 North Tryon Street
Charlotte, North Carolina 28255
Re: Registration Statement on Form S–4
Ladies and Gentlemen:

I and other members of my staff have acted as counsel to Bank of America Corporation, a Delaware corporation (the "Company"), in connection with the registration statement on Form S–4, as amended (the "Registration Statement"), filed with the Securities and Exchange Commission (the "Commission") pursuant to the Securities Act of 1933, as amended (the "Act"), for the registration of shares of the Company's common stock, par value $0.05 per share (the "Securities"), that may be issued in connection with the merger (the "Merger") of Countrywide Financial Corporation, a Delaware corporation ("Countrywide") with and into Red Oak Merger Corporation, a Delaware corporation ("Merger Sub"), as described in the Registration Statement.

In rendering this opinion, I have examined such corporate records and other documents, and I have reviewed such matters of law, as I have deemed necessary or appropriate. Based on the foregoing, I am of the opinion that all necessary corporate action on the part of the Company has been taken to authorize the issuance of the Securities in connection with the Merger, and when the Registration Statement has been declared effective by order of the Commission and the Securities have been issued in accordance with the terms and conditions set forth in the Agreement and Plan of Merger, dated as of January 11, 2008, among the Company, Countrywide and Merger Sub, the Securities will be validly issued, fully paid and nonassessable.

The foregoing opinion is limited to the federal law of the United States of America and the General Corporation Law of the State of Delaware.

This opinion letter is not to be used, circulated, quoted or otherwise referred to for any other purpose, except as set forth below. I hereby consent to the filing of this opinion letter as an exhibit to the Registration Statement and to the reference to myself and this opinion under the heading "Legal Matters" in the Registration Statement and the related prospectus included in the Registration Statement. In giving such consent, I do not thereby admit that I am an "expert" within the meaning of the Act or the rules and regulations of the Commission issued thereunder with respect to any part of the Registration

Exhibit 3
335

Statement, including this exhibit. I assume no obligation to advise you or any other person, or to make any investigations, as to any legal developments or factual matters arising subsequent to the date hereof that might affect the opinions expressed herein.

Very truly yours,

/s/ Timothy J. Mayopoulos

Timothy J. Mayopoulos
Executive Vice President and General Counsel
Bank of America Corporation

Exhibit 3
336

# BANK OF AMERICA CORP /DE/ (BAC)

BANK OF AMERICA CORPORATE CENTER
100 N TRYON ST
CHARLOTTE, NC 28255
704. 386.8486

# EX−8.A

**EXHIBIT 8(A)**
**S−4/A Filed on 05/28/2008**
File Number 333−149204



LIVEDGAR® Information Provided by Global Securities Information, Inc.
800.669.1154
www.gsionline.com

Exhibit 3
337

Exhibit 8(a)

# CLEARY GOTTLIEB STEEN & HAMILTON LLP

ONE LIBERTY PLAZA

NEW YORK, NY 10006-1470

(212) 225-2000

FACSIMILE (212) 225-3999

WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC · PARIS · BRUSSELS
LONDON · MOSCOW · FRANKFURT · COLOGNE
ROME · MILAN · HONG KONG · BEIJING

May 27, 2008

Bank of America Corporation
100 N. Tryon St.
Charlotte, North Carolina 28255

Ladies and Gentlemen:

We have acted as special counsel for Bank of America Corporation, a Delaware corporation ("Bank of America"), in connection with the proposed merger (the "Merger") of Countrywide Financial Corporation, a Delaware corporation ("Countrywide"), with and into Red Oak Merger Corporation, a Delaware corporation ("Merger Sub"), that is, and at the Effective Time will be, a direct wholly owned subsidiary of Bank of America pursuant to the Agreement and Plan of Merger dated as of January 11, 2008, by and among Bank of America, Merger Sub and Countrywide (the "Agreement"). At your request, and in connection with the Registration Statement on Form S-4 filed with the Securities and Exchange Commission in connection with the Merger (as amended through the date hereof, the "Registration Statement"), we are rendering our opinion concerning the certain federal income tax consequences of the Merger. Any capitalized term used and not defined herein has the meaning given to it in the Agreement.

