# EXHIBIT 7

MARC M. SELTZER (54534)
Email: mseltzer@susmangodfrey.com
KYLE A. CASAZZA (254061)
**SUSMAN GODFREY L.L.P.**
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

VINCENT R. CAPPUCCI
Email: vcappucci@entwistle-law.com
STEPHEN D. OESTREICH (Of Counsel)
ROBERT N. CAPPUCCI
RICHARD W. GONNELLO
JONATHAN H. BEEMER
SHANNON L. HOPKINS
**ENTWISTLE & CAPPUCCI LLP**
280 Park Avenue, 26th Floor West
New York, NY 10017
Telephone: (212) 894-7200
Facsimile: (212) 894-7272
**Plaintiff's Co-Lead Counsel**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| ARGENT CLASSIC CONVERTIBLE ARBITRAGE FUND L.P., Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, BANK OF AMERICA CORPORATION, ANGELO R. MOZILO, DAVID SAMBOL, ERIC P. SIERACKI and JOHN MCMURRAY,<br><br>Defendants. | Case No. CV 07-07097 MRP(MANx)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT BANK OF AMERICA CORPORATION'S MOTION TO DISMISS THE THIRD AMENDED CLASS ACTION COMPLAINT**<br><br>Judge:   Hon. Mariana R. Pfaelzer<br>Ctrm:    12<br>Date:    March 16, 2009<br>Time:    10:00 a.m. |

# **TABLE OF CONTENTS**

1.  Countrywide's July 1, 2008 Merger into a BOA Subsidiary ..........................2

2.  BOA in November 2008 Assumes Countrywide's Obligations Under the Debentures, as Consideration for Transfer of Countrywide's Assets and Operations ..........................................................................................3

PRELIMINARY STATEMENT ...............................................................................1

ARGUMENT .............................................................................................................2

PLAINTIFF SUFFICIENTLY ALLEGES BOA'S SUCCESSOR LIABILITY, CONSISTENT WITH BOA'S PUBLIC FILINGS AND ANNOUNCEMENTS TRANSFERRING ALL OF COUNTRYWIDE'S ASSETS/OPERATIONS AND ASSUMING ITS OBLIGATIONS UNDER THE DEBENTURES ...............................2

1.  Countrywide's July 1, 2008 Merger into a BOA Subsidiary ..........................2

2.  BOA in November 2008 Assumes Countrywide's Obligations Under the Debentures, as Consideration for Transfer of Countrywide's Assets and Operations ..........................................................................................3

CONCLUSION ........................................................................................................10

Exhibit 7
604

922565v1/010471                     i                     PLAINTIFF'S OPPOSITION TO DEFENDANT BANK OF
                                                         AMERICA CORPORATION'S MOTION TO DISMISS THE
                                                         THIRD AMENDED CLASS ACTION COMPLAINT
                                                         Case No. CV 07-07097 MRP(MANx)

# TABLE OF AUTHORITIES

**Cases**

*Airport Land Co. v. Tyco Elecs. Corp.*,
   No. 07-CV-00646-MCE-KJM, 2007 WL 1590468, 2007 U.S. Dist. LEXIS 43741 (E.D. Cal. June 1, 2007)..................9

*Argent Classic Convertible Arbitrage Fund L.P. v. Countrywide Financial Corp.*,
   No. CV-07-07097, 2008 U.S. Dist. LEXIS 103148 (C.D. Cal. November 13, 2008)..................3

*Atchison, Topeka and Santa Fe Ry. Co. v. Brown & Bryant, Inc.*,
   159 F.3d 358 (9th Cir. 1997)..................8

*Bell Atlantic Bus. Sys. Svcs., Inc. v. Hitachi Data Sys. Corp.*,
   No. C93-20079-JW, 1995 WL 32864 (N.D. Cal. Jan. 23, 1995)..................8

*Binder v. Bristol-Myers Squibb Co.*,
   184 F. Supp. 2d 762 (N.D. Ill. 2001)..................9

*Chill v. General Elec. Co.*,
   101 F.3d 263 (2d Cir. 1996)..................8

*In re McKesson HBOC, Inc. Sec. Litig.*,
   126 F. Supp. 2d 1248 (N.D. Cal. 2000)..................8

*Lessard v. Applied Risk Management*,
   307 F.3d 1020 (9th Cir. 2002)..................6

*Morgan v. Power Timber Co.*,
   367 F. Supp. 2d 1032 (S.D. Miss. 2005)..................8

