# EXHIBIT 8



1  WILLARD K. TOM
   General Counsel
2
   LUCY E. MORRIS
3  HEATHER ALLEN
   LYNETTE HOTCHKISS
4  lmorris@ftc.gov; hallen@ftc.gov;
   lhotchkiss@ftc.gov
5  Federal Trade Commission
   600 Pennsylvania Avenue, N.W.
6  Washington, D.C. 20580
   Tel: (202) 326-3224
7  Fax: (202) 326-3768

8  JOHN D. JACOBS (Local Counsel)
   jjacobs@ftc.gov
9  California Bar No. 134154
   Federal Trade Commission
10 10877 Wilshire Blvd., Ste. 700
   Los Angeles, CA 90024
11 Tel: (310) 824-4343
   Fax: (310) 824-4380
12

13 Attorneys for the Plaintiff
   Federal Trade Commission
14

15               UNITED STATES DISTRICT COURT

16             CENTRAL DISTRICT OF CALIFORNIA

17

18

19 FEDERAL TRADE COMMISSION,          )  **CV10  4193**
                                       )
20      Plaintiff,                     )  Case No.
                                       )
21         v.                          )
                                       )  **CONSENT JUDGMENT AND ORDER**
22 COUNTRYWIDE HOME LOANS, INC.,       )
   a corporation, and                  )
23                                     )
   BAC HOME LOANS SERVICING, LP,       )
24 a limited partnership,              )
                                       )
25      Defendants.                    )
                                       )
26

27

28      IT IS HEREBY ORDERED, ADJUDGED and DECREED, pursuant to and in

   accordance with the Stipulation for Entry of Consent Judgment and
                                                    Exhibit 8
                                                      616

1  Order entered into by and between plaintiff the Federal Trade
2  Commission ("FTC" or "Commission") and defendants Countrywide Home
3  Loans, Inc. and BAC Home Loans Servicing LP (plaintiff and
4  defendants are collectively referred to as "the parties"), as
5  follows:

**Findings**

7     1.   This Court has jurisdiction over Defendants and the
8  subject matter of this action.  Venue in the Central District of
9  California is proper.

10    2.   The Complaint states a claim upon which relief may be
11 granted against Defendants under Sections 5(a) and 13(b) of the FTC
12 Act, 15 U.S.C. §§ 45(a) and 53(b).

13    3.   The activities of Defendants are in or affecting commerce,
14 as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C.
15 § 44.

16    4.   Defendants have not admitted any of the allegations of
17 wrongdoing set forth in the Complaint, and entry of this Order is
18 not an admission of any such allegations of wrongdoing or violation
19 of law.  Nonetheless, Defendants stipulate and agree to entry of
20 this Order in order to settle and resolve these disputes.  The
21 Complaint does not allege any wrongdoing by Bank of America, N.A.

22    5.   Plaintiff and Defendants waive all rights to seek judicial
23 review or otherwise contest the validity of this Order, and
24 Defendants waive any right that may arise under the Equal Access to
25 Justice Act, 28 U.S.C. § 2412.

26    6.   Entry of this Order is in the public interest.

27    7.   The parties, by and through their counsel, have agreed
28 that entry of this Order resolves all matters in dispute between

2

Exhibit 8
617

1  them arising from the facts and circumstances alleged in the

2  Complaint in this action, up to the date of entry of this Order.

3                              **Definitions**

4      For purposes of this Order, the following definitions shall

5  apply:

6      1.   "Affiliate" shall mean an organization that owns or

7  controls, is owned or controlled by, or is under common ownership or

8  control with, another organization;

9      2.   "BAC Home Loans Servicing" shall mean BAC Home Loans

10  Servicing, LP, formerly doing business as Countrywide Home Loans

11  Servicing, LP, and its successors and assigns, by whatever names

12  they might be known, but not including any Bank;

13      3.   "Bank" shall mean a bank that is exempt from the FTC's

14  jurisdiction pursuant to Section 5(a)(2) of the FTC Act, 15 U.S.C.

