# EXHIBIT 9

Case 2:10-cv-00302-MRP -MAN   Document 176-15   Filed 08/20/10   Page 2 of 62   Page ID
#:6384
Case 2:07-cv-05295-MRP -MAN   Document 604   Filed 06/29/10   Page 1 of 61   Page ID
#:33004

KREINDLER & KREINDLER LLP
GRETCHEN M. NELSON (#112566)
gnelson@kreindler.com
MARK LABATON (#159555)
mlabaton@kreindler.com
707 Wilshire Boulevard, Suite 4100
Los Angeles, California  90017
Telephone:  (213) 622-6469
Facsimile:  (213) 622-6019

*Liaison Counsel for Lead
Plaintiffs New York Funds*

LABATON SUCHAROW LLP
JOEL H. BERNSTEIN
jbernstein@labaton.com
JONATHAN M. PLASSE
jplasse@labaton.com
IRA A. SCHOCHET
ischochet@labaton.com
DAVID J. GOLDSMITH
dgoldsmith@labaton.com
MICHAEL H. ROGERS
mrogers@labaton.com
JOSHUA L. CROWELL
jcrowell@labaton.com
140 Broadway
New York, New York  10005
Telephone:  (212) 907-0700
Facsimile:  (212) 818-0477

*Lead Counsel for Lead
Plaintiffs New York Funds*

[Additional counsel listed on signature pages below]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| IN RE COUNTRYWIDE FINANCIAL CORPORATION SECURITIES LITIGATION<br><br>This Document Relates to: All Actions | Lead Case No.<br>CV 07-05295 MRP (MANx)<br><br>**AMENDED STIPULATION AND AGREEMENT OF SETTLEMENT** |

Case 2:10-cv-00302-MRP -MAN   Document 176-15   Filed 08/20/10   Page 3 of 62   Page ID
Case 2:07-cv-05295-MRP -MAN   Document 695   Filed 06/29/10   Page 2 of 61   Page ID
#:33005

1    Subject to the approval of the Court and pursuant to Rule 23 of the Federal

2    Rules of Civil Procedure, this Amended Stipulation and Agreement of Settlement

3    (the "Settlement Agreement") is entered into between and among (a) Lead Plaintiff

4    Thomas P. DiNapoli, Comptroller of the State of New York, as Administrative

5    Head of the New York State and Local Retirement Systems and as Trustee of the

6    New York State Common Retirement Fund ("NYSCRF"), Lead Plaintiff New

7    York City Employees' Retirement System, New York City Police Pension Fund,

8    New York City Fire Department Pension Fund, New York City Board of

9    Education Retirement System, and Teachers' Retirement System of the City of

10   New York (the "New York City Pension Funds," and together with NYSCRF,

11   "Lead Plaintiffs" or the "New York Funds"), and Plaintiff Barry Brahn ("Brahn"),

12   on behalf of themselves and the Class defined herein, and Plaintiff Shelley B.

13   Katzeff ("Katzeff") (collectively with Lead Plaintiffs and Plaintiff Brahn,

14   "Plaintiffs"); and (b) Defendant Countrywide Financial Corporation

15   ("Countrywide" or the "Company"), the other Countrywide Defendants defined

16   herein, the Individual Defendants defined herein, the Underwriter Defendants

17   defined herein, and Defendant KPMG LLP ("KPMG") (collectively,

18   "Defendants"), by and through their respective duly authorized counsel.

19   This Settlement Agreement is intended by Plaintiffs and Defendants to fully

20   and finally compromise, resolve, discharge, release and settle the Settled Claims,

21   as defined herein, and to dismiss this Action with prejudice, subject to the terms

22   and conditions set forth below and without any admission or concession as to the

23   merits of any claim or defense by Plaintiffs or Defendants.

24   WHEREAS, starting in August 2007, multiple class action complaints

25   alleging securities law violations were filed in this Court against Countrywide and

26   certain of its current and former officers and directors, and certain other

27   defendants;

28

---

AMENDED STIPULATION AND AGREEMENT OF SETTLEMENT
LEAD CASE NO. CV 07-05295 MRP (MANx)

Exhibit 9

642

2

Case 2:10-cv-00302-MRP -MAN   Document 176-15   Filed 08/20/10   Page 4 of 62   Page ID
Case 2:07-cv-05295-MRP -MAN   Document 690   Filed 06/29/10   Page 3 of 61   Page ID
#:33006

1    WHEREAS, on November 28, 2007, the Court issued an order consolidating

2    certain of these complaints and, pursuant to provisions of the Private Securities

3    Litigation Reform Act of 1995, appointing the New York Funds as lead plaintiffs

4    to pursue claims in this Action on behalf of purchasers of publicly traded

5    Countrywide securities, and appointing Labaton Sucharow LLP to serve as lead

6    counsel;

7    WHEREAS, on March 28, 2008, the Court issued an Order consolidating

8    additional complaints in this Action;

9    WHEREAS, on April 11, 2008, following a confidential investigation that

10   included interviews of many former Countrywide employees and analysis of

11   certain nonpublic Countrywide documents, Lead Plaintiffs filed a Consolidated

12   Amended Class Action Complaint for Violations of the Federal Securities Laws

13   (the "CAC"), naming Brahn and Katzeff as additional plaintiffs and asserting

14   claims for violations of the federal securities laws variously against the Defendants

15   defined below, four additional defendants—Grant Thornton LLP, Carlos Garcia,

16   Andrew Gissinger III,[1] and Thomas McLaughlin—who subsequently were

17   voluntarily or involuntarily dismissed from the Action, and one further defendant,

18   Lehman Brothers Inc., the claims against which were automatically stayed when

19   Lehman Brothers subsequently filed for bankruptcy protection;

20   WHEREAS, on June 10, 2008, all Defendants named in the CAC moved to

21   dismiss or filed notices of joinder;

---

24   [1] On March 25, 2010, Lead Plaintiffs, on their own behalf and on behalf of the
Class, stipulated to the voluntary dismissal with prejudice of defendants Carlos
Garcia ("Garcia") and Andrew Gissinger III ("Gissinger"). That stipulation was
lodged with the Court, but to date no order has been entered on the stipulation.
Because Lead Plaintiffs previously agreed to their dismissal, Garcia and Gissinger
are not parties to this Settlement Agreement. However, as former officers of
Countrywide, they are intended to be treated as Released Parties as defined herein.

Case 2:10-cv-00302-MRP -MAN   Document 176-15   Filed 08/20/10   Page 5 of 62   Page ID
Case 2:07-cv-05295-MRP -MAN   Document 687   Filed 06/29/10   Page 4 of 61   Page ID
#:33007

1    WHEREAS, on December 1, 2008, after hearing oral argument, the Court

2    issued a 112-page Omnibus Order granting Grant Thornton LLP's motion to

3    dismiss, and otherwise granting in part and denying in part the other motions to

4    dismiss;

5    WHEREAS, on January 6, 2009, Plaintiffs filed a Second Consolidated

6    Amended Class Action Complaint for Violations of the Federal Securities Laws

7    (the "Complaint"), asserting claims against the Countrywide Defendants and

8    Individual Defendants as defined below, certain of the Underwriter Defendants as

9    defined below, and KPMG, Garcia, Gissinger and McLaughlin;

10    WHEREAS, on February 6, 2009, all Defendants named in the Complaint

11    moved to dismiss or filed notices of joinder;

12    WHEREAS, on April 6, 2009, the Court issued an Omnibus Order

13    dismissing certain claims asserted against certain Individual Defendants and

14    McLaughlin, and otherwise denying the motions to dismiss;

15    WHEREAS, on April 29, 2009, the Defendants named in the Complaint

16    filed Answers denying the material allegations of the Complaint;

17    WHEREAS, in the course of this Action, the Countrywide Defendants,

18    KPMG, the Underwriter Defendants, and other Defendants named in the

19    Complaint produced more than 25 million pages of documents and voluminous

20    additional data in electronic form;

21    WHEREAS, in the course of this Action, Lead Plaintiffs produced more than

22    245,000 pages of documents and voluminous additional data in electronic form;

23    WHEREAS, in the course of this Action, Plaintiffs Brahn and Katzeff

24    produced documents in their possession, custody or control relevant to the Parties'

25    claims and defenses;

26

27

28

Case 2:10-cv-00302-MRP -MAN   Document 176-15   Filed 08/20/10   Page 6 of 62   Page ID
Case 2:07-cv-05295-MRP -MAN   Document 844   Filed 06/29/10   Page 5 of 61   Page ID
#:33008

1          WHEREAS, in the course of this Action, the Parties also reviewed

2   substantial volumes of documents and data produced by various subpoenaed third-

3   parties;

4          WHEREAS, in the course of this Action, the Parties have taken the

5   depositions of 80 fact and expert witnesses in more than 20 cities;

6          WHEREAS, on May 21, 2009, certain Parties and Countrywide participated

7   in arm's-length settlement discussions that were facilitated by Professor Eric D.

8   Green, a private mediator engaged by the Parties;

9          WHEREAS, on September 24, 2009, the Parties participated in further

10  arm's-length settlement discussions that focused on the Parties' significant disputes

11  concerning damages and causation issues, as well as the Countrywide Defendants'

12  position that the information that Plaintiffs alleged had not been disclosed to

13  investors in fact had been publicly disclosed and was known to investors ("truth-

14  on-the-market defense").  Such discussions were facilitated by Professor Green;

15         WHEREAS, on October 13, 2009, the Parties participated in further

16  settlement discussions regarding all liability, damages, and causation issues, again

17  facilitated by Professor Green;

18         WHEREAS, on December 9, 2009, after the completion of fact and expert

19  discovery on various class certification issues and briefing and argument on

20  Plaintiffs' motion for class certification, the Court issued an 80-page Memorandum

21  of Decision, granting in part, and denying in part, the motion;

22         WHEREAS, on January 21, 2010, further to this Memorandum of Decision,

23  the Court issued an Order certifying the Class defined below, appointing NYSCRF

24  as class representative for the Common Stock Subclass, appointing the New York

25  City Pension Funds as class representative for the Debt Securities Subclass, and

26  appointing Plaintiff Brahn as class representative for the Capital Securities

27  Subclass, all as defined below;

28

Case 2:10-cv-00302-MRP -MAN   Document 176-15   Filed 08/20/10   Page 7 of 62   Page ID
#:6889
Case 2:07-cv-05295-MRP -MAN   Document 663   Filed 06/29/10   Page 6 of 61   Page ID
#:33009

1        WHEREAS, on March 4, 2010, certain Parties participated in continued

2   arm's-length settlement discussions that were facilitated by Professor Green;

3        WHEREAS, on March 24 and 31, 2010, the Parties collectively exchanged

4   the reports of 20 testifying expert witnesses on various liability, causation and

5   damages issues;

6        WHEREAS, on March 26, 2010, Defendants filed 11 separate motions for

7   summary judgment;

8        WHEREAS, the Countrywide Defendants' motion for summary judgment

9   addressed, among other things, their position that the information that Plaintiffs

10   alleged had not been disclosed to the Class in fact had been publicly disclosed and

11   was known to the Class throughout the Class Period as a result of: (a)

12   Countrywide's disclosures provided in compliance with SEC Regulation FD (Fair

13   Disclosure (17 C.F.R. § 243.100 *et seq.*) at numerous, regular investor forums

14   sponsored by Countrywide, which forums were attended by securities analysts and

15   institutional investors, among others; (b) periodic and other SEC filings (including

16   filings with the SEC associated with the public offering and sale of mortgage-

17   backed securities, which filings detailed the credit risk attributes associated with

18   substantially all the loans that Countrywide entities originated during the Class

19   Period); (c) quarterly investor calls; and (d) other disclosures to the popular news

20   media, among other sources of public disclosure.  The Countrywide Defendants

21   also argued in their summary judgment submissions that any decrease in the

22   market price of the Countrywide securities at issue in the case had been caused by

23   macro-economic factors unrelated to Countrywide, including the collapse of the

24   U.S. capital markets (including the secondary mortgage market, a principal source

25   of liquidity for Countrywide) and the precipitous drop in national home prices that

26   began in the late summer of 2007, the first sustained national decline in home

27   prices since the Great Depression.  Defendants further argued in their motions for

28

---

AMENDED STIPULATION AND AGREEMENT OF SETTLEMENT
LEAD CASE NO. CV 07-05295 MRP (MANx)

Case 2:10-cv-00302-MRP -MAN   Document 176-15   Filed 08/20/10   Page 8 of 62   Page ID
#:6890
Case 2:07-cv-05295-MRP -MAN   Document 844   Filed 06/29/10   Page 7 of 61   Page ID
#:33010

1  summary judgment that Plaintiffs had failed to adduce evidence of scienter, an

2  essential element of their claims under the Exchange Act;

3      WHEREAS, KPMG's motion for summary judgment asserted, among other

4  things, that the undisputed facts showed as a matter of law, that:  (1) KPMG did

5  not make any material misstatement of fact relating to its opinions and statements

6  in its audit reports that were incorporated into Countrywide's Form 10-K for the

7  years ended 2004, 2005 and 2006 because the statements in KPMG's audit

8  opinions were accurate; (2) KPMG did not act with scienter because (a) Plaintiffs

9  did not allege intentional fraud, (b) the undisputed facts established that KPMG

10  conducted an extensive and comprehensive audit for each year and (c) there were

11  no restatements for any of the relevant years, and hundreds of persons with

12  expertise in accounting worked on, reviewed, considered and opined on

13  Countrywide's 2004 to 2006 financial statements during the Class Period and

14  reached the same conclusions; and (3) there was no loss causation as to KPMG

15  because there was not a single corrective disclosure that either mentioned KPMG

16  or corrected the purported falsity of any KPMG-related statements;

17      WHEREAS, the Underwriter Defendants joined in the arguments of the

18  Countrywide Defendants and KPMG in their motions for summary judgment

19  insofar as they related to claims under the Securities Act of 1933, and also made

20  their own motion for summary judgment asserting (1) that Plaintiffs offered no

21  evidence of a material misstatement or omission in any of the offering materials,

22  (2) that the Underwriter Defendants (a) were in any event entitled to rely on the

23  expertised portions of the offering materials and (b) that they conducted reasonable

24  and customary due diligence with respect to the offerings, and (3) that Plaintiffs

25  had no evidence they sustained a legally cognizable loss;

26      WHEREAS, Plaintiffs contend, based on the voluminous evidentiary record

27  developed in this Action and their investigation of the relevant facts and law, that

28

Case 2:10-cv-00302-MRP -MAN   Document 176-15   Filed 08/20/10   Page 9 of 62   Page ID
Case 2:07-cv-05295-MRP -MAN   Document 689-1   Filed 06/29/10   Page 8 of 61   Page ID
#:33011

1   the motions for summary judgment filed by the Countrywide Defendants, KPMG,

2   the Underwriter Defendants, and all Individual Defendants would have been

3   denied by the Court in their entirety;

4       WHEREAS, on March 31 and April 1 and 2, 2010, the Parties participated

5   in further arm's-length settlement negotiations facilitated by the Honorable A.

