LIONEL Z. GLANCY (#134180)
MICHAEL GOLDBERG (#188669)
GLANCY BINKOW & GOLDBERG LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
E-mail: info@glancylaw.com

*Liaison Counsel for Lead Plaintiff Iowa Public Employees' Retirement System*

*[Additional Counsel on Signature Page]*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

MAINE STATE RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,

Plaintiff,

v.

COUNTRYWIDE FINANCIAL CORPORATION, et *al.*

Defendants.

No. 2:10-CV-00302 MRP (MAN)

CLASS ACTION

**PLAINTIFFS' RESPONSE TO DEFENDANTS' REQUESTS FOR JUDICIAL NOTICE**

Date: Oct. 18, 2010
Time: 11:00 a.m.
Courtroom: 12
Judge: Hon. Mariana R. Pfaelzer

Lead Plaintiff Iowa Public Employees' Retirement System submits this response to the Request for Judicial Notice filed by the Countrywide Defendants, Dkt. No. 160 (the "Countrywide RJN"), the Request for Judicial Notice filed by Defendant Stanford L. Kurland, Dkt. No. 150 (the "Kurland RJN"), the Request for Judicial Notice filed by the Underwriter Defendants, Dkt. No. 162 (the "Underwriters RJN"), and the Request for Judicial Notice filed by Defendants Bank of America Corp. and NB Holdings Corp., Dkt. No. 176 (the "BAC RJN" and together with the Countrywide RJN, Kurland RJN and Underwriters RJN, "Defendants' Requests for Judicial Notice").

## I. INTRODUCTION

Defendants seek judicial notice of approximately 57 documents, including among other things: SEC filings (Countrywide RJN Exhibits 1-11; Kurland RJN Exhibit 1; Underwriters RJN Exhibits 1-2; BAC RJN Exhibits 2, 6), analyst reports (Countrywide RJN Exhibits 39-43), and general articles and reports about the downturn in the mortgage industry beginning in 2007 (Countrywide RJN Exhibits 19-24). However, Defendants' broad request notwithstanding, judicial notice is a narrow exception to the "general rule" that "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citations omitted). As stated fully below, Defendants' Requests for Judicial Notice should be denied to the extent that they improperly: (a) seek judicial notice of the truth of facts contained in the documents that are not "generally known" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," (Fed. R. Evid. 201); (b) seek judicial notice of ***inferences*** that plainly are not adjudicative ***facts*** that may be judicially noticed; and (c) seek judicial notice of documents that are irrelevant and expressly precluded from being asserted in support of the instant motions to dismiss.

## II. LEGAL STANDARD FOR JUDICIAL NOTICE

On a motion to dismiss a court may consider the "complaint in its entirety," accepting its factual allegations "as true," "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007). A court may take judicial notice of a "fact" that "is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court "may only take judicial notice of adjudicative facts that are not subject to reasonable dispute." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Furthermore, on a motion to dismiss a court may draw "no inferences in Defendants' favor from those [judicially-noticed] documents." *McGuire v. Dendreon Corp.*, No. 07-800, 2008 WL 1791381, at *4 (W.D. Wash. Apr. 18, 2008).

## III. DEFENDANTS' REQUESTS FOR JUDICIAL NOTICE SHOULD BE DENIED

### A. The Court Should Not Take Judicial Notice of the Truth of the Matters Asserted in the Proffered Documents

To the extent Defendants seek judicial notice of the truth asserted in their proffered documents, judicial notice should be denied. Courts may not take judicial notice of materials for the truth of the matter asserted within them. *Troy Group, Inc. v. Tilson*, 364 F. Supp. 2d 1149, 1152 (C.D. Cal. 2005) (holding that courts may not take judicial notice of documents for the truth of the facts asserted therein); *see also In re Immune Response Sec. Litig.*, 375 F. Supp. 2d 983, 995 (S.D. Cal. 2005) ("consideration of the exhibits encourages a weighing of factual disputes; a process that is improper on a motion to dismiss"). To the extent that the mere existence of the proffered documents is irrelevant to this action, the request for judicial notice should be denied. *In re Yanek v. Staar Surgical Co.*, 388 F. Supp. 2d 1110, 1127 & n.11 (C.D. Cal. 2005) (judicial notice denied for irrelevant documents); *Wietschner*

