JENNIFER M. SEPIC (#234874)
BINGHAM McCUTCHEN LLP
355 South Grand Avenue, Suite 4400
Los Angeles, CA 90071-3106
Telephone: (213) 680-6400
Facsimile: (213) 680-6499
Email: jennifer.sepic@bingham.com

LEIV BLAD (*Admitted Pro Hac Vice*)
BOYD CLOERN (*Admitted Pro Hac Vice*)
BINGHAM McCUTCHEN
2020 K Street, NW
Washington, DC 20006
Telephone: 202-373-6000
Facsimile: 202-373-6001
Email: leiv.blad@bingham.com

*Attorneys for Defendant David A. Spector*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAINE STATE RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated.<br><br>Plaintiffs,<br><br>v.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, et al.<br><br>Defendants. | No. 2:10-CV-00302 MRP (MAN)<br><br><u>CLASS ACTION</u><br><br>**DEFENDANT DAVID SPECTOR'S REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>DATE: October 18, 2010<br>TIME: 11:00 a.m.<br>COURTROOM: 12<br>JUDGE: Hon. Mariana R. Pfaelzer |

## INTRODUCTION

Plaintiffs' Opposition Brief attempts to confuse a simple point: Section 13 creates a one-year statute of limitations, which can be tolled, and a three-year statute of repose, which cannot. The statute's clear and unambiguous language makes this obvious. While the statute of limitations imposes a subjective standard permitting suit "within one year after the *discovery*" of the false or misleading statement, the statute of repose imposes a stark, objective standard triggered by an easy to identify act: "*in no event*" shall a claim be filed more than three years after the bona fide offering date.

To wiggle out of this statutory box, Plaintiffs' Opposition ignores the statute's language, confuses statutes of limitations and repose, and asserts a position that is incompatible with fundamental notions of separation of powers.[1]

## ARGUMENT

**Plaintiffs ignore the clear and unambiguous language of the statute of repose.** Section 13 states: "*In no event* shall any such action be brought to enforce a liability created under section 77k or 77l (a)(1) of this title more than three years after the security was bona fide offered to the public, or under section 77l (a)(2) of this title more than three years after the sale." 15 U.S.C. § 77m (emphasis added). Tellingly, Plaintiffs cannot bring themselves to quote the statute verbatim, and they conveniently omit the phrase "in no event" every time they refer to it. The statute is categorical: there is no event that permits a claim filed more than three years after the bona fide offering date. Plaintiffs' argument that there is an event--the filing of a class action--that permits such a claim flatly contradicts the statute.

---

[1] In addition to the arguments made below, Mr. Spector joins in and hereby incorporates by reference the arguments made by the other Defendants in their Opening and Reply Briefs submitted in support of Defendants' Motions to Dismiss and Motion to Strike the Amended Consolidated Class Action Complaint.

**Plaintiffs improperly render the phrase "in no event" superfluous.**
Congress created the "in no event" limitation when it enacted Section 13 of the Securities Act of 1933, and maintained the limitation when it amended the Act in 1934 and re-codified it in 1998. We must give meaning to Congress' decision to create and then retain the clause, and we may not interpret the statute in a way that renders the clause inconsistent, meaningless, or superfluous. *Boise Cascade Corp. v. U.S. E.P.A.*, 942 F.2d 1427, 1432 (9th Cir. 1991); *see also Williams v. Taylor* 529 U.S. 362, 404 (2000) ("It is … a cardinal principle of statutory construction that we must 'give effect, if possible, to every clause and word of a statute.'") (quoting *United States v. Menasche,* 348 U.S. 528, 538-539 (1955) (internal quotations omitted)). Plaintiffs' tacitly admit that their reading of the statute would render the "in no event" clause superfluous because they fail to mention it even once in their Opposition Brief. If Congress had intended to grant exceptions to the repose period, it would not have included the categorical language; rather, it would have expressly permitted the exception Plaintiffs advocate. *See Marley v. United States,* 567 F.3d 1030, 1037 (9th Cir. 2009). That it did not do so ends the analysis and precludes an interpretation of the statute that renders the "in no event" clause superfluous.

