1    CALDWELL LESLIE & PROCTOR, PC
     CHRISTOPHER G. CALDWELL, State Bar No. 106790
2    caldwell@caldwell-leslie.com
     DAVID C. CODELL, Of Counsel, State Bar No. 200965
3    codell@caldwell-leslie.com
     ANDREW ESBENSHADE, State Bar No. 202301
4    esbenshade@caldwell-leslie.com
     1000 Wilshire Boulevard, Suite 600
5    Los Angeles, California  90017-2463
     Telephone: (213) 629-9040
6    Facsimile: (213) 629-9022

7    Attorneys for Defendant
     STANFORD L. KURLAND

8

9            **UNITED STATES DISTRICT COURT**

10       **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

11               **WESTERN DIVISION**

12

| | |
|---|---|
| MAINE STATE RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated, | Case No. CV 10-0302-MRP (MANx) |
| Plaintiffs, | **REPLY MEMORANDUM OF STANFORD L. KURLAND IN SUPPORT OF MOTION TO DISMISS COUNTS I AND III OF THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT** |
| v. | |
| COUNTRYWIDE FINANCIAL CORPORATION, a Delaware corporation, et al., | **Date:     October 18, 2010**<br>**Time:     11:00 a.m.**<br>**Crtrm.:   12** |
| Defendants. | Trial Date:      None Set |

1

# TABLE OF CONTENTS

2
Page

3    I.    INTRODUCTION ..................................................................................1

4    II.   PLAINTIFFS FAIL TO ESTABLISH THAT THEIR CLAIMS ARE
           ENTITLED TO TOLLING UNDER *AMERICAN PIPE* ................................1

5
6          A.    Tolling of Section 13's Statute of Repose Would Be Inconsistent
                 with the Plain Language of the Statute and the Legislative
                 Scheme of the 1933 Act.................................................................1

7
8          B.    *Luther* Does Not Provide a Proper Basis for Tolling ...........................6

     III.  PLAINTIFFS' SECTION 15 CLAIM MUST BE DISMISSED AS TO
9          KURLAND.........................................................................................8

10   IV.   CONCLUSION ...................................................................................10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

Page(s)

<u>Cases</u>

*American Pipe & Constr. Co. v. Utah,*
    414 U.S. 538 (1974) ....................................................... 1-2, 4, 5, 6, 7

*Andrews v. Chevy Chase Bank, FSB,*
    243 F.R.D. 313 (E.D. Wis. 2007) ................................................ 4

*Arivella v. Lucent Techs., Inc.,*
    623 F.Supp.2d 164 (D. Mass. 2009) ............................................ 4

*Bailey v. Carnival Cruise Lines,*
    774 F.2d 1577 (11th Cir. 1985) ................................................ 6

*Ballard v. Tyco Int'l, Ltd.,* No. 04-CV-1336-PB,
    2005 WL 1683598 (D.N.H. July 11, 2005) .................................... 4

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ............................................................ 9

*Berry v. Valence Tech., Inc.,*
    175 F.3d 699 (9th Cir. 1999) ................................................... 10

*Burnett v. New York Cent. R.R. Co.,*
    380 U.S. 424 (1965) ............................................................ 5

*Catholic Social Services, Inc. v. INS,*
    232 F.3d 1139 (9th Cir. 2000) ................................................. 7

*Cullen v. Margiotta,*
    811 F.2d 698 (2d Cir. 1987) .................................................. 7, 8

*Glus v. Brooklyn E. Dist. Terminal,*
    359 U.S. 231 (1959) ............................................................ 5

*Goodyear Atomic Corp. v. Miller,*
    486 U.S. 174 (1988) ............................................................ 5

*Hairston v. Travelers Cas. & Sur. Co.,*
    232 F.3d 1348 (11th Cir. 2000) ................................................ 6

*Holmberg v. Armbrecht,*
    327 U.S. 392 (1946) ............................................................ 5

*In re Activision Sec. Litig.,* No. C-83-4639(A) MHP,
    1986 WL 15339 (N.D. Cal. Oct. 20, 1986) .................................... 4

