1  DEAN J. KITCHENS, SBN 82096,
   DKitchens@gibsondunn.com
2  ALEXANDER K. MIRCHEFF, SBN 245074,
   AMircheff@gibsondunn.com
3  GIBSON, DUNN & CRUTCHER LLP
   333 South Grand Avenue
4  Los Angeles, California 90071-3197
   Telephone: 213.229.7000
5  Facsimile: 213.229.7520

6  Attorneys for Defendants Banc of America
   Securities LLC, Barclays Capital Inc., Bear,
7  Stearns & Co. Inc., BNP Paribas Securities Corp.,
   Citigroup Global Markets Inc., Credit Suisse
8  Securities (USA) LLC, Deutsche Bank Securities
   Inc., Edward D. Jones & Co., L.P., Goldman,
9  Sachs & Co., Greenwich Capital Markets, Inc.
   (now RBS Securities Inc.), J.P. Morgan Securities
10 Inc., HSBC Securities (USA) Inc., Merrill, Lynch,
   Pierce, Fenner & Smith, Incorporated, Morgan
11 Stanley & Co. Incorporated, UBS Securities LLC,
   and JPMorgan Chase & Co.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MAINE STATE RETIREMENT SYS., Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>COUNTRYWIDE FINANCIAL CORP., et al.,<br><br>Defendants. | CASE NO. 2:10-CV-00302 MRP (MANx)<br><br>**REPLY BRIEF IN SUPPORT OF JOINDER OF UNDERWRITER DEFENDANTS IN COUNTRYWIDE DEFENDANTS' MOTION TO DISMISS THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Hon. Mariana R. Pfaelzer<br><br>Hearing<br>Date:  October 18, 2010<br>Time:  11:00 a.m.<br>Place:  Courtroom 12 |

Gibson, Dunn & Crutcher LLP

REPLY BRIEF IN SUPPORT OF JOINDER OF UNDERWRITER DEFENDANTS IN
COUNTRYWIDE DEFENDANTS' MOTION TO DISMISS
CASE NO. 2:10-CV-00302 MRP (MANx)

**Memorandum of Points and Authorities**

## I.  JOINDER AS TO COUNTRYIDE DEFENDANTS' BRIEF

Defendants Banc of America Securities LLC, Barclays Capital Inc., Bear, Stearns & Co. Inc. (now J.P. Morgan Securities LLC), BNP Paribas Securities Corp., Citigroup Global Markets Inc., Credit Suisse Securities (USA) LLC, Edward D. Jones & Co., L.P., Deutsche Bank Securities Inc., Goldman, Sachs & Co., Greenwich Capital Markets, Inc. (now RBS Securities Inc.), J.P. Morgan Securities Inc. (now J.P. Morgan Securities LLC), HSBC Securities (USA) Inc., Merrill, Lynch, Pierce, Fenner & Smith, Incorporated, Morgan Stanley & Co. Incorporated, and UBS Securities LLC (collectively, the "Underwriter Defendants"), as well as JPMorgan Chase & Co. ("JPMorgan"),[1] join in the Countrywide Defendants' Reply Brief in support of their Motion to Dismiss Plaintiffs' Amended Consolidated Class Action Complaint for Violation of Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 and adopt by reference the arguments and authorities set forth in that Brief, and such other written or oral argument as may be presented.

## II.  PLAINTIFFS FAIL TO STATE A CLAIM AGAINST JPMORGAN CHASE & CO.

Further, JPMorgan submits that Plaintiffs' opposition brief fails to rescue the purported "successor-in-interest" claim against it.  Notably, Plaintiffs have not disputed (nor could they) the hornbook proposition that as a mere corporate parent, JPMorgan is not vicariously liable for the acts of its subsidiary, nor its subsidiary's preacquisition liabilities, absent some special circumstance not pleaded here.  *See United States v. Bestfoods*, 524 U.S. 51, 61 (1998); *Argent Classic Convertible Arbitrage Fund L.P. v. Countrywide Fin. Corp.*, No. 07-cv-07097, slip op. at 7-9 (C.D.

---

[1] JPMorgan Chase & Co. was erroneously named as "JPMorgan Chase, Inc."  There is no such entity.

