1   WILLIAM F. SULLIVAN (SB# 78353)
    *williamsullivan@paulhastings.com*
2   JOSHUA G. HAMILTON (SB# 199610)
    *joshuahamilton@paulhastings.com*
3   PETER Y. CHO (SB# 255181)
    *petercho@paulhastings.com*
4   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    515 South Flower Street
5   Twenty-Fifth Floor
    Los Angeles, CA  90071-2228
6   Telephone:  (213) 683-6000
    Facsimile:  (213) 627-0705
7
8   Attorneys for Defendants
    *Ranjit Kripalani* and *Jennifer S. Sandefur*

9

10                  UNITED STATES DISTRICT COURT

11                  CENTRAL DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| MAINE STATE RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated, | CASE NO. 2:10-CV-00302 MRP (MAN) |
| Plaintiff, | **DEFENDANTS RANJIT KRIPALANI AND JENNIFER S. SANDEFUR'S CORRECTED REPLY IN SUPPORT OF MOTION TO DISMISS THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT** |
| vs. | |
| COUNTRYWIDE FINANCIAL CORPORATION, a Delaware corporation; COUNTRYWIDE HOME LOANS, INC.; CWALT, INC.; a Delaware corporation; CWMBS, INC., a Delaware corporation; CWABS, INC., a Delaware corporation; CWHEQ, INC., a Delaware corporation; COUNTRYWIDE CAPITAL MARKETS; COUNTRYWIDE SECURITIES CORPORATION; J.P. MORGAN SECURITIES INC.; DEUTSCHE BANK SECURITIES, INC; BEAR, STEARNS & CO., INC., et al., | Date:         October 18, 2010<br>Time:         11:00 a.m.<br>Courtroom: 12<br>Judge:       Hon. Mariana R. Pfaelzer |
| Defendants. | |

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ................................................................................1

II.   PLAINTIFFS LACK STANDING TO ASSERT CLAIMS BASED ON OFFERINGS IN WHICH THEY DID NOT PURCHASE SECURITIES ...................................................................................2

   A.   There Is No Basis To Delay The Question Of Standing Until Class Certification ...................................................................3

   B.   Plaintiffs Do Not Satisfy The Constitutional And Statutory Standing Requirements For Their Section 11 Claims ...........................4

   C.   Plaintiffs Cannot Rely On The Shelf Registration Statements To Cure Their Standing Defects .................................................6

III.  PLAINTIFFS' CLAIMS RELATING TO THE SEVEN OFFERINGS AT ISSUE AGAINST MR. KRIPALANI AND MS. SANDEFUR ARE TIME-BARRED ...........................................................................8

   A.   Plaintiffs' Claims Are Barred By The One-Year Statute Of Limitations Under Section 13 Of The Securities Act .........................8

   B.   Plaintiffs' Claims Against Mr. Kripalani And Ms. Sandefur Were Not Tolled By *Luther*.................................................9

IV.   PLAINTIFFS' SECTION 15 CLAIM SHOULD BE DISMISSED ............ 11

V.    CONCLUSION.......................................................................... 13

1

# TABLE OF AUTHORITIES

2

**Page**

3

4    CASES

5    *American Pipe & Constr. Co. v. Utah,*
          414 U.S. 538, 94 S. Ct. 756, 38 L. Ed. 2d 713 (1974)..........................................1

6

7    *Arthur Children's Trust v. Keim,*
          994 F.2d 1390 (9th Cir. 1993) ........................................................................ 12

8    *Ascon Properties, Inc. v. Mobil Oil Co.,*
          866 F.2d 1149 (9th Cir. 1989) ..........................................................................2

9

10   *Ashcroft v. Iqbal,*
          129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)...................................................... 11

11   *Batwin v. Occam Networks, Inc.,*
          No. CV 07-2750, 2008 WL 2676364 (C.D. Cal. July 1, 2008)....................... 12

12

13   *City of Ann Arbor Employees' Ret. Sys. v. Citigroup Mortg. Loan Trust Inc.,*
          703 F. Supp. 2d 253 (E.D.N.Y. 2010) ......................................................... 4, 7

14   *Crown, Cork & Seal Co., Inc. v. Parker,*
          462 U.S. 345, 103 S. Ct. 2392, 76 L. Ed. 2d 628 (1983)...................................9

15

16   *Fallick v. Nationwide Mutual Insurance Company,*
          162 F.3d 410 (6th Cir. 1998) ............................................................................5

17   *Goodman v. Lukens Steel Co.,*
          777 F.2d 113 (3d Cir. 1985)..............................................................................6

18

19   *Gratz v. Bollinger,*
          539 U.S. 244, 123 S. Ct. 2411, 156 L. Ed. 2d 257 (2003)................................5

20   *Howard v. Everex Sys., Inc.,*
          228 F.3d 1057 (9th Cir. 2000) ........................................................................ 11

21

22   *In re Colonial Ltd. P'ship Litig.,*
          854 F. Supp. 64 (D. Conn. 1994)..................................................................... 10

23   *In re Countrywide Fin. Corp. Sec. Litig.,*
          588 F. Supp. 2d 1132 (C.D. Cal. 2008) .............................................................7

24

25   *In re Countrywide Fin. Corp. Sec. Litig.,*
          No. CV07-05295, 2009 WL 943271 (C.D. Cal. Apr. 6, 2009) ........................ 11

26   *In re Downey Sec. Litig.,*
          No. CV 08-3261, 2009 WL 2767670 (C.D. Cal. Aug. 21, 2009).................... 12

27

28

# TABLE OF AUTHORITIES
## (continued)

**Page**

*In re Dreyfus Aggressive Growth Mutual Fund Litig.*,
No. CV 98-4318, 2000 WL 1357509 (S.D.N.Y. Sept. 20, 2000)..................5

