1  Lloyd Winawer (State Bar No. 157823)
   lwinawer@goodwinprocter.com
2  **GOODWIN PROCTER LLP**
   10250 Constellation Boulevard, 21st Floor
3  Los Angeles, CA 90067
   Telephone: 310-788-5177
4  Facsimile: 310-286-0992

5  Brian E. Pastuszenski (*pro hac vice*)
   bpastuszenski@goodwinprocter.com
6  Inez H. Friedman-Boyce (*pro hac vice*)
   ifriedmanboyce@goodwinprocter.com
7  Brian C. Devine (State Bar No. 222240)
   bdevine@goodwinprocter.com
8  **GOODWIN PROCTER LLP**
   53 State Street
9  Boston, MA 02109-2802
   Telephone: 617-570-1000
10 Facsimile: 617-523-1231

11 *Attorneys for Defendants*
   Countrywide Financial Corp.,
12 Countrywide Home Loans, Inc., CWALT,
   Inc., CWMBS, Inc., CWABS, Inc.,
13 CWHEQ, Inc., Countrywide Capital
   Markets, Countrywide Securities Corp.,
14 and N. Joshua Adler

15

# UNITED STATES DISTRICT COURT

16

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

17

| | |
|---|---|
| 18  MAINE STATE RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br>19<br>20        Plaintiffs,<br>21     v.<br>22  COUNTRYWIDE FINANCIAL CORPORATION, et al.,<br>23<br>24      Defendants. | Case No. 2:10-CV-00302-MRP (MANx)<br><br>**COUNTRYWIDE DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE AND SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Date:       October 18, 2010<br>Time:      11:00 a.m.<br>Courtroom: 12<br>Judge:     Hon. Mariana R. Pfaelzer |

27

28

COUNTRYWIDE DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE

Defendants Countrywide Financial Corporation, Countrywide Securities Corporation, Countrywide Home Loans, Inc., Countrywide Capital Markets, CWALT, Inc., CWMBS, Inc., CWABS, Inc., CWHEQ, Inc., and N. Joshua Adler (collectively, the "Countrywide Defendants"), by and through their attorneys, respectfully submit this reply memorandum in support of their Request for Judicial Notice ("CW RJN"). This memorandum has two parts: (1) it responds to the arguments set forth in Plaintiffs' Response to Defendants' Requests for Judicial Notice ("Resp."); and (2) it requests that the Court take judicial notice of 13 additional exhibits referenced in the Countrywide Defendants' Reply Memorandum In Support Of Motion To Dismiss The Amended Consolidated Class Action Complaint.

## I.   PLAINTIFFS' OBJECTIONS ARE WITHOUT MERIT.

As an initial matter, Plaintiffs do *not* object to the Court taking judicial notice of Exhibits 12-14 (collections of the front pages of distribution reports detailing the principal and interest payments made to holders of the MBS at issue), Exhibits 15-18 (excerpts from Comprehensive Annual Financial Reports issued by Plaintiffs IPERS and OCERS), Exhibits 30-34 (certifications filed in this Court detailing the MBS purchases of IPERS, GBPHB, OCERS, OPERS, and the *Luther* state court plaintiffs), or Exhibit 37 (transcript of Lead Plaintiff hearing held in this case on May 3, 2010) submitted by the Countrywide Defendants. *See* CW RJN at 5-8. As a result, there is no dispute that these documents are properly the subject of judicial notice and may be considered by the Court in connection with the motion to dismiss.

With respect to the other exhibits submitted by the Countrywide Defendants, Plaintiffs' primary objection is that "[c]ourts may not take judicial notice of materials for the truth of the matter asserted within them." Resp. at 2-6. As demonstrated in their briefing and Request for Judicial Notice, however, the Countrywide Defendants do not seek judicial notice of these SEC filings, litigation filings, judicial opinions, news articles, and analyst reports for the truth of the matters asserted in them. Rather,

the Countrywide Defendants seek judicial notice of these documents for entirely proper purposes, as explained herein.

Exhibits 1-11 are SEC filings, which Plaintiffs concede are "indisputably subject to judicial notice." *Argent Classic Conv. Arb. Fund L.P. v. Countrywide Fin. Corp.*, No. CV-07-07097, slip op. at 6 (C.D. Cal. Mar. 19, 2009); Resp. at 3. Contrary to Plaintiffs' suggestion, the Countrywide Defendants do not rely on these SEC filings for the truth of the matters asserted within them. Instead, the Countrywide Defendants cite these filings to show the existence of the statements contained within them, and the nature of the disclosures that were publicly available to MBS investors at the time. *See, e.g.*, Br. at 7-9, 11-19, 38-40; Reply Br. at 33-36, 39-40. Plaintiffs admit that judicial notice for this purpose is proper. *See* Resp. 3; *Troy Group, Inc. v. Tilson*, 364 F. Supp. 2d 1149, 1152 (C.D. Cal. 2005) (SEC filings may be considered "for the purpose of determining what statements the documents contain"); Plaintiffs' Request for Judicial Notice ("Pl. RJN") at 4.

