1  SETH ARONSON (S.B. #100153)
   saronson@omm.com
2  MATTHEW CLOSE (S.B. #188570)
   mclose@omm.com
3  O'MELVENY & MYERS LLP
   400 South Hope Street
4  Los Angeles, California 90071-2899
   Telephone:  (213) 430-6000
5  Facsimile:  (213) 430-6407

6  *Attorneys for Defendants
   Bank of America Corporation and NB
7  Holdings Corporation*

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11 | MAINE STATE RETIREMENT SYSTEM, individually and on behalf of all others similarly situated, | Case No. 2:10-CV-00302 MRP (MAN) |
|---|---|
| Plaintiff, | **BANK OF AMERICA CORPORATION AND NB HOLDINGS CORPORATION'S REPLY IN SUPPORT OF THEIR REQUEST FOR JUDICIAL NOTICE OF DOCUMENTS** |
| v. | |
| COUNTRYWIDE FINANCIAL CORPORATION, et al., | Hearing Date: October 18, 2010 |
| Defendants. | Time: 11:00 a.m. |
| | Judge: Honorable Mariana R. Pfaelzer |
| | Courtroom: Courtroom 12 |
| | Spring Street Courthouse |

1    The Court should grant BAC and NB's request for judicial notice because
2    each of the ten documents that BAC has submitted satisfies the judicial notice
3    criteria. They are SEC and court filings the authenticity of which is unquestioned
4    and the accuracy of which Plaintiffs do not dispute. *See* Fed. R. Evid. 201. Instead,
5    Plaintiffs object only on the grounds that the Court should not take judicial notice
6    of these documents for the facts that they disclose. But the SEC filings contain
7    undisputed information concerning the events that Plaintiffs allege give rise to their
8    claims that BAC and NB are liable as successors to Countrywide Financial
9    Corporation ("CFC") and Countrywide Home Loans Corporation ("CHL"),
10   respectively. Moreover, Plaintiffs themselves have relied on many of these
11   documents in opposing BAC and NB's motion to dismiss the Complaint. Under
12   these circumstances, the Court should consider the documents' full contents in
13   evaluating Plaintiffs' claims.

## ARGUMENT

15   Courts can take judicial notice of documents under Federal Rule of Evidence
16   201 or the "incorporation by reference" doctrine. Rule 201 authorizes judicial
17   notice where that fact is "one not subject to reasonable dispute in that it is . . .
18   capable of accurate and ready determination by resort to sources whose accuracy
19   cannot reasonably be questioned." In addition, under the incorporation by reference
20   doctrine, a court may take judicial notice where "plaintiff's claim depends on the
21   contents of a document, the defendant attaches the document to its motion to
22   dismiss, and the parties do not dispute the authenticity of the document, even
23   though the plaintiff does not explicitly allege the contents of that document in the
24   complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *see also In re*
25   *Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) ("That doctrine
26   permits a district court to consider documents whose contents are alleged in a
27   complaint and whose authenticity no party questions, but which are not physically
28   attached to the [plaintiff's] pleading."), *abrogated on other grounds by South Ferry*

1  *LP v. Killinger*, 542 F.3d 776, 784 (9th Cir. 2008) (revising standard for pleading
2  scienter under the PSLRA originally formulated in *Silicon Graphics*).

## I. SEC FILINGS (RJN DOCUMENTS 2–6)

While the Complaint does not expressly cite the SEC filings for which BAC seeks judicial notice, Plaintiffs' successor liability claims against BAC and NB stem from events disclosed in those filings. The successor liability claim is based on (i) the July 2008 triangular merger whereby Countrywide merged into a BAC wholly owned subsidiary, and (ii) the November 2008 transaction between CFC and BAC. Plaintiffs further allege that NB is a successor to CHL, based on CHL's July 3, 2008 "sale of substantially all of its assets to NB Holdings Corporation, a wholly-owned subsidiary of Bank of America." Compl. ¶ 31. Information regarding these transactions is disclosed in each of the SEC filings for which BAC and NB seeks judicial notice.

### *RJN Document 2*

Plaintiffs relied on Countrywide's August 11, 2008 10-Q (RJN Doc. 2) because their pre-filing investigation purportedly included an "examination of the SEC filings . . . of Countrywide Financial Corporation." Compl. at 1. The 10-Q provides undisputed background regarding the Countrywide merger and BAC's corporate structure, including that, CFC has replaced its top management, and ceased issuing subprime loans and so-called "option-ARM" loans. Def. Mem. at 3. This court should therefore take judicial notice of the 10-Q. *See Moody v. Liberty Life Assurance Co.*, No. C07-01017MJJ, 2007 U.S. Dist. LEXIS 32837, at **8-9 (N.D. Cal. Apr. 17, 2007) ("A district court ruling on a motion to dismiss may consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to [plaintiff's] pleading." (quotation omitted)). The Court took judicial notice of the 10-Q filing in its motion to dismiss ruling in *Argent Classic Convertible Arbitrage Fund, L.P. v. Countrywide Financial Corp.* ("*Argent*"). *See* slip op. at 1, n.1.

