Lloyd Winawer (State Bar No. 157823)
lwinawer@goodwinprocter.com
**GOODWIN PROCTER LLP**
10250 Constellation Boulevard, 21st Floor
Los Angeles, CA 90067
Telephone: 310-788-5177
Facsimile: 310-286-0992

Brian E. Pastuszenski (*pro hac vice*)
bpastuszenski@goodwinprocter.com
Inez H. Friedman-Boyce (*pro hac vice*)
ifriedmanboyce@goodwinprocter.com
Brian C. Devine (State Bar No. 222240)
bdevine@goodwinprocter.com
**GOODWIN PROCTER LLP**
53 State Street
Boston, MA 02109-2802
Telephone: 617-570-1000
Facsimile: 617-523-1231

*Attorneys for Defendants*
Countrywide Financial Corp.,
Countrywide Home Loans, Inc., CWALT,
Inc., CWMBS, Inc., CWABS, Inc.,
CWHEQ, Inc., Countrywide Capital
Markets, Countrywide Securities Corp.,
and N. Joshua Adler

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MAINE STATE RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, et al.,<br><br>Defendants. | Case No. 2:10-CV-00302-MRP (MANx)<br><br>**COUNTRYWIDE DEFENDANTS' NOTICE OF RECENT AUTHORITY IN SUPPORT OF MOTION TO DISMISS THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Date: October 18, 2010<br>Time: 11:00 a.m.<br>Courtroom: 12<br>Judge: Hon. Mariana R. Pfaelzer |

The Countrywide Defendants respectfully notify the Court of three recent opinions that address central legal issues involved in their pending motion to dismiss: (1) *Footbridge Ltd. Trust v. Countrywide Home Loans, Inc.*, No. 09-CV-04050-PKC (S.D.N.Y. Sept. 28, 2010) (attached hereto as Exhibit A); (2) *Boilermakers Nat'l Annuity Trust Fund v. WaMu Mortg. Pass Through Certificates, Series AR1*, No. 09-CV-00037-MJP (W.D. Wash. Sept. 28, 2010) (attached hereto as Exhibit B); and (3) *In re Am. Int'l Group, Inc. 2008 Sec. Litig.*, No. 08-CV-04772-LTS (S.D.N.Y. Sept. 27, 2010) (attached hereto as Exhibit C).

In *Footbridge*, Judge Castel of the United States District Court for the Southern District of New York dismissed with prejudice a complaint asserting claims under Section 10(b) of the Securities Exchange Act of 1934 that challenged disclosures made in connection with two offerings of Countrywide mortgage-backed securities, both of which are included among the 427 MBS Offerings[1] at issue in this case. The Countrywide Defendants respectfully draw the Court's attention to the following passages in *Footbridge*:

- "When read in context, the offering documents covenant that there ought not be any Mortgage Loans in default at the time of the Securitizations, but acknowledge the possibility that there could be delinquent loans and, in that event, Countrywide would cure the delinquent loan in one manner or another. The prospectuses must be read 'as a whole.' . . . . As the Fifth Circuit held. . . . the 'repurchase or substitute' clauses change the nature of [Countrywide's] representation." Ex. A at 27-28 (adopting reasoning and holding of *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 389-90 (5th Cir. 2010); internal citations omitted); *see also* Br. at 49-53; Reply Br. at 44-45.

---

[1] All capitalized terms used herein shall have the meanings assigned to them in the memoranda of points and authorities submitted in support of the Countrywide Defendants' motion to dismiss.

- "Without more, such allegations [that 'Countrywide abandoned its loan-origination guidelines and prudent guidelines of the industry in order to maximize its revenue from the origination, servicing, and securitization of mortgage loans'] are insufficient to set forth a plausible claim of fraud based on the heightened pleading standards of Rule 9(b) and the PSLRA." Ex. A at 18-21; *see also* Br. at 53-56; Reply Br. at 46 & n.46.
- "Plaintiffs allege that Countrywide 'regularly steered borrowers to more expensive mortgage products in order to increase its profits.' The SAC does not contain allegations that the loans included in the Securitizations suffered from this problem; rather, it makes general allegations about Countrywide's overall commercial practices." Ex. A at 24; *accord id*. at 22-24, 29, 34-35, 42; *see also* Br. at 56-59; Reply Br. at 46-48.
- "Paragraphs in a complaint which are 'based on, or rely on, complaints in other actions that have been dismissed, settled, or otherwise not resolved are, as a matter of law, immaterial within the meaning of Rule 12(f)." Ex. A at 9-10 (granting motion to strike, internal citation omitted); *see also* Br. at 66-69; Reply Br. at 47-48 & n.49.

In *WaMu*, Judge Pechman of the United States District Court for the Western District of Washington granted in part defendants' motions to dismiss a complaint asserting claims under Sections 11, 12, and 15 of the Securities Act of 1933 (the "1933 Act") on behalf of a putative class of investors in mortgage-backed securities. The Countrywide Defendants respectfully draw the Court's attention to the following passages in *WaMu*:

- "Plaintiffs, relying primarily on *In re Countrywide Fin. Corp. Sec. Litig.*, 588 F. Supp. 2d 1132, 1166 (C.D. Cal. 2008), argue they have standing to sue on behalf of the class because all the certificates were issued pursuant to either the 2006 or 2007 Registration Statements. The Court is not persuaded to adopt Plaintiffs' expansive view of standing. . . ." Ex. B at 6;

*accord id.* at 5-7; *see also* Br. at 31-40; Reply Br. at 21-36.

