LIONEL Z. GLANCY (#134180)
MICHAEL GOLDBERG (#188669)
1801 Avenue of the Stars, Suite 311
GLANCY BINKOW & GOLDBERG LLP
Los Angeles, California  90067
Telephone:  (310) 201-9150
Facsimile:   (310) 201-9160
E-mail:  info@glancylaw.com

*Liaison Counsel for Lead Plaintiff Iowa Public Employees' Retirement System*

[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAINE STATE RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, *et al.*<br><br>Defendants. | No.  2:10-CV-00302 MRP (MAN)<br><br><u>CLASS ACTION</u><br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF RECENT AUTHORITY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**<br><br>**Date:** October 18, 2010<br>**Time:** 1:00 p.m.<br>**Courtroom:** 12<br>**Judge:** Hon. Mariana R. Pfaelzer |

PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF RECENT AUTHORITY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Plaintiffs respectfully submit this response to Defendants' Notice of Recent Authority in Support of Defendants' Motion to Dismiss dated October 5, 2010 (the "Notice").

Defendants first cite to *Footbridge Ltd. Trust v. Countrywide Home Loans*, Inc., No. 09-CV-04050-PKC (S.D.N.Y. Sept. 28, 2010), a decision that rejected securities *fraud* claims brought under Section 10(b) of the Securities Exchange Act of 1934. Indeed, the passages defendants quote simply found that the plaintiffs' allegations there were "insufficient to set forth a plausible claim of fraud based on the heightened pleading standards of Rule 9(b) and the PSLRA." Notice at 2, quoting *Footbridge*, at 21. Moreover, the language of *Footbridge* that defendants rely upon makes it clear that the allegations in *Footbridge* were inconsistent with the allegations in this action. Whereas in *Footbridge*, the court found plaintiffs' complaint "does not contain allegations that the loans included in the Securitizations suffered from [the alleged problems]," the Complaint here does. *See, e.g.,* Complaint ¶¶87-89 (discussing poor performance of certificates and FBI's findings that early payment defaults and delinquency rates are reflective of a systematic disregard for underwriting guidelines). Finally, the court in *Footbridge* relied upon *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383 (5th Cir. 2010), which discussed a clause permitting the repurchase or substitution of loans by the originator and is irrelevant to Plaintiffs' claims here because they do not assert a misrepresentation solely as to the existence of delinquent loans in the pools. *See* Plaintiffs' Opp. to the Motion to Dismiss ("Pl. MTD Opp.") at 77-79.[1]

*Footbridge* also struck certain limited references to allegations made in other cases against Countrywide and its officers, finding under Second Circuit law that

---

[1] Notably, Defendants' arguments for dismissal based on *Lone Star* have been rejected repeatedly in the MBS context. *See* Pl. MTD Opp. at 77. Notably, the most recent decision declining to apply *Lone Star* was issued by Judge Pechman in *Washington Mutual*, one of the cases that Defendants cite as supplemental authority.

PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF RECENT AUTHORITY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

1

*not facts*, but rather only "**allegations**" which are "based on, or rely on, complaints in other actions that have been dismissed, settled, or otherwise not resolved are, as a matter of law, immaterial." As discussed in Plaintiffs' Opposition to the Motion to Strike, however, there is a formidable distinction between untested allegations and factual evidence revealed in other litigation. *Footbridge* appears to recognize this distinction, as the allegations struck appear to have been intended to limit conclusory allegations of wrongdoing, rather than the factual evidence revealed in those other actions. *Compare* Ex. A, *Footbridge* SAC ¶5 (quoting "conclu[sion]" of California Attorney General, which was struck); with SAC ¶51 (not struck, quoting from a document revealed in criminal proceeding against a Countrywide employee); *also compare, e.g.*, *Footbridge* SAC ¶216a (struck, quoting conclusory allegations of California Attorney General), *with* Complaint ¶¶114-16 (describing facts revealed in California Attorney General's investigation). *Footbridge* however is internally inconsistent as to the paragraphs that were stricken. Admittedly, some paragraphs there were struck that summarized evidence revealed in other complaints rather than quoted it, *e.g.*, Complaint ¶49; however, there is no explanation for this departure expressed in the *Footbridge* opinion, and it should not be followed. Indeed, many of the paragraphs in *Footbridge* which were ***not*** struck appear to be identical to facts contained in Plaintiffs' complaint here that are drawn from other complaints – to some extent, the *Footbridge* complaint simply failed to cite its sources. *Compare Footbridge* SAC ¶122 (not struck, discussing allegations of Mark Zachary), *with* Complaint ¶¶139-42 (discussing facts revealed by Mark Zachary, properly crediting those facts to his complaint against Countrywide). Thus, because *Footbridge* is internally inconsistent, it should not be followed here.

