LIONEL Z. GLANCY (#134180)
MICHAEL GOLDBERG (#188669)
1801 Avenue of the Stars, Suite 311
GLANCY BINKOW & GOLDBERG LLP
Los Angeles, California  90067
Telephone:  (310) 201-9150
Facsimile:   (310) 201-9160
E-mail:  info@glancylaw.com

*Liaison Counsel for Lead Plaintiff Iowa Public Employees' Retirement System*

[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAINE STATE RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, *et al.*<br><br>Defendants. | No.  2:10-CV-00302 MRP (MAN)<br><br><u>CLASS ACTION</u><br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' THIRD NOTICE OF RECENT AUTHORITY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**<br><br>**Date:** October 18, 2010<br>**Time:** 11:00 a.m.<br>**Courtroom:** 12<br>**Judge:** Hon. Mariana R. Pfaelzer |

PLAINTIFFS' RESPONSE TO DEFENDANTS' THIRD NOTICE OF RECENT AUTHORITY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Lead Plaintiff Iowa Public Employees' Retirement System ("IPERS") and additional named plaintiffs the General Board of Pension and Health Benefits of the United Methodist Church ("GBPHB"), Orange County Employees' Retirement System ("OCERS"), and the State of Oregon, by and through the Oregon State Treasurer and the Oregon Public Employee Retirement Board on behalf of the Oregon Public Employee Retirement Fund ("OPERS") (collectively, "Plaintiffs") respectfully submit this response to Defendants' Second and Third Notices of Recent Authority in Support of Defendants' Motion to Dismiss (Dkt. Nos. 210, 215).

In their Second Notice, Defendants submit an opinion from *NECA-IBEW Health and Welfare Fund v. Goldman, Sachs & Co.*, No. 08-CV-10783-MGC (S.D.N.Y. Oct. 14, 2010) ("*NECA-IBEW*"). In their Third Notice, Defendants have also submitted a hearing transcript from the *NECA-IBEW* matter,[1] and *In re Wells Fargo Mortgage-Backed Certificates Litig.*, No. 09-CV-01376-LHK (N.D. Cal. Oct. 19, 2010) ("*Wells Fargo*").

The decision in *NECA-IBEW* incorrectly holds, without authority and contrary to the plain language of Section 11(e) of the Securities Act of 1933, that a breach of contract measure of damages should be applied to Securities Act claims. In fact, Section 11(e) provides that damages are simply the difference between the amount an investor paid for a security and the "value" of the security at the time of the lawsuit. 15 U.S.C. § 77k(e). In improperly substituting a breach of contract

---

[1] Transcript of Proceedings, *NECA-IBEW Health and Welfare Fund v. Goldman, Sachs & Co.*, No. 08-CV-10783-MGC (S.D.N.Y. Sept. 22, 2010). Rather than attach only the referenced hearing transcript, Defendants' Third Notice of Recent Authority also attaches a memorandum of law from that case, and an opinion in *Boilermakers National Annuity Trust v. WaMu Mortgage Pass Through Certificates, Series AR1*, No. C09-00037MJP (W.D. Wash.), which was attached thereto and previously submitted by Defendants with their October 5, 2010 Notice of Supplemental Authority. Plaintiffs' response to Defendants' prior submission of the *Boilermakers* opinion was filed on October 15 (Dkt No. 209).

PLAINTIFFS' RESPONSE TO DEFENDANTS' THIRD NOTICE OF RECENT AUTHORITY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

damage measure for the one mandated by statute, the *NECA-IBEW* court plainly erred.

