1  WILLIAM F. SULLIVAN (SB# 78353)
   *williamsullivan@paulhastings.com*
2  JOSHUA G. HAMILTON (SB# 199610)
   *joshuahamilton@paulhastings.com*
3  PETER Y. CHO (SB# 255181)
   *petercho@paulhastings.com*
4  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   515 South Flower Street
5  Twenty-Fifth Floor
   Los Angeles, CA  90071-2228
6  Telephone:  (213) 683-6000
   Facsimile:  (213) 627-0705
7
   Attorneys for Defendants
8  *Ranjit Kripalani* and *Jennifer S. Sandefur*

9                    UNITED STATES DISTRICT COURT

10                   CENTRAL DISTRICT OF CALIFORNIA

11

12

13  MAINE STATE RETIREMENT            CASE NO. 2:10-CV-00302 MRP (MANx)
    SYSTEM, Individually and On Behalf
14  of All Others Similarly Situated,      **RANJIT KRIPALANI AND
                                           JENNIFER S. SANDEFUR'S
15              Plaintiff,                  REQUEST FOR ENTRY OF ORDER
                                           OF DISMISSAL WITH PREJUDICE**
16       vs.

17  COUNTRYWIDE FINANCIAL            Courtroom:  12
    CORPORATION, et al.,             Judge:      Hon. Mariana R. Pfaelzer
18
                Defendants.
19

20

21

22

23

24

25

26

27

28

LEGAL_US_W # 66751395.7

## I.     PROCEDURAL HISTORY SUPPORTING DISMISSAL

Ranjit Kripalani and Jennifer S. Sandefur hereby request that the Court enter an order dismissing them from the instant action with prejudice as they are no longer parties to this case.  *See Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  Mr. Kripalani and Ms. Sandefur, therefore, submit this request in lieu of submitting a supplemental brief pursuant to the Court's recent order.

On August 16, 2010, Mr. Kripalani and Ms. Sandefur filed a motion to dismiss (Docket No. 152) Plaintiffs' Amended Consolidated Class Action Complaint ("Amended Complaint").[1]  On November 4, 2010, the Court dismissed this action and granted Plaintiffs leave to amend their pleading (the "Order"). (Docket No. 222.)  In its Order, the Court specifically instructed Plaintiffs, in amending their deficient Amended Complaint, to, *inter alia*, "eliminate those individual defendants and claims for which the statute of limitations has expired." (Order at 4.)  The Court noted that "some individual defendants have made a persuasive case for why they should be eliminated from the lawsuit even if *American Pipe* [tolling] applies."  (Id. at 12.)  Thereafter, on December 6, 2010, Plaintiffs filed their Second Amended Class Action Complaint ("Second Amended Complaint"), but did not name Mr. Kripalani and Ms. Sandefur as defendants. (Docket No. 227.)  Under well-settled law, Plaintiffs' decision to drop Mr. Kripalani and Ms. Sandefur as defendants in the Second Amended Complaint requires their dismissal with prejudice.

## II.     MR. KRIPALANI AND MS. SANDEFUR SHOULD BE DISMISSED.

It is axiomatic that an amended complaint supersedes the previous complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing *Hal Roach Studios,*

---

[1] Mr. Kripalani and Ms. Sandefur also joined the Motion to Dismiss filed by Countrywide Financial Corp., Countrywide Home Loans, Inc., CWALT, Inc., CWMBS, Inc., CWABS, Inc., CWHEQ, Inc., Countrywide Capital Markets, Countrywide Securities Corporation, and N. Joshua Adler.  (Docket No. 158.)

1    *Inc.*, 896 F.2d at 1546). As a consequence, defendants named in an original

2    complaint who are not named in an amended complaint are dismissed. *See Hal*

3    *Roach Studios*, *Inc.*, 896 F.2d at 1546.

4        Here, Plaintiffs initially named Mr. Kripalani and Ms. Sandefur as

5    defendants in their Amended Complaint, which the Court dismissed through its

6    Order. In its Order, following Defendants' motions to dismiss, the Court

7    specifically instructed Plaintiffs to "eliminate those individual defendants and

8    claims for which the statute of limitations has expired." (Order at 4.) Following

9    the Court's specific directive, Plaintiffs dropped Mr. Kripalani and Ms. Sandefur as

10    defendants by not naming them in the Second Amended Complaint. Accordingly,

11    Mr. Kripalani and Ms. Sandefur are dismissed from this case.

12    **III.    DISMISSAL SHOULD BE WITH PREJUDICE.**

13        Because Plaintiffs would never be able to cure by amendment their flawed

14    allegations against Mr. Kripalani and Ms. Sandefur, dismissal with prejudice is

15    appropriate. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (dismissing with

16    prejudice is appropriate where plaintiff cannot cure by amendment). In their

17    Motion to Dismiss Plaintiffs' Amended Complaint, Mr. Kripalani and Ms. Sandefur

18    provided a step-by-step analysis clearly demonstrating that Plaintiffs' allegations

19    against them were absolutely time-barred even if tolling applied. In dismissing

20    Plaintiffs' Amended Complaint based on threshold issues concerning standing and

21    the statute of limitations, the Court noted that "the one-year limitations period

22    clearly appears to have expired for all the Offerings . . . ." (Order at 8.) With

23    respect to allegations against Mr. Kripalani and Ms. Sandefur, Plaintiffs could

24    never cure the statute of limitations violation by amendment, a point underscored

25    by Plaintiffs' decision to drop Mr. Kripalani and Ms. Sandefur as defendants in the

26    Second Amended Complaint. Accordingly, dismissal with prejudice is appropriate

27    in this case.

28

KRIPALANI AND SANDEFUR'S REQUEST FOR ENTRY OF ORDER OF DISMISSAL WITH PREJUDICE

**IV.   CONCLUSION**

      For the foregoing reasons, Mr. Kripalani and Ms. Sandefur respectfully request that the Court enter an order of dismissal with prejudice.

Dated: January 14, 2011      PAUL, HASTINGS, JANOFSKY & WALKER LLP
WILLIAM F. SULLIVAN
JOSHUA G. HAMILTON
PETER Y. CHO

By:   /s/ Joshua G. Hamilton
            JOSHUA G. HAMILTON

Attorneys for Defendants
*Ranjit Kripalani* and *Jennifer S. Sandefur*