For purposes of the opinion set forth below, we have relied, with the consent of Bank of America and the consent of Countrywide, upon the accuracy and completeness of the factual statements and representations (which statements and representations we have neither investigated nor verified) contained, respectively, in the certificates of the officers of Bank of America and Countrywide dated the date hereof, and have assumed that such factual statements and representations will be accurate and complete as of the Effective Time (as if made as of such

Exhibit 3
338

time) and that all such factual statements and representations made to the knowledge of any person or entity or with similar qualification are and will be true and correct as if made without such qualification. We have also relied upon (i) the accuracy of the Registration Statement and the Proxy Statement contained therein, each as amended or supplemented through the date hereof, and (ii) the factual statements and representations set forth in the Agreement.

We have also assumed that (i) the transactions contemplated by the Agreement will be consummated in accordance therewith and as described in the Proxy Statement (and no transaction or condition described therein and affecting this opinion will be waived by any party); and (ii) Bank of America, Merger Sub and Countrywide and their respective subsidiaries will treat the Merger for United States federal income tax purposes in a manner consistent with the opinion set forth below. If any of the above described assumptions are untrue for any reason or if the transaction is consummated in a manner that is different from the manner described in the Agreement or the Registration Statement, our opinion as expressed below may be adversely affected.

Based upon and subject to the foregoing, it is our opinion, under currently applicable U.S. federal income tax law, that the Merger will constitute a reorganization within the meaning of Section 368(a) of the Code.

We express no opinion on any issue relating to the tax consequences of the Merger other than those set forth above. Our opinion is based upon the Code, published judicial decisions, administrative regulations and published rulings and procedures as in existence on the date hereof. Future legislative, judicial or administrative changes, on either a prospective or retroactive basis, could affect our opinion. Further, our opinion is not binding upon the Internal Revenue Service or the courts, and there is no assurance that the Internal Revenue Service or a court will not take a contrary position. We undertake no responsibility to advise you of any future change in the matters stated herein or in the federal income tax laws or the application or interpretation thereof.

We hereby consent to the filing of this opinion with the Securities and Exchange Commission as an exhibit to the Registration Statement, and to the references therein to us. In giving such consent, we do not thereby admit that we are in the category of persons whose consent is required under Section 7 of the Securities Act of 1933, as amended.

We are furnishing this opinion solely in connection with the filing of the Registration Statement and this opinion is not to be relied upon for any other purpose.

Exhibit 3

339

Very truly yours,
CLEARY GOTTLIEB STEEN & HAMILTON LLP

By:  /s/ William L. McRae
     William L. McRae, a Partner

Exhibit 3
340

# BANK OF AMERICA CORP /DE/ (BAC)

BANK OF AMERICA CORPORATE CENTER
100 N TRYON ST
CHARLOTTE, NC 28255
704. 386.8486

# EX−8.B

**EXHIBIT 8(B)**
**S−4/A Filed on 05/28/2008**
File Number 333−149204



Exhibit 3
341

LIVEDGAR® Information Provided by Global Securities Information, Inc.
800.669.1154
www.gsionline.com

Exhibit 8(b)

[Wachtell, Lipton, Rosen & Katz Letterhead]
May 27, 2008

Countrywide Financial Corporation
450 Park Granada
Calabasas, California 91301
Ladies and Gentlemen:

We have acted as special counsel for Countrywide Financial Corporation, a Delaware corporation ("Countrywide"), in connection with the proposed merger (the "Merger") of Countrywide with and into Red Oak Merger Corporation, a Delaware corporation ("Merger Sub"), that is, and at the Effective Time will be, a direct wholly owned subsidiary of Bank of America Corporation, a Delaware corporation ("BAC"), pursuant to the Agreement and Plan of Merger dated as of January 11, 2008, by and among BAC, Merger Sub and Countrywide (the "Agreement"). Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Agreement. At your request, and in connection with the mailing of the registration statement on Form S−4 (as amended or supplemented through the date hereof, the "Registration Statement") of BAC, including the Proxy Statement of Countrywide forming a part thereof, we are rendering our opinion concerning certain United States federal income tax matters.