*Raytech Corp. v. White*,
   54 F.3d 187 (3d Cir. 1995)..................7

*RRX Industries, Inc. v. LAB-CON, Inc.*,
   772 F.2d 543 (9th Cir. 1985)..................7

*United States v. Bestfoods*,
   524 U.S. 51 (1998)..................8

*Winner Chevrolet, Inc. v. Universal Underwriters Ins. Co.*,
   No. CIV-S-08-539 (LKK/JFM), 2008 WL 2693741 (E.D. Cal. July 1, 2008)..................8

**Rules**

Delaware General Corp. Law §259..................2

Delaware General Corp. Law §261..................3

Exhibit 7
605
922565v1/010471                                 ii                       PLAINTIFF'S OPPOSITION TO DEFENDANT BANK OF
                                                                         AMERICA CORPORATION'S MOTION TO DISMISS THE
                                                                         THIRD AMENDED CLASS ACTION COMPLAINT
                                                                         Case No. CV 07-07097 MRP(MANx)

1  Lead Plaintiff Argent Classic Convertible Arbitrage Fund L.P. ("Argent" or
2  "Plaintiff") respectfully submits this memorandum in opposition to Defendant Bank of
3  America Corporation's Motion to Dismiss the Third Amended Class Action Complaint (the
4  "Motion") and accompanying memoranda of law.

## PRELIMINARY STATEMENT

Bank of America Corporation ("BOA") is alleged to be the parent and successor-in-interest to Defendant Countrywide Financial Corporation ("Countrywide"). Third Amended Class Action Complaint ("TAC") ¶ 24[1]. BOA's own recent public filings make a *prima facie* case for BOA's successor liability. During the pendency of this action, BOA drained substantially all the assets and operations of Countrywide. BOA Form 8-K (Nov. 10, 2008).

Well established principles of successor liability make BOA a proper defendant to this action.

For these reasons and those discussed herein, it is respectfully submitted that BOA's Motion should be denied in its entirety.

---

[1] BOA is also the parent corporation of Bank of America Securities, LLC ("BOA Securities"), a "Joint Book Running Manager" (TAC ¶ 25). BOA Securities is alleged to have violated Section 25401 of the California Corporations Code. *See* TAC ¶¶ 729-736.

# ARGUMENT

## PLAINTIFF SUFFICIENTLY ALLEGES BOA'S SUCCESSOR LIABILITY, CONSISTENT WITH BOA'S PUBLIC FILINGS AND ANNOUNCEMENTS TRANSFERRING ALL OF COUNTRYWIDE'S ASSETS/OPERATIONS AND ASSUMING ITS OBLIGATIONS UNDER THE DEBENTURES[2]

After the Class Period,[3] BOA transferred to BOA subsidiaries substantially all of Countrywide's assets and operations, leaving essentially an empty shell.

As consideration for such transfers, BOA assumed obligations of Countrywide under the Debentures.

For the reasons explained below, Plaintiff submits that BOA is liable as "successor-in-interest to Countrywide." TAC ¶ 24.

BOA transferred Countrywide's assets and operations in two stages, ending in November 2008.

The two step process occurred as follows:

### 1. Countrywide's July 1, 2008 Merger into a BOA Subsidiary

On July 1, 2008, Countrywide completed a forward triangular merger with Red Oak Merger Corporation ("Red Oak"), a subsidiary of BOA. Red Oak acquired all of Countrywide's assets. Pursuant to the merger, Countrywide shareholders received shares of BOA (Red Oak's parent) in exchange for their Countrywide shares. Red Oak was then renamed Countrywide.[4] TAC ¶ 24, 452; *see Argent Classic Convertible Arbitrage Fund L.P.*

---

[2] Due to this Court's intimate awareness of the facts of this action through proceedings previously before it and detailed averments in the TAC, Plaintiff will not burden the Court with a repetitive recitation of the allegations concerning Countrywide's violation of federal and state law.

[3] The Class Period was from May 16, 2007 through November 21, 2007. TAC at p.2.

[4] Countrywide's liabilities attached -- as a matter of law -- to Red Oak, as the surviving corporation of the merger. Countrywide, BOA and Red Oak were all incorporated under the law of Delaware. Delaware General Corp. Law §259, "Status, rights, liabilities, of

*v. Countrywide Financial Corp.*, No. CV-07-07097, 2008 U.S. Dist. LEXIS 103148, at n.1 (C.D. Cal. November 13, 2008).