15  § 45(a)(2), including Bank of America, N.A.  "Bank" shall not

16  include any Person or entity controlled directly or indirectly by a

17  bank and that is not itself a bank, such as an operating subsidiary

18  or Affiliate of a bank that is not itself a bank;

19      4.   "Chapter 13 Bankruptcy" shall mean any bankruptcy case

20  filed under Chapter 13 of Title 11 of the United States Code, 11

21  U.S.C. §§ 1301-1330;

22      5.   "Clear and Prominent" or "Clearly and Prominently" shall

23  mean that information is displayed in a manner that is readily

24  noticeable, readable, and understandable;

25      6.   "Competent and Reliable Evidence" shall mean tests,

26  analyses, research, studies, or other evidence, including a data

27  integrity program that complies with Section XI of this Order, based

28  on the expertise of professionals in the relevant area, that has

1 been conducted and evaluated in an objective manner by Persons

2 qualified to do so, using procedures generally accepted in the

3 profession to yield accurate and reliable results;

4      7.   "Countrywide Home Loans" shall mean Countrywide Home

5 Loans, Inc. and its successors and assigns, by whatever names they

6 might be known, but not including any Bank;

7      8.   "Default-Related Service" shall mean any service ordered

8 as a result of a consumer's payment default on a Loan, for the

9 purpose of protecting the note holder's interest in the property and

10 rights under the security instrument, for which the Loan account is

11 charged a Fee (e.g., services of a type currently or in the future

12 provided by BAC Field Services Corporation, Landsafe Default, Inc.,

13 and the trustee-services business of ReconTrust Company, N.A., such

14 as property inspections, property preservation, broker's price

15 opinions, title searches and reports, and foreclosure trustee

16 services);

17      9.   "Defendants" shall mean BAC Home Loans Servicing and

18 Countrywide Home Loans, individually, collectively, or in any

19 combination;

20      10.  "Escrow Deficiency" shall have the meaning set forth in 24

21 C.F.R. § 3500.17;

22      11.  "Escrow Shortage" shall have the meaning set forth in 24

23 C.F.R. § 3500.17;

24      12.  "FTC Act" shall mean the Federal Trade Commission Act, 15

25 U.S.C. §§ 41-58;

26      13.  "Fees" shall mean all fees and charges, including but not

27 limited to fees for late payments, property inspections, property

28 preservation, broker's price opinions, appraisals, legal services,

4

Exhibit 8
619

1  court costs, reinstatement, modification, and any other fees or

2  charges that a consumer is or was assessed by Defendants in

3  connection with the Servicing of any Loan;

4       14.  "Loan" shall mean a residential mortgage loan, *i.e.*, a

5  loan secured by a lien on real property taken as security for the

6  repayment of the loan;

7       15.  "Loan Instruments" shall mean the security instrument and

8  promissory note signed by the consumer to consummate his or her

9  Loan;

10      16.  "Monthly Payment" shall mean a monthly or other periodic

11  payment a consumer must make under the Loan Instruments to repay the

12  Loan principal, pay interest on the principal, and, if necessary,

13  fund escrow accounts for insurance and/or real estate taxes;

14      17.  "Person" shall mean any individual, group, unincorporated

15  association, limited or general partnership, corporation, trust, or

16  other business entity; and

17      18.  "Servicing" shall mean receiving any payments from (or

18  for) a consumer pursuant to the terms of any Loan, including amounts

19  for escrow accounts, and applying the payments of principal and

20  interest and such other payments with respect to the amounts

21  received from (or for) the consumer as may be required pursuant to

22  the terms of the Loan.  "Servicing" shall also include any related

23  Loan servicing activity such as the administration of Loan accounts,

24  sending periodic billing statements to a consumer, maintaining

25  records of the status of the consumer's Loan accounts, providing

26  information to and resolving disputes with the consumers regarding

27  Loan accounts, the collection of Loan payments, the foreclosure of

28  real property, the use of consumer reports and the furnishing of

Exhibit 8
620

1   information to consumer reporting agencies, and the collection or

2   imposition of Fees in relation to any of the foregoing.

**INJUNCTIVE RELIEF**

**Prohibited Business Practices**

**I.**

6      IT IS THEREFORE ORDERED that Defendants, their officers,

7   employees, agents, representatives, and all other Persons or

8   entities in active concert or participation with them who receive

9   actual notice of this Order by personal service or otherwise,

10  directly or through any corporation, subsidiary, division, or other

11  device, are hereby permanently restrained and enjoined, in

12  connection with the Servicing of any Loan in default or Chapter 13

13  Bankruptcy, from:

14     A.   Misrepresenting, expressly or by implication, the status

15         of the Loan or amounts owed on the Loan, including but not

16         limited to the amount of any Monthly Payment, Fee claimed

17         or assessed, Escrow Shortage, or Escrow Deficiency;

18     B.   Misrepresenting, expressly or by implication, that any

19         payment or Fee is allowed under the Loan Instruments or

20         permitted by law;

21     C.   Misrepresenting, expressly or by implication, the amount,

22         nature, or terms of any Fee or other condition or

23         requirement of any Loan; and

24     D.   Making any representation, expressly or by implication,

25         about the status of the Loan, amounts owed on the Loan

26         (including but not limited to the amount of any Monthly

27         Payment, Fee claimed or assessed, Escrow Shortage, or

28         Escrow Deficiency), the date that any payment or Fee is

Exhibit 8
621

1        due, or any other information regarding the terms or

2        conditions of a Loan, unless, at the time of making such

3        representation, such Persons possess and rely on Competent

4        and Reliable Evidence that substantiates that the

5        representation is true.