6   Howard Matz, a sitting judge of this Court, and the aforementioned private

7   mediator, Professor Green (together, the "Mediators"), which resulted in an

8   agreement-in-principle between Plaintiffs and KPMG to settle this Action as to

9   KPMG, and a separate agreement-in-principle between Plaintiffs and the

10  remaining Defendants to settle this Action as to the remaining Defendants.  These

11  joint mediation sessions focused on the Parties' respective positions and evidence

12  regarding alleged material misrepresentations and omissions of fact, damages,

13  causation, and Countrywide's truth-on-the-market defense;

14      WHEREAS, Lead Plaintiffs assert that Defendants committed certain acts or

15  omissions that subject them to liability under the federal securities laws, and state

16  that they are entering into this Settlement in view of, among other things, the

17  significant cash benefits the Settlement will provide to Class Members and in order

18  to eliminate the uncertainties, burden, risk, and expense of further litigation;

19      WHEREAS, Defendants expressly deny that they have committed any act or

20  omission giving rise to any liability or violation of law whatsoever, and state that

21  they are entering into this settlement solely to eliminate the uncertainties, burden,

22  risk and expense of further litigation; and

23      WHEREAS, without admitting the strengths or weaknesses of any claims or

24  defenses, the Parties have agreed to the Settlement set forth herein, which Plaintiffs

25  and Plaintiffs' Counsel believe is in the best interests of Plaintiffs and the entire

26  Class;

27

28

AMENDED STIPULATION AND AGREEMENT OF SETTLEMENT
LEAD CASE NO. CV 07-05295 MRP (MANx)

Exhibit 9        8

Case 2:10-cv-00302-MRP -MAN   Document 176-15   Filed 08/20/10   Page 10 of 62   Page ID
Case 2:07-cv-05295-MRP -MAN   Document 692   Filed 06/29/10   Page 9 of 61   Page ID
#:33012

1         NOW, THEREFORE, IT HEREBY IS STIPULATED AND AGREED,

2    among Plaintiffs, on behalf of themselves and each of the other Class Members, by

3    and through their duly authorized counsel, and Defendants, by and through their

4    respective duly authorized counsel, that subject to the approval of the Court, this

5    Action hereby will be settled, compromised, and dismissed on the merits with

6    prejudice, on the terms and conditions set forth in this Settlement Agreement dated

7    as of June 29, 2010.

8

9    **I.    CERTAIN DEFINITIONS**

10        1.    As used in this Settlement Agreement and the exhibits annexed

11   hereto, the following terms, listed alphabetically, have the following meanings

12   unless a Paragraph or Subparagraph of this Settlement Agreement or an exhibit

13   otherwise provides:

14        a)    "Action" means the above-captioned action titled *In re*

15   *Countrywide Financial Corporation Securities Litigation,* Lead Case

16   No. CV 07-05295 MRP (MANx) (C.D. Cal.), and all actions

17   consolidated therein.

18        b)    "Alternative Judgment" shall have the meaning set forth

19   in Paragraph 34(d) hereto.

20        c)    "Authorized Claimant" means a Class Member (or the

21   representative of such Class Member including, without limitation, its

22   agents, administrators, executors, heirs, successors, and assigns) who

23   (i) timely returns a valid and signed Proof of Claim to the Claims

24   Administrator, (ii) whose Proof of Claim is not rejected, and (iii) who

25   is entitled to a distribution from the Net Settlement Fund pursuant to

26   the terms and conditions set forth in this Settlement Agreement and

27   the Plan of Allocation.

28

Case 2:10-cv-00302-MRP -MAN   Document 176-15   Filed 08/20/10   Page 11 of 62   Page ID
Case 2:07-cv-05295-MRP -MAN   Document 689-3   Filed 06/29/10   Page 10 of 61   Page ID
#:33013

1    d)   "Bank of America" means non-party Bank of America

2    Corporation.

3    e)   "Claims Administrator" means Rust Consulting, Inc. or

4    such other entity that the Court shall appoint to administer the

5    Settlement and to perform other administrative functions under this

6    Settlement Agreement.

7    f)   "Class" means all persons or entities that, between March

8    12, 2004 and March 7, 2008, inclusive (the "Class Period"), either in

9    the open market or pursuant or traceable to a registration statement: (i)

10   purchased or otherwise acquired Countrywide Financial Corporation

11   ("Countrywide") publicly traded common stock or call options, and/or

12   sold Countrywide publicly traded put options (the "Common Stock

13   Subclass"); or (ii) purchased or otherwise acquired Countrywide

14   Capital V 7% Capital Securities (the "Capital Securities Subclass"); or

15   (iii) purchased or otherwise acquired Countrywide Series A Medium-

16   Term Notes, Series B Medium-Term Notes, 6.25% Subordinated

17   Notes Due May 15, 2016, Series L Medium-Term Notes (limited to

18   CUSIP Nos. 22237LNR9 and 22237LPA4), and/or Series M Medium-

19   Term Notes (limited to CUSIP No. 22237LPM8) (the "Debt Securities

20   Subclass) and were damaged thereby (these subclasses will

21   collectively be referred to as the "Class" and the securities identified

22   above will collectively be referred to as the "Countrywide

23   Securities").  Excluded from the Class are: the Defendants; members

24   of the Individual Defendants' immediate families; any entity in which

25   any Underwriter Defendant has a majority interest; any entity in

26   which any other Defendant has a majority or controlling interest; any

27   person who was an officer, director, partner, or controlling person of

28

Case 2:10-cv-00302-MRP -MAN   Document 176-15   Filed 08/20/10   Page 12 of 62   Page ID
Case 2:07-cv-05295-MRP -MAN   Document 684   Filed 06/29/10   Page 11 of 61   Page ID
#:33014

1    Countrywide (including any officer, director, partner or controlling

2    person of any of its subsidiaries or any other entity in which

3    Countrywide has a majority or controlling interest) or any other

4    Defendant during the Class Period; any person whose purchases of

5    Countrywide stock, during the Class Period, were made solely to

6    cover short positions (a.k.a. "short sellers"); any person or entity that

7    purchased or otherwise acquired or sold the Countrywide securities

8    above and was not damaged thereby; and the legal representatives,

9    heirs, successors and assigns of any such excluded person or entity.

10   Also excluded from the Class are those persons who submit valid and

11   timely requests for exclusion from the Class in accordance with the

12   requirements set forth in the Notice.

13        g)    "Class Member" means a member of the Class.

14        h)    "Class Period" means the period of time between March

15   12, 2004 and March 7, 2008, inclusive.

16        i)    "Complaint" means the Second Consolidated Amended

17   Class Action Complaint for Violations of the Federal Securities Laws,

18   filed in this Action on January 6, 2009.

19        j)    "Contribution Bar and Judgment Reduction Provision"

20   means a provision which bars claims for contribution, and allows for a

21   reduction in judgment, consistent with the language of 15 U.S.C. §

22   78u-4(f)(7), but applies to all claims asserted in the Action, provided

23   that nothing in such bar order shall affect any rights or obligations (i)

24   between the Countrywide Defendants and the Underwriter Defendants

25   set forth in any underwriting agreement relating to Countrywide

26   Securities, or (ii) among the Underwriter Defendants set forth in any

27   agreement among underwriters relating to Countrywide Securities.

28

k)   "Counsel for the Countrywide Defendants" means the law firm of Goodwin Procter LLP.

l)   "Counsel for KPMG" means the law firm of Bingham McCutchen LLP.

m)   "Countrywide" or the "Company" means Defendant Countrywide Financial Corporation.

n)   "Countrywide Defendants" means Defendants Countrywide Financial Corporation, Countrywide Securities Corporation, and Countrywide Capital V.

o)   "Countrywide Securities" shall have the meaning set forth in Paragraph 1(f).

p)   "Court" means the United States District Court for the Central District of California.

q)   "Court of Appeals" means the United States Court of Appeals for the Ninth Circuit.

r)   "Defendants" means the Countrywide Defendants, the Individual Defendants, the Underwriter Defendants and KPMG, all as defined herein.

s)   "Defendants' Counsel" means the law firms of Goodwin Procter LLP; Irell & Manella LLP; Orrick, Herrington & Sutcliffe LLP; DLA Piper LLP (US); Caldwell Leslie & Proctor, PC; Morrison & Foerster LLP; Skadden, Arps, Slate, Meagher & Flom LLP; Gibson, Dunn & Crutcher LLP; and Bingham McCutchen LLP.

t)   "Effective Date" has the meaning set forth in Paragraph 34 below.

u)   "Execution Date" means the date on which this Settlement Agreement has been executed by all Parties.

Case 2:10-cv-00302-MRP -MAN   Document 176-15   Filed 08/20/10   Page 14 of 62   Page ID
Case 2:07-cv-05295-MRP -MAN   Document 698-6   Filed 06/29/10   Page 13 of 61   Page ID
#:33016

1    v)    "Fairness Hearing" means the hearing to be held by the

2    Court to determine, among other things, whether to grant final

3    approval of the Settlement, as contemplated by the Preliminary

4    Approval Order annexed hereto as Exhibit A.

5    w)    "Fee and Expense Award" means such amounts as may

6    be awarded by the Court to Plaintiffs' Lead Counsel to compensate

7    them for their fees and reimburse them for their expenses in

8    connection with the Action, which may include some or all of the

9    following: (i) an award of attorneys' fees, (ii) reimbursement of

10   expenses incurred in connection with prosecuting the Action,

11   including, without limitation, expenses attributable to experts and/or

12   consultants retained by Plaintiffs' Counsel, and (iii) interest on such

13   attorneys' fees and expenses at the same rate as earned by the Gross

14   Settlement Fund, from the date the Court orders such award until the

15   date paid from the Gross Settlement Fund.

16   x)    "Final Judgment" means the Final Judgment and Order

17   of Dismissal with Prejudice to be entered by the Court approving the

18   Settlement, substantially in the form annexed hereto as Exhibit B.

19   y)    "Final," with respect to any Court order, including but

20   not limited to the Final Judgment, means the latest to occur of the

21   following: (a) the date as of which the time to seek review, alteration

22   or appeal of the Court's order has expired without any review,

23   alteration, amendment or appeal having been sought or taken, i.e.,

24   thirty (30) days after entry of the order; or (b) if an appeal, petition,

25   motion or other application for review, alteration or amendment is

26   filed, sought or taken, the date as of which such appeal, petition,

27   motion or other application shall have been finally determined in such

28

Case 2:10-cv-00302-MRP -MAN  Document 176-15  Filed 08/20/10  Page 15 of 62  Page ID
Case 2:07-cv-05295-MRP -MAN  Document 697  Filed 06/29/10  Page 14 of 61  Page ID
#:33017

1    a manner as to affirm the Court's original order in its entirety and the

2    time, if any, for seeking further review has expired.  Any proceeding

3    or order, or any appeal or petition for a writ of certiorari or other form

4    of review pertaining solely to (i) any application for attorneys' fees or

5    expenses, and/or (ii) the Plan of Allocation, shall not in any way delay

6    or preclude the Final Judgment or an Alternative Judgment from

7    becoming Final.

8        z)    "First Escrow Account" means the interest-bearing

9    escrow account in which Six Hundred Million Dollars

10    ($600,000,000.00) of the Settlement Amount will be deposited by

11    Countrywide and/or the applicable insurer(s) under this Settlement.

12        aa)   "Gross Settlement Fund" means the fund described in

13    Paragraph 5 of this Settlement Agreement.

14        bb)   "Immediate Family" shall mean spouse, domestic

15    partner, parents, grandparents, children and grandchildren.

16        cc)   "Individual Defendants" means Angelo R. Mozilo, David

17    Sambol, Eric P. Sieracki, Stanford L. Kurland, Henry G. Cisneros,

18    Jeffrey M. Cunningham, Robert J. Donato, Ben M. Enis, Edwin

19    Heller, Gwendolyn S. King, Martin R. Melone, Robert T. Parry, Oscar

20    P. Robertson, Keith P. Russell, Harley W. Snyder, Michael E.

21    Dougherty and Kathleen Brown.

22        dd)   "KPMG" means Defendant KPMG LLP.

23        ee)   "Lead Plaintiffs" means Thomas P. DiNapoli,

24    Comptroller of the State of New York, as Administrative Head of the

25    New York State and Local Retirement Systems and as Trustee of the

26    New York State Common Retirement Fund; New York City

27    Employees' Retirement System; New York City Police Pension Fund;

28

AMENDED STIPULATION AND AGREEMENT OF SETTLEMENT
LEAD CASE NO. CV 07-05295 MRP (MANx)         Exhibit 9      14
                                        654

Case 2:10-cv-00302-MRP -MAN   Document 176-15   Filed 08/20/10   Page 16 of 62   Page ID
Case 2:07-cv-05295-MRP -MAN   Document 89-8   Filed 06/29/10   Page 15 of 61   Page ID
#:33018

1    New York City Fire Department Pension Fund; New York City Board

2    of Education Retirement System; and Teachers' Retirement System of

3    the City of New York, in both their individual and representative

4    capacities.

5         ff)    "Net Settlement Fund" has the meaning set forth in

6    Paragraph 13 herein.

7         gg)    "Notice" means the notice of the proposed Settlement

8    and Fairness Hearing, substantially in the form annexed hereto as

9    Attachment 1 to Exhibit A, which is to be mailed to Class Members,

10   pursuant to the Preliminary Approval Order.

11        hh)    "Notice and Administration Expenses" means all costs

12   associated with providing notices to the Class and the administration

13   of the Settlement, including, without limitation, the costs associated

14   with preparing, printing and mailing the Notice and Proof of Claim to

15   Class Members; reimbursing brokers and other nominees for costs

16   associated with forwarding the Notice and Proof of Claim to Class

17   Members; publishing the Summary Notice; maintenance and staffing

18   by the Claims Administrator of the toll-free telephone hotline and

19   case-dedicated website; review and processing by the Claims

20   Administrator of written communications from Class Members and

21   others; processing Proofs of Claim; and distributing the Net

22   Settlement Fund; *provided, however,* that Notice and Administration

23   Expenses shall not include any of the Fee and Expense Award.

24        ii)    "Parties" means Lead Plaintiffs, Plaintiff Barry Brahn,

25   both in their individual capacities and as representatives of the Class,

26   Plaintiff Shelley B. Katzeff, and all Defendants.

27

28

---

AMENDED STIPULATION AND AGREEMENT OF SETTLEMENT        Exhibit 9        15
LEAD CASE NO. CV 07-05295 MRP (MANx)

Case 2:10-cv-00302-MRP -MAN   Document 176-15   Filed 08/20/10   Page 17 of 62   Page ID
Case 2:07-cv-05295-MRP -MAN   Document 699   Filed 06/29/10   Page 16 of 61   Page ID
#:33019

1        jj)     "Person" means an individual, partnership, firm,

2   corporation, limited liability company, trust, governmental entity or

3   any other form of entity or organization.