*v. Monterey Pasta Co.*, 294 F. Supp. 2d 1102, 1109 (N.D. Cal. 2003) (judicial notice of facts permitted only if "sufficiently relevant" to the allegations in the complaint).[1]

**SEC Filings.** In securities cases, while a court generally may judicially notice SEC filings and other publicly available documents to establish the fact that such documents were made public, the truth of facts asserted in those documents is ***not*** the proper subject of judicial notice. In other words, "SEC filings 'should be considered only for the purpose of determining what statements the documents contain, not to prove the truth of the documents' contents.'" *Troy Group*, 364 F. Supp. 2d at 1152 (quoting *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996)). As this Court has noted before, "documents filed with the SEC [] are indisputably subject to judicial notice." Omnibus Order at 6, *Argent Classic Convertible Arbitrage Fund LP v. Countrywide Fin. Corp.*, No. 07-7097 MRP (MANx) (C.D. Cal. Mar. 19, 2009); *In re Countrywide Fin. Corp. Sec. Litig.*, No. 07-5295-MRP (MANx), 2009 WL 943271, at *3 (C.D. Cal. Apr. 6, 2009). However, as this Court has also noted before, it is generally inappropriate to take

[1] The Court should disregard the contents of Tabs 1-10 of the Countrywide Defendants' Appendix in Support of Their Motion to Dismiss. First, these "charts prepared by defense counsel" should not be judicially noticed because "the Court is capable of synthesizing information." *In re CV Therapeutics, Inc.*, No. 07-3709, 2004 WL 1753251, at *1, *13 (N.D. Cal. Aug. 5, 2004). Second, these tabs consist of improper arguments, simply in a chart format, outside of the briefing and the pleadings that are not judicially noticeable or otherwise properly considered on a motion to dismiss. *E.g.* Tab 1 (arguing statute of limitations issue); Tab 7 (arguing the issues of reliance and knowledge); Tab 10 (the "compendium of why claims are barred on their face"). Defendants' attempt to evade the page limitations for briefing the motions to dismiss should not be countenanced, and the ***116 additional pages of argument*** represented by Tabs 1-10 (on top of over ***100 total pages*** already in the moving briefs) should be stricken and disregarded. Third, it is not apparent from the faces of these charts the exact sources of the information used to compile them and the "method of [their] creation is uncertain"; therefore the Court should not take judicial notice of, or otherwise consider, these Tabs. *Teamsters Local 617 Pension & Welfare Funds v. Apollo Group, Inc.*, 633 F. Supp. 2d 763, 778 (D. Ariz. 2009), *vacated, in part, on other grounds by* 690 F. Supp. 2d 959 (D. Ariz. 2010). For example, it is particularly uncertain how the information was compiled in Tab 2 (pp. 21-22), Tab 4 (pp. 24-27), and Tab 5 (pp. 28-31). To the extent the information represented in Tabs 1-10 are incomplete, misleading or incorrect, Defendants must provide the underlying sources. *See* Fed. R. Evid. 1006.

judicial notice of SEC filings "for the truth of the matter asserted therein." *In re Countrywide Fin. Corp. Sec. Litig.*, 588 F. Supp. 2d 1132, 1160 (C.D. Cal. 2008).

Courts routinely refuse to take judicial notice of the truth of the contents of SEC filings. *See, e.g.*, *Troy Group*, 364 F. Supp. 2d at 1152 (refusing to take judicial notice of the truth of SEC filings' contents); *In re Northpoint Commc'ns Group, Inc. Sec. Litig.*, 221 F. Supp. 2d 1090, 1095 (N.D. Cal. 2002) (refusing to take judicial notice of SEC filings where "defendants would have the Court review them for notice of disputed facts therein"); *In re Dura Pharms., Inc. Sec. Litig.*, 548 F. Supp. 2d 1126, 1129 n.1 (S.D. Cal. 2008) ("With respect to SEC filings, the Court takes judicial notice only of the statements contained therein, but not for the purpose of determining the truth of those statements.").

Thus, the Court should not take judicial notice of the truth of the facts contained in Defendants' proffered SEC filings. Therefore, the documents proffered at Countrywide RJN Exhibits 1-11, Kurland RJN Exhibit 1, Underwriters RJN Exhibits 1-2, and BAC RJN Exhibits 2-6 may be judicially noticed ***only*** for the fact that those SEC filings were actually filed with the SEC and for the fact that those filings contain the statements found therein, ***but not*** for the truth of the facts contained in those SEC filings.