**Plaintiffs confuse statutes of limitations and repose.** Plaintiffs argue that "the statute of repose is treated the same as the statute of limitations." (Opp. at 31.) That is wrong. The Courts have long distinguished between statutes of repose and limitations, and the Supreme Court has made a clear distinction between the statute of limitations and the statute of repose in Section 13. *See, e.g., Lampf v. Gilbertson*, 501 U.S. 350, 363 (1991); *P. Stolz Family P'ship L.P. v. Daum*, 355 F.3d 92, 102 (2d Cir. 2004); accord *Albillo-De Leon v. Gonzales*, 410 F.3d 1090, 1097 n.5 (9th Cir. 2005); *Take-Two Interactive Software, Inc. v. Brant*, No. 06 Civ. 05279 (LTS), 2010 U.S. Dist. LEXIS 32120, at *14 (S.D.N.Y. 2010). *See also Youxin Ma v. Merrill Lynch, Pierce, Fenner & Smith*, No. 08-4828-cv, 2010 U.S.

App. LEXIS 4262, at *8 n.4 (2d Cir. 2010) ("A statute of limitations creates an affirmative defense where plaintiff failed to bring suit within a specified period of time after his cause of action accrued, often subject to tolling principles.  By contrast, a statute of repose extinguishes a plaintiff's cause of action after the passage of a fixed period of time, usually measured from one of the defendant's acts.") (citations omitted) (emphasis in original).  In *Lampf v. Gilbertson*, the Court distinguished between the statutes of limitations and repose in Section 13 and held that the latter could not be tolled because its clear purpose was to serve as a cut-off on all claims, regardless of whether the plaintiff even knew it had suffered an injury.  501 U.S. at 363.  Thus, contrary to Plaintiffs' contention, the Supreme Court treats the statute of repose, unlike the statute of limitations, as a clear and unambiguous cut-off on all claims filed more than three years after the bona fide offering date.

**Plaintiffs' argument violates fundamental notions of separation of powers.**  Plaintiffs argue that, despite *Lampf*, the statute of repose can be tolled pursuant to *American Pipe*, even though that case was decided seventeen years before, and was not even mentioned in, *Lampf*.  We demonstrated in our opening brief why *American Pipe* tolling does not apply, and we write here only to raise another reason why this is so:  using *American Pipe* to toll the statute of repose would violate fundamental notions of separation of powers.  Although Plaintiffs complain that Defendants "wrongly assert that the authority for *American Pipe* tolling is Rule 23" (Opp. at 29), they never identify an alternative source of authority.  That is because the only possible source is Rule 23 itself.  *American Pipe* clearly and unambiguously founded its holding on the policies underlying Rule 23, and Plaintiffs do not argue otherwise.  *See American Pipe*, 414 U.S. at 551 & 553-54 (reasoning that tolling is intended to avoid "precisely the multiplicity of activity which Rule 23 was designed to avoid" and that permitting the filing of individual motions to intervene "would deprive Rule 23 class actions

of the efficiency and economy of litigation which is a principal purpose of the procedure[,]" thus "breed[ing] needless duplication of motions"). Indeed, in the case on which Plaintiffs principally rely, *Joseph v. Wiles*, the Tenth Circuit reasoned that *American Pipe* derives from "the purpose[]" of Federal Rule of Civil Procedure 23-- *i.e.*, judicial economy.  223 F.3d at 1167.