*In re Am. Funds Sec. Litig.,*
    556 F.Supp.2d 1100 (C.D. Cal. 2008) ........................................ 7-8

CALDWELL
LESLIE &
PROCTOR

DEFENDANT STANFORD L. KURLAND'S REPLY IN SUPPORT OF MOTION TO DISMISS
COUNTS I AND III OF THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

*In re Copper Antitrust Litig.*,
   436 F.3d 782 (7th Cir. 2006) ...............................................5, 7, 8-9

*In re Countrywide Fin. Corp. Sec. Litig.*, No. CV-07-5295-MRP,
   2009 WL 943271 (C.D. Cal. Apr. 6, 2009) ...................................10

*In re DRAM Antitrust Litig.*,
   516 F.Supp.2d 1072 (N.D. Cal. 2007) ...........................................8

*In re Enron Corp. Sec.*,
   465 F.Supp.2d 687 (S.D. Tex. 2006) .............................................4

*Joseph v. Wiles*,
   223 F.3d 1155 (10th Cir. 2000) ....................................................4

*Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*,
   501 U.S. 350 (1991) ...........................................................2, 4, 5

*McDonald v. Sun Oil Co.*,
   548 F.3d 774 (9th Cir. 2008) .....................................................2, 6

*Meadows v. Pac. Inland Sec. Corp.*,
   36 F.Supp.2d 1240 (S.D. Cal. 1999) .............................................6

*NLRB v. Don Burgess Constr. Corp.*,
   596 F.2d 378 (9th Cir. 1979) .......................................................5

*P. Stolz Family P'ship L.P. v. Daum*,
   355 F.3d 92 (2d Cir. 2004) ..........................................................4

*Robbin v. Fluor Corp.*,
   835 F.2d 213 (9th Cir. 1987) .......................................................7

*SEC v. Seaboard Corp.*,
   677 F.2d 1301 (9th Cir. 1982) .....................................................2

*Short v. Belleville Shoe Mfg. Co.*,
   908 F.2d 1385 (7th Cir. 1990) .................................................2, 3

*Valenzuela v. Kraft Inc.*,
   801 F.2d 1170 (9th Cir. 1986) .....................................................7

*Wanetick v. Mel's of Modesto, Inc.*,
   811 F.Supp. 1402 (N.D. Cal. 1992) .............................................9

*Webb v. United States*,
   66 F.3d 691 (4th Cir. 1995) .........................................................6

<u>Statutes</u>

15 U.S.C. § 77p ...............................................................................6

15 U.S.C. § 77v ...............................................................................6

CALDWELL
LESLIE &
PROCTOR

28 U.S.C. § 1658 ...................................................................................4-5

42 U.S.C. § 1983 .......................................................................................7

Pub. L. 107–204, § 804(a), 116 Stat. 801 (2002) ...............................4-5

<u>Rules and Regulations</u>

Fed. R. Civ. P. 23 ................................................................................4-5

<u>Other Authorities</u>

116 Stat. 745, 2002 WL 32054452
    (remarks of Sen. Leahy, March 12, 2002) .....................................4-5

Brief for the Securities and Exchange Commission as Amicus Curiae,
    *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,*
    501 U.S. 350 (1991) (Case No. 90-333), 1990 WL 10012716 .......................3

# I.  INTRODUCTION

Defendant Stanford L. Kurland ("Kurland") hereby joins in the reply memoranda submitted by all defendants in support of their motions to dismiss and to strike the Amended Consolidated Class Action Complaint, as applicable to the claims against Kurland.  In addition, Kurland here provides further argument as to why Plaintiffs have failed to rebut Kurland's showing in his opening memorandum that this Court should dismiss all claims against him—under Sections 11 and 15 of the Securities Act of 1933 ("1933 Act")—as time-barred and that the Section 15 claim against him should be dismissed for the further reason that Plaintiffs' vague control person allegations lumping numerous Section 15 defendants together fail adequately to put Kurland on notice of the claim against him.