1

Gibson, Dunn & Crutcher LLP

REPLY BRIEF IN SUPPORT OF JOINDER OF UNDERWRITER DEFENDANTS IN COUNTRYWIDE DEFENDANTS' MOTION TO DISMISS
CASE NO. 2:10-CV-00302 MRP (MANx)

1    Cal. Mar. 19, 2009).  Nor do Plaintiffs claim (much less point to any allegation in their
2    Amended Complaint) that JPMorgan ever merged with Bear, Stearns & Co. Inc.
3    ("BS&C"), or point to any other conceivable arrangement where JPMorgan agreed to
4    assume BS&C's liabilities.  *See* Opp. at 114.
5         Plaintiffs' silence on these points is consistent with their Amended Complaint,
6    which alleges that J.P. Morgan Securities Inc., a wholly owned *subsidiary* of
7    JPMorgan and a party to this case, is the successor-in-interest to BS&C.  (Compl. ¶
8    42.)  The Amended Complaint never claims that BS&C was ever anything more than a
9    *subsidiary* of JPMorgan.  *See id.*  Indeed, the Amended Complaint's only allegation
10   that "JPMorgan is successor in interest to Bear Stearns" (*id.* ¶ 201) is unaccompanied
11   by any factual allegation whatsoever, and therefore is an unsupported legal conclusion
12   that should be disregarded on a motion to dismiss.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937,
13   1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 567 (2007)); *see also*
14   *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) ("[T]he court [is
15   not] required to accept as true allegations that are merely conclusory, unwarranted
16   deductions of fact, or unreasonable inferences.").
17        Instead, in support of their claim against JPMorgan, Plaintiffs make two related
18   arguments, neither of which has merit.  First, Plaintiffs erroneously characterize
19   JPMorgan as having argued that it had "nothing to do with the acquisition."  Opp. at
20   114.  As an initial matter, this was never JPMorgan's position.  But even more
21   important, it simply is not that law that a corporate parent assumes another entity's
22   liabilities because it had "[something] to do with the acquisition" of the other firm.
23   *See, e.g.*, *Bestfoods*, 524 U.S. at 61 (stating that it is a "general principle of corporate
24   law deeply ingrained in our economic and legal systems" that "a 'parent corporation'
25   . . . is not liable for the acts of its subsidiaries"); *Argent*, No. 07-cv-07097, slip op. at 7
26   ("a parent does not assume an acquired subsidiary's preacquisition liabilities").
27   Plaintiffs cite no authority for this suggestion, and JPMorgan is aware of none.
28

2
REPLY BRIEF IN SUPPORT OF JOINDER OF UNDERWRITER DEFENDANTS IN
COUNTRYWIDE DEFENDANTS' MOTION TO DISMISS
CASE NO. 2:10-CV-00302 MRP (MANx)

Gibson, Dunn &
Crutcher LLP

Second, Plaintiffs cite press releases purportedly stating that JPMorgan "acquire[d]" BS&C, and then claim that JPMorgan is now improperly "deny[ing] any liability for doing so." *See* Opp. at 114.  Plaintiffs further claim that the press releases create a "factual dispute" that cannot be resolved on a motion to dismiss.  *Id.*  Plaintiffs are incorrect.  Quite obviously a press release, which necessarily speaks in general terms, could not undo the fundamental principle that corporate parents are not liable for the acts of subsidiaries, particularly in the absence of any suggestion by Plaintiffs that they somehow relied to their detriment on a statement in the press release.  But even more importantly, the press releases here do not say what Plaintiffs claim.  Each of the press releases refers to JPMorgan's acquisition of *The Bear Stearns Companies Inc.*, which was the ultimate parent company of BS&C, and not BS&C itself.  *See* Pls. Request For Judicial Notice Ex. 3 at 124, Ex. 4 at 129; Ex. 5 at 133.  *B&SC* is not mentioned at all, and Plaintiffs' suggestion to the contrary appears merely to gloss over (once again) the crucial differences between corporate entities.  *Id.*  So there is no inconsistency whatsoever.  The press releases do not negate JPMorgan's point that *BS&C* merely merged with J.P. Morgan Securities Inc. and was never anything more than a subsidiary of JPMorgan.

Accordingly, JPMorgan respectfully submits that Plaintiffs have offered no basis for the claim against it.  There simply is no distinction between the attempt to plead successor-in-interest liability in this case, and the attempt that this Court rejected in *Argent*, No. 07-cv-07097, slip op. at 7-9.  Therefore, the claim against JPMorgan here likewise should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Gibson, Dunn & Crutcher LLP

3

REPLY BRIEF IN SUPPORT OF JOINDER OF UNDERWRITER DEFENDANTS IN COUNTRYWIDE DEFENDANTS' MOTION TO DISMISS
CASE NO. 2:10-CV-00302 MRP (MANx)

DATED: September 27, 2010

Dean J. Kitchens
Alexander K. Mircheff
GIBSON, DUNN & CRUTCHER LLP

By: /s_____
        Dean J. Kitchens

Attorneys for Underwriter Defendants and JPMorgan Chase & Co.

100941818_1.DOC

4

Gibson, Dunn & Crutcher LLP

REPLY BRIEF IN SUPPORT OF JOINDER OF UNDERWRITER DEFENDANTS IN COUNTRYWIDE DEFENDANTS' MOTION TO DISMISS
CASE NO. 2:10-CV-00302 MRP (MANx)