*In re Eaton Vance Corp. Secs. Litig.*,
220 F.R.D. 162 (D. Mass. 2004)........................................................5

*In re Infonet Servs. Corp. Secs. Litig.*,
310 F. Supp. 2d 1106 (C.D. Cal. 2003) ...........................................8, 9

*In re Wells Fargo Mortgage-Backed Certificates Litig.*,
No. C 09-01376, 2010 WL 1661534 (N.D. Cal. Apr. 22, 2010)..............2, 4, 7

*Jablon v. Dean Witter & Co.*,
614 F.2d 677 (9th Cir. 1980) ...........................................................8

*Kohen v. Pac. Inv. Mgmt. Co. LLC*,
571 F.3d 672 (7th Cir. 2009) ...........................................................5

*Lewis v. Casey*,
518 U.S. 343, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996)....................4

*Merck & Co., Inc. v. Reynolds*,
130 S. Ct. 1784, 176 L. Ed. 2d 582 (2010) ......................................8

*Moss v. U.S. Secret Serv.*,
572 F.3d 962 (9th Cir. 2009) .........................................................12

*New Jersey Carpenters Vacation Fund v. Royal Bank of Scotland Group, PLC*,
No. 08 CV 5093, 2010 WL 1172694 (S.D.N.Y. Mar. 26, 2010) ..............6

*Palmer v. Stassinos*,
236 F.R.D. 460 (N.D. Cal. 2006)...................................................9, 10

*Palmer v. Stassinos*,
348 F. Supp. 2d 1070 (N.D. Cal. 2004) ............................................10

*Payton v. County of Kane*,
308 F.3d 673 (7th Cir. 2002) ...........................................................5

*Plumbers' Union Local No. 12 v. Nomura Asset Acceptance Corp.*,
658 F. Supp. 2d 299 (D. Mass. 2009) .............................................4, 6

*Public Employees' Retirement System of Mississippi v. Merrill Lynch & Co. Inc.*,
No. 08 CIV. 10841, 2010 WL 2175875 (S.D.N.Y. Jun. 1, 2010) ............3

*Steel Co. v. Citizens for a Better Env't*,
523 U.S. 83, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998)....................3

*United States v. Hayes*,
515 U.S. 737, 115 S. Ct. 2431, 132 L. Ed. 2d 635 (1995)....................3

1

## TABLE OF AUTHORITIES
### (continued)

2

3

**Page**

4

5

*Valenzuela v. Kraft Inc.*,
   801 F.2d 1170 (9th Cir. 1986) ........................................................... 10

6

*Warth v. Seldin*,
   422 U.S. 490, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975).................................. 3, 4

7

8

*Wool v. Tandem Computers Inc.*,
   818 F.2d 1433 (9th Cir. 1987) ........................................................... 11

9

10

**REGULATIONS**

11

17 C.F.R. § 229.512(a)(2) ...........................................................6

12

17 C.F.R. § 230.412 ...........................................................6

13

17 C.F.R. § 230.430B(f)(2) ...........................................................6

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.   INTRODUCTION

In their Opening Memorandum of Points and Authorities in Support of their Motion to Dismiss, Individual Defendants Ranjit Kripalani and Jennifer S. Sandefur provide a step-by-step analysis demonstrating that the claims asserted against them are meritless and should be dismissed.  Plaintiffs'[1] Opposition fails to address any arguments particular to Mr. Kripalani and Ms. Sandefur's unique circumstances, only confirming the veracity of Mr. Kripalani and Ms. Sandefur's careful analysis.  Because there is no legal or equitable basis to support Plaintiffs' claims against Mr. Kripalani and Ms. Sandefur, all of the claims against them should be dismissed.

First, pursuant to well-settled law, Plaintiffs have standing to assert claims **only** for the Offerings in which they purchased securities.[2]  Plaintiffs do not dispute that they purchased securities in only **seven** Offerings traceable to registration statements signed by Mr. Kripalani and Ms. Sandefur.  Thus, Plaintiffs' claims for violation of Section 11 of the Securities Act of 1933 ("Securities Act") against Mr. Kripalani and Ms. Sandefur are specifically limited to those seven Offerings.

Second, as to claims based on those seven Offerings, the one-year statute of limitations has already expired.  Plaintiffs waited until January 2010 to file this action, but other investors filed substantially similar class actions as early as November 2007.  Plaintiffs unequivocally were on inquiry, if not actual, notice of possible misconduct more than one year before they first filed this case.  Moreover, the tolling doctrine under *American Pipe & Constr. Co. v. Utah* is not available here to save Plaintiffs' untimely claims against Mr. Kripalani and Ms. Sandefur.  414 U.S. 538, 94 S. Ct. 756, 38 L. Ed. 2d 713 (1974).

As it is clear that Plaintiffs have no primary claims against Mr. Kripalani and Ms. Sandefur, Plaintiffs insist that their conclusory, boiler-plate allegations of

---

[1] "Plaintiffs" include Lead Plaintiff Iowa Public Employees' Retirement System ("IPERS") and the other three institutions that have joined it as named plaintiffs.

[2] "Offerings" refer to the 427 separate public sale of mortgage-backed securities at issue in this action.  (*See* AC ¶ 1.)

MR. KRIPALANI AND MS. SANDEFUR'S
CORRECTED REPLY IN SUPPORT OF
MOTION TO DISMISS

1   control person liability against Mr. Kripalani and Ms. Sandefur are sufficient to

2   impose secondary liability.  But as a matter of law, such generalized allegations

3   devoid of actual facts specific to Mr. Kripalani and Ms. Sandefur are insufficient to

4   establish control person liability under Section 15 of the Securities Act.