Exhibits 25-29 and 38 are documents filed in the *Luther* state court class action litigation. Once again, the Countrywide Defendants do not seek judicial notice of the truth of the matters asserted within them. *See* Resp. at 4. Rather, the Countrywide Defendants merely request that the Court take judicial notice of the fact (and dates) of those proceedings, the existence of the allegations made by the state court plaintiffs, and the judicial rulings made by the state court. *See, e.g.*, Br. at 6 n.2, 21, 24, 31. These documents are plainly subject to judicial notice for those purposes, as Plaintiffs themselves recognize. *See* Resp. at 4; *San Luis v. Badgley*, 136 F. Supp. 2d 1136, 1146 (E.D. Cal. 2000) (courts "may take judicial notice of a document filed in another court . . . to establish the fact of such litigation and related filings"); Opp. to Mot. to Dismiss at 19-21, 25-31 (relying on existence of *Luther* state court litigation in support of tolling argument); Pl. RJN Ex. 1 (seeking judicial notice of same exact state court complaint submitted as CW RJN Ex. 27).

Exhibits 35-36 are transcripts of proceedings held by the Honorable Miriam

Goldman Cedarbaum in *NECA-IBEW Health & Welfare Fund, et al. v. Goldman Sachs & Co., et al.*, No. 08-CV-10783-MGC (S.D.N.Y.).  As Plaintiffs concede, the Court may consider these judicial opinions as persuasive authority, just like any other judicial opinions.  *See* Resp. at 5 n.2.  The Countrywide Defendants merely submitted them for the Court's convenience, not to seek judicial notice of the truth of the facts recited in them.

Exhibits 39-43 are analyst reports concerning Countrywide, and Exhibit 44 is an excerpt from a transcript of a Countrywide analyst conference call concerning the company's earnings for the first quarter of 2007.  Plaintiffs concede that the Court may take judicial notice of "the existence of such analyst reports," and "the fact that these statements [in the conference call transcripts] were made on the dates specified," but argue that the Court may not take judicial notice of the truth of the matters asserted.  Resp. at 5-6.  Once again, however, that is not the purpose for which the Countrywide Defendants rely on the documents.  Instead, the documents establish "whether and when certain information was provided to the market," *In re Infonet Servs. Corp. Sec. Litig.*, 310 F. Supp. 2d 1106, 1115 n.10 (C.D. Cal. 2003), and "to show disclosure of information."  *In re Century Aluminum Co. Sec. Litig.*, 2010 WL 1729426, at *14 (N.D. Cal. Apr. 27, 2010).  Plaintiffs do not—and cannot—dispute that this is a proper purpose for judicial notice.

Finally, Plaintiffs also object to Exhibits 19-24 (articles and reports discussing the MBS and nationwide housing market collapse that began in 2007) on the grounds that they are "irrelevant" and that the Court may not "draw the inference that the overall downturn in the economy, as opposed to misrepresentations alleged in the Amended Complaint, is what affected the performance of the Certificates at issue."  Resp. at 6-7 (emphasis omitted).  But the Countrywide Defendants are not asking the Court to draw any improper inferences or to take judicial notice of disputed facts.  Rather, they only seek judicial notice of the existence of these once-in-a-lifetime market events—which, as Plaintiffs acknowledge, are not subject to reasonable

dispute—to be considered by the Court in assessing the plausibility of the inferences *asserted by Plaintiffs* in support of their claims.  *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) ("[t]he court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or . . . . that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences").  In other words, the Countrywide Defendants are not asking the Court at this stage of the litigation to infer or conclude that the mortgage industry collapse caused the alleged decline in value of the Certificates; instead, they argue that the mortgage industry collapse "dilute[s] any inferential value of rising delinquencies with respect to the accuracy of the representations in the Offering Documents."  Br. at 69 n.65; Resp. at 7 n.4.

For all of these reasons, the Court should take judicial notice of Exhibits 1-44 in connection with consideration of the Countrywide Defendants' motion to dismiss.[1]

## II. SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE OF DOCUMENTS CITED IN THE COUNTRYWIDE DEFENDANTS' REPLY MEMORANDUM.