### *RJN Documents 3 and 4*

To provide additional information concerning the BAC–Countrywide merger that Plaintiffs allege gives rise to their claims against BAC and NB Holdings, BAC has requested that the Court take judicial notice of:

- BAC's Registration Statement on Form S-4 Appendix A (attaching January 8, 2008 Merger Agreement among CFC, BAC and Red Oak Merger Corporation) filed with the SEC on or about May 28, 2008 (RJN Doc. 3), and
- BAC's Current Report on Form 8-K filed with the SEC on or about July 1, 2008 (RJN Doc. 4) disclosing that the BAC and CFC merger had been completed effective as of July 1, 2008, and attaching a July 1, 2008 BAC press release announcing the merger's closing.

Judicial notice of these documents is plainly proper in light of Plaintiffs' claims. The Complaint alleges that "CFC completed its merger with Red Oak Merger Corporation ("Red Oak"), a wholly-owned subsidiary of Bank of America, under an Agreement and Plan of Merger, dated as of January 11, 2008, by and among Bank of America, Red Oak, and CFC." Compl. ¶ 30. These allegations are based on the Merger Agreement—an exhibit to BAC's May 28, 2008 S-4—and the July 1, 2008 BAC 8-K disclosing the merger's completion. *See* RJN Docs. 3 and 4. The Court took judicial notice of the S-4 filing in the *Argent* motion to dismiss ruling. *See* slip op. at 8.

### *RJN Document 5*

BAC seeks judicial notice of a Schedule 13G/A concerning its holdings in Validus Holdings Limited that BAC filed with the SEC on February 12, 2010 (RJN Doc. 5). While Plaintiffs allege that NB was "one of the shell entities used to effectuate the Bank of America–CFC merger," (*see* Compl. ¶ 31), the Validus filing makes clear that it is far more than a shell. It discloses that NB is a beneficial owner of, among other things, Bank of America, N.A. and Banc of America

Securities LLC. *See* Schedule 13G/A of Validus Holdings Ltd. filed on behalf of BAC on February 12, 2010 at 23.

***RJN Document 6***

This is a November 10, 2008 BAC 8-K, disclosing, among other things, that "[o]n November 7, 2008, in connection with the integration of Countrywide Financial Corporation ('Countrywide') with the Registrant's other businesses and operations, Countrywide and its subsidiary Countrywide Home Loans, Inc. ('CHL') transferred substantially all of their assets and operations to the Registrant, and as part of the consideration for such transfer, the Registrant assumed debt securities and related guarantees of Countrywide in an aggregate amount of approximately $16.6 billion." It is apparent that Plaintiffs relied on this disclosure in framing their complaint. Plaintiffs allege that "[s]ubstantially all of Countrywide's assets were transferred to Bank of America on November 7, 2008, in connection with Countrywide's integration with Bank of America's other businesses and operations, along with certain of Countrywide's debt securities and related guarantees." Compl. ¶ 30. Plaintiffs' allegations clearly track the 8-K's disclosure concerning the asset transfer, but omit an important fact—approximately $16.6 billion in consideration BAC provided in exchange for the assets. The Court should therefore take judicial notice of the complete disclosure under the incorporation by reference doctrine to include this transaction-related information that Plaintiffs intentionally omitted.

Plaintiffs do not dispute the 8-K's authenticity or that the transfer took place. Nor do they dispute the accuracy of any fact disclosed by the 8-K. To the contrary, they rely on the 8-K again in their opposition to BAC's motion to dismiss. Plaintiffs invoke this Court's ruling in *Argent* that BAC "expressly assumed 'some debt in consideration of the asset purchase,' " a proposition based on that 8-K. *See* Opp. to Mot. to Dismiss at 11–12 (citing slip op. at 8 (C.D. Cal. Mar. 19, 2009) (citing BAC Form 8-K, Nov. 10, 2008)). Plaintiffs should not be allowed to pick