- "This Court has previously held that simply alleging a purchase was 'traceable to' a particular offering is insufficient to confer standing under Section 12. . . . [A]n allegation that a plaintiff acquired certificates that had been—at some point in time—sold in an Offering is different from an allegation [that] a plaintiff purchased certificates as part of an Offering.  As the Court in *Nomura* recognized, '[i]f plaintiffs did in fact purchase the Certificates directly from the defendants, they should have said so. . . .'  Plaintiffs' § 12 claims are dismissed for lack of standing."  Ex. B at 7-8; *see also* Br. at 35-36; Reply Br. at 29-30.

- "Plaintiffs have not alleged actionable misrepresentations based on appraisals or loan-to-value ratios. . . .  Plaintiffs' allegations on this issue are simply too conclusory. . . ."  Ex. B at 10-11; *see also* Br. at 56-69; Reply Br. at 44-50.

- "The Court grants Defendants' motion to dismiss the Section 15 claims as to the Individual Defendants. . . .  Based on nothing more, Plaintiffs claim each of the Individual Defendants are control persons 'by virtue of his or her control, ownership, offices, [or] directorship.'  Such allegations, alone, are insufficient to state a claim. . . ."  Ex. B at 13-14; *see also* Br. at 79-80; Reply Br. at 60-62.

- "[Just as in an earlier complaint filed by different plaintiff in same case,] Plaintiffs' allegations are based on substantially identical statements in the Offering Documents and focus almost exclusively on the shelf Registration documents.  If these allegations are sufficient to state a claim as to the earlier Certificates, they must also be sufficient to put other holders of WaMu certificates on notice of underwriting and appraisal issues [for statute of limitations purposes]."  Ex. B at 14-15; *see also* Br. at 23-24; Reply Br. at 6-7.

- "Courts since *American Pipe* have found that the statute of limitations does not toll for putative class actions whose named plaintiff lacks standing to advance claims in the first place.  *See Walters v. Edgar*, 163 F.3d 430, 432 (7th Cir. 1998); *Palmer v. Stassinos*, 236 F.R.D. 46[0], 465-66 and n.6 (N.D. Cal. 2006)."  Ex. B at 15-16; *see also* Br. at 30-31; Reply Br. at 15-18.

*Am. Int'l Group* involved claims under Sections 11, 12, and 15 of the 1933 Act (among other claims) on behalf of a putative class of purchasers of 101 separate public offerings of AIG securities—*not* mortgage-backed securities—made pursuant to three shelf registration statements, each of which incorporated by reference various Forms 10-K, 10-Q, and 8-K that allegedly contained material misstatements.  The Countrywide Defendants respectfully draw the Court's attention to the following passages in *Am. Int'l Group*:

- "[The holding of *In re Citigroup Bond Litig.*, 2010 WL 2772439, at *4 (S.D.N.Y. July 12, 2010) concerning standing by virtue of a common shelf registration statement] was premised on allegations that purchasers in each of the different offerings made pursuant to the same misleading shelf registration statement can trace their injury to the same alleged underlying conduct on the part of the defendants," because "all of the relevant claims were premised on statements or alleged omissions in company reports that had been incorporated by reference in each of the registration statements at issue."  Ex. C at 40; *see also* Br. at 36-40; Reply Br. at 30-36.
- "This Court recently held that the fact that a plaintiff purchased securities in one securities offering does not confer standing on that plaintiff to assert claims on behalf of purchasers of different securities offerings in which the alleged material misstatements and omissions occurred not in the elements of the registration statements that were common to all the offerings but rather appeared in the prospectus supplements unique to each particular offering.  *In re Morgan Stanley Mortg. Pass-Through Certificates Litig.*, 09

Civ. 2137, 2010 WL 3239430, at *5 (S.D.N.Y. Aug. 17, 2010) [(Swain, J.)]." Ex. C at 40-41; *see also* Br. at 36-40; Reply Br. at 30-36.

- "Here, Plaintiffs do not rely on the information furnished in the prospectus and pricing supplements unique to each of the 101 offerings but rather on the alleged material misstatements and omissions located in the common elements of the three different registration statements:  the Company's Forms 10-K, 10-Q, and 8-K incorporated therein.  Plaintiffs therefore can trace the injury of the purchasers in each of the 101 offerings to the same underlying conduct on the part of the defendants." Ex. C at 41; *see also* Br. at 31-40; Reply Br. at 21-36.

Dated:  October 5, 2010               **GOODWIN PROCTER LLP**

/s/ Brian E. Pastuszenski
Brian E. Pastuszenski (*pro hac vice*)
Lloyd Winawer (State Bar No. 157823)
Inez H. Friedman-Boyce (*pro hac vice*)
Brian C. Devine (State Bar No. 222240)

*Counsel for the Countrywide Defendants*