   Defendants next cite to *Boilermakers National Annuity Trust Fund v. WaMu Mortgage Pass-Through Certificates, Series AR1*, No. 2:09-cv-00037-MJP (W.D.

PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF RECENT AUTHORITY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Wash. Sept. 28, 2010) ("*Washington Mutual*") attempting to bolster their position that Plaintiffs' claims should not be tolled pursuant to *American Pipe*. Notice at 4. However, *Washington Mutual* did not follow the law of this Circuit. *See Valenzuela v. Kraft Inc.*, 801 F.2d 1170 (9th Cir. 1986) (tolling available for plaintiffs where earlier complaint filed in state court was dismissed due to lack of subject matter jurisdiction); *see also* Pl. MTD Opp. at 36-37.[2] Instead, *Washington Mutual* reaches its conclusion relying solely on two out-of-district, non-PSLRA cases, *Walters v. Edgar*, 163 F.3d 430 (7th Cir. 1998) and *Palmer v. Stassinos*, 236 F.R.D. 460 (N.D. Cal. 2006). In *Walters*, the district court dismissed the entire action after finding that none of the named plaintiffs suffered an unconstitutional restriction on their access to Federal court, and thus **no named plaintiff** had standing to pursue **any of the claims**. *Walters*, 163 F.3d at 434 (emphasis added). On appeal, the Seventh Circuit Court affirmed the lower court's denial of the motion to dismiss, without even mentioning the issue of tolling, because federal jurisdiction was lacking since no plaintiff ever had standing to pursue the claims. *Id.* Moreover, *Washington Mutual*'s reliance on *Palmer* is equally inapposite. In *Palmer*, the district court, relying on *Walters*, disallowed tolling for a **newly added state law claim** by a proposed intervenor where neither of the original plaintiffs in

---

[2] Furthermore, notwithstanding the Countrywide Defendants' assertion that "Plaintiffs do not cite *even a single case* that has applied *American Pipe* tolling to a state court class action," Countrywide Defendants' Reply Brief at 10 (emphasis in original), federal courts have applied *American Pipe* tolling to state court class actions, including a district court decision issued two months ago. *Sawyer v. Atlas Heating & Sheet Metal Works, Inc.*, --- F. Supp. 2d ----, 2010 WL 3212040, at *2 (E.D. Wis. Aug. 11, 2010) (permitting cross jurisdictional tolling and stating that for purposes of *American Pipe* tolling, it does not "matter whether the [initial] class action was filed in state rather than federal court" because "[t]he fact that the class action is pending in state court would not make duplicative protective lawsuits any less burdensome"), attached hereto as Exhibit B. Likewise, in *Washington Mutual*, claims as to an offering initially identified in the original state court complaint, asserted by a named plaintiff who was added to the federal action over a year later, were tolled pursuant to *American Pipe & Const. Co. v. Utah*, 414 U.S. 538 (1974) and permitted to proceed. *See Wash. Mutual* Order at 6, 15 (implicitly recognizing cross-jurisdictional tolling for claims asserted under the Securities Act).

PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF RECENT AUTHORITY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

3

the action had standing to assert it.  236 F.R.D. at 464 (emphasis added).  Thus, the *Washington Mutual* opinion is both inconsistent with Ninth Circuit law and not well-reasoned on this point and, accordingly, should not be applied here.[3]