The *NECA-IBEW* court opined, at page 11, that "to allege an injury cognizable under Section 11, NECA must allege the actual failure to receive payments due under the Certificates." But this is a measure of contractual damages, not the damages available under Section 11(e) of the Securities Act. Nothing in the Securities Act or precedent permits a court to substitute a different damage measure for that indicated in the Act itself, which, without any reference to the existence of a resale market or ability to resell the securities, mandates damages be awarded as simply the difference between the amount an investor paid for a security, and the "value" of the security at the time of the lawsuit. 15 U.S.C. § 77k(e). See *Boilermakers, supra* n.1*,* at 12 ("Plaintiffs' allegations of loss give rise to the inference that the value of the security is much less than the purchase price. The mere fact that Plaintiffs may have difficulty substantiating the exact nature of their loss in an illiquid market does not necessitate dismissal."); *New Jersey Carpenters Health Fund v. DLJ Mortgage Capital, Inc.,* No. 08 Civ. 5653 (PAC), 2010 WL 1473288 (S.D.N.Y. Mar. 29, 2010) (Rejecting this exact argument, the Court found: "This is too cramped a reading of damages. This is a securities claim, not a breach of contract case…. At this stage, all that can be said is Plaintiff's market value allegations are sufficient."). Put simply, the complaint here plausibly alleges that the securities Plaintiffs purchased were not as valuable at the time of suit as they would have been had the offering documents been truthful.[2] Section 11(e) provides a straightforward remedy for this claim. The

---

[2] Additionally, as pointed out at oral argument, the offering documents in this case foreclose the notion that a decline in value cannot result in a compensable injury. Those documents uniformly state "The market values of the securities are likely to fluctuate. Fluctuations may be significant and could result in significant losses to you." *See* Countrywide Defendants' Request for Judicial Notice, Exhibit 5 at 810 (Dkt. No. 160-4).

PLAINTIFFS' RESPONSE TO DEFENDANTS' THIRD NOTICE OF RECENT AUTHORITY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
2

*NECA-IBEW* court's unfounded deviation from that statutory mandate was plain error.

As to the hearing transcript, which is merely colloquy between the Court and counsel without any substantive legal analysis, Plaintiffs respectfully suggest it be ignored on this basis alone. Moreover, the point at issue there was one that Defendants did not advocate in their briefing here, *i.e.,* whether Plaintiffs must purchase each tranche of an offering to act as representatives for such claims. However, Defendants' newfound argument is directly contrary to the position repeatedly stated in their briefing, where they emphasized that "no standing exists unless the named plaintiffs *actually purchase securities* in the *specific offerings* as to which they seek to represent other investors." Countrywide Defs. Mem. In Support of Mot. to Dismiss at 32 (Dkt No. 158-1) (emphasis in original).

There is no mention in Defendants' briefing that particular tranches of offerings are distinguishable from other tranches for purposes of a standing analysis. Indeed, there is no support for this proposition, as even under Defendants' myopic definition of standing, the same "*alleged misconduct*"[3] marred each and every tranche of a particular offering, as each was issued under the same defective Prospectus Supplement, and thus, the misstatements and omissions in that Prospectus Supplement are common to all tranches. The fact that Defendants can cite no other legal authority in support of their point is telling – to date, no such ruling has been entered in any other MBS case. Moreover, Defendants' inclusion of a colloquy on issues regarding potential class certification further underscores Plaintiffs' argument that the question of the appropriate breadth of the class is a Rule 23 issue, as is the question of the inter-relatedness of the tranches.

Finally, as to the *Wells Fargo* decision, Plaintiffs respectfully but firmly disagree with that Court's decision, which will certainly be appealed. The *Wells*

---

[3] *Id.* (emphasis in original).

PLAINTIFFS' RESPONSE TO DEFENDANTS' THIRD NOTICE OF RECENT AUTHORITY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

3

*Fargo* court enacted a novel and unprecedented position requiring both that a plaintiff in a class action affirmatively plead standing for all claims asserted *and* that absent class members must investigate such standing allegations to determine whether their claims are protected. In so doing, the *Wells Fargo* court created a burden on absent class members wholly at odds with the purpose and plain language of *American Pipe & Const. Co v. Utah*¸ 414 U.S. 538, 94 S. Ct. 756, 38 L. Ed. 2d 713 (1974). Indeed, *American Pipe* itself is clear that absent class members need not even be aware of the earlier filed class action to be protected by tolling. *See* Memo. In Opp. to Defendants' Mot. To Dismiss at 37 n.23 (Dkt No. 182) (citing *Am. Pipe,* 414 U.S. at 552).