In providing our opinion, we have examined the Agreement, the Registration Statement, the Proxy Statement contained therein (as amended or supplemented through the date hereof), and such other documents as we have deemed necessary or appropriate for purposes of our opinion. In addition, we have assumed that (i) the transaction will be consummated in accordance with the provisions of the Agreement and as described in the Registration Statement (and no transaction or condition described therein and affecting this opinion will be waived by any party),

Exhibit 3
342

(ii) the statements concerning the transaction and the parties thereto set forth in the Agreement are true, complete and correct, and the Registration Statement is true, complete and correct, (iii) the statements and representations made by BAC and Countrywide in their respective officer's certificates dated as of the date hereof and delivered to us for purposes of this opinion (the "Officer's Certificates") are true, complete and correct as of the date hereof and will remain true, complete and correct at all times up to and including the Effective Time, (iv) any statements and representations made in the Officer's Certificates "to the knowledge of" any person or similarly qualified are and will be true, complete and correct without such qualification, and (v) BAC, Merger Sub and Countrywide and their respective subsidiaries will treat the Merger for United States federal income tax purposes in a manner consistent with the opinion set forth below. If any of the above described assumptions are untrue for any reason or if the transaction is consummated in a manner that is different from the manner described in the Agreement or the Registration Statement, our opinion as expressed below may be adversely affected.

Based upon and subject to the foregoing, we are of the opinion that, under currently applicable United States federal income tax law, the Merger will be treated as a reorganization within the meaning of Section 368(a) of the Code.

We express no opinion on any issue relating to the tax consequences of the transactions contemplated by the Registration Statement other than the opinion set forth above. Our opinion is based on current provisions of the Code, Treasury Regulations promulgated thereunder, published pronouncements of the Internal Revenue Service and case law, any of which may be changed at any time with retroactive effect. Any change in applicable laws or the facts and circumstances surrounding the transaction, or any inaccuracy in the statements, facts, assumptions or representations upon which we have relied, may affect the continuing validity of our opinion as set forth herein. We assume no responsibility to inform Countrywide of any such change or inaccuracy that may occur or come to our attention.

We are furnishing this opinion solely to you in connection with the filing of the Registration Statement and this opinion is not to be relied upon for any other purpose without our prior written consent. We hereby consent to the filing of this opinion with the Securities and Exchange Commission as an exhibit to the Registration Statement, and to the references therein to us. In giving such consent, we do not thereby admit that we are in the category of persons whose consent is required under Section 7 of the Securities Act of 1933, as amended.

Very truly yours,

/s/ Wachtell, Lipton, Rosen & Katz

Exhibit 3
343

# BANK OF AMERICA CORP /DE/ (BAC)

BANK OF AMERICA CORPORATE CENTER
100 N TRYON ST
CHARLOTTE, NC 28255
704. 386.8486

# EX−23.B

**EXHIBIT 23(B)**
**S−4/A Filed on 05/28/2008**
File Number 333−149204



Exhibit 3
344

LIVEDGAR® Information Provided by Global Securities Information, Inc.
800.669.1154
www.gsionline.com

Exhibit 23(b)

CONSENT OF INDEPENDENT REGISTERED PUBLIC ACCOUNTING FIRM

We hereby consent to the incorporation by reference in this Registration Statement on Form S-4 of our report dated February 20, 2008 relating to the financial statements and the effectiveness of internal control over financial reporting, which appears in Bank of America Corporation's Annual Report on Form 10-K for the year ended December 31, 2007. We also consent to the reference to us under the heading "Experts" in such Registration Statement.