### 2. BOA in November 2008 Assumes Countrywide's Obligations Under the Debentures, as Consideration for Transfer of Countrywide's Assets and Operations

In October 2008, BOA announced its intention to assume Countrywide's (formerly Red Oak's) obligations under the Debentures, in consideration for the transfer of substantially all of Countrywide's assets and operations. BOA's October 16, 2008 press release also announced a delisting of Countrywide securities traded on the New York Stock Exchange.[5] BOA's press release stated the:

> "intention of Bank of America to assume the obligations of Countrywide Financial Corporation and Countrywide Home Loans, constituent and surviving or resulting corporations following merger or consolidation",

provides, in pertinent part, that:

> "(a) When any merger … shall have become effective under this chapter, … all debts, liabilities and duties of the respective constituent corporations shall thenceforth attach to said surviving or resulting corporation, and may be enforced against it to the same extent as if said debts, liabilities and duties had been incurred … by it."

Del. Gen. Corp. L. §261, "Effect of merger upon pending actions", provides that:

> "Any action … pending … against any corporation which is a party to a merger … shall be prosecuted as if such merger … had not taken place, or the corporation surviving or resulting from such merger … may be substituted in such action."

Accordingly, liabilities asserted in this action against Countrywide were assumed by operation of law by Red Oak, which was then renamed Countrywide – and the surviving corporation need not be formally substituted in this action.

For further purposes of this memorandum, Red Oak, the merger subsidiary, is simply referred to by its current name, Countrywide. (As does BOA in its current public filings.)

The issue presented is -- now that BOA has stripped Countrywide of all assets and operations -- who stands responsible for Countrywide's liabilities alleged in this action?

---

[5] A copy of BOA's October 16, 2008 press release is attached as Exh. 10 to the accompanying Declaration of Vincent R. Cappucci (the "Cappucci Decl."). The Court is requested to take judicial notice of it. See filing pursuant to F.R. Evid. 201.

      Inc. under their debt securities and related guarantees ... as part of the consideration for the transfer of substantially all of the assets and operations of Countrywide Financial Corporation and Countrywide Home Loans, Inc. to other subsidiaries of Bank of America."

BOA's Form 8-K (Nov. 10, 2008)[6] stated at Item 8.01, "Other Events":

      "On November 7, 2008, in connection with the integration of Countrywide Financial Corporation ("Countrywide") with [BOA]'s other businesses and operations, Countrywide and its subsidiary Countrywide Home Loans, Inc. ("CHL") transferred substantially all of their assets and operations to [BOA], and as part of the consideration for such transfer, [BOA] assumed debt securities and related guarantees of Countrywide in an aggregate amount of approximately $16.6 billion."

Attached to BOA's Form 8-K (Exh. 4.3) was an indenture relating to BOA's assumption of Countrywide's debt securities. "Second Supplemental Indenture" dated November 7, 2008, among BOA, Countrywide, Countrywide's subsidiary, and Bank of New York Mellon, as trustee. It stated, in pertinent part:

      "[BOA] and [Countrywide] entered into a Stock Purchase Agreement dated November 7, 2008 (the 'Stock Purchase Agreement'[7]) pursuant to which [Countrywide] will sell to [BOA] substantially all of [Countrywide's] assets (the 'Stock Purchase') [Third WHEREAS clause];

---

[6] A copy of the pertinent pages of BOA's Form 8-K is attached as Exh. 11 to the Cappucci Decl. The Court is requested to take judicial notice of them. *See* filing pursuant to F.R. Evid. 201.

[7] The Stock Purchase Agreement itself was not attached to BOA's SEC filings.

Exhibit 7
609

922565v1/010471      4      PLAINTIFF'S OPPOSITION TO DEFENDANT BANK OF AMERICA CORPORATION'S MOTION TO DISMISS THE THIRD AMENDED CLASS ACTION COMPLAINT
Case No. CV 07-07097 MRP(MANx)

> "Section 1.1, Assumption of the Securities. (a) [BOA] hereby represents and warrants that: (i) it ... is acquiring substantially all of [Countrywide]'s assets pursuant to the Stock Purchase Agreement; .... (b) [BOA] hereby assumes the due and punctual payment of the principal of (and premium, if any) and interest on all the [Debt Securities] .... (c) [BOA] is hereby substituted for ... [Countrywide] under the Indenture, as if [BOA] had been originally named as the issuer. (d) [Countrywide] is hereby discharged and released from all of its obligations and covenants under the Indenture and the [Debt Securities]."
>
> "Section 1.2, Name in Indenture. Effective November 7, 2008, the name of Issuer, as the successor corporation under the Indenture, shall be [BOA]".