6                **II.**

7    IT IS FURTHER ORDERED that Defendants, their officers,

8  employees, agents, representatives, and all other Persons or

9  entities in active concert or participation with them who receive

10  actual notice of this Order by personal service or otherwise,

11  directly or through any corporation, subsidiary, division, or other

12  device, are hereby permanently restrained and enjoined, in

13  connection with the Servicing of any Loan, from assessing and/or

14  collecting any Fee for a service unless it is for services actually

15  rendered and is (a) authorized and Clearly and Prominently disclosed

16  by the Loan Instruments, and not prohibited by law; (b) expressly

17  permitted by law and not prohibited by the Loan Instruments; or

18  (c) a reasonable Fee for a specific service requested by a consumer

19  that is assessed and/or collected only after Clear and Prominent

20  disclosure of the Fee is provided to the consumer and explicit

21  consent is obtained from the consumer to pay the Fee in exchange for

22  the service, and such Fee is not otherwise prohibited by law or the

23  Loan Instruments.

24                **III.**

25    IT IS FURTHER ORDERED that Defendants, their officers,

26  employees, agents, representatives, and all other Persons or

27  entities in active concert or participation with them who receive

28  actual notice of this Order by personal service or otherwise,

Exhibit 8
622

1  directly or through any corporation, subsidiary, division, or other
2  device, are hereby permanently restrained and enjoined, in
3  connection with the Servicing of any Loan, from assessing and/or
4  collecting any Fee for a Default-Related Service unless it is a
5  reasonable Fee charged by a third-party service provider, including
6  an Affiliate of Defendants, for a Default-Related Service that is
7  actually performed.

8                                    **IV.**

9      IT IS FURTHER ORDERED that Defendants, their officers,
10 employees, agents, representatives, and all other Persons or
11 entities in active concert or participation with them who receive
12 actual notice of this Order by personal service or otherwise,
13 directly or through any corporation, subsidiary, division, or other
14 device, are hereby permanently restrained and enjoined, in
15 connection with the Servicing of any Loan, from assessing and/or
16 collecting any Fee for a Default-Related Service performed by an
17 Affiliate of any Defendant, unless the Fee complies with Sections II
18 and III of this Order and the amount of the Fee does not exceed the
19 lesser of (1) any Fee limitation or allowable amount for the service
20 under applicable state law, (2) any published, pre-established Fee
21 limitation or allowable amount for the service under the guidelines
22 for the applicable government-sponsored enterprise investing in the
23 Loan or the government agency insuring the Loan (for all other
24 Loans, Federal National Mortgage Association ("Fannie Mae")
25 guidelines shall apply), and (3) the market rate for the service.
26 To determine the market rate, Defendants shall obtain annual market
27 reviews of their Affiliates' pricing for Default-Related Services;
28 such market reviews shall be performed by a qualified, objective,

Case 2:10-cv-00302-MRP -MAN   Document 176-14   Filed 08/20/10   Page 10 of 26   Page ID
#:6966
Case 2:10-cv-04193-JFW-SS   Document 6   Filed 06/15/10   Page 9 of 25   Page ID #:10

1 independent third-party professional, using procedures and standards

2 generally accepted in the industry to yield accurate and reliable

3 results.