4        kk)    "Plaintiffs" means Lead Plaintiffs and Plaintiff Barry

5   Brahn, both in their individual capacities and as representatives of the

6   Class, and Plaintiff Shelley B. Katzeff.

7        ll)     "Plaintiffs' Counsel" means the law firms of Labaton

8   Sucharow LLP; Kaplan Fox & Kilsheimer LLP; Kreindler &

9   Kreindler LLP; Hennigan, Bennett & Dorman LLP; Klafter Olsen &

10  Lesser LLP; and Lockridge Grindal Nauen, P.L.L.P.

11       mm)   "Plaintiffs' Lead Counsel" means the law firm of

12  Labaton Sucharow LLP.

13       nn)    "Plan of Allocation" means the terms and procedures for

14  allocating the Net Settlement Fund among, and distributing the Net

15  Settlement Fund to, Authorized Claimants as proposed by Plaintiffs'

16  Lead Counsel with the approval of Lead Plaintiffs and set forth in the

17  Notice, or such other Plan of Allocation as the Court shall approve.

18       oo)    "Preliminary Approval Order" means the Order to be

19  entered by the Court preliminarily approving the Settlement and

20  providing for notice, substantially in the form annexed hereto as

21  Exhibit A.

22       pp)    "Proof of Claim" means the form that will be mailed to

23  Class Members with the Notice and pursuant to which Class Members

24  submit a claim by completing, signing, dating, and returning it to the

25  Claims Administrator in accordance with the procedures set forth

26  therein.  A sample Proof of Claim proposed by Plaintiffs is annexed

27  hereto as Attachment 2 to Exhibit A.

28

---

AMENDED STIPULATION AND AGREEMENT OF SETTLEMENT
LEAD CASE NO. CV 07-05295 MRP (MANx)

Exhibit 9
656

16

Case 2:10-cv-00302-MRP -MAN   Document 176-15   Filed 08/20/10   Page 18 of 62   Page ID
Case 2:07-cv-05295-MRP -MAN   Document 790-0   Filed 06/29/10   Page 17 of 61   Page ID
#:33020

1         qq)   "Qualified Settlement Fund" means a fund within the

2    meaning of Treasury Regulations § 1.468B-1.

3         rr)   "Released Parties"[2] means (a) any and all of the

4    Defendants and any person, partnership, firm, corporation, limited

5    liability company, trust or other entity or organization in which any

6    Defendant has a controlling interest or which is or was related to or

7    affiliated with any of the Defendants; and (b) with respect to each of

8    the Persons in subsection (a), their respective past or present directors,

9    officers, employees, insurers, reinsurers, attorneys, agents, partners,

10   principals, advisors, investment advisors, auditors, accountants,

11   trustees, underwriters, investment bankers, subsidiaries, parents

12   (including without limitation Bank of America Corporation and each

13   of its subsidiaries), any other entity in which any such parent has a

14   controlling interest or which is or was related to or affiliated with any

15   such parent, successors and predecessors, heirs, Immediate Family,

16   and anyone acting or purporting to act for or on behalf of any of them

17   or their successors.

18        ss)   "Second Escrow Account" means the interest-bearing

19   escrow account in which Twenty-Four Million Dollars

20   ($24,000,000.00) of the Settlement Amount will be deposited by

21   KPMG under this Settlement.

22        tt)   "Settled Claims" means any and all claims, debts,

23   demands, disputes, rights, causes of action, suits, matters, damages, or

24   liabilities of any kind, nature, and character whatsoever (including but

25

26      [2] As discussed in footnote 1, although they are not parties to this Settlement,
Garcia and Gissinger are intended to be included within the definition of "Released

27   Parties."

28

Case 2:10-cv-00302-MRP -MAN   Document 176-15   Filed 08/20/10   Page 19 of 62   Page ID
Case 2:07-cv-05295-MRP -MAN   Document 790-1   Filed 06/29/10   Page 18 of 61   Page ID
#:33021

1    not limited to any claims for damages, interest, attorneys' fees, expert

2    or consulting fees, and any and all other costs, expenses or liabilities

3    whatsoever), whether based on federal, state, local, statutory or

4    common law or any other law, rule or regulation, whether fixed or

5    contingent, accrued or unaccrued, liquidated or unliquidated, at law or

6    in equity, matured or unmatured, whether class or individual in nature

7    (collectively, "Claims"), including both known Claims and Unknown

8    Claims (as defined herein), against any of the Released Parties (i) that

9    were asserted or could have been asserted in the Action, (ii) that

10    would have been barred by *res judicata* had the Action been fully

11    litigated to a final judgment, or (iii) that could have been, or could in

12    the future be, asserted in any forum or proceeding or otherwise by any

13    Class Member against any of the Released Parties (a) that concern,

14    arise out of, refer to, are based upon, or are related in any way to, any

15    of the subject matter, allegations, transactions, facts, matters,

16    occurrences, representations, statements, or omissions alleged,

17    involved, set forth, or referred to in the Complaint; and (b) that relate

18    to the purchase, sale, acquisition or holding of the Countrywide

19    Securities, and, as to Plaintiffs, that relate to the purchase, sale,

20    acquisition or holding of any security issued by Countrywide or any

21    Countrywide-related entity (including but not limited to mortgage-

22    backed securities issued by CWALT, Inc., CWABS, Inc., CWHEQ,

23    Inc. or CWMBS, Inc.), whether such Countrywide-related entity is a

24    corporation, partnership, limited liability company, trust, or other

25    entity, and whether or not such securities are Countrywide Securities;

26    *provided, however,* that the term "Settled Claims" shall not include

27    the following:

28

Case 2:10-cv-00302-MRP -MAN   Document 176-15   Filed 08/20/10   Page 20 of 62   Page ID
Case 2:07-cv-05295-MRP -MAN   Document 790-2   Filed 06/29/10   Page 19 of 61   Page ID
#:33022

1         (1)    claims to enforce the Settlement; and

2         (2)    shareholder derivative claims asserted as of April 2, 2010

3  on behalf of Countrywide Financial Corporation in the following

4  actions for recovery by Countrywide as to injury allegedly caused to

5  it: *In re Countrywide Financial Corp. Shareholder Derivative*

6  *Litigation,* Case No. BC 375275 (Cal. Supr. Ct., Los Angeles County)

7  and *In re Countrywide Financial Corp. Derivative Litigation*, Lead

8  Case No. 2:07-cv-06923-MRP (MANx) (C.D. Cal.).

9        Notwithstanding the foregoing, nothing in this definition of

10  "Settled Claims" shall prevent Plaintiffs from seeking to participate as

11  unnamed class members in any settlement or other recovery in any

12  class action, including but not limited to *Maine State Retirement*

13  *System v. Countrywide Financial Corp.,* Case No. CV 10-00302 MRP

14  (MANx) (C.D. Cal.), that relates to the purchase, sale, acquisition or

15  holding of any security, other than Countrywide Securities, issued by

16  Countrywide or any Countrywide-related entity (including but not

17  limited to mortgage-backed securities issued by CWALT, Inc.,

18  CWABS, Inc., CWHEQ, Inc. or CWMBS, Inc.), whether such

19  Countrywide-related entity is a corporation, partnership, limited

20  liability company, trust or other entity.

21        uu)    "Settled Defendants' Claims" means any and all claims,

22  rights, causes of action, damages, or liabilities of any kind, nature, and

23  character whatsoever in law, equity, or otherwise, including both

24  known and Unknown Claims (as defined herein), which were, could

25  have been, or could be asserted in any forum by the Defendants or any

26  of them against Plaintiffs or Plaintiffs' Counsel, whether under United

27  States federal, state, local, statutory, or common law, or any other law,

28

Case 2:10-cv-00302-MRP -MAN   Document 176-15   Filed 08/20/10   Page 21 of 62   Page ID
Case 2:07-cv-05295-MRP -MAN   Document 604-3   Filed 06/29/10   Page 20 of 61   Page ID
#:33023

rule, or regulation, based upon, arising out of or relating to, directly or
indirectly, the institution, prosecution, assertion, settlement or
resolution of the Action; *provided, however,* that "Settled Defendants'
Claims" shall not include claims to enforce the Settlement.

vv)    "Settlement" means the settlement contemplated by this
Settlement Agreement.

ww)   "Settlement Agreement" means this Amended Stipulation
and Agreement of Settlement and its accompanying exhibits,
including any subsequent amendments thereto and any exhibits to
such amendments.

xx)    "Settlement Amount" means Six Hundred Twenty-Four
Million Dollars ($624,000,000.00), to be paid in accordance with
Paragraphs 2-6 of this Settlement Agreement.

yy)    "Summary Notice" means the notice of the proposed
Settlement and Fairness Hearing, substantially in the form annexed
hereto as Attachment 3 to Exhibit A, which is to be published
pursuant to the Preliminary Approval Order.

zz)    "Supreme Court" means the Supreme Court of the United
States.

aaa)   "Taxes and Tax Expenses" means (i) all taxes (including
any estimated taxes, interest or penalties) on the income of the Gross
Settlement Fund and (ii) expenses and costs incurred in connection
with the operation and implementation of the provisions in Part III.B
below and the taxation of the Gross Settlement Fund, including,
without limitation, expenses of tax attorneys and/or accountants
related to filing the tax returns described in Part III.B below.

Case 2:10-cv-00302-MRP -MAN   Document 176-15   Filed 08/20/10   Page 22 of 62   Page ID
Case 2:07-cv-05295-MRP -MAN   Document 79404   Filed 06/29/10   Page 21 of 61   Page ID
#:33024

1        bbb)  "Underwriter Defendants" means Barclays Capital Inc.;

2    BNY Mellon Capital Markets, LLC (successor to BNY Capital

3    Markets, Inc.); Citigroup Global Markets Inc.; Deutsche Bank

4    Securities Inc.; Dresdner Kleinwort Securities LLC; Banc of America

5    Securities LLC; HSBC Securities (USA) Inc.; Goldman, Sachs & Co.;

6    J.P. Morgan Securities Inc.; Merrill, Lynch, Pierce, Fenner & Smith

7    Incorporated; BNP Paribas Securities Corp.; ABN AMRO

8    Incorporated; A.G. Edwards & Sons, Inc.; Morgan Stanley & Co.,

9    Incorporated; RBC Capital Markets Corp.; RBC Dain Rauscher Inc.;

10    RBC Dominion Securities Inc.; Scotia Capital Inc.; RBS Securities,

11    Inc. (successor to Greenwich Capital Markets, Inc.); SG Americas

12    Securities LLC; TD Securities Inc.; UBS Securities LLC; Wachovia

13    Capital Markets, LLC; and Wachovia Securities, Inc.

14        ccc)  "Unknown Claims" means any and all Settled Claims

15    that any Lead Plaintiff or Class Member does not know or suspect to

16    exist in his, her or its favor as of the Effective Date that, if known by

17    him, her or it, might have affected his, her or its decision(s) with

18    respect to the Settlement, or might have affected such party's decision

19    not to object to this settlement.  With respect to any and all Settled

20    Claims, upon the Effective Date, the Lead Plaintiffs shall expressly

21    waive, and each Class Member shall be deemed to have waived, and

22    by operation of this Final Judgment shall have expressly waived, the

23    provisions, rights and benefits of California Civil Code § 1542, and of

24    any U.S. federal or state law, or principle of common law or

25    otherwise, that is similar, comparable, or equivalent to Section 1542

26    of the California Civil Code, which provides, in relevant part:

27

28

Case 2:10-cv-00302-MRP -MAN   Document 176-15   Filed 08/20/10   Page 23 of 62   Page ID
Case 2:07-cv-05295-MRP -MAN   Document 790-5   Filed 06/29/10   Page 22 of 61   Page ID
#:33025

1
2
3

> A general release does not extend to claims which the
> creditor does not know or suspect to exist in his or her
> favor at the time of executing the release, which if known
> by him or her must have materially affected his or her
> settlement with the debtor.

4   The Lead Plaintiffs and other Class Members or certain of them may

5   hereafter discover facts in addition to or different from those which

6   such party now knows or believes to be true with respect to the

7   subject matter of the Settled Claims, but the Lead Plaintiffs and the

8   Class Members, upon the Effective Date, by operation of the Final

9   Judgment shall have, fully, finally, and forever settled and released,

10  any and all Settled Claims, known or unknown, suspected or

11  unsuspected, contingent or non-contingent, whether or not concealed

12  or hidden, that now exist or heretofore have existed, upon any theory

13  of law or equity now existing or coming into existence in the future,

14  including, but not limited to, claims relating to conduct that is

15  negligent, reckless, intentional, with or without malice, or a breach of

16  any duty, law or rule, without regard to the subsequent discovery or

17  existence of such different or additional facts.

18  Lead Plaintiffs and Defendants acknowledge, and the Class Members

19  shall be deemed by operation of the Final Judgment to have

20  acknowledged, that the foregoing waiver was separately bargained for

21  and was a key element of the Settlement.

22

23  **II.   THE GROSS SETTLEMENT FUND**

24      2.      In full settlement of the Settled Claims, Countrywide shall pay or

25  cause to be paid Six Hundred Million Dollars ($600,000,000.00) in cash into the

26  First Escrow Account, and KPMG shall pay or cause to be paid Twenty-Four

27

28

---

Case 2:10-cv-00302-MRP -MAN   Document 176-15   Filed 08/20/10   Page 24 of 62   Page ID
Case 2:07-cv-05295-MRP -MAN   Document 790-6   Filed 06/29/10   Page 23 of 61   Page ID
#:33026

1   Million Dollars ($24,000,000.00) in cash (collectively, the "Settlement Amount"),

2   into the Second Escrow Account, as follows:

3           a)  No later than ten (10) business days (excluding July 5, 2010, which

4   shall be deemed a holiday) after the Court's entry of the Preliminary Approval

5   Order, Countrywide shall pay or cause to be paid Four Hundred Fifty-Five Million

6   Dollars ($455,000,000.00) of the Settlement Amount into the First Escrow

7   Account.  This settlement payment shall be made by wire transfer or similar

8   means.  All interest accruing on this settlement payment from the time of deposit

9   shall become part of the Gross Settlement Fund to be used for the benefit of the

10  Class.

11          b)  No later than twenty-one (21) business days (excluding July 5, 2010,

12  which shall be deemed a holiday) after the Court's entry of the Preliminary

13  Approval Order, KPMG shall pay or cause to be paid Twenty-Four Million Dollars

14  ($24,000,000.00) of the Settlement Amount into the Second Escrow Account.  This

15  settlement payment shall be made by wire transfer or similar means.  All interest

16  accruing on this settlement payment from the time of deposit shall become part of

17  the Gross Settlement Fund to be used for the benefit of the Class.