**Documents filed in other courts.** Defendants' request to have the Court take judicial notice of documents filed in other actions should be denied. A court "may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *San Luis v. Badgley*, 136 F. Supp. 2d 1136, 1146 (E.D. Cal. 2000) (citation omitted). Thus, the Court should not take judicial notice of the truth of the matters asserted in Countrywide RJN Exhibits 25-29, 35-36, 38 as well as BAC RJN Exhibit 7-9.

**Opinions of other courts.** Defendants' request to have the Court take judicial notice of other courts' opinions and orders should be denied. "On a Rule

12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may do so 'not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.'" *Lee*, 250 F.3d at 690 (quoting *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426-27 (3d Cir. 1999)).[2] As such, the Court should not take judicial notice of the truth of the facts recited in Countrywide RJN Exhibits 35-36, 38 and BAC RJN Exhibits 1, 8, 10.

**Analyst reports.** Defendants' request to have the Court take judicial notice of analyst reports should be denied. While the Court may take judicial notice of the existence of such analyst reports, the Court should not take judicial notice of truth of the facts contained in the analyst reports or the fact that the analyst reports were "publicly available to reasonable investors" at the time. *Beaver County Ret. Bd. v. LCA-Vision Inc.*, No. 07-750, 2009 WL 806714, at *7 (S.D. Ohio Mar. 25, 2009) (denying request for judicial notice of industry analyst reports); *see also In re Novastar Fin. Sec. Litig.*, No. 04-330, 2005 WL 1279033, at *2 (W.D. Mo. May 12, 2005) (denying request for judicial notice of analyst reports); *Brodsky v. Yahoo! Inc.*, 630 F. Supp. 2d 1104, 1111 (N.D. Cal. 2009) (refusing to take judicial notice of the truth of the contents in, *inter alia*, analyst reports). Thus the Court should not take judicial notice of the truth of the facts asserted in Countrywide RJN Exhibits 39-43.

**Conference call transcript**. Defendants' request to have the Court take judicial notice of a conference call transcript should be denied. The truth of the facts contained in a conference call transcript may not be judicially noticed. *Brodsky*, 630 F. Supp. 2d at 1111 ("The Court takes judicial notice of the fact that these statements

[2] Of course, the Court may consider the other opinions as points of law without taking judicial notice of the truth of the facts recited therein. However, Defendants cannot assert the truth of the facts recited in other or prior proceedings without converting the instant motions to dismiss into motions for summary judgment, *see S. Cross Overseas Agencies*, 181 F.3d at 427 n.7, which would entitle Plaintiffs to discovery.

[in the conference call transcripts] were made on the dates specified, but not of the truth of the matters asserted therein."). As such, the Court should not take judicial notice of the truth of the facts asserted in Countrywide RJN Exhibit 44.

### B. The Court Should Not Draw Inferences in Defendants' Favor from Judicially-Noticed Documents

As stated above, a court may take judicial notice of adjudicative ***facts*** but may not draw ***inferences*** in Defendants' favor from such facts judicially noticed. *McGuire*, 2008 WL 1791381, at *4 ("the Court will not draw inferences in favor of Defendants from the judicially-noticeable facts"). As such, the Court should reject Defendants' attempts, both implicit and explicit, to have the Court draw favorable inferences from judicially-noticed documents.

The analyst reports introduced by Defendants may be judicially noticed only for the fact that they were published. However, the Court should not draw the ***inference*** in Defendants' favor that the fact of publication also meant that the reports were widely available to reasonable investors. *See Beaver County*, 2009 WL 806714, at *7. The Court also should not draw the ***inference*** in Defendants' favor that the analyst reports sufficiently altered the total mix of available information such that investors believed the contents of the analyst reports and that, therefore, the truth of the contents of the analyst reports were adopted by and "known to investors." Countrywide RJN at 9. *See Provenz v. Miller*, 102 F.3d 1478, 1492-93 (9th Cir. 1996) (analyst reports did not "effectively counterbalance[] defendants' false and misleading statements") (citation omitted); *In re Countrywide Fin. Corp. Sec. Litig.*, 588 F. Supp. 2d at 1153 n.16 ("to use a truth on the market defense, defendants must show that the information was 'transmitted to the public with a degree of intensity and credibility sufficient to effectively counterbalance any misleading impression created by the insiders' one sided representations'") (quoting *Hanon v. Dataproducts Corp.*, 976 S.2d 497, 503 (9th Cir. 1992)); *Flecker v. Hollywood Entertainment Corp.*, No. 95-1926, 1997 WL 269488, at *6 (D. Or. Feb.