The source of authority for *American Pipe* tolling is critical.  Rule 23 is a legitimate source of judicial authority to interpret or change the scope of a statute of limitation because such statutes do not affect a substantive right conferred by Congress.  Conversely, Rule 23 is an illegitimate source to alter the statute of repose in Section 13, which even Plaintiffs acknowledge affects a substantive right. The Rules Enabling Act states explicitly that the Federal Rules of Civil Procedure do not affect substantive rights.  *See* 28 U.S.C. §2072(b).  The reason for this is clear:  the Federal Rules are judicially approved rules, not a federal statute, and therefore cannot alter a Congressional statute without infringing on the legislative powers of Congress.  Plaintiffs have no authority to contest this simple and well-accepted Constitutional principle, so they attempt to confuse the issue by relying on cases interpreting statutes of limitations.  (Opp. at 29.)  But these cases are inapposite because they have nothing to do with whether a Federal Rule of Civil Procedure may be used effectively to amend a substantive right granted by Congress.

Plaintiffs downplay the Rules Enabling Act's limitation on the application of Rule 23, but the Supreme Court has treated it as a clear jurisdictional boundary of the judicial branch's power.  The Court has stated that "Rule 23's requirements must be interpreted in keeping with Article III constraints, and with the Rules Enabling Act, which instructs that rules of procedure 'shall not abridge, enlarge or modify any substantive right." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 612-613 (1997) (holding that Rule 23 … must be interpreted with fidelity to the Rules Enabling Act.)

**The cases Plaintiffs' cite are inapposite.**  Plaintiffs try to create the impression that there are legions of cases holding that *American Pipe* tolling applies to the statute of repose in Section 13, but to no avail.  Three of the cases they cite predate *Lampf* and therefore are no longer good law.  *See In re Activision Sec. Litig.*, No. C-83-4639(A) MHP, 1986 WL 15339 (N.D. Cal. Oct. 20, 1986), *Hallerstein v. Mather* (D. Colo. 1973), *Ingenito v. Bermec Corp.*, 441 F.Supp. 525 (S.D.N.Y. 1977).  One case did not address Section 13 and interpreted a statute with materially different language.  *See Arivella v. Lucent Technologies, Inc.*, 623 F.Supp.2d 164 (D. Mass. 2009).  Finally, in the remaining cases the defendant did not make the separation of powers argument Defendants make here, and the courts therefore could not properly analyze the issue.  *See In re Flag Telecom Holding, Ltd. Sec. Litig.*, 352 F.Supp. 2d 429 (S.D.N.Y. 2005); *In re Discovery Zone Sec. Litig.*, 181 F.R.D. 582 (N.D. Ill. 1998); *Ballard v. Tyco Int'l, Ltd.,* No. MDL 02-MD-1335-PB, Civ. 04-CV-1336-PB, 2005 WL 1683598 (D. N.H. July 11, 2005); *In re Enron Sec. Corp. Derivative & 'ERISA' Litig.*, 529 F.Supp. 2d 644 (S.D. Tex. 2006; *Grubka v. Webaccess Int'l., Inc.*, 445 F.Supp. 2d 1259 (D. Colo. 2006).

We acknowledge that *Joseph v. Wiles*, 223 F.3d 1155 (10th Cir. 2000) has held that the statute of repose in Section 13 can be tolled pursuant to *American Pipe*.  But that is wrongly decided for the reasons set forth in Defendants' briefs, and the Court did not analyze the separation of powers issue raised here.  Moreover, there is no case in the Ninth Circuit addressing this issue.  This is an issue of first impression in this Circuit, and the cases Plaintiffs cite are not controlling.

/ / /

/ / /

/ / /

# CONCLUSION

For the foregoing reasons, and the reasons stated in other Defendants' Motions to Dismiss and Replies, Plaintiffs' claims against Mr. Spector should be dismissed with prejudice.

DATED:  September 27, 2010     **BINGHAM MCCUTCHEN LLP**


By: /s/ Jennifer M. Sepic

Leiv Blad (*Admitted Pro Hac Vice*)
Boyd Cloern (*Admitted Pro Hac Vice*)
Jennifer M. Sepic

*Attorneys for Defendant David A. Spector*

CERTIFICATE OF MAILING

I hereby certify that on September 27, 2010, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record.

By: /s/ Jennifer M. Sepic