# II.  PLAINTIFFS FAIL TO ESTABLISH THAT THEIR CLAIMS ARE ENTITLED TO TOLLING UNDER *AMERICAN PIPE*

This lawsuit—filed more than three years after Kurland left Countrywide Financial Corporation ("Countrywide")—is plainly time-barred under Section 13's statute of limitations and statute of repose for the numerous reasons explained by various defendants, in whose arguments Kurland joins.  As explained below in particular, the three-year statute of repose in Section 13 of the 1933 Act does not permit tolling, including for class actions.  Even if tolling were generally available under the statute, the state-court *Luther* lawsuit on which Plaintiffs attempt to rely would not provide a basis for tolling either the one-year statute of limitations or the three-year statute of repose in Section 13.

## A.  *Tolling of Section 13's Statute of Repose Would Be Inconsistent with the Plain Language of the Statute and the Legislative Scheme of the 1933 Act*

Throughout much of Plaintiffs' Opposition, Plaintiffs attempt to conflate statutes of limitations and statutes of repose in order to benefit from the tolling principle set forth in *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 557-

CALDWELL
LESLIE &
PROCTOR

-1-
DEFENDANT STANFORD L. KURLAND'S REPLY IN SUPPORT OF MOTION TO DISMISS
COUNTS I AND III OF THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

1   58 (1974).  As Plaintiffs acknowledge, however, *American Pipe*  "examined the

2   policies underlying . . . *statutes of limitations* and class actions" and "held that the

3   *statute of limitations*" "were suspended during the pendency of" earlier-filed class

4   actions.  (Opp. at 26 (emphases added).)  *American Pipe* did not address statutes of

5   repose, and Plaintiffs' contention that Section 13's three-year repose period must be

6   "treated the same as the statute of limitations" (Opp. at 31) ignores that statutes of

7   limitations and repose "are distinct legal concepts with distinct effects."  *McDonald*

8   *v. Sun Oil Co.*, 548 F.3d 774, 779 (9th Cir. 2008).  Congress was aware of the

9   distinction between statutes of limitations and statutes of repose when it included in

10  the 1933 Act not only a limitations period triggered by the accrual of private

11  securities claims, but also a repose period that is not based on the accrual of claims

12  and that cannot be tolled.

13       The plain language of Section 13 sets forth a one-year statute of limitation

14  (triggered when plaintiffs discovered or should have discovered the untrue

15  statements or omissions that form the basis for the claim), as well as a three-year

16  statute of repose (triggered by a separate event that is independent of discovery) that

17  "is clearly to serve as a cutoff" of a defendant's liability, regardless of when any

18  claim might accrue.  *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501

19  U.S. 350, 363 (1991); *see also Short v. Belleville Shoe Mfg. Co.*, 908 F.2d 1385,

20  1391 (7th Cir. 1990) ("Unless the 'in no event more than three' language [in Section

21  13] cuts off claims of tolling and estoppel at three years . . . it serves no purpose at

22  all—what other function could be served by such language in a statute that starts the

23  time on discovery?"); *SEC v. Seaboard Corp.*, 677 F.2d 1301, 1308 (9th Cir. 1982)

24  ("[W]e believe the statutory language [of Section 13's statute of repose] requires the

25  conclusion that Congress meant the bar to be absolute.").  Extending the three-year

26  statute of repose would contravene the clear language of Section 13 and would not

27  be "consonant with the legislative scheme" established in the 1933 Act and in the

28  Securities Exchange Act of 1934 ("1934 Act").  *American Pipe*, 414 U.S. at 557-58.

CALDWELL
LESLIE &
PROCTOR

-2-

DEFENDANT STANFORD L. KURLAND'S REPLY IN SUPPORT OF MOTION TO DISMISS
COUNTS I AND III OF THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

1    The three-year statute of repose not only imposes, as Plaintiffs concede, an

2  "an outer limit" on "equitable tolling" (Opp. at 32), but also imposes an absolute bar

3  on liability under any circumstance.  As the Securities and Exchange Commission

4  has recognized, "the fixing of a defined point of repose is an important structural

5  component of Congress's plan for private securities law actions."  Brief for the

6  Securities and Exchange Commission as Amicus Curiae, *Lampf, Pleva, Lipkind,*

7  *Prupis & Petigrow v. Gilbertson,* 501 U.S. 350 (1991) (Case No. 90-333), 1990 WL

8  10012716, at *28.