5        For all of these reasons, and those also addressed in the Countrywide

6   Defendants' Memorandum and Reply and those of other defendants, which

7   Mr. Kripalani and Ms. Sandefur join and incorporate herein, Plaintiffs' claims

8   against Mr. Kripalani and Ms. Sandefur should be dismissed, with prejudice.  *See*

9   *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("The

10   district court's discretion to deny leave to amend is particularly broad where

11   plaintiff has previously amended the complaint.").

12   **II.   PLAINTIFFS LACK STANDING TO ASSERT CLAIMS BASED ON**

13   **OFFERINGS IN WHICH THEY DID NOT PURCHASE SECURITIES.**

14        Plaintiffs do not dispute that they purchased securities issued in only **seven**

15   Offerings traceable to registration statements signed by Mr. Kripalani and

16   Ms. Sandefur.  Thus, as demonstrated at length in Mr. Kripalani and Ms. Sandefur's

17   Opening Memorandum (at 5-7), it is axiomatic that Plaintiffs do not have standing

18   to pursue claims as to those Offerings in which they made no purchases.  *See In re*

19   *Wells Fargo Mortgage-Backed Certificates Litig.*, No. C 09-01376, 2010 WL

20   1661534, at *3-5 (N.D. Cal. Apr. 22, 2010) (dismissed claims based on 37 MBS

21   offerings for lack of standing).

22        Despite overwhelming authority to the contrary, Plaintiffs insist that they

23   have standing to assert claims with respect to Offerings in which they did not make

24   any purchases.  To make this untenable argument, Plaintiffs rely on a bevy of

25   inapposite cases, mischaracterize relevant authority, and raise several meritless

26   arguments that numerous courts have decisively dismissed.

27

28

### A.   There Is No Basis To Delay The Question Of Standing Until Class Certification.

Plaintiffs put the cart before the horse in seeking to defer the question of standing until the class-certification stage.  Courts have repeatedly and resoundingly rejected such a deferral, and this Court should do the same.  Standing is a "threshold question in every federal case" and "determin[es] the power of the court to entertain the suit."  *Warth v. Seldin*, 422 U.S. 490, 498, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975).[3]  The standing requirement is "inflexible and without exception," *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998), and is "perhaps the most important of the jurisdictional doctrines."  *United States v. Hayes*, 515 U.S. 737, 742, 115 S. Ct. 2431, 132 L. Ed. 2d 635 (1995).

Plaintiffs' attempt to conflate the standing requirements with class certification under Rule 23 of the Federal Rules of Civil Procedure is meritless.  Plaintiffs may not use the class action mechanism to circumvent the threshold requirement of standing.  As the Supreme Court explained, that Plaintiffs seek to represent a class is irrelevant to standing, and Plaintiffs cannot use the class action device to manufacture standing:

> That a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'

*Lewis v. Casey*, 518 U.S. 343, 357, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996) (alteration in original); *see also Plumbers' Union Local No. 12 v. Nomura Asset*

---

[3] *See also Public Employees' Retirement System of Mississippi v. Merrill Lynch & Co. Inc.,* No. 08 CIV. 10841, 2010 WL 2175875, at *3 (S.D.N.Y. Jun. 1, 2010) ("Standing therefore is a threshold question–antecedent to class certification–that requires plaintiffs to have been personally injured, and plaintiffs thus have no standing to assert claims in relation to 'funds in which [plaintiffs] did not personally invest.'") (alteration in original).

-3-                    MR. KRIPALANI AND MS. SANDEFUR'S CORRECTED REPLY IN SUPPORT OF MOTION TO DISMISS

1     *Acceptance Corp.*, 658 F. Supp. 2d 299, 303 (D. Mass. 2009) ("While plaintiffs

2     maintain that standing is an issue to be resolved at the class certification stage, '[a]

3     plaintiff may not avoid the standing inquiry merely by styling his suit as a class

4     action.'") (alteration in original).

5          **B.**     **Plaintiffs Do Not Satisfy The Constitutional And Statutory Standing Requirements For Their Section 11 Claims.**

6

7          Plaintiffs' insistence that they have both constitutional and statutory standing

8     to pursue claims based on offerings in which they never purchased securities is

9     belied by black-letter law. Standing under Article III of the U.S. Constitution

10    requires "a personal stake in the outcome," a concrete, particularized injury

11    traceable to Mr. Kripalani and Ms. Sandefur's actions and redressable by the court.

12    *Warth*, 422 U.S. at 498-99. Likewise, under the Securities Act, "Section 11

13    requires a plaintiff to show that he was a purchaser of the security at issue." *City of*

14    *Ann Arbor Employees' Ret. Sys. v. Citigroup Mortg. Loan Trust Inc.*, 703 F. Supp.

15    2d 253, 260 (E.D.N.Y. 2010).

16         Here, Plaintiffs cannot possibly have suffered any injury traceable to

17    Offerings in which they did not purchase Certificates.[4] Plaintiffs "must

18    demonstrate . . . an injury in fact that is fairly traceable to a defendant's alleged

19    misconduct and is likely to be redressed by a decision in the plaintiff's favor." *In re*

20    *Wells Fargo*, 2010 WL 1661534, at *3. But any purported "injury" from

21    Certificates that Plaintiffs did not purchase may not be redressed by the courts

22    because Plaintiffs cannot recover on claims related to those Certificates. The

23    Certificates permit Plaintiffs to participate only in cash flows passed through to

24    them from the specific mortgages underlying those Certificates. (*See* AC ¶ 5.)

25    Thus, Plaintiffs have no right to payment from other Certificates and cannot suffer

26    damages related to Certificates in which they never invested. *See City of Ann*

27

28    [4] The mortgage-backed securities at issue in this lawsuit and issued pursuant to Offering documents are referred to as "Certificates." (*See* AC ¶ 1.)