In connection with the reply memorandum filed in support of their motion to dismiss, the Countrywide Defendants also hereby request that the Court take judicial notice, pursuant to Federal Rule of Evidence 201 and supporting case law, of the 13 documents listed below:

---

[1] Moreover, since the charts contained in the Countrywide Defendants' Appendix are based entirely on Plaintiffs' Amended Complaint and exhibits subject to judicial notice, the Court may consider those charts in connection with the motion to dismiss.  Contrary to Plaintiffs' suggestion, these charts are not "improper argument" or an "attempt to evade the page limitations."  Resp. at 3 n.1.  Rather, given that Plaintiffs' challenge 427 separate Offerings over a three year period, it is entirely appropriate for the Countrywide Defendants to compile key information—all of which is taken directly from the Amended Complaint or judicially noticeable documents, as the charts themselves expressly indicate—for purposes of judicial efficiency and the Court's convenience.  Plaintiffs are not prejudiced in any way, particularly since the primary "underlying sources" (*id.*) are their own Amended Complaint, their own Certifications, and the Distribution Reports that they received in real-time and that they concede are proper subjects of judicial notice.

| EXHIBIT | DESCRIPTION |
|---|---|
| 45 | Prospectus Supplement for CWALT 2005-J4 (filed May 26, 2005) |
| 46 | Pricing Supplement for Series A Medium-Term Notes at issue in *In re Countrywide Fin. Corp. Sec. Litig.*, No. CV-07-5295 (C.D. Cal.) (filed January 25, 2006) |
| 47 | Pricing Supplement for Series A Medium-Term Notes at issue in *In re Countrywide Fin. Corp. Sec. Litig.*, No. CV-07-5295 (C.D. Cal.) (filed August 22, 2005) |
| 48 | Chart Setting Forth MBS Offerings for Which the Statute of Repose Expired Before the Offering Was Included in an Operative Complaint in the *Luther* State Court Action |
| 49 | Complaint in *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp., et al.*, No. BC444033 (California Superior Court) (filed August 18, 2010) |
| 50 | Complaint in *Charles Schwab Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., et al.*, No. CGC-10-501151 (California Superior Court) (filed June 29, 2010) |
| 51 | Complaint in *Fed. Home Loan Bank of S.F. v. Credit Suisse Sec. (USA) LLC, et al.*, No. CGC-10-497840 (California Superior Court) (filed March 15, 2010) |
| 52 | Complaint in *United Western Bank v. Countrywide Fin. Corp., et al.*, No. 2010CV3325 (Colorado District Court) (filed April 23, 2010) |
| 53 | Complaint in *Cambridge Place Inv. Mgmt, Inc. v. Morgan Stanley & Co., et al.*, No. SUCV2010-02741 (Massachusetts Superior Court) (filed July 9, 2010) |
| 54 | Complaint in *N.M. State Inv. Council, et al. v. Countrywide Fin. Corp., et al.*, No. D-0101-CV-2008-02289 (New Mexico District Court) (filed August 15, 2008) |
| 55 | Complaint in *Fed. Home Loan Bank of Pittsburgh v. Countrywide Sec. Corp., et al.*, No. GD 09-018482 (Pennsylvania Court of Common Pleas) (filed October 13, 2009) |

| | |
|---|---|
| 56 | Complaint in *Fed. Home Loan Bank of Seattle v. Countrywide Sec. Corp., et al.*, No. 09-2-46321-2 SEA (Washington Superior Court) (filed December 23, 2009) |
| 57 | Complaint in *Footbridge Ltd. Trust v. Countrywide Home Loans, Inc.*, No. 1:09-cv-04050-DLC (Southern District of New York) (filed April 23, 2009) |

These documents are subject to judicial notice for the exact same reasons as those previously submitted by the Countrywide Defendants. Specifically, Exhibits 45-47 are documents publicly filed with the SEC, *see Argent*, slip op. at 6 (SEC filings "indisputably subject to notice"); Exhibit 48 is a chart containing data derived entirely from registration statements and prospectus supplements publicly filed with the SEC and heavily relied upon by Plaintiffs in the Amended Complaint, *see id.*, AC at 1, ¶¶ 77-82, 160-85, & Ex. A; and Exhibits 49-57 are copies of complaints filed in other litigation related to Countrywide MBS, *see Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998) (granting request for judicial notice of pleadings in related action), *San Luis*, 136 F. Supp. 2d at 1146, Pl. RJN Ex. 1. Thus, for the reasons set forth above and in the Countrywide Defendants' Request for Judicial Notice, these documents are similarly appropriate subjects for judicial notice.

## CONCLUSION

For all of the above reasons, the Countrywide Defendants respectfully request that the Court take judicial notice of Exhibits 1-57.

| | | |
|---|---|---|
| 1 | Dated: September 27, 2010 | **GOODWIN PROCTER LLP** |
| 2 | | |
| 3 | | /s/ Brian E. Pastuszenski |
| | | Brian E. Pastuszenski (*pro hac vice*) |
| 4 | | Lloyd Winawer (State Bar No. 157823) |
| | | Inez H. Friedman-Boyce (*pro hac vice*) |
| 5 | | Brian C. Devine (State Bar No. 222240) |
| 6 | | *Counsel for the Countrywide Defendants* |

**Goodwin Procter LLP**
10250 Constellation Blvd., 21st Floor
Los Angeles, California 90067