1 | and choose between the portions of the 8-K they deem helpful and those they do
2 | not.
3 |      BAC and NB's judicial notice request is in keeping with Ninth Circuit cases
4 | taking judicial notice of an entire filing where a Plaintiff attempts to rely on only
5 | portions of an unidentified SEC filing.  In *In re Silicon Graphics, Inc. Securities*
6 | *Litigation*, the Ninth Circuit affirmed the district court's review of SEC Forms 3
7 | and 4 reflecting insiders' stock transactions in rejecting a shareholder's claim that
8 | the stock transaction created a strong inference of the insiders' fraudulent intent.
9 | Even though the complaint at issue did not refer to the Forms 3 and 4, the Ninth
10 | Circuit concluded that taking judicial notice of the entire SEC filings was
11 | appropriate under the incorporation by reference doctrine.  This was because,
12 | among other things, the plaintiff "allege[d] the contents of the SEC filings in her
13 | complaint" and "clearly gleaned from the SEC Form 3 and 4 filings many of the
14 | facts regarding the officers' stock sales." 183 F.3d at 986.  The court observed that
15 | having relied on the filings herself, the plaintiff "can hardly complain when
16 | [defendants] refer to the same information in their defense." *Id.*  The Court should
17 | likewise take into account *all* information contained in the public filings upon
18 | which Plaintiffs apparently relied in preparing their Complaint.
19 |      Plaintiffs' reason for trying to keep this information from the Court is
20 | obvious.  To plead a *de facto* merger, Plaintiffs must allege that a transaction was
21 | designed to disadvantage CFC shareholders or creditors.  *See* Def. Mem. at 7–8.
22 | Had the Complaint included all the publicly available information concerning the
23 | asset transfer from CFC to BAC, the *de facto* merger claim would clearly fail.  *See*
24 | Compl. ¶ 30.  Judicial notice of the November 10, 2008 BAC 8-K is therefore
25 | proper because it would curtail Plaintiffs' attempt to survive a dismissal motion "by
26 | failing to attach a dispositive document on which [the Complaint] relied."  *See*
27 | *Moody*, 2007 U.S. Dist. LEXIS 32837, at *10.
28 |

1    This is a textbook example of why the Ninth Circuit adopted the
2    incorporation by reference doctrine: to prevent plaintiffs "from surviving a Rule
3    12(b)(6) motion by deliberately omitting references to documents upon which their
4    claims are based." *See Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998),
5    *superseded on other grounds by statute*, 28 U.S.C. § 1453(b), *as recognized in*
6    *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006) (recognizing CAFA's
7    replacement of "the judge-created requirement that each defendant consent to
8    removal"). In *Parrino*, the Ninth Circuit affirmed the district court's granting
9    judicial notice of ERISA plan documents where the complaint referred to an ERISA
10   "group plan" but did not mention the plan documents. *Id.* Likewise, in *Scharff v.*
11   *Raytheon Company Short Term Disability Plan*, Case No. EDCV 07-124
12   PSG(OPx), 2007 U.S. Dist. LEXIS 73844 (C.D. Cal. June 27, 2007), the plaintiff
13   claimed disability benefits under a short term disability plan, but did not attach the
14   plan to her complaint. Taking judicial notice of the plan, the court held that "even
15   if the Complaint did not refer to the [plan], the Court could still properly consider it
16   since the [plan] document is integral to [plaintiff's] claims, and [plaintiff] does not
17   dispute its authenticity." *Id.* at **9–10.

18   These principles apply equally here. Plaintiffs have attempted to cherry-pick
19   one detail concerning a transaction between BAC and CFC from BAC's public
20   filings, but have deliberately omitted a document available to them that supplies
21   other details concerning the transaction that defeat their claim. Under *Silicon*
22   *Graphics*, *Knievel*, and *Parrino*, this Court may therefore take judicial notice of
23   BAC's 8-K to supply deliberately omitted information underlying the Complaint's
24   claims. *See Knievel*, 393 F.3d at 1076 ("We have extended the 'incorporation by
25   reference' doctrine to situations in which the plaintiff's claim depends on the
26   contents of a document, the defendant attaches the document to its motion to
27   dismiss, and the parties do not dispute the authenticity of the document, even
28   though the plaintiff does not explicitly allege the contents of that document in the

6    REPLY IN SUPPORT OF BAC AND NB'S
     REQUEST FOR JUDICIAL NOTICE
     2:10 CV-00302 MRP (MAN)

complaint."); *Silicon Graphics*, 183 F.3d at 986 (The incorporation by reference "doctrine permits a district court to consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.") (quotation omitted); *Parrino*, 146 F.3d at 706 ("We . . . hold that a district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies.").