Defendants' excerpts from *In re Am. Int'l Group, Inc. 2008 Sec. Litig.*, No. 08-CV-04772-LTS (S.D.N.Y. Sept. 27, 2010) ("*AIG*") appear to directly support Plaintiffs' argument that, even if the doctrine of statutory standing limits named Plaintiffs' ability to represent certain members of the proposed class, Plaintiffs indisputably have standing to represent all purchasers on a common registration statement.  Quoting with approval *In re Citigroup Bond Litig.*, No. 08 Civ. 9522, 2010 WL 2772439, at *14 (S.D.N.Y. July 12, 2010), on which Plaintiffs' relied in their Opposition brief, the *AIG* court held that where the common registration statements contained material misstatements and omissions, standing was appropriately alleged for the "same alleged injury" on all purchases from common defective shelf registration statements.  *In re American Int'l Grp., Inc. 2008 Sec. Litig.*, at 40.  Plaintiffs allege precisely this, as a large portion of the misrepresentations and omissions alleged were contained in the Registration Statements themselves, and simply repeated in the Prospectus Supplements used for each Offering.  *See* Complaint ¶¶162-64; 168-71; 177-78.  Thus, *AIG* further supports Plaintiffs' arguments.

Dated:  October 15, 2010          Respectfully submitted,

**GLANCY BINKOW & GOLDBERG LLP**

/s/ Michael Goldberg
Michael Goldberg
Lionel Z. Glancy

---

[3] However, in *Washington Mutual*, claims as to an offering initially included in the original August 1, 2008 State Court Complaint, asserted by a named plaintiff who was added to the action in November 2009, were tolled pursuant to *American Pipe & Const. Co. v. Utah,*, 414 U.S. 538 (1974), permitted to proceed.  *See Washington Mutual* Order at 6, 15 (implicitly recognizing cross-jurisdictional tolling for claims asserted under the Securities Act).

PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF RECENT AUTHORITY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
4

1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Liaison Counsel*

Steven J. Toll
Julie Goldsmith Reiser
Joshua S. Devore
Matthew B. Kaplan
S. Douglas Bunch
**COHEN MILSTEIN SELLERS
 & TOLL PLLC**
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C. 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

– and –

Joel P. Laitman
Daniel B. Rehns
**COHEN MILSTEIN SELLERS
 & TOLL PLLC**
88 Pine Street, 14th Floor
New York, New York 10005
Telephone: (212) 838-7797
Facsimile: (212) 838-7745

*Lead Counsel for the Class*

Ira M. Press
Randall K. Berger
**KIRBY MCINERNEY LLP**
825 Third Avenue, 16th Floor
New York, NY 10022
Telephone: (212) 317-6600
Facsimile: (212) 751-2540
Email: ipress@kmllp.com
        rberger@kmllp.com

*Counsel for Named Plaintiff General Board of Pension and Health Benefits of the United Methodist Church*

PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF RECENT AUTHORITY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

5

**PROOF OF SERVICE VIA ELECTRONIC POSTING PURSUANT TO CENTRAL DISTRICT OF CALIFORNIA LOCAL RULES AND ECF GENERAL ORDER NO. 10-07**

I, the undersigned, say:

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court. I am over the age of 18 and not a party to the within action. My business address is 1801 Avenue of the Stars, Suite 311, Los Angeles, California 90067.

On October 15, 2010, I caused to be served the following document:

**PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF RECENT AUTHORITY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

By posting the document to the ECF Website of the United States District Court for the Central District of California, for receipt electronically by the parties as listed on the attached Service List.

And on any non-ECF registered party:

**By Mail**: By placing true and correct copies thereof in individual sealed envelopes, with postage thereon fully prepaid, which I deposited with my employer for collection and mailing by the United States Postal Service. I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, this correspondence would be deposited by my employer with the United States Postal Service that same day.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 15, 2010, at Los Angeles, California.

*s/Michael Goldberg*
Michael Goldberg

# Mailing Information for a Case 2:10-cv-00302-MRP -MAN

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Seth A Aronson**
  saronson@omm.com

- **Randall K Berger**
  rberger@kmllp.com

- **Leiv H Blad , Jr**
  leiv.blad@bingham.com

- **S Douglas Bunch**
  dbunch@cohenmilstein.com

- **Spencer Alan Burkholz**
  spenceb@rgrdlaw.com,jillk@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Christopher G Caldwell**
  caldwell@caldwell-leslie.com,martindale@caldwell-leslie.com,hammer@caldwell-leslie.com,pettit@caldwell-leslie.com,willingham@caldwell-leslie.com,hayes@caldwell-leslie.com,popescu@caldwell-leslie.com,strother@caldwell-leslie.com,wong@caldwell-leslie.com,wilson@caldwell-leslie.com