To require absent class members to conduct a legal and factual analysis of whether a putative class representative's allegations that it is an appropriate representative for the entire proposed class are true and, more strikingly, to presage that a court may ultimately disagree and thus anticipatorily file duplicative protective actions, is antithetical to the very principle of *American Pipe* and contrary to good policy and judicial efficiency.[4] *Am. Pipe,* 414 U.S. at 553-54. To then reward defendants with substantive immunity via a court's later disagreement with the class representative's claims of being an adequate representative despite defendants' plain timely knowledge of the claims against them within the procedural time frame of the Securities Act is blind to all notions of justice that must govern this litigation. This is precisely why the tolling rule of *American Pipe* looked to the "asserted" definition of the class to determine which claims were

---

[4] "[There is nothing] singular or peculiar with respect to 'standing' that would generally prevent application of the other consideration expressed in American Pipe - the concern that where the determination to disallow the class action is made upon 'subtle factors,' a rule 'requiring successful anticipation of the determination of the viability of the class would breed needless duplication of motions [to intervene].'" *Rose v. Arkansas Valley Environmental & Utility Authority,* 562 F. Supp. 1180, 1193 (D. Mo. 1983).

PLAINTIFFS' RESPONSE TO DEFENDANTS' THIRD NOTICE OF RECENT AUTHORITY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
4

tolled, not the one that may ultimately be upheld.[5] *Wells Fargo*'s denial of tolling to asserted members of the class is thus directly contrary to controlling Supreme Court precedent, and must not be followed.

Moreover, even if *Wells Fargo's* test were to be (wrongly) adopted, it must be limited to its specific facts, which are distinguishable from the instant case. Whereas the *Wells Fargo* court found that "the complaints themselves showed that no named plaintiff had made any investment in the securities now asserted by the New Plaintiffs," here the earlier filed State court action contained no such facial deficiency – rather the *Luther* complaint never specified which certificates the plaintiff there purchased, and affirmatively pled that Luther was an adequate representative for all members of the class proposed therein of all CWALT Certificate purchasers. Additional timely complaints filed in June and October 2008 broadened the class to all of the Countrywide certificates at issue here, and each of those complaints likewise asserted the Plaintiffs there were adequate representatives for the proposed classes. Thus, even accepting *Wells Fargo*'s premise that there need be some "unusual" circumstances to permit tolling, the tortured procedural history of this action and the fact that the Plaintiff in *Luther* did not indicate which certificates he purchased is such an unusual circumstance.

---

[5] *Id.* at 554. ("We are convinced that the rule most consistent with federal class action procedure must be that the commencement of a class action suspends the applicable statute of limitations as to **all asserted members of the class** who **would have been parties** had the suit been permitted to continue as a class action.") (emphasis added). *See also In re Initial Public Offering Sec. Litig.*, No. 21 MC 92SAS, 2004 WL 3015304, *4 (S.D.N.Y. Dec. 27, 2004) ("nowhere in *American Pipe* did the Supreme Court explicitly state that tolling is unavailable in cases where … the original lead plaintiff appeared to have standing, and the lead plaintiff's lack of standing did not become obvious to absent class members until the assertion of new claims became time-barred.").

PLAINTIFFS' RESPONSE TO DEFENDANTS' THIRD NOTICE OF RECENT AUTHORITY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