/s/ PricewaterhouseCoopers LLP

Charlotte, North Carolina
May 28, 2008

Exhibit 3
345

# BANK OF AMERICA CORP /DE/ (BAC)

BANK OF AMERICA CORPORATE CENTER
100 N TRYON ST
CHARLOTTE, NC 28255
704. 386.8486

# EX−23.C

**EXHIBIT 23(C)**
**S−4/A Filed on 05/28/2008**
File Number 333−149204



GSI

Exhibit 3

346

LIVEDGAR® Information Provided by Global Securities Information, Inc.
800.669.1154
www.gsionline.com

Exhibit 23(c)

Consent of Independent Registered Public Accounting Firm

The Board of Directors and Shareholders
Countrywide Financial Corporation:

We consent to the incorporation by reference in this Registration Statement (No. 333–149204) on Form S–4 of Bank of America Corporation (the "Registration Statement") of our reports dated February 28, 2008, with respect to the consolidated balance sheets of Countrywide Financial Corporation and subsidiaries as of December 31, 2007 and 2006, and the related consolidated statements of operations, changes in shareholders' equity and comprehensive (loss) income, and cash flows for each of the years in the three–year period ended December 31, 2007, and all related financial statement schedules, and the effectiveness of internal control over financial reporting as of December 31, 2007, which reports appear in the December 31, 2007 Annual Report on Form 10–K of Countrywide Financial Corporation and are incorporated by reference herein, and to the reference to our Firm under the heading "Experts" in the Registration Statement.

Our report on the aforementioned Countrywide Financial Corporation and subsidiaries consolidated financial statements and schedules, dated February 28, 2008, refers to the adoption of FASB Interpretation 48, *Accounting for Uncertainty in Income Taxes* ("FIN 48"), Statement of Financial Accounting Standards (SFAS) No. 123R, *Share–Based Payment* (as amended); SFAS No. 156, *Accounting for Servicing of Financial Assets*, an amendment of SFAS No. 140 and SFAS No. 158, *Employers' Accounting for Defined Benefit Pension and Other Postretirement Plans*.

/s/ KPMG LLP

Los Angeles, California
May 23, 2008

Exhibit 3
347

# BANK OF AMERICA CORP /DE/ (BAC)

BANK OF AMERICA CORPORATE CENTER
100 N TRYON ST
CHARLOTTE, NC 28255
704. 386.8486

# EX-99.B

**EXHIBIT 99(B)**
**S-4/A Filed on 05/28/2008**
File Number 333-149204



Exhibit 3

348

LIVEDGAR® Information Provided by Global Securities Information, Inc.
800.669.1154
www.gsionline.com

Exhibit 99(b)

# YOUR VOTE IS IMPORTANT

Please take a moment now to vote your shares of Countrywide Financial Corporation
Common Stock for the upcoming Special Meeting of Stockholders.

**PLEASE REVIEW THE PROXY STATEMENT
AND VOTE TODAY IN ONE OF THREE WAYS:**

1. **Vote by Telephone**—Call toll–free in the U.S. or Canada at **1–866–257–2289**, on a touch–tone telephone. If outside the U.S. or Canada, call **1–215–521–4899.** Please follow the simple instructions. You will be required to provide the unique control number printed below.

**OR**

2. **Vote on the Internet**—Access **https://www.proxyvotenow.com/cfc** and follow the simple instructions. Please note, you must type an "s" after http. You will be required to provide the unique control number printed below.

CONTROL NUMBER:

You may vote by telephone or on the Internet 24 hours a day 7 days a week.
Your telephone or Internet vote authorizes the named proxies to vote your shares in the same manner
as if you had marked, signed and returned a proxy card.