Similarly, in BOA's Form S-3ASR (Nov. 14, 2008) at p. 5, BOA stated:

> "Effective November 7, 2008, Bank of America Corporation assumed debt securities and related guarantees of Countrywide and its wholly-owned Subsidiary Countrywide Home Loans, Inc. or 'CHL' in an aggregate amount of approximately $16.6 billion (the 'Countrywide assumption') as part of the consideration for the transfer of substantially all of the assets and operations of Countrywide and CHL to other subsidiaries of Bank of America."[8]

When BOA "assumed" Countrywide's debt securities -- because BOA stripped Countrywide of all assets and operations -- the Court should determine that this assumption

---

[8] A copy of the pertinent pages of BOA's Form S-3ASR is attached as Exh. 12 to the Cappucci Decl.

Exhibit 7
610
922565v1/010471                                 5                PLAINTIFF'S OPPOSITION TO DEFENDANT BANK OF
                                                                 AMERICA CORPORATION'S MOTION TO DISMISS THE
                                                                 THIRD AMENDED CLASS ACTION COMPLAINT
                                                                 Case No. CV 07-07097 MRP(MANx)

1  implicitly included the related tort liabilities asserted against Countrywide in this action.
2  Otherwise, Plaintiff is left to pursue the empty shell of the merger subsidiary.
3        Courts determine what liabilities are implicitly assumed by corporate purchasers of
4  assets with a view toward avoiding injustice.  This is particularly so when the transaction
5  may have been intended improperly "to avoid the predecessor's liabilities".  *Lessard v.*
6  *Applied Risk Mgmt.*, 307 F.3d 1020, 1027 (9th Cir. 2002).  In *Lessard*, a disabled plaintiff's
7  medical benefits were terminated following sale of her employer's assets and operations to
8  another corporation, and she sued under ERISA.  Under the terms of an asset sale agreement,
9  the buyer automatically retained the employees of the predecessor entity and agreed to cover
10  them under its welfare benefits plan, with one exception: employees then on disability leave
11  would be covered only "if and when" they returned to active work.  The Ninth Circuit,
12  reversing a judgment of the District Court, held that the successor entity could not so limit
13  the liabilities it assumed under the asset sale agreement.  The Court noted that:

> "Ordinarily 'a corporation which purchases the assets of another
> corporation does not thereby become liable for the selling
> corporation's obligations.'  Harry G. Henn & John R. Alexander,
> *Laws of Corporations* 967 (3d ed. 1983).  However, courts make
> exceptions for corporate mergers fraudulently executed to avoid the
> predecessor's liabilities, *id.*, or for transactions where the purchaser
> has specified which liabilities it intends to assume, *see Cheveriat v.*
> *Williams Pipe Line Co.*, 11 F.3d 1420, 1425 (7th Cir. 1993)."

22  *Id.* at 1027.
23        Judge Kozinski, concurring, observed that the purchaser's attempt to limit the
24  liabilities it assumed under the asset sale agreement failed for another reason.  "It runs afoul
25  of the 'too clever by half' doctrine … The lawyers who papered this transaction should have
26  advised against it, and the clients should have heeded the warning.  One hopes, perhaps in
27  vain, that future lawyers and clients will know better."  *Id.* at 1027-28.

Exhibit 7
611

922565v1/010471

6

PLAINTIFF'S OPPOSITION TO DEFENDANT BANK OF
AMERICA CORPORATION'S MOTION TO DISMISS THE
THIRD AMENDED CLASS ACTION COMPLAINT
Case No. CV 07-07097 MRP(MANx)