**V.**

5     IT IS FURTHER ORDERED that, within one-hundred fifty (150) days

6 from the date of entry of this Order, Defendants, their officers,

7 employees, agents, representatives, and all other Persons or

8 entities in active concert or participation with them who receive

9 actual notice of this Order by personal service or otherwise,

10 directly or through any corporation, subsidiary, division, or other

11 device, are hereby permanently restrained and enjoined, in

12 connection with the Servicing of any Loan, from failing to disclose

13 Clearly and Prominently the following information:

14     A.    At Loan origination or upon acquiring the Servicing rights

15         to the consumer's Loan, Defendants shall disclose any use

16         of Affiliates for Default-Related Services and if Fees are

17         assessed for those services;

18     B.    If the consumer's Loan goes into default and prior to

19         assessing any Fees for Default-Related Services,

20         Defendants' notice of default shall disclose (1) any use

21         of Affiliates for Default-Related Services; (2) if Fees

22         are assessed for those services; and (3) a link to a

23         schedule of Fees for those services ("Fee Schedule") on

24         Defendants' website(s).  This Fee Schedule shall include a

25         description of the Fees that may be charged, the amount

26         or, where applicable, the range of each Fee, and, if the

27         Fee will or may be paid to an Affiliate, a disclosure of

28

Exhibit 8
624

1            that fact and the names of the affiliated service

2            providers; and

3      C.     The Fee Schedule shall be posted and available on the

4            Defendants' website(s) and a copy of the Fee Schedule

5            shall be mailed or delivered to the consumer upon request,

6            at no cost to the consumer.

7                                      **VI.**

8      IT IS FURTHER ORDERED that, for eight (8) years after the date

9 of entry of this Order, Defendants, their officers, employees,

10 agents, representatives, and all other Persons or entities in active

11 concert or participation with them who receive actual notice of this

12 Order by personal service or otherwise, directly or through any

13 corporation, subsidiary, division, or other device, are hereby

14 permanently restrained and enjoined, in connection with the

15 Servicing of any Loan, from (1) initiating a foreclosure action, or

16 assessing Fees in connection with an actual or threatened

17 foreclosure action, until the Defendants have reviewed Competent and

18 Reliable Evidence that substantiates that the consumer is in default

19 under the terms of the Loan Instruments; and (2) consummating a

20 foreclosure sale until Defendants have investigated any

21 non-frivolous disputes by the consumer and informed the consumer of

22 the results of the investigation.

23                    **Bankruptcy Servicing Requirements**

24                                 **VII.**

25      IT IS FURTHER ORDERED that, within thirty (30) days of the date

26 of entry of this Order, Defendants, their officers, employees,

27 agents, representatives, and all other Persons or entities in active

28 concert or participation with them who receive actual notice of this

Exhibit 8
625

1  Order by personal service or otherwise, directly or through any
2  corporation, subsidiary, division, or other device, are hereby
3  permanently restrained and enjoined, in connection with the filing
4  of any proof of claim in a Chapter 13 Bankruptcy case for a Loan
5  serviced by any Defendant, from failing to file with the proof of
6  claim (1) a copy of the Loan Instruments or, if a Loan Instrument
7  has been lost or destroyed, a sworn statement of the circumstances
8  of the loss or destruction; and (2) a detailed itemization of all
9  amounts claimed. *Provided, however,* that nothing in this Section
10 shall require Defendants to do anything prohibited by the United
11 States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure,
12 or any local rule or court order in a Chapter 13 Bankruptcy.

13                                  **VIII.**

14      IT IS FURTHER ORDERED that, within two-hundred seventy (270)
15 days of the date of entry of this Order (or as otherwise agreed to
16 by Commission counsel), Defendants, their officers, employees,
17 agents, representatives, and all other Persons or entities in active
18 concert or participation with them who receive actual notice of this
19 Order by personal service or otherwise, directly or through any
20 corporation, subsidiary, division, or other device, are hereby
21 permanently restrained and enjoined, in connection with the
22 Servicing of any Loan for a consumer in Chapter 13 Bankruptcy, from
23 failing to provide the consumer and the Chapter 13 trustee with an
24 informational notice on a monthly basis, in writing and at no cost
25 to the consumer or the trustee, that contains the following
26 information in a Clear and Prominent manner:

27      A.    the unpaid principal balance;

28      B.    the post-petition Monthly Payment amount;

Exhibit 8
626

1       C.     if there are changes in the post-petition Monthly Payment

2             amount, the reason for and amount of the change;

3       D.     a complete itemization of each and every Fee assessed

4             during the prior month, including the amount of each Fee,

5             a description of each Fee, and the date that each Fee was

6             assessed;

7       E.     a complete itemization of all payments received during the

8             prior month, a total of any amounts held in suspense or

9             otherwise not applied to the Loan account, and an

10           itemization and description of any Fee amounts that remain

11           outstanding on the Loan account; and

12       F.     the toll-free telephone number and address for the

13           consumer and the trustee to use to contact the Defendants

14           with Loan account questions.