18          c)  No later than thirty (30) business days (excluding July 5, 2010, which

19  shall be deemed a holiday) after the Court's entry of the Preliminary Approval

20  Order, Countrywide shall pay or cause to be paid One Hundred Forty-Five Million

21  Dollars ($145,000,000.00) of the Settlement Amount into the First Escrow

22  Account.  This settlement payment shall be made by wire transfer or similar

23  means.  All interest accruing on this settlement payment from the time of deposit

24  shall become part of the Gross Settlement Fund to be used for the benefit of the

25  Class.

26      3.      The Second Escrow Account shall be maintained at an institution that

27  is not an audit client of KPMG.  Plaintiffs' Lead Counsel shall provide KPMG

28

AMENDED STIPULATION AND AGREEMENT OF SETTLEMENT
LEAD CASE NO. CV 07-05295 MRP (MANx)

Exhibit 9          23
663

Case 2:10-cv-00302-MRP -MAN   Document 176-15   Filed 08/20/10   Page 25 of 62   Page ID
#:7907
Case 2:07-cv-05295-MRP -MAN   Document 847   Filed 06/29/10   Page 24 of 61   Page ID
#:33027

1  with notice, at least twenty-one (21) business days (excluding July 5, 2010, which

2  shall be deemed a holiday), prior to KPMG's payment of the Settlement Amount

3  into the Second Escrow Account, of the following information regarding the

4  institution that will maintain the Second Escrow Account:

5        a)  name;

6        b)  address;

7        c)  ABA Routing Number; and

8        d)  Federal Tax Identification Number.

9      4.     The Settlement Amount shall be the full and sole monetary

10  contribution made by or on behalf of the Defendants and the Released Parties in

11  connection with the Settlement, and without limiting the generality of the

12  foregoing in any way, all costs of notice and settlement administration shall be

13  paid out of the Gross Settlement Fund.  Except as otherwise provided in this

14  Settlement Agreement with respect to payment of Plaintiffs' Counsel's fees and

15  expenses out of the Gross Settlement Fund, the Parties shall bear their own costs

16  and expenses (including attorneys' fees) in connection with effectuating the

17  Settlement and securing all necessary Court orders and approvals with respect to

18  the same.

19      5.     The Settlement Amount, together with any interest earned thereon

20  from the date of deposit into the First Escrow Account and Second Escrow

21  Account, shall be the "Gross Settlement Fund."  No funds in the First Escrow

22  Account shall be commingled with funds in the Second Escrow Account and vice

23  versa.  Notwithstanding anything to the contrary herein, all payments from the

24  Gross Settlement Fund shall be made on a *pro rata* basis from the First Escrow

25  Account and Second Escrow Account based on the respective percentages of the

26  Settlement Amount deposited therein in accordance with this Settlement.

27

28

Case 2:10-cv-00302-MRP -MAN   Document 176-15   Filed 08/20/10   Page 26 of 62   Page ID
Case 2:07-cv-05295-MRP -MAN   Document 790-8   Filed 06/29/10   Page 25 of 61   Page ID
#:33028

6.      No Defendant other than Countrywide and KPMG shall have any
responsibility for payment of any portion of the Settlement Amount.

## III.   ADMINISTRATION OF THE GROSS SETTLEMENT FUND

### A.   The Escrow Agents

7.      Citibank, N.A. shall serve as escrow agent for the First Escrow
Account (the "First Escrow Agent") pursuant to an escrow agreement to be
approved by Countrywide.  Such approval shall not be unreasonably withheld.
The First Escrow Agent shall invest that portion of the Gross Settlement Fund held
in the First Escrow Account in U.S. Treasury Bills.  The Released Parties shall not
have any responsibility or liability whatsoever for investment decisions.

8.      The First Escrow Agent shall not use or disburse all or any part of that
portion of the Gross Settlement Fund held in the First Escrow Account except as
provided for in this Settlement Agreement, or by an order of the Court, or with the
written agreement of Counsel for the Countrywide Defendants and Plaintiffs' Lead
Counsel, with the approval of Lead Plaintiffs.

9.      Labaton Sucharow LLP shall serve as escrow agent for the Second
Escrow Account (the "Second Escrow Agent" and, together with the First Escrow
Agent, the "Escrow Agents") pursuant to an escrow agreement to be approved by
KPMG.  Such approval shall not be unreasonably withheld.  The Second Escrow
Agent shall invest that portion of the Gross Settlement Fund held in the Second
Escrow Account in U.S. Treasury Bills.  The Released Parties shall not have any
responsibility or liability whatsoever for investment decisions, including, without
limitation, the consequences of the Second Escrow Agent's selecting or retaining
any third party to administer, invest, hold or disburse funds in the Second Escrow
Account.

Case 2:10-cv-00302-MRP -MAN   Document 176-15   Filed 08/20/10   Page 27 of 62   Page ID
Case 2:07-cv-05295-MRP -MAN   Document 799   Filed 06/29/10   Page 26 of 61   Page ID
#:33029

10.    The Second Escrow Agent shall not use or disburse, or cause or permit any third party to use or disburse, all or any part of that portion of the Gross Settlement Fund held in the Second Escrow Account except as provided for in this Settlement Agreement, or by an order of the Court, or with the written agreement of Counsel for KPMG and Plaintiffs' Lead Counsel, with the approval of Lead Plaintiffs.

11.    The First Escrow Agent and Second Escrow Agent are each authorized to execute such transactions on behalf of Plaintiffs and the Class Members as are consistent with the terms of the Settlement Agreement.

12.    All monies held by the Escrow Agents shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement, the Plan of Allocation, and/or further order(s) of the Court, or returned to Countrywide and/or the applicable insurer(s) (with respect to monies in the First Escrow Account) or to KPMG (with respect to monies in the Second Escrow Account), with the exception of those monies disbursed pursuant to Paragraph 19 below, in the event that this Settlement is not consummated or is terminated pursuant to the provisions of Part IX below.

13.    The Gross Settlement Fund shall be used to pay (i) any Fee and Expense Award; (ii) any Notice and Administration Expenses; and (iii) any Taxes and Tax Expenses.  The balance of the Gross Settlement Fund (inclusive of interest earned) shall be the "Net Settlement Fund."

**B.    Taxes and Tax Expenses**

14.    The Parties and the Escrow Agents agree to treat the Gross Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1.  In addition, Plaintiffs' Lead Counsel, with approval of Lead Plaintiffs, shall timely make, or cause to be made, such elections as necessary

Case 2:10-cv-00302-MRP -MAN   Document 176-15   Filed 08/20/10   Page 28 of 62   Page ID
Case 2:07-cv-05295-MRP -MAN   Document 764   Filed 06/29/10   Page 27 of 61   Page ID
#:33030
#:7810

1   or advisable to carry out the provisions of this Part III.B, including the "relation-

2   back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted

3   date. Such election shall be made in compliance with the procedures and

4   requirements contained in such regulations.

5       15.   For the purposes of Section 468B of the Internal Revenue Code of

6   1986, as amended, and Treas. Reg. § 1.468B promulgated thereunder, the

7   "administrator" shall be Labaton Sucharow LLP or its successor or, at its election,

8   the Claims Administrator, which shall be responsible for timely and properly filing

9   all informational and other tax returns necessary or advisable with respect to the

10   Gross Settlement Fund (including without limitation the tax returns described in

11   Treas. Reg. § 1.468B-2(k)). Such tax returns (as well as the election described in

12   Paragraph 14 above) shall be consistent with this Part III.B and in all events shall

13   reflect that all taxes (including any estimated taxes, interest, or penalties) on the

14   income earned by the Gross Settlement Fund shall be paid out of the Gross

15   Settlement Fund as provided in Paragraph 16 below.

16       16.   All Taxes and Tax Expenses shall be paid out of the Gross Settlement

17   Fund; in all events, the Released Parties shall have no liability or responsibility for

18   the Taxes and Tax Expenses, or the filing of any tax returns or other documents

19   with the Internal Revenue Service or any other state or local taxing authority.

20   Taxes and Tax Expenses shall be treated as, and considered to be, a cost of

21   administration of the Settlement and shall be timely paid by the Escrow Agents out

22   of the Gross Settlement Fund without prior order from the Court, and the Escrow

23   Agents shall be obligated (notwithstanding anything herein to the contrary) to

24   withhold from distribution to the Authorized Claimants any funds necessary to pay

25   such amounts (as well as any amounts that may be required to be withheld under

26   Treas. Reg. § 1.468B-2(1)(2)); the Released Parties are not responsible and shall

27   have no liability therefor, or for any reporting or other requirements that may relate

28

Case 2:10-cv-00302-MRP -MAN   Document 176-15   Filed 08/20/10   Page 29 of 62   Page ID
Case 2:07-cv-05295-MRP -MAN   Document 704-1   Filed 06/29/10   Page 28 of 61   Page ID
#:33031

1   thereto. Plaintiffs, Countrywide and KPMG agree to cooperate with the Escrow

2   Agents, each other, and their tax attorneys and accountants to the extent reasonably

3   necessary to carry out the provisions of this Part III.B.

4

5   **IV.   PRELIMINARY APPROVAL HEARING AND ORDER**

6        17.    Promptly after this Settlement Agreement has been fully executed, but

7   in any event no later than June 29, 2010, Plaintiffs' Lead Counsel shall submit the

8   fully executed Settlement Agreement together with its Exhibits to the Court and

9   shall apply for entry of an order (the "Preliminary Approval Order"), substantially

10  in the form annexed hereto as Exhibit A. All Parties shall consent to entry of the

11  Preliminary Approval Order in the form annexed hereto as Exhibit A.

12

13  **V.   ADMINISTRATION AND CALCULATION OF
14        CLAIMS, FINAL AWARDS, AND SUPERVISION AND
          DISTRIBUTION OF THE NET SETTLEMENT FUND**

15        18.    The Claims Administrator, acting on behalf of the Class, and subject

16  to such supervision and direction of the Court or Plaintiffs' Lead Counsel, with

17  approval of Lead Plaintiffs, as may be necessary or as the circumstances may

18  require, shall administer and calculate the claims submitted by Class Members and

19  shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

20  The Released Parties shall not have any role in, or responsibility or liability to any

21  Person, including, without limitation, the Class Members or Plaintiffs' Lead

22  Counsel, for, the administration of the Settlement or the solicitation, review or

23  evaluation of Proofs of Claim, nor shall any discovery be taken of Defendants in

24  connection with such matters. However, Defendants' Counsel shall cooperate in

25  the administration of the Settlement to the extent reasonably necessary to

26  effectuate its terms, including Counsel for the Countrywide Defendants' providing

27  Plaintiffs' Lead Counsel, without charge, reasonable information from the

28

Case 2:10-cv-00302-MRP -MAN   Document 176-15   Filed 08/20/10   Page 30 of 62   Page ID
Case 2:07-cv-05295-MRP -MAN   Document 764-2   Filed 06/29/10   Page 29 of 61   Page ID
#:33032

1  Company's transfer records in the Company's possession or control concerning the

2  identity of Class Members.  The Parties acknowledge that any information

3  provided by Countrywide to Plaintiffs' Lead Counsel shall be treated as

4  confidential pursuant to the Protective Order entered in this Action; the Parties

5  further acknowledge, however, that such information may be used by Plaintiffs'

6  Lead Counsel solely to deliver the Notice and/or implement the Settlement,

7  including the Plan of Allocation.

8      19.    Following entry of the Preliminary Approval Order, and without

9  further order of the Court, Plaintiffs' Lead Counsel, with approval of Lead

10  Plaintiffs, may expend (a) up to Five Million Dollars ($5,000,000.00) from the

11  Gross Settlement Fund to pay Notice and Administration Expenses actually

12  incurred; and (b) amounts necessary to pay Taxes and Tax Expenses.

13      20.    All payments of Notice and Administration Expenses, Taxes and Tax

14  Expenses, any other fees or costs of the Claims Administrator, and any portion of

15  the Fee and Expense Award shall be paid solely from the Gross Settlement Fund

16  and not by Plaintiffs, Plaintiffs' Counsel, members of the Class or the Released

17  Parties.  Except as expressly stated in this Settlement Agreement, there shall be no

18  liability on the part of Plaintiffs, Plaintiffs' Counsel, members of the Class or the

19  Released Parties for Notice and Administration Expenses, Taxes and Tax

20  Expenses, any other fees or costs of the Claims Administrator, any other cost of

21  administering the Gross Settlement Fund, or any portion of the Fee and Expense

22  Award, and in no event shall the Released Parties have any monetary obligation

23  whatsoever beyond their respective payment obligations to the Gross Settlement

24  Fund as provided herein.

25      21.    Following the Effective Date, in accordance with the terms of this

26  Settlement Agreement, the Plan of Allocation, or such further approval and further

27  order(s) of the Court as may be necessary or as circumstances may require, the

28

Case 2:10-cv-00302-MRP -MAN   Document 176-15   Filed 08/20/10   Page 31 of 62   Page ID
#:7843
Case 2:07-cv-05295-MRP -MAN   Document 841   Filed 06/29/10   Page 30 of 61   Page ID
#:33033

1   Claims Administrator shall disburse the Net Settlement Fund, under Plaintiffs'

2   Lead Counsel's supervision, subject to and in accordance with the following:

3        a)     Each Class Member who wishes to participate in the

4   distributions from the Net Settlement Fund must return a signed Proof

5   of Claim, supported by such documents as are designated therein,

6   including proof of the claimant's loss.  A sample Proof of Claim

7   proposed by the Parties is annexed hereto as Attachment 2 to Exhibit

8   A.  The address to which the Proof of Claim must be mailed shall be

9   set forth on the Proof of Claim itself and shall also be printed in the

10   Notice.  If sent by first-class mail, such Proof of Claim must be

11   postmarked no later than a date set forth in the Notice (unless that date

12   is extended by order of the Court).  If sent by any manner other than

13   by first-class mail, the Proof of Claim must actually be received by

14   the Claims Administrator by the date set forth in the Notice (unless

15   that date is extended by order of the Court).