12, 1997) (proffered analyst report did not resolve the "question of fact" as to whether the impact of what was disclosed "was fully assimilated into the market").

Additionally, the articles and reports introduced by Defendants to show a broad economic and housing market decline beginning in 2007 should be disregarded because they are irrelevant. *See Yanek*, 388 F. Supp. 2d at 1127 & n.11 (judicial notice denied for irrelevant documents); *Wietschner*, 294 F. Supp. 2d at 1109. To the extent Defendants are requesting the Court draw inferences in their favor, *e.g.*, that "market dysfunctions had a substantial negative impact on the price of residential MBS" and that because of the downturn the "secondary mortgage market in which MBS (including those in this case) were traded disappeared," Defendants' Br.[3] at 20, Defendants' request for judicial notice should be denied.

Furthermore, the Court should reject Defendants' attempt to have the Court draw the ***inference*** that the overall downturn in the economy, as opposed to misrepresentations alleged in the Amended Complaint, is what affected the performance of the Certificates at-issue. *See* Defendants' Br. at 20, 69 n.65.[4] As this Court recognized in the Countrywide securities litigation, "[j]ust as the Court could take judicial notice of the fact that the country suffered from the Great Depression in the 1930s, ***the Court cannot use that fact to infer anything in particular about a business operating at the time***." *In re Countrywide Fin. Corp. Sec. Litig.*, 588 F. Supp. 2d at 1174 n.53 (quoting *In re 2007 Novastar Fin., Inc. Sec.*

[3] "Defendants' Br." refers to the primary memorandum filed by the Countrywide Defendants in support of their motion to dismiss (Dkt. No. 158-1).

[4] For example, Defendants improperly request that the Court draw the inferences that "[t]hese events – collapsing real estate prices and loss of employment in particular – triggered a spike in mortgage delinquencies and dilute any inferential value of rising delinquencies with respect to the accuracy of the representations in the Offering Documents," Defendants' Br. at 69, and because of the "mortgage industry collapse," "any inference that the performance of the MBS at issue in this case is attributable to misrepresentations is inherently weak and speculative." Defendants' Br. at 20.

*Litig.*, No. 07-139, 2008 WL 2354367, at *1 (W.D. Mo. June 4, 2008)) (emphasis added).[5]

As such, the Court should not take judicial notice of Countrywide RJN Exhibits 19-24 and should not draw any inferences in favor of Defendants from any judicially noticed documents. *McGuire*, 2008 WL 1791381, at *4.

## IV. CONCLUSION

For the reasons stated above, the Court should deny Defendants' Request for Judicial Notice.

Dated: September 13, 2010

Respectfully submitted,

**GLANCY BINKOW & GOLDBERG LLP**

/s/ Michael Goldberg

Michael Goldberg
Lionel Z. Glancy
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067