9        [T]he outside period of repose in the 1933 and 1934 Act periods

10       reflects a general congressional policy against tolling of securities

11       claims. . . .  This policy stems from the view that, if tolling is

12       available, potential defendants will be subject to contingent liabilities

13       for indefinite periods.  Not only might this "deter [individuals] from

14       serving on boards of directors" because of fear of lingering liabilities,

15       78 Cong. Rec. 8200 (1934) (remarks of Sen. Byrnes), it could make it

16       more difficult for public companies to assess the impact of possible

17       litigation under rule 10b-5 for financial statement purposes, thereby

18       possibly adversely affecting the accuracy of their disclosure and

19       depriving investors of information adequate for informed evaluation of

20       such companies' potential liabilities for a longer period of time.

21  *Id.* at *28-29 (internal punctuation and citation omitted); *see also Short,* 908 F.2d at

22  1392 ("Setting an outer limit for claiming fraud or material omissions in the sale of

23  securities is an important aspect of § 13, one of the principal reasons Congress

24  designed the statute that way.").  As discussed in Kurland's opening memorandum,

25  those cases that have extended *American Pipe* to permit tolling of Section 13's

26  statute of repose failed to consider whether such tolling is consistent with

27  Congress's intent in enacting a fixed three-year repose period.  Instead, those cases

28

1   erroneously focused solely on the policies served by Rule 23 of the Federal Rules of

2   Civil Procedure.[1]

3        Although the absolute three-year cutoff may lead to seemingly harsh results

4   for some plaintiffs—sometimes "extinguishing a cause of action before it even

5   accrues," *P. Stolz Family Partnership L.P. v. Daum*, 355 F.3d 92, 103 (2d Cir.

6   2004)—Congress has concluded that the finality provided by a three-year cutoff is

7   preferable to any policies promoted by an extended window of liability, and the

8   courts must defer to that congressional determination.  As Justice Kennedy

9   recognized in his dissent in *Lampf*, in which the Supreme Court held that the 1-and-

10  3-year structure applied to implied causes of action under Section 10(b) of the 1934

11  Act, the "3-year absolute time bar" is "an unforgiving period of repose," but one that

12  "Congress may decide . . . should be corrected." *Lampf*, 501 U.S. at 378-79

13  (Kennedy, J., dissenting).[2]

14  _____

15  [1] Although Plaintiffs take issue with the notion that the "authority for *American Pipe*
    tolling is Rule 23 of the Federal Rules of Civil Procedure" (Opp. at 29), the
16  Supreme Court in *American Pipe* itself described the tolling principle it was
    adopting as an "interpretation of the Rule" adopted to further "the purposes of
17  litigative efficiency and economy that the Rule in its present form was designed to
    serve." *American Pipe*, 414 U.S. at 555-56.  Cases that have extended *American*
18  *Pipe* to statutes of repose have likewise invoked policy goals of Rule 23.  *See, e.g.,*
    *Joseph v. Wiles*, 223 F.3d 1155, 1166-67 (10th Cir. 2000); *Arivella v. Lucent Techs.,*
19  *Inc.*, 623 F.Supp.2d 164, 177 (D. Mass. 2009); *Andrews v. Chevy Chase Bank, FSB*,
    243 F.R.D. 313, 316-17 (E.D. Wis. 2007); *In re Enron Corp. Sec.*, 465 F.Supp.2d
20  687, 717 (S.D. Tex. 2006); *Ballard v. Tyco Int'l, Ltd.*, No. 04-CV-1336-PB, 2005
    WL 1683598, at *7 (D.N.H. July 11, 2005).
21
    The only case from within the Ninth Circuit on which Plaintiffs rely for the
22  proposition that Section 13's statute of repose can be tolled is the district court
    decision in *In re Activision Securities Litigation*, No. C-83-4639(A) MHP, 1986 WL
23  15339, at *4-5 (N.D. Cal. Oct. 20, 1986) (Opp. at 33-34), a decision in which the
    court, again, focused on the policies served by Rule 23 without giving adequate
24  consideration to the legislative scheme of the 1933 and 1934 Acts.  Moreover, *In re*
    *Activision* pre-dated *Lampf* by nearly five years.  In any event, *In re Activision* is
25  inapposite because it was a consolidated class action in which multiple complaints
    had been filed, not a case in which plaintiffs sought tolling based on a separate,
26  earlier-filed lawsuit.  1986 WL 15339, at *1-2.