1   *Arbor*, 703 F. Supp. 2d at 260 ("While Plaintiffs allege the falsity of statements

2   contained in the common Registration and Prospectus Statements, they cannot

3   allege harm flowing from reliance on the sixteen Prospectus Supplements issued in

4   connection with securities that Plaintiffs did not purchase.")

5         As discussed in Mr. Kripalani and Ms. Sandefur's Opening Memorandum, in

6   recent MBS cases similar to this lawsuit, courts have dismissed claims premised on

7   offerings in which plaintiffs never purchased securities. (*See* Mem. at 5-6.)

8   Plaintiffs' efforts to diminish such clear authority – claiming that those MBS cases

9   "contain little analysis . . . and no meaningful examination of the extensive case law

10   to the contrary" – fail. Each of those MBS cases contains substantial analyses of

11   the same issues involved here and are quoted extensively in Mr. Kripalani and

12   Ms. Sandefur's and the Countrywide Defendants' Memoranda.[5]

13         Rather than discuss recent MBS cases that are directly on point, Plaintiffs

14   have trolled the judicial landscape for inapposite cases, cherry-picking select

15   phrases out of context. Plaintiffs rely on a multitude of inapposite cases which,

16   among other things: (1) do not involve MBS and Section 11 claims, but instead

17   involve completely different factual scenarios and legal issues, such as ERISA

18   actions and discrimination cases[6]; (2) do not address standing, but concern motions

19   for class certification[7]; and (3) do not involve standing because the class had

20

21   ─────────────────────
[5] Plaintiffs highlight the fact that none of the MBS cases cite to *Fallick v.*

22   *Nationwide Mutual Insurance Company*, 162 F.3d 410 (6th Cir. 1998), a case
Plaintiffs rely heavily upon. The reason is simple: *Fallick* is irrelevant to MBS

23   cases involving Section 11 claims such as this suit. *Fallick* involved claims under
the Employee Retirement Income Security Act ("ERISA") and has been criticized

24   and distinguished by courts across the country on numerous occasions. *See, e.g., In
re Eaton Vance Corp. Secs. Litig.*, 220 F.R.D. 162 (D. Mass. 2004) (distinguishing

25   *Fallick*).

[6] *See, e.g., Fallick*, 162 F.3d 410; *Payton v. County of Kane*, 308 F.3d 673 (7th Cir.

26   2002); *Kohen v. Pac. Inv. Mgmt. Co. LLC*, 571 F.3d 672 (7th Cir. 2009); *Gratz v.
Bollinger*, 539 U.S. 244, 123 S. Ct. 2411, 156 L. Ed. 2d 257 (2003).

27   [7] *See, e.g., In re Dreyfus Aggressive Growth Mutual Fund Litig.*, No. CV 98-4318,

28   2000 WL 1357509 (S.D.N.Y. Sept. 20, 2000).

1   already been certified and standing had been established.[8]  Accordingly, none of

2   Plaintiffs' cases has any bearing on the dispositive issue here:  whether Plaintiffs

3   have standing to assert Securities Act claims in a MBS case based on Offerings in

4   which they never purchased securities.  The "overwhelming weight of authority"

5   makes clear that the answer is no.  *Nomura*, 658 F. Supp. 2d at 304.

6   **C.   Plaintiffs Cannot Rely On The Shelf Registration Statements To Cure Their Standing Defects.**

7

8   Plaintiffs attempt to circumvent well-settled standing requirements by also

9   asserting that the challenged Offerings stem from common shelf registration

10  statements.  However, this argument has been rejected by numerous courts to

11  consider it in the MBS context.  The same result should follow here.[9]

12  By attempting to pin Defendants' liability on shelf registration statements,

13  Plaintiffs' argument ignores the important, structural differences between

14  mortgage-backed securities, on one hand, and debt or equity securities of a single

15  corporate issuer, on the other.  For mortgage-backed securities, each prospectus

16  supplement for an offering relates to a unique pool of collateral underlying a

17  particular offering and contains disclosures specific to that collateral, such as the

18  underwriting standards applicable to that collateral.  (AC ¶ 78.)  Only when an

19  issuer files a prospectus supplement will the specifics for an actual offering be

20  provided because shelf registration statements underlying MBS offerings describe

21  only the general form of future offerings and contain no specific information

22  regarding any particular offering.  *See New Jersey Carpenters Vacation Fund v.*

23  *Royal Bank of Scotland Group, PLC*, No. 08 CV 5093, 2010 WL 1172694, at *7

24  (S.D.N.Y. Mar. 26, 2010).[10]  As a consequence, with respect to MBS offerings,

25  [8] *See, e.g., Goodman v. Lukens Steel Co.*, 777 F.2d 113 (3d Cir. 1985).

26  [9] *See also* Countrywide Defendants' Opening Memorandum at 7-11 (discussing the unique structure of the mortgage-backed securitizations at issue here) and 36-40

27  (discussing why Plaintiffs cannot rely on the shelf registration statements to cure their standing defects).

28  [10] Because of those variances, the initial shelf registration statement and later-filed

MR. KRIPALANI AND MS. SANDEFUR'S
CORRECTED REPLY IN SUPPORT OF
MOTION TO DISMISS

1   even if different registration statements contain similar representations, the true

2   meaning of those representations is fundamentally different for each offering

3   traceable to each registration statement; each representation must be considered in

4   connection with a unique pool of mortgage loans collateralizing each separate

5   offering.[11]

6       Based on these fundamental principles, courts in other MBS cases have

7   rejected the same argument Plaintiffs make here. *See City of Ann Arbor*, 703 F.