\* \* \*

Plaintiffs raise no concerns about the accuracy of these details in their opposition briefing either on this motion or on the motion to dismiss. Nor do Plaintiffs dispute the authenticity of the SEC filings in which this information is disclosed. Because these are facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201, the Court should take judicial notice of them. *See*, *e.g.*, *Equal Employment Opportunity Comm'n v. Creative Networks*, No. CV 05-3032-PHX-SMM, 2006 WL 3834286, at \*2 (D. Ariz. Dec. 29, 2006) (taking judicial notice of "those facts appearing in the Form 10-K that are both undisputed and relevant to issues presented in the Motion to Dismiss"). And because the Complaint's claims are predicated on the events these filings describe, the Court should take judicial notice not only of the fact that the disclosures were made, but also the complete description of the transactions that these filings provide. *See Knievel*, 393 F.3d at 1076.

## II.  COURT FILINGS AND ORDERS (RJN DOCUMENTS 1, 7–10)

Bank of America has requested that the Court take judicial notice of filings and orders in several actions involving Countrywide:

- Omnibus Order, *Argent Classic Convertible Arbitrage Fund, L.P. v. Countrywide Financial Corp.*, Case No. 2:07-cv-07097 MRP (MANx) (C.D. Cal. Mar. 19, 2009) (RJN Doc. 1);

- Plaintiff's Opposition to Defendant BAC's Motion to Dismiss in *Argent Classic Convertible Arbitrage Fund L.P. v. Countrywide Financial Corp.*, No. CV 07-07097 MRP (MANx) (C.D. Cal. Feb. 6, 2009) (RJN Doc. 7);
- Consent Judgment & Order entered in *Federal Trade Commission v. Countrywide Home Loans, Inc.*, Case No. 2:10-cv-04193-JFW-SS (C.D. Cal. June 15, 2010) (RJN Doc. 8);
- Amended Stipulation & Agreement of Settlement filed in *In re Countrywide Financial Corp. Securities Litigation*, Lead Case No. 2:07-cv-05295-MRP (MANx) (C.D. Cal. June 29, 2010) (RJN Doc. 9); and
- Decision and order entered in *MBIA Insurance Corp. v. Countrywide Home Loans, Inc.*, Index No. 602825/08 (Sup. Ct., N.Y. Co. Apr. 27, 2010) (RJN Doc. 10).

Courts routinely grant requests for judicial notice of filings in other proceedings. *See*, *e.g.*, *Reyn's Pasta Bella, LLC v. Visa U.S.A., Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (a court "may take judicial notice of court filings and other matters of public record") (citation omitted); *Lee v. Bender*, No. C 04-2637 SBA, 2005 WL 1388968, at *8 (N.D. Cal. May 11, 2005) ("Court filings and orders are the type of documents that are properly noticed under Federal Rule of Evidence 201."). In fact, Plaintiffs themselves rely on the *Argent* and *MBIA* rulings in their opposition to BAC and NB's motion to dismiss. *See* Opp. to Mot. to Dismiss at 10–12.

Plaintiffs object only to the extent that judicial notice is sought for "the truth of the matters asserted" in the court filings and orders. *See* Opp. to RJN at 4. But BAC and NB do not rely on these documents for that purpose. Rather, they have asked that the Court take judicial notice of the existence and contents of these five documents. For example, BAC and NB seek judicial notice of the undisputed fact

that this Court dismissed a successor liability claim against BAC in *Argent*. *See* Def. Mem. at 3. Likewise, BAC seeks judicial notice of the undisputed fact that the *Argent* plaintiffs cited BAC's November 10, 2008 8-K in their opposition to a motion to dismiss in *Argent*. *See* RJN Doc. 7. And RJN Document 8 is offered for the straightforward proposition the document itself says—contrary to the Complaint's characterization—that two Countrywide-related entities (not BAC) settled a lawsuit with the Federal Trade Commission in June 2010. *See* Def. Mem. at 10, n.8. As facts "not subject to reasonable dispute in that [they are] … capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," judicial notice of the orders and filings is appropriate under Federal Rule of Evidence 201. *See BP W. Coast Prods. LLC v. May*, 347 F. Supp. 2d 898, 901-02 (D. Nev. 2004) ("[T]he Court will only consider these documents for the purpose of showing that various contentions and arguments have been raised in other actions and to review how other courts have addressed these issues.").

## CONCLUSION

BAC and NB respectfully request that the Court take judicial notice of the documents attached to the Declaration of Matthew Close, in ruling on their Motion to Dismiss the Amended Consolidated Class Action Complaint.

Dated: September 29, 2010

Respectfully submitted,

SETH ARONSON
MATTHEW CLOSE
O'MELVENY & MYERS LLP


By:   /s/ Matthew Close
      MATTHEW CLOSE

*Attorneys for Defendants
Bank of America Corporation and NB
Holdings Corporation*