- **Matthew D Caplan**
  matthew.caplan@dlapiper.com,carmen.ferrera@dlapiper.com,DocketingLA@dlapiper.com

- **Peter Young Hoon Cho**
  petercho@paulhastings.com

- **Boyd Cloern**
  boyd.cloern@bingham.com

- **Matthew W Close**
  mclose@omm.com

- **David C Codell**
  codell@caldwell-leslie.com

- **Jeffrey B Coopersmith**
  jeff.coopersmith@dlapiper.com,evelyn.dacuag@dlapiper.com

- **Brian Charles Devine**
  bdevine@goodwinprocter.com

- **Joshua S Devore**
  jdevore@cohenmilstein.com

- **Daniel S. Drosman**
  ddrosman@rgrdlaw.com,tholindrake@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Thomas E Egler**
  tome@rgrdlaw.com,kathyj@rgrdlaw.com

- **Inez H Friedman-Boyce**
  ifriedmanboyce@goodwinprocter.com

- **Michael M Goldberg**
  mmgoldberg@glancylaw.com,dmacdiarmid@glancylaw.com,info@glancylaw.com,rprongay@glancylaw.com

- **Penelope A Graboys Blair**
  pgraboysblair@orrick.com

- **Joshua G Hamilton**
  joshuahamilton@paulhastings.com,melmanahan@paulhastings.com

- **Jeffrey M Hammer**
  hammer@caldwell-leslie.com

- **Sean M Handler**
  shandler@btkmc.com

- **Jennifer L Joost**
  jjoost@btkmc.com,acashwell@btkmc.com,mswift@btkmc.com

- **Matthew B Kaplan**
  mkaplan@cohenmilstein.com,efilings@cohenmilstein.com

- **Dean J Kitchens**
  dkitchens@gibsondunn.com,MOstrye@gibsondunn.com

- **Joel P Laitman**
  jlaitman@cohenmilstein.com

- **Christopher Lometti**
  clometti@cohenmilstein.com

- **Jennifer B Luz**
  jluz@goodwinprocter.com

- **Azra Z Mehdi**
  amehdi@milberg.com

- **Alexander K Mircheff**
  amircheff@gibsondunn.com,dlanning@gibsondunn.com,inewman@gibsondunn.com

- **Nicolas Morgan**
  nicolas.morgan@dlapiper.com

- **Sharan Nirmul**
  snirmul@btkmc.com,azivitz@btkmc.com

- **Brian E Pastuszenski**
  bpastuszenski@goodwinprocter.com,ktayman@goodwinprocter.com

- **Lauren Wagner Pederson**
  lpederson@btkmc.com,neena.verma@btkmc.com,dpotts@btkmc.com

- **Ira M Press**
  ipress@kmllp.com,lmorris@kmllp.com

- **David A Priebe**
  david.priebe@dlapiper.com,stacy.murray@dlapiper.com

- **Daniel B Rehns**
  drehns@cohenmilstein.com,efilings@cohenmilstein.com

- **Julie G Reiser**
  jreiser@cohenmilstein.com

- **Christina A Royce**
  croyce@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Scott H Saham**
  scotts@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jennifer M Sepic**
  jennifer.sepic@bingham.com

- **Arthur L Shingler , III**
  ashingler@scott-scott.com,efile@scott-scott.com

- **Richard A Speirs**
  rspeirs@cohenmilstein.com

- **William F Sullivan**
  williamsullivan@paulhastings.com,lisavermeulen@paulhastings.com

- **Steven J Toll**
  stoll@cohenmilstein.com

- **Michael D Torpey**
  mtorpey@orrick.com

- **Michael C Tu**
  mtu@orrick.com,fphan@orrick.com

- **Avi N Wagner**
  avi@thewagnerfirm.com,anwagneresq@hotmail.com

- **Shirli Fabbri Weiss**
  shirli.weiss@dlapiper.com,emiko.gonzales@dlapiper.com

- **Lloyd Winawer**
  lwinawer@goodwinprocter.com,ahsia@goodwinprocter.com,sasmith@goodwinprocter.com,monyeagbako@goodwinprocter.com,cburgos@goodwinprocter.com

- **Andrew L Zivitz**
  azivitz@btkmc.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Lauren G Kerkhoff**
Robbins Geller Rudman & Dowd LLP
655 West Broadway  Suite 1900
San Diego, CA 92101-8498