5

| | | |
|---|---|---|
| 1 | Dated: October 22, 2010 | Respectfully submitted, |
| 2 | | **GLANCY BINKOW & GOLDBERG LLP** |
| 3 | | |
| 4 | | /s/ Michael Goldberg |
| | | Michael Goldberg |
| 5 | | Lionel Z. Glancy |
| | | 1801 Avenue of the Stars, Suite 311 |
| 6 | | Los Angeles, California 90067 |
| | | Telephone: (310) 201-9150 |
| 7 | | Facsimile: (310) 201-9160 |
| 8 | | *Liaison Counsel* |
| 9 | | Steven J. Toll |
| | | Julie Goldsmith Reiser |
| 10 | | Joshua S. Devore |
| | | Matthew B. Kaplan |
| 11 | | S. Douglas Bunch |
| | | **COHEN MILSTEIN SELLERS & TOLL PLLC** |
| 12 | | 1100 New York Avenue, N.W. |
| 13 | | Suite 500, West Tower |
| | | Washington, D.C. 20005 |
| 14 | | Telephone: (202) 408-4600 |
| | | Facsimile: (202) 408-4699 |
| 15 | | – and – |
| 16 | | Joel P. Laitman |
| | | Christopher Lometti |
| 17 | | Daniel B. Rehns |
| | | **COHEN MILSTEIN SELLERS & TOLL PLLC** |
| 18 | | 88 Pine Street, 14th Floor |
| 19 | | New York, New York 10005 |
| | | Telephone: (212) 838-7797 |
| 20 | | Facsimile: (212) 838-7745 |
| 21 | | *Lead Counsel for the Class* |

PLAINTIFFS' RESPONSE TO DEFENDANTS' THIRD NOTICE OF RECENT AUTHORITY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Ira M. Press
Randall K. Berger
**KIRBY MCINERNEY LLP**
825 Third Avenue, 16th Floor
New York, NY 10022
Telephone: (212) 317-6600
Facsimile: (212) 751-2540
Email: ipress@kmllp.com
rberger@kmllp.com

*Counsel for Named Plaintiff General Board of Pension and Health Benefits of the United Methodist Church*

PLAINTIFFS' RESPONSE TO DEFENDANTS' THIRD NOTICE OF RECENT AUTHORITY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

7

# PROOF OF SERVICE VIA ELECTRONIC POSTING PURSUANT TO CENTRAL DISTRICT OF CALIFORNIA LOCAL RULES AND ECF GENERAL ORDER NO. 10-07

I, the undersigned, say:

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court. I am over the age of 18 and not a party to the within action. My business address is 1801 Avenue of the Stars, Suite 311, Los Angeles, California 90067.

On October 22, 2010, I caused to be served the following document:

**PLAINTIFFS' RESPONSE TO DEFENDANTS' THIRD NOTICE OF RECENT AUTHORITY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

By posting the document to the ECF Website of the United States District Court for the Central District of California, for receipt electronically by the parties as listed on the attached Service List.

And on any non-ECF registered party:

**By Mail**: By placing true and correct copies thereof in individual sealed envelopes, with postage thereon fully prepaid, which I deposited with my employer for collection and mailing by the United States Postal Service. I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, this correspondence would be deposited by my employer with the United States Postal Service that same day.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 22, 2010, at Los Angeles, California.

*s/Michael Goldberg*
Michael Goldberg

# Mailing Information for a Case 2:10-cv-00302-MRP -MAN

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Seth A Aronson**
  saronson@omm.com

- **Randall K Berger**
  rberger@kmllp.com

- **Leiv H Blad , Jr**
  leiv.blad@bingham.com

- **S Douglas Bunch**
  dbunch@cohenmilstein.com

- **Spencer Alan Burkholz**
  spenceb@rgrdlaw.com,jillk@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Christopher G Caldwell**
  caldwell@caldwell-leslie.com,martindale@caldwell-leslie.com,hammer@caldwell-leslie.com,pettit@caldwell-leslie.com,willingham@caldwell-leslie.com,hayes@caldwell-leslie.com,popescu@caldwell-leslie.com,strother@caldwell-leslie.com,wong@caldwell-leslie.com,wilson@caldwell-leslie.com

- **Matthew D Caplan**
  matthew.caplan@dlapiper.com,carmen.ferrera@dlapiper.com,DocketingLA@dlapiper.com

- **Peter Young Hoon Cho**
  petercho@paulhastings.com

- **Boyd Cloern**
  boyd.cloern@bingham.com

- **Matthew W Close**
  mclose@omm.com

- **David C Codell**
  codell@caldwell-leslie.com

- **Jeffrey B Coopersmith**
  jeff.coopersmith@dlapiper.com,evelyn.dacuag@dlapiper.com