**OR**

3. **Vote by Mail**—If you do not wish to vote by telephone or on the Internet, please complete, sign, date and return the proxy card in the envelope provided, or mail to: Countrywide Financial Corporation c/o Innisfree M&A Incorporated, FDR Station, P.O. Box 5155, New York, NY 10150–5155.
↓ Please detach along perforated line and mail in the envelope provided **IF** you are not voting via telephone or the Internet. ↓

**THE BOARD OF DIRECTORS UNANIMOUSLY RECOMMENDS A VOTE "FOR" THE MERGER PROPOSAL AND
"FOR" THE PROPOSAL TO ADJOURN THE SPECIAL MEETING**

**Unmarked proxies shall be voted FOR the Merger Proposal and FOR the Proposal to adjourn
the special meeting, if necessary, to solicit additional proxies.**

|  | FOR | AGAINST | ABSTAIN |
|---|---|---|---|
| 1. To approve and adopt the Agreement and Plan of Merger, dated as of January 11, 2008, by and among Countrywide Financial Corporation, Bank of America Corporation and Red Oak Merger Corporation, as such agreement may be amended from time to time. | ☐ | ☐ | ☐ |
| 2. To approve the adjournment of the special meeting, if necessary, to solicit additional proxies, in the event that there are not sufficient votes at the time of the special meeting to approve and adopt the merger agreement. | ☐ | ☐ | ☐ |

In their discretion, the proxies are authorized to vote upon such other business as may properly come before the special meeting.

Date:

Signature

Signature (if jointly held)

Title

**Note:** Please sign exactly as your name or names appear on this Proxy. When shares are held jointly, each holder should sign. When signing as executor, administrator, attorney, trustee or guardian, please give full title as such. If the signer is a corporation, please sign full corporate name by an authorized officer, giving full title as such. If signer is a partnership, please sign in partnership name by authorized person.

Exhibit 3
349

# PLEASE VOTE TODAY!
# SEE REVERSE SIDE
# FOR THREE EASY WAYS TO VOTE!

↓ Please detach along perforated line and mail in the envelope provided <u>IF</u> you are not voting via telephone or the Internet. ↓

**COUNTRYWIDE FINANCIAL CORPORATION**
**PROXY**
**THIS PROXY IS SOLICITED ON BEHALF OF THE BOARD OF DIRECTORS**
**SPECIAL MEETING OF STOCKHOLDERS**
**JUNE 25, 2008**

The undersigned hereby appoints Angelo R. Mozilo and David Sambol, or either of them, with full power of substitution, the attorney and proxy of the undersigned, to appear and to vote, in accordance with the specifications made on the reverse side, all of the shares of common stock of Countrywide Financial Corporation (the "Company") which the undersigned would be entitled to vote if personally present at the Special Meeting of Stockholders of the Company to be held at the Learning Center Auditorium at Countrywide's corporate headquarters located at 4500 Park Granada, Calabasas, California 91302 on June 25, 2008, at 9:00 a.m. local time, and any adjournments or postponements thereof.

Receipt of copies of the Notice of the Special Meeting of Stockholders and the Proxy Statement dated May 28, 2008 is hereby acknowledged. **The undersigned hereby revokes all proxies previously given by the undersigned to vote at the Special Meeting of Stockholders or any adjournment or postponement thereof.**

**Your vote is important. Please vote immediately.**
**(Continued and to be signed on the reverse side.)**

Exhibit 3
350

# BANK OF AMERICA CORP /DE/ (BAC)

BANK OF AMERICA CORPORATE CENTER
100 N TRYON ST
CHARLOTTE, NC 28255
704. 386.8486

# EX−99.C

**EXHIBIT 99(C)**
**S−4/A Filed on 05/28/2008**
File Number 333−149204



GSI

Exhibit 3
351

**Exhibit 99(c)**

[Goldman Sachs Letterhead]