Here, while this action was pending, BOA drained "substantially all of the assets and operations of Countrywide." BOA Form 8-K (Nov. 10, 2008). Countrywide (formerly named Red Oak) was apparently left behind as an empty shell, which the Court should disregard. *RRX Industries, Inc. v. LAB-CON, Inc.*, 772 F.2d 543, 546 (9th Cir. 1985). In *RRX*, the corporation that contracted with plaintiff to supply a software system gratuitously transferred all its software and licenses to another corporation, leaving only an "empty shell." Due to this deliberate draining of assets, the successor entity was held liable to plaintiff. The Ninth Circuit explained that: "Following the transfer, [the corporation] was simply an empty shell, which the district court properly disregarded." *Id. Accord Raytech Corp. v. White*, 54 F.3d 187, 192 (3d Cir. 1995) ("[A]lthough the corporate restructuring met the technical formalities of corporate form, because they were 'designed with the improper purpose of escaping asbestos-related liabilities', there was 'no just reason to respect the integrity of the transactions' … and … let [defendant] avoid liability by transferring its profitable assets while leaving of itself 'no more than a corporate shell unable to satisfy its asbestos-related obligations.'" [internal cit. omitted].

Generally, asset purchasers may be liable as successor corporations where:

"(1)    The purchasing corporation expressly or impliedly agrees to assume the liability;

(2)    The transaction amounts to a 'de-facto' consolidation or merger;

(3)    The purchasing corporation is merely a continuation of the selling corporation; or

(4)    The transaction was fraudulently entered into in order to escape liability."

922565v1/010471 — 7 — PLAINTIFF'S OPPOSITION TO DEFENDANT BANK OF AMERICA CORPORATION'S MOTION TO DISMISS THE THIRD AMENDED CLASS ACTION COMPLAINT
Case No. CV 07-07097 MRP(MANx)

Exhibit 7
612

*Atchison, Topeka and Santa Fe Ry. Co. v. Brown & Bryant, Inc.*, 159 F.3d 358, 361 (9th Cir. 1997).[9]

---

[9] BOA's authorities are readily distinguishable. Many actually support Plaintiff's position.

In *Bell Atlantic Bus. Sys. Svcs., Inc. v. Hitachi Data Sys. Corp.*, No. C93-20079-JW, 1995 WL 32864, at *4 (N.D. Cal. Jan. 23, 1995), parent and subsidiary corporations both were "well capitalized and are operated in a way to ensure their individual integrity." Moreover, only after Plaintiff "had a reasonable opportunity to conduct discovery with respect to its alter ego allegations" did the Court entertain defendants' motion for summary judgment. Here, by contrast, Countrywide [formerly Red Oak] hardly appears "well capitalized and operated in a way to ensure [its] individual integrity." To the contrary, during this action BOA has publicly announced draining substantially all of Countrywide's assets and transferring all of Countrywide's operations. And there has been no discovery.

In *Winner Chevrolet, Inc. v. Universal Underwriters Ins. Co.*, No. CIV-S-08-539 (LKK/JFM), 2008 WL 2693741, at *4 (E.D. Cal. July 1, 2008), plaintiff alleged that defendant Zurich American Insurance Company, which purchased the assets of another insurance company, assumed its duties and obligations. However, plaintiff failed to identify any "factual circumstances giving rise to an assumption of liability" other than "the mere allegation that Zurich communicated with plaintiff regarding their claims and that it shared a common address." Here, by contrast, BOA publicly announced its assumption of Countrywide's obligations under the Debentures and stripped Countrywide of substantially all assets and operations.

In *United States v. Bestfoods*, 524 U.S. 51, 61 (1998), control by a parent corporation over its subsidiary did not suffice to render the parent liable for environmental clean-up costs, absent circumstances justifying piercing the corporate veil. There were no issues of the parent corporation's wholesale stripping of assets of its subsidiary, nor concomitant assumption of liabilities.

In *Chill v. General Elec. Co.*, 101 F.3d 263 (2d Cir. 1996), securities fraud clams against a parent corporation were dismissed for plaintiff's failure sufficiently to allege the parent's scienter in failing to investigate activities of its subsidiary. No issues of successor liability or stripping of assets were involved.

In *In re McKesson HBOC, Inc. Sec. Litig.*, 126 F. Supp. 2d 1248, 1277 (N.D. Cal. 2000), the Court denied a parent corporation's motion to dismiss securities fraud claims because the parent was vicariously liable for misstatements made post-acquisition by its own officers. While noting generally that "[a] parent is not vicariously liable for the securities fraud of its subsidiary" and that a reverse triangular merger ordinarily "does not effect a 'de facto' merger unless the transaction has been structured to disadvantage creditors or shareholders", the Court found "no facts that would so suggest." Here, by contrast, BOA publicly announced its assumption of Countrywide's obligations under the Debentures, after having drained Countrywide of its assets and operations. To put it mildly, BOA's transactions may have been "structured to disadvantage creditors."