15 ***Provided, however,*** that nothing in this Section shall require

16 Defendants to do anything prohibited by the United States Bankruptcy

17 Code, the Federal Rules of Bankruptcy Procedure, or any local rule

18 or court order in a Chapter 13 Bankruptcy.

19                            **IX.**

20    IT IS FURTHER ORDERED that Defendants, their officers,

21 employees, agents, representatives, and all other Persons or

22 entities in active concert or participation with them who receive

23 actual notice of this Order by personal service or otherwise,

24 directly or through any corporation, subsidiary, division, or other

25 device, are hereby permanently restrained and enjoined, in

26 connection with the Servicing of any Loan for a consumer in Chapter

27 13 Bankruptcy, from failing to provide the consumer and the Chapter

28 13 trustee with an informational notice on an annual basis, in

12

Exhibit 8
627

1 writing and at no cost to the consumer or the trustee, that

2 discloses, Clearly and Prominently, the amount and nature of any

3 accrued Escrow Shortage and/or Escrow Deficiency.  Such notice shall

4 be in a form consistent with the requirements of 24 C.F.R. § 3500.17

5 and may be provided along with the monthly informational notice

6 required under Section VIII of this Order.  **Provided, however,** that

7 nothing in this Section shall require Defendants to do anything

8 prohibited by the United States Bankruptcy Code, the Federal Rules

9 of Bankruptcy Procedure, or any local rule or court order in a

10 Chapter 13 Bankruptcy.

11                                   **X.**

12        IT IS FURTHER ORDERED that Defendants, their officers,

13 employees, agents, representatives, and all other Persons or

14 entities in active concert or participation with them who receive

15 actual notice of this Order by personal service or otherwise,

16 directly or through any corporation, subsidiary, division, or other

17 device, are hereby permanently restrained and enjoined, in

18 connection with the Servicing of any Loan that incurred any Fee,

19 Escrow Shortage, and/or Escrow Deficiency during a Chapter 13

20 Bankruptcy, from collecting any such Fee, Escrow Shortage, and/or

21 Escrow Deficiency after Defendants obtain relief from the bankruptcy

22 stay or, if relief from stay is not sought or granted, after the

23 debtor is discharged or the bankruptcy case is dismissed, unless

24 Defendants (1) obtained specific court approval for the charges

25 during the Chapter 13 Bankruptcy case, or (2) provided to the

26 consumer the notices required under Sections VIII and IX of this

27 Order.

28                                            Exhibit 8
                                             628

**Data Integrity Requirements**

**XI.**

IT IS FURTHER ORDERED that Defendants, in connection with the Servicing of any Loan in Chapter 13 Bankruptcy, shall, no later than ninety (90) days after the date of entry of this Order, establish and implement, and thereafter maintain, a comprehensive data integrity program that is reasonably designed to ensure the accuracy and completeness of data and other information regarding such Loans prior to and while Servicing them ("data integrity program").   Such data integrity program, the content and implementation of which must be fully documented in writing, shall be appropriate to the nature, size, complexity, and scope of Defendants' activities, and shall include:

A.   the designation of an employee or employees to be accountable for the data integrity program;

B.   the regular testing or monitoring of the effectiveness of the data integrity program; and

C.   the evaluation and adjustment of the data integrity program in light of the results of the testing and monitoring required by Subsection B, any material changes to Defendants' operations or business arrangements, or any other circumstances that Defendants know or have reason to know may have a material impact on the effectiveness of the data integrity program.

**XII.**

IT IS FURTHER ORDERED that Defendants obtain an assessment and report (an "Assessment") from a qualified, objective, independent third-party professional, using procedures and standards generally

14

Exhibit 8
629

1  accepted in the profession, within two hundred seventy (270) days
2  after the date of entry of the Order, and biennially thereafter for
3  eight (8) years after entry of the Order, that:

4       A.    sets forth the specific data integrity program that
5             Defendants have implemented and maintained during the
6             reporting period;

7       B.    explains how such data integrity program is appropriate to
8             Defendants' size and complexity, and the nature and scope
9             of Defendants' activities; and

10      C.    explains how the data integrity program meets or exceeds
11            the protections required by Section XI of this Order.

12 Defendants shall provide a copy of the first Assessment to the
13 Commission within ten (10) days after the Assessment is delivered to
14 Defendants.  Defendants shall provide a copy of all: plans, reports,
15 studies, reviews, audits, audit trails, policies, training
16 materials, and assessments, whether prepared by or on behalf of
17 Defendants, relied upon to prepare such Assessment, to the
18 Commission within thirty (30) days of request.  All subsequent
19 biennial Assessments shall be retained by Defendants and a copy
20 provided to the Commission within thirty (30) days of request.