16        b)    The Proof of Claim must be sworn to under oath or made

17   subject to the penalties of perjury pursuant to 28 U.S.C. § 1746.

18        c)    The validity of each claim submitted will be initially

19   determined by the Claims Administrator, acting under Plaintiffs' Lead

20   Counsel's supervision as necessary, in accordance with the Plan of

21   Allocation approved by the Court.  Plaintiffs' Lead Counsel, the

22   Claims Administrator, and the Released Parties shall not have any

23   liability arising out of said determination.  In the event a Class

24   Member disagrees with such determination, the dispute shall be

25   submitted to the Court for summary resolution.  Each Class Member

26   shall be deemed to have submitted to the jurisdiction of the Court with

27   respect to that Class Member's claim against the Net Settlement Fund.

28

Case 2:10-cv-00302-MRP -MAN   Document 176-15   Filed 08/20/10   Page 32 of 62   Page ID
Case 2:07-cv-05295-MRP -MAN   Document 704   Filed 06/29/10   Page 31 of 61   Page ID
#:33034
#:7311

1    d) All initial determinations as to the validity of a Proof of

2 Claim, the calculation of the extent to which each Authorized

3 Claimant will participate in the Net Settlement Fund, the preparation

4 and mailing of distributions to Authorized Claimants, and the

5 distribution of the Net Settlement Fund shall be performed by the

6 Claims Administrator subject, as circumstances may require, to

7 supervision by Plaintiffs' Lead Counsel or such other persons or

8 entities as Plaintiffs' Lead Counsel may, in their sole discretion, deem

9 necessary or advisable to assist them in the administration of this

10 Settlement Agreement.  All proceedings with respect to the

11 administration of the Gross Settlement Fund and Net Settlement Fund,

12 and the administration, processing and determination of Class

13 Members' claim requests, and the determination of all controversies

14 related thereto, including disputed questions of law and fact with

15 respect to the validity of any Proof of Claim or regarding rejection of

16 any claims submitted, shall remain under the jurisdiction of the Court

17 and shall be governed by, and construed in accordance with, the laws

18 of the State of California without regard to choice or conflicts-of-laws

19 principles.

20    e) Except as otherwise ordered by the Court, any Class

21 Member who fails to timely return a properly completed and signed

22 Proof of Claim consistent with the procedures set forth in this

23 Paragraph shall be forever barred from receiving a distribution from

24 the Net Settlement Fund, but shall nevertheless be bound by and

25 subject to this Settlement Agreement, the Final Judgment, and all

26 proceedings, rulings, orders, and judgments in this Action, including,

27 without limitation, the release of the Settled Claims and the dismissal

28

Case 2:10-cv-00302-MRP -MAN   Document 176-15   Filed 08/20/10   Page 33 of 62   Page ID
Case 2:07-cv-05295-MRP -MAN   Document 704-5   Filed 06/29/10   Page 32 of 61   Page ID
#:33035

1    with prejudice of this Action.  Notwithstanding the foregoing,

2    Plaintiffs' Lead Counsel, with approval of Lead Plaintiffs, may accept

3    for processing late claims so long as the distribution of the Net

4    Settlement Fund to Authorized Claimants is not materially delayed.

5        f)      The Net Settlement Fund shall be distributed to the

6    Authorized Claimants substantially in accordance with a Plan of

7    Allocation to be described in the Notice mailed to Class Members and

8    approved by the Court.  The Released Parties shall have neither the

9    right nor the duty to participate in the determination of how the Net

10   Settlement Fund is distributed to the Class.  The Plan of Allocation

11   shall not be a part of the Settlement Agreement and any order or

12   proceeding related to said Plan of Allocation shall not operate to

13   terminate or cancel this Settlement Agreement or affect the finality of

14   the Court's Final Judgment approving this Settlement Agreement and

15   the Settlement it describes, or any other orders entered pursuant to this

16   Settlement Agreement.

17       g)      Plaintiffs' Lead Counsel, with approval of Lead

18   Plaintiffs, will apply to the Court, on notice to Defendants' Counsel,

19   for a Distribution Order approving the Claims Administrator's

20   administrative determinations concerning the acceptance and rejection

21   of the submitted Proofs of Claim and approving any Notice and

22   Administration Expenses (including but not limited to the fees and

23   expenses of the Claims Administrator) or Taxes and Tax Expenses not

24   previously applied for and, if the Effective Date has occurred,

25   directing payment of the Net Settlement Fund to Authorized

26   Claimants in accordance with the Plan of Allocation and the Claims

27   Administrator's determinations.  Simultaneously upon application to

28

AMENDED STIPULATION AND AGREEMENT OF SETTLEMENT
LEAD CASE NO. CV 07-05295 MRP (MANx)

Exhibit 9          32

672

Case 2:10-cv-00302-MRP -MAN   Document 176-15   Filed 08/20/10   Page 34 of 62   Page ID
Case 2:07-cv-05295-MRP -MAN   Document 794 6   Filed 06/29/10   Page 33 of 61   Page ID
#:33036

1  the Court for a Distribution Order, Plaintiffs' Lead Counsel shall

2  provide Counsel for the Countrywide Defendants and Counsel for

3  KPMG with an electronically searchable list of all Persons who

4  submitted a Proof of Claim.  Further, Plaintiffs' Lead Counsel shall,

5  upon reasonable request from Counsel for the Countrywide

6  Defendants or Counsel for KPMG, provide a copy of any requested

7  Proof of Claim in electronic form within ten (10) business days of

8  such request.

9         h)    If there is any balance remaining in the Net Settlement

10  Fund (whether by reason of unclaimed funds, tax refunds, uncashed

11  checks, or otherwise), at a date one hundred eighty (180) days from

12  the later of (a) the date on which the Court enters a Distribution Order

13  pursuant to Subparagraph 21(g) above, or (b) the Effective Date, then

14  Plaintiffs' Lead Counsel shall, upon approval of the Court, distribute

15  such balance among the Authorized Claimants as many times as is

16  necessary, in a manner consistent with the Plan of Allocation, until

17  each Authorized Claimant has received its Recognized Claim (but no

18  greater than its Recognized Claim) as defined by the Plan of

19  Allocation.  If Plaintiffs' Lead Counsel determines that it is not cost-

20  effective to conduct such further distribution, or following such

21  further distribution any balance still remains in the Net Settlement

22  Fund, Plaintiffs' Lead Counsel shall, with the consent of Lead

23  Plaintiffs and upon approval of the Court, and without further notice

24  to the Class, cause the remaining balance to be returned to

25  Countrywide and KPMG, in the same proportion as those entities

26  contributed (or caused to be contributed) to the Settlement Amount.

27  Any orders or proceedings relating to the Plan of Allocation shall not

28

Case 2:10-cv-00302-MRP -MAN   Document 176-15   Filed 08/20/10   Page 35 of 62   Page ID
Case 2:07-cv-05295-MRP -MAN   Document 641   Filed 06/29/10   Page 34 of 61   Page ID
#:33037

1    operate to terminate or cancel this Settlement Agreement, and shall

2    have no effect on the Final Judgment becoming Final.

3        22.    No Person shall have any claim against Plaintiffs, Plaintiffs' Counsel,

4    or the Claims Administrator based on distributions, determinations, or claim

5    rejections made substantially in accordance with this Settlement Agreement, the

6    Plan of Allocation, or further orders of the Court, except in the case of fraud or

7    willful misconduct.  No Person shall have any claim under any circumstances

8    against the Released Parties, based on any distributions, determinations, claim

9    rejections or the design, terms or implementation of the Plan of Allocation.

10       23.    None of the Released Parties shall have any responsibility for or

11   liability whatsoever with respect to (i) any act, omission or determination of

12   Plaintiffs' Lead Counsel or the Escrow Agents, or any of their respective designees

13   or agents, in connection with the administration of the Settlement or otherwise; (ii)

14   the management, investment or distribution of the Gross Settlement Fund; (iii) the

15   determination, administration, calculation or payment of any claims asserted

16   against the Gross Settlement Fund; (iv) any losses suffered by, or fluctuations in

17   the value of, the Gross Settlement Fund; or (v) the payment or withholding of any

18   Taxes, expenses and/or costs incurred in connection with the taxation of the Gross

19   Settlement Fund or the filing of any returns.

20

21   **VI.   RELEASES**

22       24.    Pursuant to this Settlement Agreement and the Final Judgment, upon

23   the Effective Date:

24       a.    Plaintiffs and every Class Member, on behalf of themselves and any

25   of their personal representatives, spouses, domestic partners, trustees, heirs,

26   executors, administrators, successors or assigns, shall be deemed to have, and by

27   operation of the Final Judgment shall have, fully, finally, and forever released,

28

Case 2:10-cv-00302-MRP -MAN   Document 176-15   Filed 08/20/10   Page 36 of 62   Page ID
Case 2:07-cv-05295-MRP -MAN   Document 794-B   Filed 06/29/10   Page 35 of 61   Page ID
#:33038

1    relinquished, and discharged all Settled Claims against the Released Parties, and

2    shall be forever barred and enjoined from instituting, prosecuting, participating,

3    continuing, maintaining or asserting any Settled Claim, or assisting any Person in

4    instituting, prosecuting, participating, continuing, maintaining or asserting any

5    Settled Claim, against any of the Released Parties, whether directly or indirectly,

6    whether in the United States or elsewhere, whether on their own behalf or on

7    behalf of any class or any other Person, and regardless of whether or not such

8    Class Member executes and delivers a Proof of Claim.  By entering into this

9    Settlement Agreement, Plaintiffs represent and warrant that they have not assigned,

10   hypothecated, conveyed, transferred or otherwise granted or given any interest in

11   the Settled Claims, or any of them, to any other Person.

12          b.      Each of the Released Parties shall be deemed to have, and by

13   operation of the Final Judgment shall have, fully, finally, and forever released,

14   relinquished, and discharged each and all of the Class Members, Plaintiffs, and

15   Plaintiffs' Counsel from all Settled Defendants' Claims arising out of, relating to,

16   or in connection with the institution, prosecution, assertion, settlement, or

17   resolution of the Action or the Settled Claims.  By entering into this Settlement

18   Agreement, the Defendants represent and warrant that they have not assigned,

19   hypothecated, transferred or otherwise granted any interest in the Settled

20   Defendants' Claims, or any of them, to any other Person.

21          In addition, at no time, before or after the Effective Date, shall Plaintiffs

22   encourage or solicit any other Person in regard to, or in connection with, the

23   making of any demand, the assertion of any liability, or the prosecution or

24   commencement of any lawsuit or other judicial or administrative proceedings

25   against any of the Released Parties relating to Countrywide, any of its affiliates or

26   related entities, and/or securities offered, sold or issued by Countrywide or by any

27   Countrywide-related entity (including but not limited to mortgage-backed

28

AMENDED STIPULATION AND AGREEMENT OF SETTLEMENT
LEAD CASE NO. CV 07-05295 MRP (MANx)

Exhibit 9                    35

675

Case 2:10-cv-00302-MRP -MAN   Document 176-15   Filed 08/20/10   Page 37 of 62   Page ID
Case 2:07-cv-05295-MRP -MAN   Document 849   Filed 06/29/10   Page 36 of 61   Page ID
#:33039

1   securities issued by CWALT, Inc., CWABS, Inc., CWHEQ, Inc. or CWMBS,

2   Inc.).

3       25.     To the extent that the Settlement does not release claims asserted in

4   certain other actions involving Countrywide, all of which are enumerated in the

5   definition of "Settled Claims" set forth in Paragraph 1(tt) above, the question of the

6   extent, if any, to which any payment made pursuant to the Plan of Allocation in

7   this litigation may constitute an offset or credit against, or a reduction in the gross

8   amount of, any claim asserted in any other action relating to Countrywide is to be

9   determined in such other action, and the Parties reserve all rights with respect to

10  the position they may take on that question in those actions.

11

12  **VII.   ATTORNEY'S FEE AND EXPENSE AWARDS**

13      26.     Plaintiffs' Lead Counsel will apply to the Court for a Fee and Expense

14  Award to be paid from the Gross Settlement Fund.

15      27.     Plaintiffs' Lead Counsel may make additional applications for

16  reimbursement of expenses (including Notice and Administration Expenses)

17  incurred subsequent to the initial application for a Fee and Expense Award.

18      28.     Subject to the restrictions in Paragraph 29 below, any Fee and

19  Expense Award shall become payable from the Gross Settlement Fund five (5)

20  days after entry by the Court of the Order granting the Fee and Expense Award,

21  notwithstanding the existence of any timely filed objections thereto, or potential to

22  appeal therefrom, or collateral attack on the Settlement or any part thereof.

23  Plaintiffs' Lead Counsel shall thereafter allocate the Fee and Expense Award

24  payable to Plaintiffs' Lead Counsel among Plaintiffs' Counsel in a manner that, in

25  Plaintiffs' Lead Counsel's good-faith judgment, reflects such counsel's

26  contribution to the institution, prosecution, or resolution of the Action.

27

28

Case 2:10-cv-00302-MRP -MAN   Document 176-15   Filed 08/20/10   Page 38 of 62   Page ID
Case 2:07-cv-05295-MRP -MAN   Document 840   Filed 06/29/10   Page 37 of 61   Page ID
#:33040
#:7920

1       29.    Any Fee and Expense Award may be paid to Plaintiffs' Lead Counsel

2 five (5) days after entry by the Court of an order awarding fees and expenses (as

3 referred to in Paragraph 28) and prior to the Effective Date, only if each of

4 Plaintiffs' Counsel receiving a portion of the Fee and Expense Award posts an

5 irrevocable standby letter of credit in the amount of that portion of the Fee and

6 Expense Award actually withdrawn from the Gross Settlement Fund.  Such

7 standby letters of credit shall be issued by banks selected by, and have terms and

8 conditions negotiated by, Plaintiffs' Counsel and Lead Plaintiffs and approved by

9 Countrywide and KPMG (which approval shall not be unreasonably withheld), to

10 secure Plaintiffs' Counsel's obligation to pay back such amounts received, plus

11 accrued interest at the same rate as is earned by the Gross Settlement Fund, in the

12 event that, as a result of any appeal and/or further proceedings on remand, or

13 successful collateral attack, the Settlement is terminated or the Fee and Expense

14 Award is reduced or required to be returned.

15       30.    If the Effective Date does not occur or if this Settlement Agreement is

16 terminated, then any Fee and Expense Award is no longer payable.  In the event

17 that any portion of the Fee and Expense Award is paid from the Gross Settlement

18 Fund, and the Effective Date does not occur or this Settlement Agreement is

19 terminated, Plaintiffs' Lead Counsel and Lead Plaintiff shall, within ten (10)

20 business days from the event which precludes the Effective Date from occurring or

21 the termination of the Settlement Agreement, refund to the Gross Settlement Fund

22 the Fee and Expense Award paid to Plaintiffs' Lead Counsel and Lead Plaintiffs,

23 respectively, and in addition shall pay into the Gross Settlement Fund interest on

24 the amount refunded at the average rate earned on the Gross Settlement Fund from

25 the time of payment of the Fee and Expense Award until the date of refund.  Each

26 of Plaintiffs' Counsel, as a condition of receiving such Fee and Expense Award,

27

28

Case 2:10-cv-00302-MRP -MAN   Document 176-15   Filed 08/20/10   Page 39 of 62   Page ID
Case 2:07-cv-05295-MRP -MAN   Document 791-1   Filed 06/29/10   Page 38 of 61   Page ID
#:33041

1   agrees that it is subject to the jurisdiction of the Court for the purpose of enforcing

2   the provisions in this paragraph.