[5] Indeed, at the pleading stage courts consistently have rejected analogous arguments that losses sustained by investors were a result of the broader subprime market decline and related financial crisis (or other macroeconomic trends) and not a result of misleading statements or omissions regarding the fraudulent conduct of defendants. *See, e.g., In re New Century*, 588 F. Supp. 2d 1206, 1237-38 (C.D. Cal. 2008) (indicating that on the issue of loss causation, questions of "intervening causes" are "factual questions that this Court does not resolve on a 12(b)(6) motion"); *In re Imax Sec. Litig.*, 587 F. Supp. 2d 471, 486 (S.D.N.Y. 2008) ("the defendants will be entitled to interpose their defense of intervening facts…at trial" and as such "regardless of the plausibility of the argument[] the issue is inappropriate for resolution at [the motion to dismiss stage]"); *Lentell v. Merrill Lynch & Co., Inc.*, 396 F.3d 161, 174 (2d Cir. 2005) ("'If the loss was caused by an intervening event, like a general fall in the price of Internet stocks, the chain of causation…is a matter of proof at trial and not to be decided on a Rule 12(b)(6) motion to dismiss.'") (citation omitted); *Hubbard v. BankAtlantic Bancorp, Inc.*, No. 07-61542, *slip op.* at 6 (S.D. Fla. May 11, 2009) (rejecting defendants' "emphatic[]" argument "that it was the deterioration in the real estate market – not any material misrepresentations or omissions by the Defendants – that really caused the Company's losses" and reserving for the proof stage Defendants' "alternative causation theory"); *In re Wash. Mut., Inc. Sec., Deriv & ERISA Litig.*, No. 08-MD-1919, 2009 WL 1393679, at *18 (W.D. Wash. May 15, 2009) ("Plaintiff is not required to show that WaMu's misrepresentations were the only cause of the stock decline. Although the [housing] market downturn may have affected WaMu stock prices, this does not foreclose the possibility that the alleged disclosures had an impact as well.").

Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Liaison Counsel*

Steven J. Toll
Julie Goldsmith Reiser
Joshua S. Devore
Matthew B. Kaplan
S. Douglas Bunch
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C. 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

– and –

Joel P. Laitman
Daniel B. Rehns
**COHEN MILSTEIN SELLERS & TOLL PLLC**
88 Pine Street, 14th Floor
New York, New York 10005
Telephone: (212) 838-7797
Facsimile: (212) 838-7745

*Lead Counsel for the Class*

**PROOF OF SERVICE VIA ELECTRONIC POSTING PURSUANT TO CENTRAL DISTRICT OF CALIFORNIA LOCAL RULES AND ECF GENERAL ORDER NO. 10-07**

I, the undersigned, say:

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court. I am over the age of 18 and not a party to the within action. My business address is 1801 Avenue of the Stars, Suite 311, Los Angeles, California 90067.

On September 13, 2010, I caused to be served the following document:

**PLAINTIFFS' RESPONSE TO DEFENDANTS' REQUESTS FOR JUDICIAL NOTICE**

By posting the document to the ECF Website of the United States District Court for the Central District of California, for receipt electronically by the parties as listed on the attached Service List.

And on any non-ECF registered party:

**By Mail**: By placing true and correct copies thereof in individual sealed envelopes, with postage thereon fully prepaid, which I deposited with my employer for collection and mailing by the United States Postal Service. I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, this correspondence would be deposited by my employer with the United States Postal Service that same day.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 13, 2010, at Los Angeles, California.

***s/Michael Goldberg***
Michael Goldberg

# Mailing Information for a Case 2:10-cv-00302-MRP -MAN

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Randall K Berger**
  rberger@kmllp.com
- **Leiv H Blad , Jr**
  leiv.blad@bingham.com
- **S Douglas Bunch**
  dbunch@cohenmilstein.com
- **Spencer Alan Burkholz**
  spenceb@rgrdlaw.com,jillk@rgrdlaw.com,e_file_sd@rgrdlaw.com
- **Christopher G Caldwell**
  caldwell@caldwell-leslie.com,martindale@caldwell-leslie.com,hammer@caldwell-leslie.com,pettit@caldwell-leslie.com,willingham@caldwell-leslie.com,hayes@caldwell-leslie.com,popescu@caldwell-leslie.com,strother@caldwell-leslie.com,wong@caldwell-leslie.com,wilson@caldwell-leslie.com
- **Matthew D Caplan**
  matthew.caplan@dlapiper.com,carmen.ferrera@dlapiper.com,DocketingLA@dlapiper.com
- **Peter Young Hoon Cho**
  petercho@paulhastings.com
- **Boyd Cloern**
  boyd.cloern@bingham.com
- **Matthew W Close**
  mclose@omm.com
- **David C Codell**
  codell@caldwell-leslie.com
- **Jeffrey B Coopersmith**
  jeff.coopersmith@dlapiper.com
- **Brian Charles Devine**
  bdevine@goodwinprocter.com
- **Joshua S Devore**
  jdevore@cohenmilstein.com
- **Daniel S. Drosman**
  ddrosman@rgrdlaw.com,tholindrake@rgrdlaw.com,e_file_sd@rgrdlaw.com
- **Thomas E Egler**
  tome@rgrdlaw.com,kathyj@rgrdlaw.com
- **Inez H Friedman-Boyce**
  ifriedmanboyce@goodwinprocter.com
- **Michael M Goldberg**
  mmgoldberg@glancylaw.com,dmacdiarmid@glancylaw.com,info@glancylaw.com,rprongay@glancylaw.com
- **Penelope A Graboys Blair**
  pgraboysblair@orrick.com,jcopoulos@orrick.com
- **Joshua G Hamilton**
  joshuahamilton@paulhastings.com,melmanahan@paulhastings.com
- **Jeffrey M Hammer**
  hammer@caldwell-leslie.com
- **Sean M Handler**
  shandler@btkmc.com
- **Jennifer L Joost**
  jjoost@btkmc.com,acashwell@btkmc.com,mswift@btkmc.com
- **Matthew B Kaplan**
  mkaplan@cohenmilstein.com,efilings@cohenmilstein.com
- **Dean J Kitchens**
  dkitchens@gibsondunn.com,MOstrye@gibsondunn.com