27  [2] Indeed, Congress made just such a change following *Lampf*, increasing the one-
    year statute of limitations and three-year statute of repose for securities fraud claims
28  to two and five years, respectively.  Pub. L. 107–204, § 804(a), 116 Stat. 801 (2002)
    (footnote continued)

-4-

DEFENDANT STANFORD L. KURLAND'S REPLY IN SUPPORT OF MOTION TO DISMISS
COUNTS I AND III OF THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

1   The absolute bar imposed by Section 13's statute of repose stands in contrast

2   to statutes of limitation, which federal courts have long had the power to toll in

3   certain circumstances. *See Lampf*, 501 U.S. at 363 (noting the "venerable principle"

4   of tolling statutes of limitations). In *American Pipe*, the Supreme Court relied on

5   decades-old cases to conclude that Congress did not intend to prohibit tolling the

6   statute of limitations in appropriate circumstances; the Supreme Court was "not

7   breaking new ground" by "recognizing judicial power to toll statutes of limitation."

8   414 U.S. at 558 (citing *Burnett v. New York Cent. R.R. Co.*, 380 U.S. 424 (1965);

9   *Glus v. Brooklyn E. Dist. Terminal*, 359 U.S. 231 (1959); *Holmberg v. Armbrecht*,

10  327 U.S. 392 (1946)); *see also Goodyear Atomic Corp. v. Miller*, 486 U.S. 174, 184-

11  85 (1988) (courts "presume that Congress is knowledgeable about existing law

12  pertinent to the legislation it enacts"). That general power of the courts, however, is

13  inapplicable in the context of a congressional enactment of an absolute cut-off in a

14  particular statute such as the repose period in Section 13.

15      Plaintiffs contend that the statute of limitations that was tolled in *American*

16  *Pipe*, Section 4b of the Clayton Act, is similar to the statute of repose in Section 13.

17  (Opp. at 29 n.17.) Yet the limitations period in Section 4b—like the limitations

18  periods in the cases the Supreme Court cited to in *American Pipe* to illustrate the

19  longstanding principle of tolling statutes of limitations—is a single limitations

20  period triggered by the plaintiff's discovery of her injury.[3] Section 4b of the

21  Clayton Act is more akin to the one-year statute of limitations in Section 13 that is

22

23  (codified at 28 U.S.C. § 1658); *see* 116 Stat. 745, 2002 WL 32054452, at *4 (remarks of Sen. Leahy) (explaining that legislation would lengthen the timing periods established in *Lampf*).

24  [3] *American Pipe*, 414 U.S. at 541 n.2; *Burnett*, 380 U.S. at 426; *Glus*, 359 U.S. at

25  231-32. In each case the statute of limitations was expressly based on the accrual of the cause of action. In federal court, a cause of action accrues when an injury is

26  discovered or should have been discovered through the "exercise of reasonable diligence." *NLRB v. Don Burgess Constr. Corp.*, 596 F.2d 378, 382 (9th Cir. 1979);

27  *accord In re Copper Antitrust Litig.*, 436 F.3d 782, 789 (7th Cir. 2006) (discussing Section 4b of the Clayton Act).