8   Supp. 2d at 260 (court was "not persuaded that standing was conferred by virtue of

9   a common registration statement[,]" and held that "[a]llegations that disclosures in

10  the commonly filed documents are the same . . . are unavailing" because of "the

11  differences in the underlying pools of mortgages."); *In re Wells Fargo*, 2010 WL

12  1661534, at *4 ("plaintiffs cannot gain standing purely as a result of the common

13  Registration Statements").

14      Plaintiffs purchased securities in only **seven** Offerings traceable to shelf

15  registration statements signed by Mr. Kripalani and Ms. Sandefur.  Each challenged

16  Offering was issued by different special-purpose trusts and backed by a unique pool

17  of mortgage loans.  Because Plaintiffs did not invest in any pool of mortgage loans

18  underlying the other 57 Offerings, they cannot make any claim of injury flowing

19  from any such mortgage loans. *See City of Ann Arbor*, 703 F. Supp. 2d at 260.

20

21

---

22  prospectus supplement, along with other documents, constitute a "new registration
    statement relating to the securities offered therein . . . ."  17 C.F.R. § 229.512(a)(2).

23  Moreover, Section 11 liability does not even attach to a shelf registration statement
    until securities are actually offered for sale by means of a prospectus supplement.

24  *See* 17 C.F.R. §§ 230.412, 230.430B(f)(2).

25  [11] Plaintiffs rely primarily on this Court's decision in *In re Countrywide Fin. Corp.
    Sec. Litig.*, 588 F. Supp. 2d 1132 (C.D. Cal. 2008).  However, *In re Countrywide* is

26  inapposite.  That case involved ordinary corporate securities and involved
    supplemental filings consisting of pricing and interest rate information for each

27  series of securities.  The case did not address the structure or product at issue here,
    *i.e.*, mortgage-backed securities offerings and prospectus supplements containing

28  specific disclosures particular to the unique pool of loans underlying each offering.

---

CASE NO. 2:10-CV-00302 MRP (MAN)          -7-          MR. KRIPALANI AND MS. SANDEFUR'S
                                                       CORRECTED REPLY IN SUPPORT OF
                                                       MOTION TO DISMISS

III.   **PLAINTIFFS' CLAIMS RELATING TO THE SEVEN OFFERINGS AT ISSUE AGAINST MR. KRIPALANI AND MS. SANDEFUR ARE TIME-BARRED.**

A.   **Plaintiffs' Claims Are Barred By The One-Year Statute Of Limitations Under Section 13 Of The Securities Act.**

As to the seven Offerings at issue against Mr. Kripalani and Ms. Sandefur, Plaintiffs undeniably filed their claims against Mr. Kripalani and Ms. Sandefur **after** the one-year statute of limitations had expired.[12]  Plaintiffs waited until January 2010 to file this action, even though other investors had already filed nearly identical lawsuits several years earlier.  Plaintiffs' main response – that "the 2007 filing of the [*Luther*] State Litigation does not prove, as a matter of law, that Plaintiffs should have had actual knowledge of false statements prior to 2009" – is unavailing.  (Opp. at 40.)

The one-year period under Section 13 is triggered by "'actual notice' – the discovery of the untrue statement or omission – or 'inquiry notice' – when discovery should have been made by the exercise of reasonable diligence." *In re Infonet Servs. Corp. Secs. Litig.*, 310 F. Supp. 2d 1106, 1113 (C.D. Cal. 2003). Plaintiffs cannot feign ignorance when other investors had notice of potential claims and filed lawsuits several years ago.  In November 2007, investors filed *Luther*.  (Countrywide Defendants' Request for Judicial Notice in Support of their Motion to Dismiss ("CW RJN"), Ex. 25.)  In June 2008, a separate group of investors filed a similar lawsuit.  (Id., Ex. 27.)  In September 2008, the plaintiffs in *Luther* filed an amended complaint.  (Id., Ex. 26.)  In October 2008, both actions were consolidated and plaintiffs filed a consolidated complaint.  (Id., Ex. 28.) Thus, investors with similar claims based on many of the same MBS at issue here

---

[12] A complaint is properly dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure where it is apparent on the face of the pleading that plaintiffs' claims are barred by the statute of limitations.  *See Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) ("If the running of the statute is apparent on the face of the complaint, the defense may be raised by a motion to dismiss.")

filed **four different complaints** in 2007 and 2008.[13]  Plaintiffs do not contend that they discovered the allegedly untrue statements or omissions after January 2009 (one year prior to the filing of this case), or that they could not have discovered such statements or omissions through the exercise of reasonable diligence before that date.

It is irrelevant for limitations purposes whether Plaintiffs were actually aware of *Luther* prior to January 2009.  Inquiry notice is triggered "when discovery should have been made by the exercise of reasonable diligence." *In re Infonet*, 310 F. Supp. 2d at 1113 ("A reasonable investor is presumed to have information in the public domain, and therefore . . . is imputed with constructive knowledge of this information." *Id.* at 1114 n.7 (alteration in original)); *see also Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 352, 103 S. Ct. 2392, 76 L. Ed. 2d 628 (1983) (statute of limitations is meant to "prevent plaintiffs from sleeping on their rights").  Because *Luther* and other cases were available in the public domain, the claims are all barred.