- **Brian Charles Devine**
  bdevine@goodwinprocter.com,MEnglish@goodwinprocter.com,ABoivin@goodwinprocter.com

- **Joshua S Devore**
  jdevore@cohenmilstein.com

- **Daniel S. Drosman**
  ddrosman@rgrdlaw.com,tholindrake@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Thomas E Egler**
  tome@rgrdlaw.com,kathyj@rgrdlaw.com

- **Inez H Friedman-Boyce**
  ifriedmanboyce@goodwinprocter.com

- **Michael M Goldberg**
  mmgoldberg@glancylaw.com,dmacdiarmid@glancylaw.com,info@glancylaw.com,rprongay@glancylaw.com

- **Penelope A Graboys Blair**
  pgraboysblair@orrick.com

- **Joshua G Hamilton**
  joshuahamilton@paulhastings.com,melmanahan@paulhastings.com

- **Jeffrey M Hammer**
  hammer@caldwell-leslie.com

- **Sean M Handler**
  shandler@btkmc.com

- **Jennifer L Joost**
  jjoost@btkmc.com,acashwell@btkmc.com,mswift@btkmc.com

- **Matthew B Kaplan**
  mkaplan@cohenmilstein.com,efilings@cohenmilstein.com

- **Dean J Kitchens**
  dkitchens@gibsondunn.com,MOstrye@gibsondunn.com

- **Joel P Laitman**
  jlaitman@cohenmilstein.com

- **Christopher Lometti**
  clometti@cohenmilstein.com

- **Jennifer B Luz**
  jluz@goodwinprocter.com

- **Azra Z Mehdi**
  amehdi@milberg.com

- **Alexander K Mircheff**
  amircheff@gibsondunn.com,dlanning@gibsondunn.com,inewman@gibsondunn.com

- **Nicolas Morgan**
  nicolas.morgan@dlapiper.com

- **Sharan Nirmul**
  snirmul@btkmc.com,azivitz@btkmc.com

- **Brian E Pastuszenski**
  bpastuszenski@goodwinprocter.com,ktayman@goodwinprocter.com

- **Lauren Wagner Pederson**
  lpederson@btkmc.com,neena.verma@btkmc.com,dpotts@btkmc.com

- **Ira M Press**
  ipress@kmllp.com,lmorris@kmllp.com

- **David A Priebe**
  david.priebe@dlapiper.com,stacy.murray@dlapiper.com

- **Daniel B Rehns**
  drehns@cohenmilstein.com,efilings@cohenmilstein.com

- **Julie G Reiser**
  jreiser@cohenmilstein.com

- **Jonathan Rosenberg**
  jrosenberg@omm.com

- **Christina A Royce**
  croyce@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Scott H Saham**
  scotts@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jennifer M Sepic**
  jennifer.sepic@bingham.com

- **Arthur L Shingler , III**
  ashingler@scott-scott.com,efile@scott-scott.com

- **Richard A Speirs**
  rspeirs@cohenmilstein.com

- **William F Sullivan**
  williamsullivan@paulhastings.com,lisavermeulen@paulhastings.com

- **Steven J Toll**
  stoll@cohenmilstein.com

- **Michael D Torpey**
  mtorpey@orrick.com

- **Michael C Tu**
  mtu@orrick.com,fphan@orrick.com

- **Avi N Wagner**
  avi@thewagnerfirm.com,anwagneresq@hotmail.com

- **Shirli Fabbri Weiss**
  shirli.weiss@dlapiper.com,emiko.gonzales@dlapiper.com

- **Lloyd Winawer**
  lwinawer@goodwinprocter.com,ahsia@goodwinprocter.com,sasmith@goodwinprocter.com,monyeagbako@goodwinprocter.com,cburgos@goodwinprocter.com

- **Andrew L Zivitz**
  azivitz@btkmc.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Lauren G Kerkhoff
Robbins Geller Rudman & Dowd LLP
655 West Broadway  Suite 1900
San Diego, CA 92101-8498
```