May 28, 2008
Board of Directors
Countrywide Financial Corporation
4500 Park Granada
Calabasas, California 91302
Re:     Amendment No. 4 to Registration Statement on Form S−4 of Bank of America Corporation, filed May 28, 2008 (File No. 333−149204)
Gentlemen:
Reference is made to our opinion letter, dated January 10, 2008, with respect to the fairness from a financial point of view to the holders of the outstanding shares of common stock, par value $0.05 per share (the "Shares"), of Countrywide Financial Corporation (the "Company") of the exchange ratio of 0.1822 shares of common stock, par value $0.01 per share, of Bank of America Corporation ("Bank of America") to be received for each Share pursuant to the Agreement and Plan of Merger, dated as of January 10, 2008, by and among Bank of America, Red Oak Merger Corporation, a wholly owned subsidiary of Bank of America, and the Company.
The foregoing opinion letter was provided for the information and assistance of the Board of Directors of the Company in connection with its consideration of the transaction contemplated therein and is not to be used, circulated, quoted or otherwise referred to for any other purpose, nor is it to be filed with, included in or referred to in whole or in part in any registration statement, proxy statement or any other document, except in accordance with our prior written consent. We understand that the Company has determined to include our opinion in the above referenced Registration Statement, as amended. In that regard, we hereby consent to the reference to our opinion under the captions "Summary – Goldman, Sachs & Co. and Sandler O'Neill & Partners, L.P. Have Each Provided an Opinion to the Countrywide Board of Directors Regarding the Merger Consideration", "Risk Factors – The opinions obtained by Countrywide from its financial advisors will not reflect changes in circumstances between signing the merger agreement and the merger", "The Merger – Background of the Merger", "The Merger – Countrywide's Reasons for the Merger – Recommendation of the Countrywide Board of Directors" and "The Merger – Opinions of Countrywide's Financial Advisors" and to the inclusion of the foregoing opinion in the Proxy Statement/Prospectus included in the above−mentioned Registration Statement, as amended. Notwithstanding the foregoing, it is understood that our consent is being delivered solely in connection with the filing of the above−mentioned version of the Registration Statement and that our opinion is not to be used, circulated, quoted or otherwise referred to for any other purpose, nor is it to be filed with, included in or referred to in whole or in part in any registration statement (including any subsequent amendments to the above−mentioned version of the Registration Statement), proxy statement or any other document, except in accordance with our prior written consent. In giving such consent, we do not thereby admit that we come within the category of persons whose consent is required under Section 7 of the Securities Act of 1933 or the rules and regulations of the Securities and Exchange Commission thereunder.
Very truly yours,
/s/ Goldman, Sachs & Co.
(GOLDMAN, SACHS & CO.)

Exhibit 3
352

# BANK OF AMERICA CORP /DE/ (BAC)

BANK OF AMERICA CORPORATE CENTER
100 N TRYON ST
CHARLOTTE, NC 28255
704. 386.8486

# EX−99.D

**EXHIBIT 99(D)**
**S−4/A Filed on 05/28/2008**
File Number 333−149204



Exhibit 3

353

LIVEDGAR® Information Provided by Global Securities Information, Inc.
800.669.1154
www.gsionline.com

Exhibit 99(d)

### CONSENT OF SANDLER O' NEILL & PARTNERS, L.P.

We hereby consent to the inclusion of our opinion letter to the Board of Directors of Countrywide Financial Corporation (the "Company") as an Appendix to the Proxy Statement/Registration Statement relating to the proposed merger of the Company with Red Oak Merger Corporation, a wholly owned subsidiary of Bank of America Corporation ("Bank of America"), contained in Bank of America's Amendment No. 4 to the Registration Statement on Form S–4 as filed with the Securities and Exchange Commission, and to the references to our firm and such opinion in such Registration Statement. In giving such consent, we do not admit that we come within the category of persons whose consent is required under Section 7 of the Securities Act of 1933, as amended (the "Act"), or the rules and regulations of the Securities and Exchange Commission thereunder (the "Regulations"), nor do we admit that we are experts with respect to any part of such Registration Statement within the meaning of the term "experts" as used in the Act or the Regulations.

/s/ Sandler O'Neill & Partners, L.P.

New York, New York

May 27, 2008

Exhibit 3
354