In *Morgan v. Power Timber Co.*, 367 F. Supp. 2d 1032 (S.D. Miss. 2005), summary judgment was granted dismissing claims against a parent corporation; years after the alleged torts occurred, the tortfeasor entity was merged into a subsidiary of the parent corporation.

Exhibit 7
613

1  Several of these appear applicable.  Notably, the November 2008 transaction in which BOA drained substantially all of Countrywide's assets and operations pursuant to a Stock Purchase Agreement[10] may well have been improperly entered into "in order to escape liability".  The circumstances may also indicate implicit assumption of Countrywide's tort liabilities and/or "de facto" merger.  The "too clever by half" doctrine may well apply.

At this early stage in the litigation, the allegations of successor liability in the TAC -- together with reference to BOA's filings -- should suffice.  *See, Airport Land Co. v. Tyco Elecs. Corp.*, No. 07-CV-00646-MCE-KJM, 2007 WL 1590468, at *2, 2007 U.S. Dist. LEXIS 43741, at *5 (E.D. Cal. June 1, 2007),  (Plaintiff's allegation that a purchasing company undertook the selling company's liabilities was sustained on motion to dismiss; the "[a]dequacy of evidence is not evaluated on a motion to dismiss".).

Here, at the very least, BOA's own recent public filings make a *prima facie* case for successor liability, and Plaintiff should be permitted discovery to flesh out the relevant facts.

In the alternative, should the Court find any deficiencies in the TAC with respect to the assertions of successor liability, Plaintiff respectfully requests leave to replead.  Plaintiff would plead explicitly the circumstances supporting BOA's implied assumption of Countrywide's tort liability in respect of the Debentures under both federal and state law.  In addition, Plaintiff would also explicitly name as a separate defendant BOA subsidiary Bank of America Securities, LLC ("BOA Securities"), a "Joint Book Running Manager" (TAC ¶

---

There were no issues of parental draining of assets, nor express or implied assumption of liabilities.

In *Binder v. Bristol-Myers Squibb Co.*, 184 F. Supp. 2d 762, 769 (N.D. Ill. 2001), after trial the Court concluded that the relevant merger documentation did not "contain any provision by which [the parent corporation] agreed to assume premerger liabilities" of a corporation merged into its subsidiary.  Here, by contrast, BOA publicly announced its assumption of Countrywide's obligations under the Debentures, in purported consideration for its draining Countrywide of all assets and operations.

[10]  As noted, no copy of the BOA/Countrywide Stock Purchase Agreement appears to have been filed with BOA's Form 8-K.  Obviously, Plaintiff will seek a copy in discovery.

Exhibit 7
614

25) (BOA Securities is alleged to have violated Section 25504.1 of the California Corporations Code. Fourth Claim for Relief, TAC ¶ 729 – 736).

## CONCLUSION

For the reasons set forth herein, Plaintiff requests that the Court deny Defendant's Motion to Dismiss in its entirety. If the Court finds any deficiencies in the Complaint, Plaintiff respectfully requests leave to amend.

Dated: February 6, 2009

        SUSMAN GODFREY L.L.P.
        By: /s/ Marc M. Seltzer
        MARC M. SELTZER (54534)
        Email: mseltzer@susmangodfrey.com
        KYLE A. CASAZZA (254061)
        1901 Avenue of the Stars, Suite 950
        Los Angeles, CA  90067-6029
        Telephone: (310) 789-3100
        Facsimile: (310) 789-3150

        VINCENT R. CAPPUCCI
        Email: vcappucci@entwistle-law.com
        STEPHEN D. OESTREICH (Of Counsel)
        ROBERT N. CAPPUCCI
        RICHARD W. GONNELLO
        JONATHAN H. BEEMER
        SHANNON L. HOPKINS
        **ENTWISTLE & CAPPUCCI LLP**
        280 Park Avenue
        26th Floor West
        New York, NY  10017
        Telephone: (212) 894-7200
        Facsimile: (212) 894-7272
        **Plaintiff's Co-Lead Counsel**

Exhibit 7
615

922565v1/010471

10

PLAINTIFF'S OPPOSITION TO DEFENDANT BANK OF AMERICA CORPORATION'S MOTION TO DISMISS THE THIRD AMENDED CLASS ACTION COMPLAINT
Case No. CV 07-07097 MRP(MANx)