21                      **Monetary Relief**

22                      **XIII.**

23   IT IS FURTHER ORDERED that:

24      A.    Defendants, without admitting any violation of law, shall
25            pay the amount of one hundred eight million dollars
26            ($108,000,000.00) to remedy the violations of law alleged
27            by the FTC.  On or before five (5) business days after the
28            date of entry of this Order, Defendants shall wire

Exhibit 8
630

1    transfer the sum of one hundred eight million dollars

2    ($108,000,000.00) to the Commission or such agent as the

3    Commission may direct, pursuant to instructions provided

4    by the Commission.  All funds paid pursuant to this Order

5    shall be deposited into a fund administered by the

6    Commission or its agent to be used for equitable relief

7    for consumers whose Loans were serviced by Defendants

8    prior to their acquisition by Bank of America, including

9    but not limited to consumer redress and any attendant

10   expenses for the administration of the redress program.

11   In the event that direct redress to consumers is wholly or

12   partially impracticable or funds remain after redress is

13   completed, the Commission may apply any remaining funds

14   for such other equitable relief (including consumer

15   information remedies) as it determines to be reasonably

16   related to the Defendants' practices alleged in the

17   Complaint.  Any funds not used for such equitable relief

18   shall be deposited as equitable disgorgement into the

19   United States Treasury.  Defendants shall have no right to

20   challenge the FTC's choice of remedies under this Section.

21   B.   In the event that Defendants default on any obligation to

22   make any payment set forth in this Order, which default

23   continues for ten (10) days beyond the due date of the

24   payment, the entire unpaid amount together with interest,

25   computed pursuant to 28 U.S.C. § 1961(a) from the date of

26   default to the date of payment, shall immediately become

27   due and payable.  Notwithstanding any other provision of

28   this Order, Defendants agree that if they fail to meet any

16                          Exhibit 8

Case 2:10-cv-00302-MRP -MAN   Document 176-14   Filed 08/20/10  Page 18 of 26  Page ID
#:6974
Case 2:10-cv-04193-JFW-SS   Document 6   Filed 06/15/10  Page 17 of 25  Page ID #:109

payment obligations set forth in this Order, Defendants shall pay the costs and attorneys' fees incurred by the Commission or its agents in any attempts to collect amounts due pursuant to this Order.

C.   Defendants relinquish all dominion, control, and title to the funds paid to the fullest extent permitted by law. Defendants shall make no claim to or demand for return of the funds, directly or indirectly, through counsel or otherwise.

D.   Defendants agree that the facts as alleged in the Complaint filed in this action shall be taken as true without further proof in any bankruptcy case of either of the Defendants or subsequent civil litigation pursued by the Commission to enforce its rights to any payment or money judgment pursuant to this Order.  For the purpose of any subsequent proceeding to enforce payments required by this Section of this Order, including any action filed in a bankruptcy case of either of the Defendants, the Defendants waive any right to contest the allegations in the Commission's Complaint.

**Data**

**XIV.**

IT IS FURTHER ORDERED that, subject to the FTC's certification of compliance with the Right to Financial Privacy Act, to facilitate redress under Section XIII above, the Defendants shall provide the Commission and/or its designated agent, within thirty (30) calendar days after receiving a written request by the Commission or its designated agent, with all information reasonably required to

17

Exhibit 8
632

1  administer redress.   Defendants shall provide a complete

2  electronically stored data set in a compatible format (as reasonably

3  determined by the FTC and/or its agent).

**Compliance Monitoring**

**XV.**

6     IT IS FURTHER ORDERED that, for the purpose of monitoring and

7  investigating compliance with any provision of this Order,

8      A.   Within thirty (30) days of receipt of written notice from

9         a representative of the Commission, Defendants each shall

10         submit additional written reports, which are true and

11         accurate and sworn to under penalty of perjury; produce

12         documents for inspection and copying; appear for

13         deposition; and provide entry during normal business hours

14         to any business location in each Defendant's possession or

15         direct or indirect control to inspect the business

16         operation;

17      B.   In addition, the Commission is authorized to use all other

18         lawful means, including but not limited to:

19         1.   obtaining discovery from any Person, without further

20            leave of court, using the procedures prescribed by

21            Fed. R. Civ. P. 30, 31, 33, 34, 36, 45 and 69; and

22         2.   having its representatives pose as consumers and

23            suppliers to Defendants, their employees, or any

24            other entity managed or controlled in whole or in

25            part by any Defendant, without the necessity of

26            identification or prior notice;

27      C.   Defendants each shall permit representatives of the

28         Commission to interview any employer, consultant,

Exhibit 8

633

1        independent contractor, representative, agent, or employee

2        who has agreed to such an interview, relating in any way

3        to any conduct subject to this Order.  The Person

4        interviewed may have counsel present.