3       31.   The Released Parties shall have no responsibility for, and no liability

4   whatsoever with respect to, any fees, costs or expenses (including without

5   limitation any Fee and Expense Award) incurred or sought by Plaintiffs' Lead

6   Counsel or any other Person who may assert any claim, right or entitlement

7   thereto.

8       32.   The procedures for and the allowance or disallowance by the Court of

9   an application for a Fee and Expense Award to be paid out of the Gross Settlement

10  Fund are not part of the Settlement set forth in this Settlement Agreement and are

11  to be considered by the Court at the Fairness Hearing, but separately from the

12  Court's consideration of the fairness, reasonableness, and adequacy of the

13  Settlement set forth in this Settlement Agreement.  None of the Parties may

14  terminate or cancel the Settlement Agreement on the basis of the amount of any

15  Fee and Expense Award.  Any order or proceedings related to any application for a

16  Fee and Expense Award by Plaintiffs' Lead Counsel or any appeal from any order

17  relating to such a Fee and Expense Award or any reversal or modification thereof

18  shall not modify, terminate or cancel this Settlement Agreement or affect or delay

19  the finality of the Final Judgment approving the Settlement Agreement and the

20  Settlement of the Action.

## VIII.  FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

33.   Upon the Court's approval of this Settlement Agreement, the Parties

shall request that the Court enter a Final Judgment in all material respects in the

form set forth in Exhibit B, dismissing this Action with prejudice.

Case 2:10-cv-00302-MRP -MAN   Document 176-15   Filed 08/20/10   Page 40 of 62   Page ID
Case 2:07-cv-05295-MRP -MAN   Document 792-2   Filed 06/29/10   Page 39 of 61   Page ID
#:33042

## IX.  EFFECTIVE DATE OF SETTLEMENT, MODIFICATION AND TERMINATION

34.    The "Effective Date" of the Settlement shall be the date on which all the following conditions of settlement shall have occurred:

a)    with respect to Defendants other than KPMG, deposit of the portion of the Settlement Amount into the First Escrow Account in accordance with Paragraph 2;

b)    with respect to KPMG, deposit of the portion of the Settlement Amount into the Second Escrow Account in accordance with Paragraph 2;

c)    final approval by the Court of the Settlement, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure;

d)    entry by the Court of the Final Judgment in all material respects in the form set forth in Exhibit B, and the Final Judgment becoming Final, or, in the event that the Court enters a judgment in a form other than that provided above ("Alternative Judgment") and neither Lead Plaintiffs on the one hand, nor the Countrywide Defendants and KPMG on the other, elect to terminate this Settlement, the date that such Alternative Judgment becomes Final; and

e)    if the circumstances described in Paragraphs 36 and 43 occur, the expiration of the time for Lead Plaintiffs on the one hand, or the Countrywide Defendants and KPMG on the other, to exercise the termination rights provided in the applicable paragraph(s) without the termination rights being exercised.

35.    The terms and provisions of this Settlement Agreement may be amended, modified, or expanded only by written agreement of the Parties and approval of the Court; *provided, however,* that after entry of the Final Judgment (or any applicable Alternative Judgment), the parties thereto may by unanimous written agreement effect such amendments, modifications or expansions of this

Case 2:10-cv-00302-MRP -MAN   Document 176-15   Filed 08/20/10   Page 41 of 62   Page ID
Case 2:07-cv-05295-MRP -MAN   Document 6043   Filed 06/29/10   Page 40 of 61   Page ID
#:33043

1  Settlement Agreement and its implementing documents (including all exhibits to

2  the Settlement Agreement) without notice to or approval by the Court if such

3  changes are not materially inconsistent with the Court's Final Judgment and do not

4  (a) materially limit the rights of Class Members under the Settlement Agreement;

5  or (b) materially limit the rights of the Released Parties under the Settlement

6  Agreement.

7        36.    The Lead Plaintiffs and each of the Defendants shall, in each of their

8  separate discretions, have the right to terminate the Settlement, and thereby this

9  Settlement Agreement, as to themselves, by providing written notice of their

10  election to do so ("Termination Notice") to all other Parties hereto within thirty

11  (30) days of:

12              (a)     the Court's declining to enter the Preliminary Approval

13        Order in any respect that the terminating Party reasonably and in good

14        faith believes is materially adverse to it;

15              (b)     the Court refusing to approve the Settlement as set forth

16        in this Settlement Agreement;

17              (c)     the Court's declining to enter the Final Judgment in any

18        respect that the terminating Party reasonably and in good faith

19        believes is materially adverse to it;

20              (d)     the date upon which the Final Judgment is modified or

21        reversed by the Court of Appeals or the Supreme Court in any respect

22        that the terminating Party reasonably and in good faith believes is

23        materially adverse to it; or

24              (e)     the date upon which an Alternative Judgment is modified

25        or reversed by the Court of Appeals or the Supreme Court in any

26        respect that the terminating Party reasonably and in good faith

27        believes is materially adverse to it.

28

Case 2:10-cv-00302-MRP -MAN   Document 176-15   Filed 08/20/10   Page 42 of 62   Page ID
Case 2:07-cv-05295-MRP -MAN   Document 841   Filed 06/29/10   Page 41 of 61   Page ID
#:7924
#:33044

1   37.  If the Settlement is terminated by Lead Plaintiffs or both the

2 Countrywide Defendants and KPMG (a "Complete Termination"): (a) the

3 Settlement shall be without force and effect upon the rights of the Parties, and none

4 of its terms (other than this paragraph and Paragraph 51) shall be effective or

5 enforceable; (b) the Parties shall revert to their litigation positions immediately

6 prior to the Execution Date and no claims, rights or defenses, whether legal or

7 equitable, of any of the Parties hereto that existed prior to executing this Settlement

8 Agreement shall be diminished or prejudiced in any way; and (c) within ten (10)

9 business days from the date of such Complete Termination, Lead Plaintiffs shall

10 return (or cause to be returned) to Countrywide and/or the applicable insurer(s) any

11 monies remaining in the First Escrow Account and to KPMG any monies

12 remaining in the Second Escrow Account, including any accrued interest thereon

13 but less any Notice and Administration Expenses reasonably and actually incurred

14 and paid or payable as of the date of the Complete Termination, and any Taxes and

15 Tax Expenses actually incurred and paid or payable as of the date of the Complete

16 Termination, out of the Gross Settlement Fund.

17   38.  The Parties agree that if the Countrywide Defendants, but not KPMG,

18 elect to terminate the Settlement (a "Partial Termination"), the Settlement shall

19 proceed with respect to Plaintiffs and KPMG (and the Effective Date shall not be

20 impacted by such Partial Termination), and then the Countrywide Defendants and

21 all other Defendants other than KPMG (collectively, the "Non-KPMG

22 Defendants") shall be treated as non-settling defendants and, solely with respect to

23 the Non-KPMG Defendants, the following provisions shall apply: (a) the

24 Settlement shall be without force and effect upon the rights and obligations

25 between, on the one hand, Plaintiffs and the Class, and, on the other, the Non-

26 KPMG Defendants, and none of its terms (other than this paragraph and Paragraph

27 51) shall be effective or enforceable with respect to the Non-KPMG Defendants;

28

AMENDED STIPULATION AND AGREEMENT OF SETTLEMENT   Exhibit 9  41
LEAD CASE NO. CV 07-05295 MRP (MANx)
           681

Case 2:10-cv-00302-MRP -MAN   Document 176-15   Filed 08/20/10   Page 43 of 62   Page ID
#:7925
Case 2:07-cv-05295-MRP -MAN   Document 847   Filed 06/29/10   Page 42 of 61   Page ID
#:33045

1   (b) Plaintiffs and the Non-KPMG Defendants shall revert to their litigation

2   positions immediately prior to the Execution Date with respect to the Non-KPMG

3   Defendants; (c) within ten (10) business days from the date of such Partial

4   Termination, Lead Plaintiffs shall return (or cause to be returned) to Countrywide

5   and/or the applicable insurer(s) any monies remaining in the First Escrow Account,

6   including any accrued interest thereon but less its *pro rata* portion (based on the

7   percentage of the Settlement Amount deposited into the First Escrow Account) of

8   any Notice and Administration Expenses and Taxes and Tax Expenses paid out of,

9   or incurred by, the Gross Settlement Fund as of the date of the Partial Termination;

10   and (d) Lead Plaintiffs and KPMG shall submit an Alternative Judgment to the

11   Court reflecting Partial Termination by the Countrywide Defendants, and such

12   Alternative Judgment shall contain a Contribution Bar and Judgment Reduction

13   Provision.

14        39.    The Parties agree that if KPMG, but not the Countrywide Defendants,

15   elects to terminate the Settlement (a "Partial Termination"), the Settlement shall

16   proceed with respect to Plaintiffs and the Non-KPMG Defendants (and the

17   Effective Date shall not be impacted by such Partial Termination), and then KPMG

18   shall be treated as a non-settling defendant and, solely with respect to KPMG, the

19   following provisions shall apply: (a) the Settlement shall be without force and

20   effect upon the rights and obligations between, on the one hand, Plaintiffs and the

21   Class, and, on the other, KPMG, and none of its terms (other than this paragraph

22   and Paragraph 50) shall be effective or enforceable with respect to KPMG; (b)

23   Plaintiffs and KPMG shall revert to their litigation positions immediately prior to

24   the Execution Date with respect to KPMG; (c) within ten (10) business days from

25   the date of such Partial Termination, Lead Plaintiffs shall return (or cause to be

26   returned) to KPMG any monies remaining in the Second Escrow Account,

27   including its *pro rata* portion (based on the percentage of the Settlement Amount

28

Case 2:10-cv-00302-MRP -MAN   Document 176-15   Filed 08/20/10   Page 44 of 62   Page ID
#:7926
Case 2:07-cv-05295-MRP -MAN   Document 844   Filed 06/29/10   Page 43 of 61   Page ID
#:33046

1   deposited into the Second Escrow Account) of any accrued interest thereon but less

2   any Notice and Administration Expenses and Taxes and Tax Expenses paid out of,

3   or incurred by, the Gross Settlement Fund as of the date of the Partial Termination;

4   and (d) Lead Plaintiffs and the Countrywide Defendants shall submit an

5   Alternative Judgment to the Court reflecting Partial Termination by KPMG, and

6   such Alternative Judgment shall contain a Contribution Bar and Judgment

7   Reduction Provision.

8          40.    The Parties agree that if any Individual Defendant or Underwriter

9   Defendant, but not the Countrywide Defendants, elects to terminate the Settlement

10   ("Terminating Defendant"), the Settlement shall proceed with respect to Plaintiffs

11   and all Defendants who have not elected to terminate (and the Effective Date shall

12   not be impacted by such Partial Termination), and then the Terminating Defendant

13   shall be treated as a non-settling defendant and, solely with respect to the

14   Terminating Defendant, the following provisions shall apply: (a) the Settlement

15   shall be without force and effect upon the rights and obligations between, on the

16   one hand, Plaintiffs and the Class, and, on the other, the Terminating Defendant,

17   and none of its terms (other than this paragraph and Paragraph 51) shall be

18   effective or enforceable with respect to the Terminating Defendant; (b) Plaintiffs

19   and the Terminating Defendant shall revert to their litigation positions immediately

20   prior to the Execution Date with respect to the Terminating Defendant; and (c) all

21   Parties other than the Terminating Defendant shall submit an Alternative Judgment

22   to the Court reflecting Partial Termination by the Terminating Defendant, and such

23   Alternative Judgment shall contain a Contribution Bar and Judgment Reduction

24   Provision.  In the event an Individual Defendant or Underwriter Defendant elects

25   to terminate the Settlement pursuant to this paragraph, the Countrywide

26   Defendants shall have the right to terminate the Settlement, and thereby this

27   Settlement Agreement, as to all Non-KPMG Defendants within seven (7) days of

28

Case 2:10-cv-00302-MRP -MAN   Document 176-15   Filed 08/20/10   Page 45 of 62   Page ID
#:7947
Case 2:07-cv-05295-MRP -MAN   Document 762   Filed 06/29/10   Page 44 of 61   Page ID
#:33047

1    receipt of notice of termination from the Terminating Defendant, or within the time

2    prescribed by Paragraph 36 hereof, whichever is longer.

3       41.     Notwithstanding any other provision in this Settlement Agreement

4    (including but not limited to Paragraphs 36 and 37 above), the settlement

5    agreement between Plaintiffs and KPMG, and the settlement agreement between

6    Plaintiffs and the Non-KPMG Defendants, are each severable from the other.  If

7    this Settlement is deemed unenforceable or not approved for any reason unrelated

8    to KPMG, then Plaintiffs and KPMG shall submit to the Court for approval a

9    settlement agreement reflecting the terms of this Settlement Agreement applicable

10    to Plaintiffs and KPMG only.  Likewise, if this Settlement is deemed

11    unenforceable or not approved for any reason related solely to KPMG, then

12    Plaintiffs and the Non-KPMG Defendants shall submit to the Court for approval a

13    settlement agreement reflecting the terms of this Settlement Agreement applicable

14    to Plaintiffs and the Non-KPMG Defendants only.  This Paragraph in no way

15    limits or alters Lead Plaintiffs' obligations under Paragraphs 38(c) and 39(c).