- **Joel P Laitman**
  jlaitman@cohenmilstein.com
- **Christopher Lometti**
  clometti@cohenmilstein.com
- **Jennifer B Luz**
  jluz@goodwinprocter.com
- **Azra Z Mehdi**
  amehdi@milberg.com
- **Alexander K Mircheff**
  amircheff@gibsondunn.com,dlanning@gibsondunn.com,inewman@gibsondunn.com
- **Nicolas Morgan**
  nicolas.morgan@dlapiper.com
- **Sharan Nirmul**
  snirmul@btkmc.com,azivitz@btkmc.com,ecf_filings@btkmc.com
- **Brian E Pastuszenski**
  bpastuszenski@goodwinprocter.com,ktayman@goodwinprocter.com
- **Lauren Wagner Pederson**
  lpederson@btkmc.com,neena.verma@btkmc.com,dpotts@btkmc.com
- **Ira M Press**
  ipress@kmllp.com,lmorris@kmllp.com
- **David A Priebe**
  david.priebe@dlapiper.com,stacy.murray@dlapiper.com
- **Daniel B Rehns**
  drehns@cohenmilstein.com,efilings@cohenmilstein.com
- **Julie G Reiser**
  jreiser@cohenmilstein.com
- **Christina A Royce**
  croyce@rgrdlaw.com,e_file_sd@rgrdlaw.com
- **Scott H Saham**
  scotts@rgrdlaw.com,e_file_sd@rgrdlaw.com
- **Jennifer M Sepic**
  jennifer.sepic@bingham.com
- **Arthur L Shingler , III**
  ashingler@scott-scott.com,efile@scott-scott.com
- **Richard A Speirs**
  rspeirs@cohenmilstein.com
- **William F Sullivan**
  williamsullivan@paulhastings.com,lisavermeulen@paulhastings.com
- **Steven J Toll**
  stoll@cohenmilstein.com
- **Michael D Torpey**
  mtorpey@orrick.com
- **Michael C Tu**
  mtu@orrick.com,fphan@orrick.com
- **Avi N Wagner**
  avi@thewagnerfirm.com,anwagneresq@hotmail.com
- **Shirli Fabbri Weiss**
  shirli.weiss@dlapiper.com,emiko.gonzales@dlapiper.com
- **Lloyd Winawer**
  lwinawer@goodwinprocter.com,ahsia@goodwinprocter.com,sasmith@goodwinprocter.com,monyeagbako@goodwinprocter.com,cburgos@goodwinprocter.com
- **Andrew L Zivitz**
  azivitz@btkmc.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Lauren G Kerkhoff**
Robbins Geller Rudman & Dowd LLP
655 West Broadway Suite 1900
San Diego, CA 92101-8498

**SERVICE LIST (CONTINUED)**

**PARTIES RECEIVING NOTICE VIA U.S. MAIL**

**(NOT ON COURT'S ECF SYSTEM)**

Mail service is made on the last known address or believed-to-be current address of the following parties:

**FOR DEFENDANTS**

Seth Aronson
Matthew W. Close
O'Melveny & Myers LLP
400 S. Hope Street
Los Angeles, CA 90071
Telephone: (213) 430-6000
Email: mclose@omm.com

*Counsel for Bank of America Corporation and NB Holdings Corporation*