28

CALDWELL LESLIE & PROCTOR

-5-

DEFENDANT STANFORD L. KURLAND'S REPLY IN SUPPORT OF MOTION TO DISMISS COUNTS I AND III OF THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

1   also triggered upon discovery and is also subject to tolling.  Moreover, the

2   legislative history of Section 4b confirmed that the four-year period "is strictly a

3   procedural limitation," *American Pipe*, 414 U.S. at 558 n.29, unlike the substantive

4   right created by Section 13's statute of repose.  *See McDonald*, 548 F.3d at 779

5   (unlike statutes of limitation, a statute of repose "has a more substantive effect")

6   (citation omitted); *Webb v. United States*, 66 F.3d 691, 700-01 (4th Cir. 1995) (a

7   statute of repose "creates a substantive right") (citation omitted).

8   ### B.    Luther *Does Not Provide a Proper Basis for Tolling*

9   Regardless of whether *American Pipe* can be extended to statutes of repose,

10  *Luther v. Countrywide Financial Corporation* (Los Angeles Superior Ct. Case No.

11  BC 380698) ("*Luther*"), the earlier-filed state court class action, does not trigger

12  tolling of Plaintiffs' claims against Kurland.  The 1933 Act, as amended by the

13  Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), provides for

14  exclusive federal jurisdiction over the type of class action filed in *Luther.  See* 15

15  U.S.C. §§ 77p, 77v.[4]  If the 1933 Act, as amended by SLUSA, does not allow for the

16  filing of *Luther*, then it is inconceivable that it would be "consonant with the

17  legislative scheme," *American Pipe*, 414 U.S. at 557-58, for the filing of such an

18  action to toll Section 13's statutes of limitations and repose.  Indeed, "for actions

19  over which the federal courts exercise exclusive jurisdiction, prior state actions may

20  not toll the statute of limitations for subsequent claims filed in federal court."

21  *Meadows v. Pac. Inland Sec. Corp.*, 36 F.Supp.2d 1240, 1252 (S.D. Cal. 1999);

22  *accord Hairston v. Travelers Cas. & Sur. Co.*, 232 F.3d 1348, 1353 (11th Cir.

23  2000); *Bailey v. Carnival Cruise Lines*, 774 F.2d 1577, 1580-81 (11th Cir. 1985).

24  The result should be no different in federal class action lawsuits.  Indeed, Rule 23

25

26  ────────────────

27  [4] On January 6, 2010, the Superior Court dismissed *Luther* for lack of subject matter jurisdiction.  (Dkt. 160, Countrywide Defendants' Request for Judicial Notice, Ex. 38.)  That case is now on appeal in state court.

28

-6-

1    does not govern and is not implicated by a state-court action such as *Luther*.  *Cf. In*

2    *re Copper Antitrust Litig.*, 436 F.3d at 793-95 (holding that an earlier-filed state

3    court class action did not implicate Rule 23 and that Rule 23 did not provide a

4    proper basis for tolling).[5]

5         Plaintiffs are not entitled to tolling for the additional reason that *American*

6    *Pipe* does not extend to subsequent class actions.  *Robbin v. Fluor Corp.*, 835 F.2d

7    213, 214 (9th Cir. 1987) (rejecting argument that *American Pipe* "should be

8    extended to include class members who file subsequent class actions").  To avoid

9    this rule, Plaintiffs contend that *Catholic Social Services, Inc. v. INS*, 232 F.3d 1139,

10   1149 (9th Cir. 2000), should be read broadly to apply here.  Plaintiffs fail, however,

11   to reconcile the differences between *Catholic Social Services* and this case.  (Opp. at

12   27 & n.15.)  In *Catholic Social Services*, the court created a narrow exception to the

13   general rule that *American Pipe* tolling does not extend to subsequent class actions

14   where the class in the earlier lawsuit had been certified and the action was dismissed

15   only because Congress enacted a new statute that eliminated the claims of the

16   named plaintiffs.  232 F.3d at 1146.  The same exception does not apply to *Luther*,