**B.    Plaintiffs' Claims Against Mr. Kripalani And Ms. Sandefur Were Not Tolled By *Luther*.**

Plaintiffs argue that their claims against Mr. Kripalani and Ms. Sandefur are saved because they are tolled by *Luther*.  To the contrary, *Luther* offers no life-line

---

[13] Plaintiffs' reliance on the recent U.S. Supreme Court case *Merck & Co., Inc. v. Reynolds*. 130 S. Ct. 1784, 176 L. Ed. 2d 582 (2010).  First, the court in *Merck* construed the inquiry notice standard for a Section 10(b) claim under the Securities and Exchange Act of 1934, and not a Section 11 claim under the Securities Act.  As such, *Merck* requires the discovery of facts showing **scienter**, an element of a Section 10(b) claim, but which is not required under Section 11 of the Securities Act.  Second, even under the standard enunciated in *Merck*, Plaintiffs' claims would still be barred by the one-year statute of limitations.  The court in *Merck* held that the one-year limitations period begins: "(1) when the plaintiff did in fact discover, **or (2) when a reasonably diligent plaintiff would have discovered, 'the facts constituting the violation'**-- whichever comes first." *Id.* at 1789 (emphasis added).  Here, a reasonably diligent plaintiff would have discovered the facts forming the basis for this lawsuit long before January 2009 because other reasonably diligent plaintiffs **actually did** discover such facts as early as fall 2007.  Even if *Merck* applied, Plaintiffs' claims would violate the one-year statute of limitations.

1    to preserve Plaintiffs' claims.

2         In addition to the arguments as to the inapplicability of class action tolling

3    under *American Pipe* raised by the Countrywide Defendants (*see* Countrywide

4    Defendants' Reply at 8-15, 19-22), tolling is strictly limited **only** to those claims

5    that plaintiffs in the initial class action had standing to assert themselves. *See*

6    *Palmer v. Stassinos*, 236 F.R.D. 460, 464-66 (N.D. Cal. 2006) ("[I]t would be

7    beyond the constitutional power of a federal court to toll a period of limitations

8    based on a claim that failed because the claimant had no power to bring it."); *In re*

9    *Colonial Ltd. P'ship Litig.*, 854 F. Supp. 64, 82 (D. Conn. 1994) ("[I]f the original

10   plaintiffs lacked standing to bring their claims in the first place, the filing of a class

11   action complaint does not toll the statute of limitations for other members of the

12   purported class.")

13        *Palmer* is instructive here.  In that case, plaintiffs filed a lawsuit alleging

14   causes of action under the Fair Debt Collection Practices Act and the California

15   Unfair Competition law ("UCL").  On a motion to dismiss, the court dismissed the

16   UCL claims because plaintiffs lacked standing. *Palmer v. Stassinos*, 348 F. Supp.

17   2d 1070, 1088-89 (N.D. Cal. 2004).  Later in the case, plaintiffs moved for leave to

18   amend their complaint to add four new defendants, two new plaintiffs and the same

19   UCL claims that the court had already dismissed for lack of standing.  Plaintiffs

20   argued that the applicable one-year statute of limitations for the UCL claims was

21   tolled by their initial class action, even though the court concluded that plaintiffs

22   had lacked standing to bring those claims.  Ultimately, the court rejected plaintiffs'

23   attempt to add the UCL claims to an amended complaint, unequivocally holding

24   that plaintiffs' initial class action could not "have tolled the statute of limitations as

25   to the UCL claim." *Palmer*, 236 F.R.D. at 465.  The court reasoned that "[s]ince

26   [plaintiffs] lacked standing to assert claims under the UCL, the statute of limitations

27   was not tolled for . . . subsequently-asserted UCL claims." *Id.* at 466.

28        Not surprisingly, Plaintiffs' lone response to *Palmer* is simply that it is

MR. KRIPALANI AND MS. SANDEFUR'S
CORRECTED REPLY IN SUPPORT OF
MOTION TO DISMISS

"unavailing."[14] However, *Palmer* is on point and the same result should follow here. Plaintiffs assert claims against Mr. Kripalani and Ms. Sandefur premised on seven Offerings and argue that *Luther* tolled the claims. However, as in *Palmer*, the plaintiffs in *Luther* did not have standing to assert those claims since no plaintiff had purchased any securities from those seven Offerings.[15] As a consequence, the one-year statute of limitations was not tolled by *Luther* for Plaintiffs' claims against Mr. Kripalani and Ms. Sandefur, and those claims should be dismissed.

## IV.   PLAINTIFFS' SECTION 15 CLAIM SHOULD BE DISMISSED.

Plaintiffs' control person allegations against Mr. Kripalani and Ms. Sandefur are especially deficient, and Plaintiffs' Opposition only confirms that the allegations against Mr. Kripalani and Ms. Sandefur are woefully deficient.[16]

Plaintiffs insist that general allegations of a person's power to control or influence a primary violator are sufficient. However, as made clear by the Ninth Circuit, courts require factual allegations concerning "the defendant's participation in the **day-to-day affairs** of the [primary violator] and the defendant's power to

---

[14] Plaintiffs claim that "*Palmer* is inconsistent with *Valenzuela's* controlling authority." (Opp. at 37 n. 23.) However *Valenzuela v. Kraft Inc.*, 801 F.2d 1170 (9th Cir. 1986) is inapposite and has no relevance here. In *Valenzuela*, the plaintiff filed a Title VII complaint within the required 90-day period, but filed it in California state court, rather than federal court. *Id.* at 1172-73. The claims filed in state court were dismissed for lack of jurisdiction, and plaintiff subsequently re-filed in federal court, but after the expiration of the 90-day period. *Id.* The federal court permitted tolling and allowed plaintiff to bring her Title VII action because (i) plaintiff had originally filed her complaint within the 90-day period; (ii) plaintiff had demonstrate significant diligence in prosecuting her lawsuit (iii) and because it was not entirely clear at the time which court had jurisdiction. None of these reasons is present here.

[15] *See* Mr. Kripalani and Ms. Sandefur's Opening Memorandum at 10-11 (discussing how Certifications filed by the *Luther* plaintiffs with their motion for appointment as lead plaintiff and counsel (*see* CW RJN, Ex. 30) confirm that no named plaintiff in *Luther* purchased securities in any of the seven Offerings at issue here).