5    **Provided however,** that nothing in this Order shall limit the

6 Commission's lawful use of compulsory process, pursuant to Sections

7 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any

8 documentary material, tangible things, testimony, or information

9 relevant to unfair or deceptive acts or practices in or affecting

10 commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

**Compliance Reporting**

**XVI.**

13    IT IS FURTHER ORDERED that, in order that compliance with the

14 provisions of this Order may be monitored:

15    A.    For a period of five (5) years from the date of entry of

16        this Order, Defendants shall notify the Commission of any

17        changes in structure of any Defendant or any business

18        entity that any Defendant directly or indirectly controls,

19        or has an ownership interest in, that may affect

20        compliance obligations arising under this Order, including

21        but not limited to: incorporation or other organization; a

22        dissolution, assignment, sale, merger, or other action;

23        the creation or dissolution of a subsidiary, parent, or

24        Affiliate that engages in any acts or practices subject to

25        this Order, or a change in the business name or address,

26        at least thirty (30) days prior to such change, *provided*

27        that, with respect to any such change in the business

28        entity about which a Defendant learns less than thirty

19

Exhibit 8
634

1    (30) days prior to the date such action is to take place,

2    such Defendant shall notify the Commission as soon as

3    practicable after obtaining such knowledge.

4    B.   One hundred eighty (180) days after the date of entry of

5    this Order and annually thereafter for a period of three

6    (3) years, Defendants each shall provide a written report

7    to the FTC, which is true and accurate and sworn to under

8    penalty of perjury, setting forth in detail the manner and

9    form in which they have complied and are complying with

10   this Order.  This report shall include, but not be limited

11   to:

12   1.   A copy of each acknowledgment of receipt of this

13   Order, obtained pursuant to the Section titled

14   "Distribution of Order;"

15   2.   Any changes required to be reported under Subsection

16   A of this Section.

17   C.   Each Defendant shall notify the Commission of the filing

18   of a bankruptcy petition by such Defendant within fifteen

19   (15) days of filing.

20   D.   For the purposes of this Order, Defendants shall, unless

21   otherwise directed by the Commission's authorized

22   representatives, send by overnight courier all reports and

23   notifications required by this Order to the Commission, to

24   the following address:

25                Associate Director for Enforcement
                  Bureau of Consumer Protection
26                Federal Trade Commission
                  600 Pennsylvania Avenue, N.W.
27                Washington, D.C. 20580
                  RE: FTC v. Countrywide Home Loans, Inc., et al.
28

Exhibit 8

635

1          *Provided* that, in lieu of overnight courier, Defendants

2          may send such reports or notifications by first-class

3          mail, but only if Defendants contemporaneously send an

4          electronic version of such report or notification to the

5          Commission at: DEBrief@ftc.gov.

6     E.   For purposes of the compliance reporting and monitoring

7          required by this Order, the Commission is authorized to

8          communicate directly with each Defendant.

9                              **Recordkeeping**

10                                **XVII.**

11         IT IS FURTHER ORDERED that, for a period of eight (8) years

12    from the date of entry of this Order, Defendants are hereby

13    restrained and enjoined, in connection with the Servicing of any

14    Loan, from failing to create and retain, for a period of three (3)

15    years after the date of preparation of the record, the following

16    records:

17    A.   Accounting records that reflect the cost of Loans acquired

18         and/or sold; revenues generated from Servicing Fees and/or

19         Fees paid by and/or imposed on consumers; and the

20         disbursement of such revenues;

21    B.   Personnel records accurately reflecting: the name,

22         address, and telephone number of each Person employed in

23         any capacity by such business, including as an independent

24         contractor; that Person's job title or position; the date

25         upon which the Person commenced work; and the date and

26         reason for the Person's termination, if applicable;

27

28

Exhibit 8

636

Case 2:10-cv-00302-MRP -MAN   Document 176-14   Filed 08/20/10   Page 23 of 26   Page ID
#:6979
Case 2:10-cv-04193-JFW-SS   Document 6   Filed 06/15/10   Page 22 of 25   Page ID #:114

C.   Consumer files containing the names, addresses, phone
     numbers, dollar amounts paid, and description of Fees or
     other charges imposed;