16       42.     Lead Plaintiffs shall also have the right to terminate this Settlement if

17    Countrywide or KPMG does not timely make (or cause to be made) their

18    respective payments as provided in Part II of this Settlement Agreement, subject to

19    Countrywide's and KPMG's respective rights to cure any such failure to pay

20    within five (5) business days of receiving a written notice of deficiency from

21    Plaintiffs' Lead Counsel.  More specifically, if Countrywide fails to timely make

22    (or cause to be made) its respective payment, Lead Plaintiffs shall have the right to

23    terminate the Settlement as to all Defendants other than KPMG.  Such termination

24    shall be considered a Partial Termination, and the provisions of Paragraph 38 shall

25    apply.  If KPMG fails to timely make (or cause to be made) its respective payment,

26    Lead Plaintiffs shall have the right to terminate the Settlement as to KPMG only.

27

28

Case 2:10-cv-00302-MRP -MAN Document 176-15 Filed 08/20/10 Page 46 of 62 Page ID
Case 2:07-cv-05295-MRP -MAN Document 784-5 Filed 06/29/10 Page 45 of 61 Page ID
#:33048

1    Such termination shall be considered a Partial Termination, and the provisions of

2    Paragraph 39 shall apply.

3          43.    The Settlement may be terminated at the option and in the sole

4    discretion of the Countrywide Defendants or KPMG, as to their respective

5    settlements with Plaintiffs and the Class, in the event that Class Members who,

6    during the Class Period, purchased or otherwise acquired the Countrywide

7    Securities, timely and validly request exclusion from the Class and the Termination

8    Threshold, as such term is defined in a separate letter from Counsel for the

9    Countrywide Defendants and Counsel for KPMG to Lead Plaintiffs countersigned

10    simultaneously herewith ("Supplemental Agreement"), is met.  The total amount of

11    Countrywide Securities purchased or acquired by such Class Members shall be

12    calculated using the information provided by such Class Members in their requests

13    for exclusion.  The Supplemental Agreement shall not be filed with the Court

14    unless and until a dispute among the parties to the Supplemental Agreement

15    concerning its interpretation or application arises, in which case those parties shall

16    seek to file it with the Court under seal.  In the event either the Countrywide

17    Defendants or KPMG terminates the Settlement pursuant to the Supplemental

18    Agreement, but the other does not, such termination shall be considered a Partial

19    Termination and the provisions of Paragraph 38 or 39 apply.

20          44.    If both the Countrywide Defendants and KPMG exercise Partial

21    Termination rights pursuant to this Settlement Agreement, it will be considered a

22    Complete Termination and the provisions of Paragraph 37 shall apply.

23          45.    Upon the Effective Date, any and all remaining interest or right of

24    Defendants in or to the Gross Settlement Fund, if any, shall be absolutely and

25    forever extinguished, except for as stated in Paragraph 21(h) above.

26

27

28

Case 2:10-cv-00302-MRP -MAN   Document 176-15   Filed 08/20/10   Page 47 of 62   Page ID
Case 2:07-cv-05295-MRP -MAN   Document 84-1   Filed 06/29/10   Page 46 of 61   Page ID
#:7020
#:33049

1  ## X.    GENERAL MATTERS

2      46.    The Parties (i) acknowledge that it is their intent to consummate this

3  Settlement; and (ii) agree to cooperate to the full extent reasonably necessary to

4  effectuate and implement all terms and conditions of this Settlement Agreement

5  and to exercise their best efforts to accomplish the foregoing terms and conditions

6  of this Settlement Agreement.  To the extent the Parties are unable to reach

7  agreement concerning such best efforts, any Party may refer the matter to the

8  Mediators for resolution, subject to Court approval, with the fees and expenses of

9  the Mediators to be divided equally between Lead Plaintiffs on the one hand, and

10  Defendants on the other hand.

11      47.    The Parties intend this Settlement Agreement to be a final and

12  complete resolution of all disputes that have arisen or could have arisen between or

13  among the Plaintiffs and the Class Members on the one hand, and the Released

14  Parties on the other hand, and all claims that have been asserted or that could have

15  been asserted by Plaintiffs and the Class Members against the Released Parties,

16  with respect to the Settled Claims or the Action.  The Settlement compromises

17  claims that are contested and shall not be deemed an admission by any Party as to

18  the merits of any claim or defense.  The Parties agree that the amount paid into the

19  Gross Settlement Fund and the other terms of the Settlement were negotiated in

20  good faith and at arm's length by the Parties, and reflect a settlement that was

21  reached voluntarily after consultation with competent and experienced legal

22  counsel.  The Parties and their counsel agree not to contend in any forum that the

23  Action was brought or defended in bad faith, without a reasonable basis, or in

24  violation of Rule 11 of the Federal Rules of Civil Procedure, and reserve their right

25  to rebut, in a manner that such Party determines to be appropriate, any contention

26  made in any forum that the Action was brought or defended in bad faith, without a

27  reasonable basis, or in violation of Rule 11 of the Federal Rules of Civil Procedure.

28

Case 2:10-cv-00302-MRP -MAN   Document 176-15   Filed 08/20/10   Page 48 of 62   Page ID
Case 2:07-cv-05295-MRP -MAN   Document 840   Filed 06/29/10   Page 47 of 61   Page ID
#:33050

1       48.    The Parties and their respective counsel also agree to keep the

2  information disclosed to them in connection with mediation and settlement

3  negotiations confidential unless required to publicly disclose such information by

4  applicable law, in which case written notice as to the content of any public

5  communication shall be provided to all other Parties at least three (3) business days

6  prior to disclosure.  In the event any of the Parties wish to make a voluntary public

7  disclosure regarding the Settlement, its terms, conditions, or obligations (other than

8  the fact that this case was resolved by Settlement), such Party shall provide at least

9  three (3) business days' advance notice to all other Parties as to the content of any

10  such public communication.

11       49.    If a case is commenced under Title 11 of the United States Code

12  (Bankruptcy) in respect of any entity contributing funds to the Settlement Amount

13  on behalf of any Defendant(s), or a trustee, receiver or conservator is appointed as

14  to any such person or entity under any similar law, and in the event of the entry of

15  a final order of a court of competent jurisdiction determining the transfer of money

16  to the Gross Settlement Fund or any portion thereof by such Defendant(s) (or

17  insurer) to be a preference, voidable transfer, fraudulent transfer or similar

18  transaction and any portion thereof is required to be, and is capable of being,

19  returned or disgorged by the Gross Settlement Fund and is so returned or

20  disgorged, and replacement funds are not promptly deposited into the Gross

21  Settlement Fund by others, then, at the election of Plaintiffs' Lead Counsel, with

22  approval of Lead Plaintiffs, the Parties shall jointly move the Court to vacate and

23  set aside the releases given as to that Defendant(s), as well as the Final Judgment

24  entered pursuant to this Settlement Agreement as to that Defendant(s), which

25  releases and Final Judgment shall be null and void, and the Parties shall be restored

26  to their respective positions in the Action as of the day immediately prior to the

27  Execution Date and any amounts in the Gross Settlement Fund shall be returned as

28

Case 2:10-cv-00302-MRP -MAN  Document 176-15  Filed 08/20/10  Page 49 of 62  Page ID
#:7931
Case 2:07-cv-05295-MRP -MAN  Document 781  Filed 06/29/10  Page 48 of 61  Page ID
#:33051

1  provided in Paragraphs 38 or 39.  The Settlement (including the related waivers

2  and releases of claims) shall remain in effect as to any Defendant (and its related

3  Released Parties) whose respective Settlement Amount is not returned or

4  disgorged, or if returned or disgorged is promptly replaced.

5       50.     Nothing in this Settlement Agreement constitutes or reflects a waiver

6  or release of any rights or claims of Defendants against their insurers, or their

7  insurers' subsidiaries, predecessors, successors, assigns, affiliates, or

8  representatives.  Nothing in this Settlement Agreement constitutes or reflects a

9  waiver or release of any rights or claims of Defendants or Garcia or Gissinger

10  relating to indemnification, advancement or any undertakings by an indemnified

11  party to repay amounts advanced or paid by way of indemnification or otherwise.

12       51.     This Settlement Agreement, whether or not it is consummated and

13  whether or not it is terminated, any of its provisions, any negotiations, proceedings

14  or agreements relating to the Settlement Agreement and the Settlement, all matters

15  arising in connection with such negotiations, proceedings or agreements, and all

16  acts performed or documents executed pursuant to or in furtherance of this

17  Settlement Agreement:

18           i.     shall not be offered or received against any of the Defendants as

19  evidence of a presumption, concession, or admission of any kind;

20           ii.     shall not be offered or received against any of the Defendants as

21  evidence of an admission by any of those Defendants with respect to the truth of

22  any fact alleged in the Complaint or the validity of any Settled Claim, or the

23  deficiency of any defense that has been or could have been asserted, or of any

24  liability, negligence, fault, or wrongdoing of the Defendants;

25           iii.     shall not be offered or received against the Defendants as

26  evidence of any fault, misrepresentation, omission or other actionable conduct

27

28

---

AMENDED STIPULATION AND AGREEMENT OF SETTLEMENT
LEAD CASE NO. CV 07-05295 MRP (MANx)

Exhibit 9

48

Case 2:10-cv-00302-MRP -MAN   Document 176-15   Filed 08/20/10   Page 50 of 62   Page ID
Case 2:07-cv-05295-MRP -MAN   Document 647   Filed 06/29/10   Page 49 of 61   Page ID
#:7032
#:33052

1  with respect to any statement or written document approved or made by any of the

2  Defendants;

3        iv.      shall not be offered or received against the Defendants as

4  evidence of any liability, negligence, fault or wrongdoing, or in any way referred

5  to for any other reason as against any of the Defendants, in any other civil,

6  criminal or administrative action or proceeding, other than such proceedings as

7  may be necessary to effectuate the provisions of this Settlement Agreement;

8  *provided, however,* that if this Settlement Agreement is approved by the Court, the

9  Released Parties may refer to it to effectuate the release of Settled Claims and

10  other liability protections granted them hereunder;

11        v.      shall not be construed against any of the Defendants as an

12  admission or concession that the consideration to be given hereunder represents

13  the amount that could be or would have been recovered after trial;

14        vi.      shall not be construed as or received in evidence as an

15  admission, concession or presumption against Plaintiffs or any of the Class

16  Members that any of their claims are without merit, or that any defenses asserted

17  by the Defendants have any merit, or that damages recoverable in the Action

18  would not have exceeded the Settlement Amount; and

19        vii.      shall not, in the event of a Complete Termination, be used by

20  any Party for any purpose in any trial in this Action.

21        Any Party may file this Settlement Agreement and/or the Final Judgment in

22  any action that may be brought to enforce the terms of this Settlement Agreement

23  and/or the Final Judgment, or any action related to rights or claims of Defendants

24  relating to indemnification and/or advancement in connection with this Action.

25        52.   All of the Exhibits to this Settlement Agreement are fully incorporated

26  herein by reference as though fully set forth herein.

27

28

---

Case 2:10-cv-00302-MRP -MAN   Document 176-15   Filed 08/20/10   Page 51 of 62   Page ID
Case 2:07-cv-05295-MRP -MAN   Document 704-3   Filed 06/29/10   Page 50 of 61   Page ID
#:33053

53.    The waiver by one Party of any breach of this Settlement Agreement by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Settlement Agreement.

54.    This Settlement Agreement, the Exhibits annexed hereto, and the Supplemental Agreement referred to in Paragraph 43 hereto constitute the sole and entire agreement among the Parties, and no representations, warranties, inducements, promises or agreements, oral or otherwise, have been made by or to any Party concerning this Settlement Agreement or its Exhibits or the Supplemental Agreement other than those contained and memorialized in such documents.  Any and all prior or contemporaneous discussions, negotiations, agreements, commitments, and understandings related thereto are superseded hereby.  Except as otherwise provided herein, each Party shall bear his, her, or its own fees and costs.

55.    Plaintiffs' Lead Counsel, with approval of Lead Plaintiffs, on behalf of the Class, is expressly authorized by Plaintiffs to take all appropriate action required or permitted to be taken by the Class pursuant to the Settlement Agreement to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to this Settlement Agreement on behalf of the Class that it deems appropriate.

56.    Each counsel or other Person executing the Settlement Agreement or any related settlement documents on behalf of any Party hereby warrants and represents that such Person has the full authority to do so and that such Person has the authority to take reasonable, necessary and appropriate action required or permitted to be taken pursuant to the Settlement Agreement to effectuate its terms.

57.    This Settlement Agreement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  This Settlement Agreement may be executed by

Case 2:10-cv-00302-MRP -MAN   Document 176-15   Filed 08/20/10   Page 52 of 62   Page ID
Case 2:07-cv-05295-MRP -MAN   Document #:7004   Filed 06/29/10   Page 51 of 61   Page ID
#:33054

1  exchange of faxed or e-mailed (in .pdf format) executed signature pages, and any

2  signature thereby transmitted shall be deemed an original signature for purposes of

3  this Settlement Agreement.

4      58.    The Settlement Agreement shall be binding upon, and inure to the

5  benefit of, the heirs, executors, administrators, trustees, parents, successors and

6  assigns of the Parties, including any corporation, trust, partnership or other entity

7  into which any Party heretofore has merged or with which it has been consolidated

8  or hereafter may merge or consolidate.

9      59.    The construction, interpretation, operation, effect and validity of this

10  Settlement Agreement and any ancillary documents necessary to effectuate it, shall

11  be governed by and interpreted according to the law of the State of California,

12  without regard to choice or conflicts-of-laws principles, except to the extent that

13  federal law requires that federal law governs.  Any dispute relating to this

14  Settlement Agreement shall be brought exclusively in the United States District

15  Court for the Central District of California, and each of the Parties agrees not to

16  contest subject matter jurisdiction, personal jurisdiction or assert that such forum is

17  inconvenient for any such dispute brought in this Court.  This is a mandatory

18  forum selection clause.

19      60.    The Court shall retain jurisdiction with respect to implementation and

20  enforcement of the terms of this Settlement Agreement, and the administration and

21  consummation of the Settlement embodied therein.  All Parties submit to the

22  jurisdiction of the Court for purposes of implementing and enforcing the

23  Settlement embodied in this Settlement Agreement.

24      61.    The Parties reserve the right, upon the agreement of all of them and

25  subject to the Court's approval, to make any reasonable extensions of time or

26  modifications to the Exhibits that might be necessary to carry out any of the

27  provisions of this Settlement Agreement.