17   which was not dismissed *after* the class was certified due to an intervening act of

18   Congress, but well *before* class certification was decided because of the *Luther*

19   plaintiffs' decision to file in a court that lacked subject matter jurisdiction.  *See In re*

---

21   [5] Plaintiffs' reliance upon *Cullen v. Margiotta*, 811 F.2d 698 (2d Cir. 1987), is
22   misplaced.  (Opp. at 28.)  The issue in *Cullen* was whether the borrowed state-law
     statutes of limitations for claims under RICO and 42 U.S.C. § 1983 should be tolled
23   *under New York law*, not federal law, based on similar state law claims brought in a
     prior state class action.  *Id.* at 719-20.  Moreover, state courts have concurrent
24   jurisdiction over both RICO and Section 1983 claims; only a federal court may
     exercise jurisdiction over the *Luther* class action.
25        Plaintiffs also rely upon *Valenzuela v. Kraft Inc.*, 801 F.2d 1170 (9th Cir. 1986),
     a case involving the *equitable tolling* of a statute of limitation, for the proposition
26   that "federal courts have tolled statutes of limitation based on earlier-filed cases that
     were dismissed for lack of subject matter jurisdiction."  (Opp. at 36.)  Even if
27   Plaintiffs were entitled to equitable tolling like the plaintiff in *Valenzuela*, such
     tolling would not apply to Section 13's statute of repose.

28

CALDWELL
LESLIE &
PROCTOR

DEFENDANT STANFORD L. KURLAND'S REPLY IN SUPPORT OF MOTION TO DISMISS
COUNTS I AND III OF THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

1  *Am. Funds Sec. Litig.*, 556 F.Supp.2d 1100, 1111-12 (C.D. Cal. 2008), *vacated on*
2  *other grounds*, No. 08-56034, 2010 WL 3679351 (9th Cir. Sept. 17, 2010)
3  (concluding that *Catholic Social Services* did not require tolling for successor class
4  action where "no class has ever been certified"); *In re DRAM Antitrust Litig.*, 516
5  F.Supp.2d 1072, 1102 (N.D. Cal. 2007) (declining to apply class action tolling
6  doctrine to successor class action where "*no decision . . .* has yet been made in the
7  earlier filed class action").

8  **III.    PLAINTIFFS' SECTION 15 CLAIM MUST BE DISMISSED AS TO**
9         **KURLAND**

10         Regardless of whether Plaintiffs are entitled to tolling under *American Pipe*,
11  their control person claim against Kurland should be dismissed because it is time-
12  barred and insufficiently pled.

13         Although a Section 15 claim had been pending against Kurland at one time in
14  the *Luther* state-court action, the *Luther* plaintiffs withdrew their Section 15 claim
15  against Kurland when they filed their consolidated class action complaint on
16  October 16, 2008—nearly fifteen months before Plaintiffs filed their original
17  complaint in this action.  Plaintiffs' Section 15 claim therefore must be dismissed as
18  to Kurland because there can be no doubt that the *Luther* action should have put
19  Plaintiffs on notice of a potential claim, and the one-year statute of limitations under
20  Section 13 accordingly expired before the filing of this lawsuit.

21         Contrary to Plaintiffs' suggestion, similarities in the factual allegations in this
22  action and *Luther* do not change this result.[6]  It is not enough that facts are similar;
23  "there must be identity of claims for tolling to be operative."  *In re Copper Antitrust*

24  _____

25  [6] Citing *Cullen v. Margiotta*, Plaintiffs maintain that they are entitled to tolling even
    after the *Luther* plaintiffs voluntarily dropped their Section 15 claim against Kurland
26  because "*American Pipe* tolling applies to all claims arising from the same or
    similar facts."  (Opp. at 42.)  As discussed above, *Cullen* is inapplicable to this
27  lawsuit because it addressed whether tolling was warranted under New York courts'
    application of New York tolling law.
28

CALDWELL
LESLIE &
PROCTOR

1  *Litig.*, 436 F.3d at 795.  In *In re Copper Antitrust Litigation*, the court held that an

2  earlier-filed state court class action did not toll similar claims that were later filed in

3  federal court and arose from the same facts.  *Id.* at 795-96.  The court acknowledged

4  that the earlier-filed class action may have put defendants on notice of similar

5  claims—thereby satisfying one purpose of a statute of limitations—but stated that

6  "notice alone is certainly not enough to toll the statute of limitations."  *Id.* at 796.