[16] As an initial matter, because there is no primary liability under Section 11 against the Issuing Defendants as discussed in the Countrywide Defendants' Opening Memorandum, the derivative claim under Section 15 fails as a matter of law. *In re Countrywide Fin. Corp. Sec. Litig.*, No. CV07-05295, 2009 WL 943271, at *7 (C.D. Cal. Apr. 6, 2009).

1   control [the primary violator's] corporate actions." *Howard v. Everex Sys., Inc.*,

2   228 F.3d 1057, 1065 (9th Cir. 2000) (emphasis added); *see also Wool v. Tandem*

3   *Computers Inc.*, 818 F.2d 1433, 1441-42 (9th Cir. 1987) (finding control where

4   directors were involved in day-to-day activities and had direct involvement with

5   alleged false statements).   Moreover, at a minimum, Plaintiffs must allege actual

6   **facts** – not mere conclusions – that if proven would demonstrate a plausible basis

7   that an individual defendant engaged in the alleged misconduct. *See Ashcroft v.*

8   *Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (plaintiff must provide

9   "well-pleaded factual allegations"); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969

10  (9th Cir. 2009) ("In sum, for a complaint to survive a motion to dismiss, the **non-**

11  **conclusory factual content**, and reasonable inferences from that content, must be

12  plausibly suggestive of a claim entitling the plaintiff to relief.") (emphasis added)

13  (internal quotation marks omitted).

14         Plaintiffs' allegations fail to satisfy the standards discussed above.   In their

15  Complaint, in support of their control person allegations, Plaintiffs primarily allege

16  that Mr. Kripalani and Ms. Sandefur were only directors of the four Depositor

17  Defendants. [17]   Notably, Mr. Kripalani and Ms. Sandefur are the only remaining

18  individual defendants (other than Mr. Sambol) who are alleged to have been only

19  directors, and not officers, of the four Depositor Defendants.  (AC ¶¶ 56-67.)

20  Nevertheless, Plaintiffs lump together Mr. Kripalani and Ms. Sandefur with nine

21  other defendants and provide mostly boilerplate allegations of generalized control,

22  alleging in conclusory fashion that all of them "controlled" other defendants.  (Id.

23  ¶¶ 233-34).   The only facts provided for Mr. Kripalani and Ms. Sandefur are limited

24  to their titles and positions and their signatures on four registration statements,

25  which are clearly insufficient. *See Arthur Children's Trust v. Keim*, 994 F.2d 1390,

---

26  [17] Plaintiffs also claim that Ms. Sandefur, as an officer of Countrywide Home
27  Loans, Inc., somehow also controlled a primary violator just by virtue of her
    separate role. (*See* AC ¶ 61.)  Plaintiffs allege nothing further with respect to
28  Ms. Sandefur's alleged role at CHL, and it has no bearing on the control person
    analysis.

1396 (9th Cir. 1993) ("A director is not automatically liable as a controlling person"); *In re Downey Sec. Litig.*, No. CV 08-3261, 2009 WL 2767670, at *15 (C.D. Cal. Aug. 21, 2009) (stating that "even a CEO is not automatically a 'controlling person . . .'"); *Batwin v. Occam Networks, Inc.*, No. CV 07-2750, 2008 WL 2676364, at *25 (C.D. Cal. July 1, 2008) ("In the complaint, plaintiff does no more than allege that these defendants are directors, who served on the Audit Committee, and who signed Occam's SEC filings. Such allegations do not offer any indication that these defendants were involved in the day-to-day affairs of Occam, and therefore, they do not present a basis for control liability against these [director] defendants.").

## V.   CONCLUSION

For the foregoing reasons, Mr. Kripalani and Ms. Sandefur respectfully request that the Court dismiss with prejudice all claims alleged against them.

Dated: September 27, 2010    PAUL, HASTINGS, JANOFSKY & WALKER LLP
WILLIAM F. SULLIVAN
JOSHUA G. HAMILTON
PETER Y. CHO

By:   /s/ Joshua G. Hamilton
JOSHUA G. HAMILTON

Attorneys for Defendants
*Ranjit Kripalani* and *Jennifer S. Sandefur*

MR. KRIPALANI AND MS. SANDEFUR'S
CORRECTED REPLY IN SUPPORT OF
MOTION TO DISMISS

# PROOF OF SERVICE

STATE OF CALIFORNIA )
) ss:
CITY OF LOS ANGELES AND COUNTY )
OF LOS ANGELES )

      I am employed in the City of Los Angeles and County of Los Angeles, State of California.  I am over the age of 18, and not a party to the within action.  My business address is 515 South Flower Street, Twenty-Fifth Floor, Los Angeles, California  90071-2228.

      On September 27, 2010, I served the foregoing document(s) described as:

**DEFENDANTS RANJIT KRIPALANI AND JENNIFER S. SANDEFUR'S CORRECTED REPLY IN SUPPORT OF MOTION TO DISMISS THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

on the interested parties by placing  thereof in a sealed envelope(s) addressed as follows:

*Please See Attached Service List*

☒   **VIA U.S. MAIL:**

I deposited such sealed envelope(s) with postage thereon fully prepaid, in the United States mail at Los Angeles, California, to the non-CM/ECF participants indicated on the attached Manual Notice List.

☒   **VIA ELECTRONIC SERVICE VIA CM/ECF SYSTEM:**

In accordance with the electronic filing procedures of this Court, service has been effected on the aforesaid party(s) above, whose counsel of record is a registered participant of CM/ECF, as indicated on the attached Electronic Mail Service List, via electronic service through the CM/ECF system.

      I declare under penalty of perjury under the laws of the United States that the above is true and correct.

      Executed on September 27, 2010, at Los Angeles, California.

_____
Apryl Deshler

CASE NO. 2:10-CV-00302 MRP (MAN)
LEGAL US W # 63768603.1

MR. KRIPALANAI AND MS. SANDEFUR'S
CORRECTED REPLY IN SUPPORT OF MOTION
TO DISMISS

**ELECTRONIC MAIL SERVICE LIST**
*MAINE STATE RETIREMENT v. COUNTRYWIDE FIN. CORP. ET AL.*
**U.S. DISTRICT COURT, CASE NO. CV10 0302 MRP (MANx)**

| | |
|---|---|
| Randall K Berger<br>rberger@kmllp.com | Leiv H Blad , Jr<br>leiv.blad@bingham.com |
| S Douglas Bunch<br>dbunch@cohenmilstein.com | Spencer Alan Burkholz<br>spenceb@rgrdlaw.com |
| Christopher G Caldwell<br>caldwell@caldwell-leslie.com,martindale@caldwell-leslie.com,hammer@caldwell-leslie.com,pettit@caldwell-leslie.com,willingham@caldwell-leslie.com,hayes@caldwell-leslie.com,popescu@caldwell-leslie.com,strother@caldwell-leslie.com,wong@caldwell-leslie.com,wilson@caldwell-leslie.com | Matthew D Caplan<br>matthew.caplan@dlapiper.com,<br>carmen.ferrera@dlapiper.com,<br>DocketingLA@dlapiper.com |
| Boyd Cloern<br>boyd.cloern@bingham.com | David C Codell<br>codell@caldwell-leslie.com |
| Jeffrey B Coopersmith<br>jeff.coopersmith@dlapiper.com | Brian Charles Devine<br>bdevine@goodwinprocter.com |
| Joshua S Devore<br>jdevore@cohenmilstein.com | Daniel S. Drosman<br>ddrosman@rgrdlaw.com,<br>tholindrake@rgrdlaw.com, |
| Thomas E Egler<br>tome@rgrdlaw.com,<br>kathyj@rgrdlaw.com | Inez H Friedman-Boyce<br>ifriedmanboyce@goodwinprocter.com |
| Penelope A Graboys Blair<br>pgraboysblair@orrick.com,<br>jcopoulos@orrick.com | Jeffrey M Hammer<br>hammer@caldwell-leslie.com |
| Sean M Handler<br>shandler@btkmc.com | Jennifer L Joost<br>jjoost@btkmc.com,<br>acashwell@btkmc.com,<br>mswift@btkmc.com |
| Matthew B Kaplan<br>mkaplan@cohenmilstein.com,<br>efilings@cohenmilstein.com | Dean J Kitchens<br>dkitchens@gibsondunn.com,<br>MOstrye@gibsondunn.com |
| Joel P Laitman<br>jlaitman@cohenmilstein.com | Christopher Lometti<br>clometti@cohenmilstein.com |

MR. KRIPALANAI AND MS. SANDEFUR'S
CORRECTED REPLY IN SUPPORT OF MOTION
TO DISMISS

Jennifer B Luz
jluz@goodwinprocter.com

Azra Z Mehdi
amehdi@milberg.com

Alexander K Mircheff
amircheff@gibsondunn.com

Nicolas Morgan
nicolas.morgan@dlapiper.com

Sharan Nirmul
snirmul@btkmc.com,
azivitz@btkmc.com,
ecf_filings@btkmc.com

Brian E Pastuszenski
bpastuszenski@goodwinprocter.com,
ktayman@goodwinprocter.com

Lauren Wagner Pederson
lpederson@btkmc.com,
neena.verma@btkmc.com,
dpotts@btkmc.com

Ira M Press
ipress@kmllp.com,
lmorris@kmllp.com

David A Priebe
david.priebe@dlapiper.com,
stacy.murray@dlapiper.com

Daniel B Rehns
drehns@cohenmilstein.com,
efilings@cohenmilstein.com

Julie G Reiser
jreiser@cohenmilstein.com

Christina A Royce
croyce@rgrdlaw.com,
e_file_sd@rgrdlaw.com

Scott H Saham
scotts@rgrdlaw.com,
e_file_sd@rgrdlaw.com

Jennifer M Sepic
jennifer.sepic@bingham.com

Arthur L Shingler , III
ashingler@scott-scott.com,
efile@scott-scott.com

Steven J Toll
stoll@cohenmilstein.com

Michael D Torpey
mtorpey@orrick.com

Michael C Tu
mtu@orrick.com,fphan@orrick.com

Avi N Wagner
avi@thewagnerfirm.com,
anwagneresq@hotmail.com

Shirli Fabbri Weiss
shirli.weiss@dlapiper.com,
emiko.gonzales@dlapiper.com

Lloyd Winawer
lwinawer@goodwinprocter.com,
sasmith@goodwinprocter.com,
monyeagbako@goodwinprocter.com,
cburgos@goodwinprocter.com

Andrew L Zivitz
azivitz@btkmc.com

MR. KRIPALANAI AND MS. SANDEFUR'S
CORRECTED REPLY IN SUPPORT OF MOTION
TO DISMISS

1

**MANUAL NOTICE SERVICE LIST**
*MAINE STATE RETIREMENT v. COUNTRYWIDE FIN. CORP. ET AL.*

2

**U.S. DISTRICT COURT, CASE NO. CV10 0302 MRP (MANx)**

3

4

Lauren G Kerkhoff, Esq.
Robbins Geller Rudman & Dowd LLP

5

655 West Broadway Suite 1900
San Diego, CA 92101-8498

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEGAL_US_W # 63768603.1

MR. KRIPALANAI AND MS. SANDEFUR'S
CORRECTED REPLY IN SUPPORT OF MOTION
TO DISMISS