D.   Written complaints or disputes and Qualified Written
     Requests, as defined in 12 U.S.C. § 2605(e)(1)(B), from
     consumers (whether received directly, indirectly or
     through any third party) and responses to those
     complaints, disputes, or requests;

E.   Copies of all training materials and policy manuals; and

F.   All records and documents necessary to demonstrate full
     compliance with each provision of this Order, including
     but not limited to, copies of acknowledgments of receipt
     of this Order required by the Sections titled
     "Distribution of Order" and "Acknowledgment of Receipt of
     Order" and all reports submitted to the FTC pursuant to
     the Section titled "Compliance Reporting."

                    **Distribution of Order**

                         **XVIII.**

   IT IS FURTHER ORDERED that, for a period of five (5) years from
the date of entry of this Order, Defendants shall deliver copies of
the Order as directed below:

A.   Each Defendant shall deliver a copy of this Order to (1)
     all of its principals, officers, directors, and managers;
     (2) all of its employees, agents, and representatives who
     engage in conduct related to the subject matter of this
     Order; and (3) any business entity resulting from any
     change in structure set forth in Subsection A of the
     Section titled "Compliance Reporting."  For current

                              22                    Exhibit 8
                                                      637

1  personnel, delivery should be within thirty (30) days of
2  service of this Order upon such Defendant.  For new
3  personnel, delivery shall occur prior to them assuming
4  their responsibilities.  For any business entity resulting
5  from any change in structure set forth in Subsection A of
6  the Section titled "Compliance Reporting," delivery shall
7  be at least ten (10) days prior to the change in
8  structure.

9  B.  Defendants must secure a signed and dated statement
10     acknowledging receipt of the Order, within thirty (30)
11     days of delivery, from all Persons receiving a copy of the
12     Order pursuant to this Section.

13                **Acknowledgment of Receipt of Order**

14                              **XIX.**

15     IT IS FURTHER ORDERED that each Defendant, within five (5)
16  business days of receipt of this Order as entered by the Court, must
17  submit to the Commission a truthful sworn statement acknowledging
18  receipt of this Order.

19                   **Retention of Jurisdiction**

20                              **XX.**

21     IT IS FURTHER ORDERED that this Court shall retain jurisdiction
22  of this matter for purposes of construction, modification, and
23  enforcement of this Order.

24

25  **IT IS SO ORDERED.**

26

27  DATED: ___6/15/10___

28                                    _____
                                      UNITED STATES DISTRICT JUDGE

                              23                    Exhibit 8
                                                      638

1 | APPROVED AS TO FORM AND CONTENT:

2

3

4 | FEDERAL TRADE COMMISSION

5

6 | WILLARD K. TOM
General Counsel

7

8

9 | LUCY E. MORRIS
HEATHER ALLEN

10 | LYNETTE HOTCHKISS
lmorris@ftc.gov; hallen@ftc.gov; lhotchkiss@ftc.gov

11 | Federal Trade Commission
600 Pennsylvania Avenue

12 | Washington, D.C.  20580
Tel: (202) 326-3224

13 | Fax: (202) 326-3768

14 | John D. Jacobs (Local Counsel)
jjacobs@ftc.gov

15 | California Bar No. 134154
Federal Trade Commission

16 | 10877 Wilshire Blvd., Ste. 700
Los Angeles, CA 90024

17 | Tel: (310) 824-4343
Fax: (310) 824-4380

18

19 | Attorneys for Plaintiff
Federal Trade Commission

20

21 | DATED:  June 7     , 2010

22

23

24

25

26

27

28

24

Exhibit 8
639

1 <u>DEFENDANTS</u>

2

3 **FOR DEFENDANTS COUNTRYWIDE HOME LOANS, INC. AND BAC HOME LOANS**
**SERVICING LP**

4

5

6 _____

Timothy S. Huval

7 Senior Vice President

Home Loans Servicing Executive

8

9 DATED: May 3rd , 2010

10

11

12 _____

JEFFREY SPIGEL, ESQ.

13 PETER TODARO, ESQ.

BRANDT LEIBE, ESQ.

14 King & Spalding LLP

1700 Pennsylvania Avenue, NW, Suite 200

15 Washington, DC 20006-4706

Tel: (202) 626-2626

16 Fax: (202) 626-3737

jspigel@kslaw.com

17

Attorney for Defendants

18

19 DATED: MAY 14 , 2010

20

21

22

23

24

25

26

27

28

25

Exhibit 8

640