28

---

AMENDED STIPULATION AND AGREEMENT OF SETTLEMENT
LEAD CASE NO. CV 07-05295 MRP (MANx)

Case 2:10-cv-00302-MRP -MAN   Document 176-15   Filed 08/20/10   Page 53 of 62   Page ID
Case 2:07-cv-05295-MRP -MAN   Document 784-9   Filed 06/29/10   Page 52 of 61   Page ID
#:33055
#:7935

1   62. All Parties agree that this Settlement Agreement was drafted by

2 counsel for the Parties in good faith and at arm's length, and that no parol or other

3 evidence may be offered to explain, construe, contradict or clarify its terms, the

4 intent of the Parties or their counsel, or the circumstances under which the

5 Settlement Agreement was made or executed.  This Settlement Agreement shall

6 not be construed more strictly against one Party than another merely by virtue of

7 the fact that it, or any part of it, may have been prepared or drafted by counsel for

8 that Party.  It is recognized that this Settlement Agreement was the result of arm's

9 length negotiations between counsel for the Parties and that counsel for all Parties

10 contributed substantially and materially to the preparation of this Settlement

11 Agreement.

12   63. This Settlement Agreement shall be effective on its Execution Date,

13 but the terms of the Settlement set forth herein shall become effective only on the

14 Effective Date.

15   64. The captions contained in this Settlement Agreement are inserted only

16 as a matter of convenience and in no way define, limit, extend or describe the

17 scope of this Settlement Agreement or the intent of any provision hereof.

18   65. In the event any one or more of the material provisions contained in

19 this Settlement Agreement shall for any reason be held to be invalid, illegal, or

20 unenforceable in any respect, this Settlement Agreement shall not be binding on a

21 Party without the consent of such Party to the change resulting from such finding

22 or holding.

23   66. By making their application for approval of this Settlement, Plaintiffs'

24 Lead Counsel and Defendants' Counsel shall not be deemed to have waived any

25 attorney-client privilege or other privilege, work product protection or other

26 protection, or immunity, and all information and documents transmitted between

27 Plaintiffs' Lead Counsel and Defendants' Counsel in connection with this

28

1   Settlement shall be inadmissible in any proceeding in any federal or state court or

2   other tribunal or otherwise, in accordance with Rule 408 of the Federal Rules of

3   Evidence as if such Rule applied in all respects in any such proceeding or tribunal.

4        67.    Pursuant to Paragraph 23 of the *Order Governing the Treatment of*

5   *Confidential Information* entered in this Action:  Except as a disclosing party

6   otherwise expressly authorizes in writing, within thirty (30) days after the Effective

7   Date, each Party's counsel shall, at the option of the disclosing party, and subject

8   to commercially reasonable efforts, either (a) return all documents and information

9   designated as confidential, whether produced during discovery or otherwise, in that

10   counsel's possession, custody or control, and all copies, portions, summaries, or

11   abstracts thereof to counsel for the disclosing party or (b) destroy and certify

12   destruction thereof; *provided, however,* that counsel for a Party may retain a file

13   copy of work product created in connection with this Action that includes

14   Confidential Materials, but such work product shall continue to be kept

15   confidential and shall not be shared with any third party including, without

16   limitation, any plaintiff or claimant, or any counsel to any such plaintiff or

17   claimant, in any other action or proceeding against any Defendant.  This provision

18   shall not apply to Defendants who have, in connection with other pending,

19   threatened or reasonably expected action(s), obligations not to destroy or dispose

20   of the documents and information produced in this Action, regardless of whether

21   such Defendants may be able to contend in such other action(s) that they are not

22   required to produce the documents and information designated as confidential in

23   this Action; *provided, however*, that such Defendants shall comply with the

24   requirements of this Paragraph 67 within the later of (i) thirty (30) days after Final

25   termination of such other litigation or (ii) such time as the Defendant no longer is

26   aware of any threatened or reasonably expected action(s).

27

28

Case 2:10-cv-00302-MRP -MAN   Document 176-15   Filed 08/20/10   Page 55 of 62   Page ID
#:7987
Case 2:07-cv-05295-MRP -MAN   Document 787   Filed 06/29/10   Page 54 of 61   Page ID
#:33057

68.    Unless otherwise indicated, any notice or other communication that may or must be given by any Party or its counsel, or by the Claims Administrator, under this Settlement Agreement shall be in writing and shall be delivered by e-mail and by prepaid overnight mail to counsel for the Party or Parties to which such notice or communication is directed at the e-mail and street addresses for such counsel set forth above and below.  Any party may change the address at which it is to receive notice by written notice delivered to all other Parties in the manner described above.

Agreed to as of June 29, 2010.

LABATON SUCHAROW LLP

By: */s/ Joel H. Bernstein*
    JOEL H. BERNSTEIN
    JONATHAN M. PLASSE
    IRA A. SCHOCHET
    DAVID J. GOLDSMITH
    MICHAEL H. ROGERS
    JOSHUA L. CROWELL

    *Lead Counsel for Lead Plaintiff*
    *Thomas P. DiNapoli, Comptroller*
    *of the State of New York, as*
    *Administrative Head of the New*
    *York State and Local Retirement*
    *Systems and as Trustee of the New*
    *York State Common Retirement*
    *Fund, and Lead Plaintiffs*
    *New York City Pension Funds*

KREINDLER & KREINDLER LLP

By: */s/ Gretchen M. Nelson*
    GRETCHEN M. NELSON
    MARK LABATON

    *Liaison Counsel for Lead Plaintiffs*

Case 2:10-cv-00302-MRP -MAN   Document 176-15   Filed 08/20/10   Page 56 of 62   Page ID
Case 2:07-cv-05295-MRP -MAN   Document 798   Filed 06/29/10   Page 55 of 61   Page ID
#:33058
#:7038

1

KAPLAN FOX & KILSHEIMER LLP

2

3   By: /s/ Joel B. Strauss
        JOEL B. STRAUSS
4       jstrauss@kaplanfox.com
        JEFFREY P. CAMPISI
5       jcampisi@kaplanfox.com
        850 Third Avenue
6       New York, New York 10022
        Telephone: 212-687-1980
7       Facsimile: 212-687-7714

8       *Attorneys for Plaintiffs*
        *Barry Brahn and Shelley B. Katzeff*

9

HENNIGAN, BENNETT & DORMAN LLP

10

11   By: /s/ J. Michael Hennigan
        J. MICHAEL HENNIGAN
12      hennigan@hbdlawyers.com
        KIRK D. DILLMAN
13      dillmank@hbdlawyers.com
        MICHAEL SWARTZ
14      swartzm@hbdlawyers.com
        865 South Figueroa Street, Suite 2900
15      Los Angeles, California 90017
        Telephone: 213-694-1200
16      Facsimile: 213-694-1234

17      *Liaison Counsel for Lead Plaintiffs*

18

19

20

21

22

23

24

25

26

27

28

---

Case 2:10-cv-00302-MRP -MAN   Document 176-15   Filed 08/20/10   Page 57 of 62   Page ID
Case 2:07-cv-05295-MRP -MAN   Document 749   Filed 06/29/10   Page 56 of 61   Page ID
#:7989
#:33059

GOODWIN PROCTER LLP

By: _/s/ Brian E. Pastuszenski_____
BRIAN E. PASTUSZENSKI
bpastuszenski@goodwinprocter.com
ALEXIS L. SHAPIRO
ashapiro@goodwinprocter.com
Exchange Place
53 State Street
Boston, Massachusetts 02109
Telephone: 617-570-1000
Facsimile: 617-523-1231

LLOYD WINAWER
lwinawer@goodwinprocter.com
10250 Constellation Boulevard., 21st Fl.
Los Angeles, California 90067
Telephone: 310-788-5177
Facsimile: 310-286-0992

*Attorneys for Defendants*
*Countrywide Financial Corporation,*
*Countrywide Securities Corporation,*
*and Countrywide Capital V*

Case 2:10-cv-00302-MRP -MAN   Document 176-15   Filed 08/20/10   Page 58 of 62   Page ID
Case 2:07-cv-05295-MRP -MAN   Document 704   Filed 06/29/10   Page 57 of 61   Page ID
#:33060

1

KPMG LLP

2

By: _/s/ Joseph I. Loonan_____

3
    JOSEPH I. LOONAN
    jloonan@kpmg.com

4
    757 Third Avenue
    New York, New York  10017

5

    *General Counsel*

6
    *KPMG LLP*

7
    *For purposes of any notice to KPMG LLP:*

8
    GWYN QUILLEN
    gwyn.quillen@bingham.com

9
    BINGHAM McCUTCHEN LLP
    The Water Garden

10
    Fourth Floor, North Tower
    1620 26th Street

11
    Santa Monica, California  90404-4060
    Telephone:  310.907.1000

12
    Facsimile:   310.907.2000

13
    *Attorneys for KPMG LLP*

14

15

IRELL & MANELLA LLP

16

By: _/s/ David Siegel_____

17
    DAVID SIEGEL
    dsiegel@irell.com

18
    DANIEL LEFLER
    dlefler@irell.com

19
    CHARLES ELDER
    celder@irell.com

20
    RANDALL JACKSON
    rjackson@irell.com

21
    1800 Avenue of the Stars, Suite 900
    Los Angeles, California  90067

22
    Telephone:  310-277-1010
    Facsimile:   310-203-7199

23
    *Attorneys for Defendant*

24
    *Angelo R. Mozilo*

25

26

27

28

Case 2:10-cv-00302-MRP -MAN   Document 176-15   Filed 08/20/10   Page 59 of 62   Page ID
Case 2:07-cv-05295-MRP -MAN   Document 641   Filed 06/29/10   Page 58 of 61   Page ID
#:7041
#:33061

1

ORRICK, HERRINGTON & SUTCLIFFE LLP

2

By: _/s/ Lori Lynn Phillips_____

3

LORI LYNN PHILLIPS
*lphillips@orrick.com*

4

701 Fifth Avenue, Suite 5700
Seattle, Washington 98104-7097

5

Telephone: 206-839-4300
Facsimile: 206-839-4301

6

7

MICHAEL D. TORPEY
*mtorpey@orrick.com*

8

PENELOPE A. GRABOYS BLAIR
*pgraboysblair@orrick.com*
The Orrick Building

9

405 Howard Street
San Francisco, California 94105-2669

10

Telephone: 415-773-5700
Facsimile: 415-773-5759

11

12

MICHAEL C. TU
*mtu@orrick.com*

13

777 South Figueroa Street, Suite 3200
Los Angeles, California 90017

14

Telephone: 213-629-2020
Facsimile: 213-612-2499

15

*Attorneys for Defendant*
*David Sambol*

16

17

18

19

20

21

22

23

24

25

26

27

28

Case 2:10-cv-00302-MRP -MAN   Document 176-15   Filed 08/20/10   Page 60 of 62   Page ID
#:7942
Case 2:07-cv-05295-MRP -MAN   Document 841   Filed 06/29/10   Page 59 of 61   Page ID
#:33062

DLA PIPER LLP (US)

By: /s/ Shirli Fabbri Weiss
SHIRLI FABBRI WEISS
shirli.weiss@dlapiper.com
401 B Street, Suite 1700
San Diego, California 92101-4297
Telephone: 619-699-2700
Facsimile: 619-699-2701

NICOLAS MORGAN
nicolas.morgan@dlapiper.com
1999 Avenue of the Stars, Suite 400
Los Angeles, California 90067-6022
Telephone: 310-595-3000
Facsimile: 310-595-3300

DAVID PRIEBE
david.priebe@dlapiper.com
JEFFREY B. COOPERSMITH
jeff.coopersmith@dlapiper.com
2000 University Avenue
East Palo Alto, California 94303-2248
Telephone: 650-833-2000
Facsimile: 650-833-2001

*Attorneys for Defendant*
*Eric P. Sieracki*


CALDWELL LESLIE & PROCTOR, PC

By: /s/ Christopher G. Caldwell
CHRISTOPHER G. CALDWELL
caldwell@caldwell-leslie.com
ANDREW ESBENSHADE
esbenshade@caldwell-leslie.com
DAVID K. WILLINGHAM
willingham@caldwell-leslie.com
1000 Wilshire Boulevard, Suite 600
Los Angeles, California 90017-2463
Telephone: 213-629-9040
Facsimile: 213-629-9022

*Attorneys for Defendant*
*Stanford L. Kurland*

Case 2:10-cv-00302-MRP -MAN   Document 176-15   Filed 08/20/10   Page 61 of 62   Page ID
#:7043
Case 2:07-cv-05295-MRP -MAN   Document 841   Filed 06/29/10   Page 60 of 61   Page ID
#:33063

1

MORRISON & FOERSTER LLP

2

By: _/s/ Jordan Eth_____

3

JORDAN ETH
*jeth@mofo.com*

4

JUDSON E. LOBDELL
*jlobdell@mofo.com*

5

425 Market Street
San Francisco, California 94105

6

Telephone: 415-268-7000
Facsimile: 415-268-7522

7

8

*Attorneys for Defendants*
*Henry Cisneros, Jeff Cunningham,*
*Robert Donato, Ben M. Enis,*

9

*Edwin Heller, Gwendolyn S. King,*
*Martin Melone, Robert Parry,*

10

*Oscar Robertson, Keith Russell,*
*and Harley Snyder*

11

12

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

13

14

By: _/s/ Eric S. Waxman_____

15

ERIC S. WAXMAN
*ewaxman@skadden.com*

16

PETER B. MORRISON
*peter.morrison@skadden.com*

17

VIRGINIA F. MILSTEAD
*virginia.milstead@skadden.com*

18

300 South Grand Avenue
Los Angeles, California 90071-3144

19

Telephone: 213-687-5000
Facsimile: 213-687-5600

20

*Attorneys for Defendants*
*Kathleen Brown and*

21

*Michael E. Dougherty*

22

23

24

25

26

27

28

AMENDED STIPULATION AND AGREEMENT OF SETTLEMENT                                    60
LEAD CASE NO. CV 07-05295 MRP (MANx)                        Exhibit 9

Case 2:10-cv-00302-MRP -MAN   Document 176-15   Filed 08/20/10   Page 62 of 62   Page ID
#:7841
Case 2:07-cv-05295-MRP -MAN   Document 841   Filed 06/29/10   Page 61 of 61   Page ID
#:33064

1

GIBSON, DUNN & CRUTCHER LLP

2

By:  */s/ Dean J. Kitchens*

3
     DEAN J. KITCHENS
     *dkitchens@gibsondunn.com*

4
     333 South Grand Avenue
     Los Angeles, California  90071-3197

5
     Telephone:  213-229-7000
     Facsimile:  213-229-7520

6

7
     JONATHAN DICKEY
     *jdickey@gibsondunn.com*

8
     200 Park Avenue, 48th Floor
     New York, New York  10166-0193

9
     Telephone:  212-351-2399
     Facsimile:  212-351-6399

10
     *Attorneys for Underwriter Defendants*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28