7      Plaintiffs' Section 15 claim should be dismissed for the additional reason that

8  Plaintiffs' conclusory control person allegations fail to state a claim.  Plaintiffs lump

9  Kurland together with twelve other Section 15 defendants and claim that they are all

10  liable for the conduct of five Issuing Defendants—Countrywide Financial Corp.,

11  CWALT, Inc., CWMBS, Inc., CWABS, Inc., and CWHEQ, Inc.—without drawing

12  any distinctions among the Section 15 defendants.  (Am. Compl. ¶ 233.)  Plaintiffs

13  allege Kurland's position at each Issuing Defendant and that he signed certain

14  Registration Statements, but otherwise make no allegations about how Kurland

15  allegedly controlled each Issuing Defendant.  *See Wanetick v. Mel's of Modesto,*

16  *Inc.*, 811 F.Supp. 1402, 1407 (N.D. Cal. 1992) ("[A] plaintiff basing allegations on

17  'control person' status, must inform the defendants who they are alleged to control

18  and what acts or status indicate such control.") (citations omitted).  Plaintiffs'

19  indiscriminate allegations lack the minimal specificity required to provide Kurland

20  with notice of the claims brought against him.  *Bell Atl. Corp. v. Twombly*, 550 U.S.

21  544, 555 (2007).

22      Plaintiffs attempt to rescue their sweeping allegations—which maintain that

23  Kurland acted as a control person *even after he was terminated from Countrywide*—

24  by stating that "the fact that Kurland left Countrywide's employment does not itself

25  prove that he no longer could influence the primary violators."  (Opp. at 112.)

26  Plaintiffs do not, however, allege that Kurland continued to control any Issuing

27  Defendant following his termination, and the Section 15 claim should accordingly

28  be dismissed to the extent it is predicated on Section 11 or 12(a)(2) claims that are

CALDWELL
LESLIE &
PROCTOR

-9-

based on offerings after his termination date. *Berry v. Valence Tech., Inc.*, 175 F.3d 699, 707 (9th Cir. 1999). In *Berry*, a case cited by Plaintiffs (Opp. at 113 n. 65), the court affirmed the dismissal of control person claims against a former executive to the extent the claims were premised on alleged misstatements made after his resignation. 175 F.3d at 707. This Court likewise dismissed a Section 15 claim against a former director to the extent it was predicated on offerings after his resignation. *See In re Countrywide Fin. Corp. Sec. Litig.*, No. CV-07-5295-MRP (MANx), 2009 WL 943271, at *7 (C.D. Cal. Apr. 6, 2009). At a minimum, the Court should also dismiss Plaintiffs' Section 15 claim against Kurland to the extent it is based on offerings after September 7, 2006, the date on which Kurland was terminated. (Dkt. 151, Ex. A, Item 1.02.)

## IV.   CONCLUSION

For the foregoing reasons and the reasons stated in all Defendants' motions to dismiss and replies in support thereof, the Court should dismiss with prejudice Counts I and III of the Amended Consolidated Class Action Complaint against Kurland.

DATED: September 27, 2010          Respectfully submitted,

CALDWELL LESLIE & PROCTOR, PC
CHRISTOPHER G. CALDWELL
DAVID C. CODELL, Of Counsel
ANDREW ESBENSHADE


By _____/s/_____
            DAVID C. CODELL
Attorneys for Defendant
STANFORD L. KURLAND

CALDWELL
LESLIE &
PROCTOR

-10-
DEFENDANT STANFORD L. KURLAND'S REPLY IN SUPPORT OF MOTION TO DISMISS
COUNTS I AND III OF THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT