LIONEL Z. GLANCY (#134180)
MICHAEL GOLDBERG (#188669)
GLANCY BINKOW & GOLDBERG LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, California  90067
Telephone:   (310) 201-9150
Facsimile:    (310) 201-9160
E-mail:  info@glancylaw.com

*Liaison Counsel for Lead Plaintiff Iowa Public
Employees' Retirement System*

*[Additional Counsel on Signature Page]*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAINE STATE RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, *et al.*<br><br>Defendants. | No.  2:10-CV-00302 MRP   (MAN)<br><br>__CLASS ACTION__<br><br>__MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF  MOTION FOR ENTRY OF JUDGMENT AND OTHER RELIEF FROM ORDERS RESOLVING MOTIONS TO DISMISS__<br><br>DATE:  June 20, 2011<br>TIME:   11:00 a.m.<br>Hon. Mariana R. Pfaelzer<br>Ctrm: 12 |

# TABLE OF CONTENTS

I.    INTRODUCTION ........................................................................1

II.   BACKGROUND .......................................................................4

III.  ARGUMENT ...........................................................................7

    A.   Partial Judgment Pursuant To Rule 54(b) Is Appropriate As Several
         Important Claims Have Been Dismissed With Prejudice ...................7

        1.   The Court's Rulings on Standing Are Final ................................7

        2.   The Orders Warrant Review At This Time In The Interest Of
             Preserving Judicial Resources ......................................9

        3.   Claims Against Certain Specific Defendants Have Been Finally
             Dismissed ...................................................................11

        4.   Section 12(a)(2) Claims Were Finally Dismissed Against the
             Issuer Defendants ........................................................12

    B.   The Court Should Amend The Standing Opinions To Include A
         Statement That Immediate Appeal Pursuant To 28 U.S.C. §1292(b)
         Is Appropriate ..............................................................13

        1.   The Orders Involve Controlling Issues of Law ...........................15

        2.   There Is Substantial Ground For Difference of Opinion As
             To Each of The Controlling Questions of Law ...........................17

        3.   An Immediate Appeal Will Materially Advance The Ultimate
             Termination of The Litigation ........................................18

    C.   A Stay of Proceedings Pending Appeal Is In The Best Interest
         of The Parties And Judicial System .....................................19

    D.   Extension of Time To File A Motion For Class Certification ...........21

IV.   CONCLUSION..............................................................22

# TABLE OF AUTHORITIES

**Cases**

*Ahmadi v. Chertoff*,
    2008 WL 1886001 (N.D. Cal. Apr. 25, 2008)................................... 9, 12, 13

*AmerisourceBergen Corp. v. Dialysist West, Inc.*,
    465 F.3d 946 (9th Cir. 2006) ............................................. 9, 10, 12

*Ass'n of Irritated Residents v. Fred Schakel Dairy*,
    634 F. Supp. 2d 1081 (E.D. Cal. 2008) ...................................... 15-16, 18, 20

*Curtiss-Wright Corp. v. Gen. Elec. Co.*,
    446 U.S. 1, 64 L. Ed. 2d 1 , 100 S. Ct. 1460 (1980) ............................ passim

*de Aguilar v. National R.R. Passenger Corp.*,
    2006 WL 509444 (E.D. Cal. Mar. 2, 2006)....................................19

*Doe v. Univ. of Cal.*,
    1993 WL 361540 (N.D. Cal. Sept. 2, 1993)....................................19

*Envtl. Prot. Info. Ctr. v. Pac. Lumber Co., No. C* ,
    2004 WL 838160 (N.D. Cal. Apr. 19, 2004)...................................17

*Filtrol Corp. v. Kelleher*,
    467 F.2d 242 (9th Cir. 1972) .........................................................19

*Hertzberg v. Dignity Partners, Inc.*,
    191 F. 3d 1076 (9th Cir. 1999) ....................................................15

*In re Cement Antitrust Litig.*,
    673 F.2d 1020 (9th Cir. 1982) ....................................... 14, 16, 18

*In re Pac. Homes*,
    456 F. Supp. 851 (C.D. Cal. 1978) ..............................................18

*In re Wachovia Equity Secs. Litig.*,
    --- F. Supp. 2d ----, 2011 WL 1344027 (S.D.N.Y. Mar. 31, 2011)...............15

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT
AND OTHER RELIEF FROM ORDERS RESOLVING MOTIONS TO DISMISS

ii

*In re Wells Fargo Mortgage-Backed Certificates Litig.*,
   2010 WL 5422554 (N.D. Cal. Dec. 27, 2010) ........................ 9, 10-11, 15, 20

*James v. Price Stern Sloan, Inc.*,
   283 F.3d 1064 (9th Cir. 2002) ..............................................................7

*Katz v. Carte Blanche Corp.*,
   496 F.2d 747 (3d Cir. 1974) ................................................................16

*Kotrous v. Goss-Jewitt Co. of N. Cal.*,
   2005 WL 2452606 (E.D. Cal. Oct. 4, 2005)...........................................20

*Local P-171, Amalgamated Meat Cutters & Butcher Workmen of N. America v.
   Thompson Farms Co.*,
   642 F.2d 1065 (7th Cir. 1981) ............................................................13

*MedImmune, Inc., v. Genentech, Inc., No. CV*,
   2004 WL 5326280 (C.D. Cal. Feb. 18, 2004) .........................................7

*Mediterranean Enters. v. Ssangyong Corp.*,
   708 F.2d 1458 (9th Cir. 1983) ............................................................19

*Panache Broadcasting of Penn., Inc. v. Richardson Electronics, Ltd.*,
   1999 WL 1024560 (N.D. Ill. Oct. 29, 1999) .........................................17

*Sears Roebuck & Co. v. Mackey*,
   351 U.S. 427, 100 L. Ed. 1297, 76 S. Ct. 895 (1956) ..............................7

*South Ferry LP #2 v. Killinger*,
   542 F.3d 776 (9th Cir. 2008) ..............................................................14

*Torres v. City of Madera*,
   655 F. Supp. 2d 1109 (E.D. Cal. 2009) .......................................... 10, 12

*U.S. Rubber Co. v. Wright*,
   359 F.2d 784 (9th Cir. 1966) ..............................................................14

*U.S. v. Woodbury*,
   263 F.2d 784 (9th Cir. 1959) ........................................................ 15, 18

*Wells Fargo Bank v. Bourns, Inc.*,
      860 F. Supp. 709 (N.D. Cal. 1994)...............................................................17

**Regulations**

15 U.S.C. §77z-1(b)(1) .............................................................................22
28 U.S.C. § 1292(b) ........................................................................ passim

Federal Rules of Civil Procedure
      12(a)(2) ......................................................................................6
      23 .................................................................... 4, 21, 22
      26(f) ..................................................................... 4, 21
      54(b)..................................................................... passim

**Other Authorities**

10 Charles Alan Wright & Arthur R. Miller,
      Federal Practice & Procedure Civil § 2658.2 (3d ed.) ...................................13

19 Jeremy Wm. Moore et al., Moore's Federal Practice § 203.31[2] (3d ed.) .......16

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Lead Plaintiff Iowa Public Employees' Retirement System and additional named plaintiffs the General Board of Pension and Health Benefits of the United Methodist Church, Orange County Employees' Retirement System, and Oregon Public Employees' Retirement System (collectively, "Plaintiffs"), respectfully submit this Memorandum in support of their Motion for Entry of Judgment and Other Relief from Orders Resolving Motions to Dismiss.

## I.   INTRODUCTION

On November 4, 2010 (ECF No. 222) (the "First Order"), April 20, 2011 (ECF No. 255) (the "BoA Order") and May 5, 2011 (ECF No. 257) (the "Tranche Standing Order"), this Court entered Orders (collectively, the "Orders")[1] resulting in the final dismissal from this Action of certain of Plaintiffs' claims and certain defendants.  Specifically, the Court has held, in a matter of first impression, that Plaintiffs have standing only to represent the tranches in each offering that they purchased and further that only claims with respect to the tranches originally sued upon in the *Luther*[2] action are tolled under the applicable statute of limitations. These rulings have significantly limited the scope of this case and size of the putative class.  Rather than concern $351 billion and 427 complete series of Certificate purchasers as initially filed, only $2.6 billion and nine (9) specific tranches remain.

---

[1] In addition, on February 16, 2011, the Court entered a Minute Order (ECF No. 246) granting the request of Defendants Ranjit Kripalani ("Kripalani"), Jennifer Sandefur ("Sandefur"), and N. Joshua Adler ("Adler") that the Court state that their dismissal was with prejudice.  Plaintiffs took no position on that request.  The minute order clarified that the Court's November 4, 2010 Order and Plaintiffs' amendment of the complaint in compliance with that Order functioned as a dismissal of those defendants with prejudice.  Judgment should thus enter on behalf of those defendants as set forth in the February 16, 2011 Minute Order.

[2] *Luther,* as used in the Tranche Standing Order, referred to the consolidation of *Luther v. Countrywide Home Loans Servicing LP*, No. BC 380698 (Cal. Super. Ct. Nov. 14, 2007), and *Washington State Plumbing and Pipefitting Pension Fund Trust v. Countrywide Financial Corp.*, No. BC 392571 (Cal. Super. Ct. June 12, 2008).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT AND OTHER RELIEF FROM ORDERS RESOLVING MOTIONS TO DISMISS

1    The Court noted in the Tranche Standing Order that no other federal district
2   squarely addressed the issue of tranche standing and tolling in the context of
3   mortgaged backed securities class litigation.  It is also undisputed that none of the
4   other federal district courts presiding over mortgage backed securities class actions
5   have imposed a tranche standing requirement or decided statute of limitations
6   issues on a tranche basis.  Given the novelty and unsettled nature of these legal
7   issues and the enormous impact on the scope of the Action, as well as on any class
8   discovery and class determinations, Plaintiffs respectfully request that the
9   dismissed parties and claims under the Tranche Standing Order be entered as final
10   under Rule 54(b).  Further, the dismissal of Bank of America is the subject of a
11   discrete decision and should also be entered as final as well.

12    Federal Rule of Civil Procedure 54(b) provides that a district court may
13   enter final judgment on individual claims in multiple claim actions "if the court
14   expressly determines that there is no just reason for delay."  As explained below,
15   the Court's Orders satisfy Rule 54(b)'s requirements, and there is no just reason to
16   delay appellate review of the dismissal.  Accordingly, Plaintiffs respectfully
17   request entry of final judgment pursuant to Rule 54(b) as to the Orders regarding
18   offering and tranche standing requirements, the relationship therewith with tolling
19   of the statute of limitations, and Plaintiffs' claims against the specific defendants
20   dismissed in the Orders.

21    In the alternative, Plaintiffs respectfully request that the Court amend the
22   First Order and Tranche Standing Order to include a statement pursuant to 28
23   U.S.C. § 1292(b) that such orders "involve[] a controlling question of law as to
24   which there is substantial ground for difference of opinion and that an immediate
25   appeal from the order may materially advance the ultimate termination of the
26   litigation."  As noted, no other court in the MBS context has imposed a tranche-
27   based standing requirement, and such issue substantially affects the scope of this
28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT
AND OTHER RELIEF FROM ORDERS RESOLVING MOTIONS TO DISMISS
2

litigation and the trial thereof, much of which would need to be re-litigated if the tranche-based standing requirement were ultimately rejected on appeal after verdict.

Given the appropriateness of appellate review of a number of issues the Court has ruled on to date and the inefficiencies of continuing the litigation before this Court until such issues are resolved by the Court of Appeals, Plaintiffs respectfully request that all proceedings before this Court be stayed pending resolution of the appeals.  Moreover, an appeal is already pending in an action involving similar standing issues related to purchasers of mortgage-backed securities issued by Wells Fargo, and the outcome of that appeal may address some of the issues discussed below.  *Vermont Pension Inv. Comm. v. Goldman Sachs & Co.*, No. 11-15087 (9th Cir.).

Finally, Plaintiffs respectfully request that the Court extend the time to file a motion for class certification by not less than 90 days after the parties conduct a Rule 26(f) conference.[3]  As discussed below, there is a substantial need for discovery to meet Plaintiffs' prima facie burden at class certification in this matter that Plaintiffs have been unable to seek due to the discovery stay that has been in place.  The current schedule allows Plaintiffs only thirty (30) days to file a motion for class certification.  Plaintiffs respectfully submit that doing so is not feasible since the requisite information needed in order for Plaintiffs to file their class certification motion regarding Certificate trading pursuant to the Offerings is not publicly available and thus can only be obtained through non-party subpoenas and discovery of the Defendants.  Thirty days is insufficient time to issue the subpoenas and discovery requests, negotiate the requisite confidentiality

---

[3] Plaintiffs and Defendants are currently in discussions concerning a proposed scheduling order including a date for filing a motion for class certification.  In the event the parties reach an agreement on scheduling issues, they will submit the proposed schedule to the Court for its approval and this portion of Plaintiffs' motion will be moot.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT AND OTHER RELIEF FROM ORDERS RESOLVING MOTIONS TO DISMISS

agreements, and for Plaintiffs' expert to analyze the information obtained from the subpoenas or document requests, and as no Rule 26(f) conference has yet been held, Plaintiffs have not been and are not able to issue such subpoenas and discovery requests.  The Certificate trading information is needed for Plaintiffs to meet their evidentiary burden of establishing that the requirements of numerosity, predominance and superiority under Fed R Civ. P 23.  However, again, the substantial time and expense that must be expended in class certification discovery on the limited tranche basis as directed by the Court's May 5, 2011 Order will need to be effectively "redone" if the tranche standing and statute of limitation aspects of the Court's Orders are revised in whole or in part following appellate review.

## II.    BACKGROUND

This case has a complex procedural history, familiarity with which is assumed, and is set out in the First Order.  ECF No. 222 at 2-3.  That Order held, in relevant part, that the motions to dismiss were granted on the issue of statute of limitations and standing.  The Court stated that:

> The Court will rule on the remaining issues after Plaintiffs have amended their complaint to: (1) eliminate those securities for which the named Plaintiffs do not have standing, (2) eliminate those individual defendants and claims for which the statute of limitations has expired, and (3) allege with specificity which securities have benefitted from tolling by the filing of which complaints during which time period.  In other words, Plaintiffs must trace their claims back to their accrual date and identify the putative class action that they claim has tolled the statute of limitations for each of their claims.

ECF No. 222 at 4 (footnote omitted).

In response, Plaintiffs filed a Second Amended Complaint ("SAC") on December 6, 2010, complying with the Court's directive to eliminate securities offerings not purchased by the named Plaintiffs, and for which under the First Order, no tolling of the statute of limitations had occurred under the *American Pipe* doctrine.  Accordingly, the original plaintiffs who filed claims on those offerings

1   were held to lack standing to assert claims on those securities.  ECF No. 227.[4]  As

2   a result of the First Order, defendants Ranjit Kripalani, Jennifer Sandefur, and N.

3   Joshua Adler – who signed Registration Statements that were included in the class

4   definition of the state court case but this Court dismissed – could not be named as

5   Defendants in the Second Amended Complaint.  The First Order had the result of

6   dismissing all claims against those three defendants.  *See supra* note 1.  Thus, as to

7   those three Defendants, the litigation is complete.

8        More importantly, the First Order dismissed all claims concerning all series

9   of Certificates not purchased by a named plaintiff for lack of standing, and as time

10   barred all claims regarding 44 series of Certificates that were actually purchased by

11   the Plaintiffs themselves, but which had not been purchased by the *Luther* or

12   *Washington State* plaintiffs and thus, under the First Order, no tolling had occurred

13   for those claims.  In total, claims concerning 413 series (the "413 Offerings") were

14   effectively dismissed by the First Order. Thus, the litigation is complete as to the

15   vast majority of the 427 series of certificates included in the First Amended

16   Complaint, as only fourteen (14) series (the "14 SAC Offerings") could be pursued

17   in the Second Amended Complaint.

18        After the SAC was filed, on December 14, 2010, the Court requested

19   additional briefing on the issue of tolling.  Such briefing was filed on January 17,

20   2011 and, in connection with the tolling issue, Defendants raised the additional

21   argument that Plaintiffs only have standing for the specific tranches they purchased

22   within each series of Certificates they purchased.  On January 24, 2011, the Court

23   granted Plaintiffs leave to file a response to Defendants' supplemental briefing,

24   which they did on February 3, 2011.  On February 10, 2011, the Court granted

25   Defendants leave to file a reply to Plaintiffs' response, and a reply was filed

26   accordingly on February 17, 2011.  On March 23, 2011, the Court heard further

27   
28   

---

[4] The Second Amended Complaint specifically preserved all claims that had been dismissed for purposes of appeal.  ECF No. 227 at 1.

1    oral argument on the pending motions to dismiss.  Following the hearing the Court

2    allowed Defendants to make an additional post-hearing submission, which they did

3    on April 8, 2011.

4         On April 20, 2011, the Court entered the BoA Order, dismissing with

5    prejudice claims asserted against Bank of America and NB Holdings Corp. ("NB

6    Holdings") as successors in interest to certain Countrywide entities.  ECF No. 255

7    at 15.  As such, all claims against Bank of America and NB Holdings are finally

8    dismissed, and judgment should be entered in their favor.

9         Finally, and most recently, on May 5, 2011, the Court entered the Tranche

10   Standing Order resolving the remaining then-pending motions to dismiss.  In the

11   Tranche Standing Order, the Court further narrowed its holding on standing as set

12   out in the First Order, ruling that standing is limited to those certificates that are in

13   a tranche purchased by a named Plaintiff.  ECF No. 257 at 12.  The Court also

14   granted the Issuer Defendants' motions to dismiss claims under Section 12(a)(2),

15   on the grounds that they were not statutory sellers, and dismissed all Section

16   12(a)(2) claims for purchases not made in the initial offering of such securities.

17   Further, the Court granted Defendant Sieracki's motion to strike certain allegations

18   in the complaint that were first made in other lawsuits.  The Tranche Standing

19   Order directed Plaintiffs to file a third amended complaint within 30 days (*i.e.*, by

20   June 6, 2011), and a motion for class certification at the same time.  Although

21   Plaintiffs have not yet filed a Third Amended Complaint, it bears noting that the

22   Tranche Standing Order effectively dismisses five (5) of the 14 SAC Offerings as

23   those purchases were not in a tranche purchased by the *Luther* plaintiffs.  In total,

24   208 out of 217 tranches contained in the 14 SAC Offerings were dismissed by the

25   Tranche Standing Order, not to mention the 413 Offerings dismissed by the First

26   Order.  Only nine (9) tranches, each in a separate Offering, will remain in the

27   Action following the Tranche Standing Order.

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT
AND OTHER RELIEF FROM ORDERS RESOLVING MOTIONS TO DISMISS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## III. ARGUMENT

### A. Partial Judgment Pursuant To Rule 54(b) Is Appropriate As Several Important Claims Have Been Dismissed With Prejudice

Rule 54(b) permits the court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." *See also Sears Roebuck & Co. v. Mackey*, 351 U.S. 427, 435, 100 L. Ed. 1297, 1301, 76 S. Ct. 895, 895 (1956) (Rule 54(b) "provide[s] a practical means of permitting an appeal to be taken from one or more final decisions on individual claims, in multiple claims actions, without waiting for final decisions to be rendered on all the claims in the case."). The "issuance of a Rule 54(b) order is a fairly routine act that is reversed only in the rarest instances." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n.6 (9th Cir. 2002) (citation omitted). As explained below, the Court's First Order had the effect of dismissing 413 Offerings included in the FAC that could not be included in the SAC (including 44 Offerings that were purchased by the Plaintiffs themselves) and dismissing all claims against defendants Kripalani, Sandefur, and Adler. The Court has also in a separate order dismissed with prejudice claims against Defendants Bank of America, and NB Holdings. Finally, the Tranche Standing Order dismisses claims on behalf of the vast majority of tranches of the 14 SAC Offerings, as well as claims under Section 12(a)(2) against the Issuers of the Certificates. Each of these dismissals satisfies Rule 54(b)'s requirements, and there is no just reason to delay appellate review. *See MedImmune, Inc., v. Genentech, Inc.*, No. CV 03-02567 MRP, 2004 WL 5326280, at *2 (C.D. Cal. Feb. 18, 2004) (Pfaelzer, J.) ("An entry of final judgment is appropriate where 1) the judgment is final as to one or more claims and 2) the court properly concludes that there is no just reason for delay.").

### 1. The Court's Rulings On Standing Are Final

When deciding to enter judgment under 54(b),

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT AND OTHER RELIEF FROM ORDERS RESOLVING MOTIONS TO DISMISS

7

> [a] district court must first determine that it is dealing with a "final judgment." It must be a "judgment" in the sense that it is a decision upon cognizable claim for relief, and it must be "final" in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action."

*Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7, 64 L. Ed. 2d 1, 11, 100 S. Ct. 1460, 1464 (1980) (citation omitted).

Rule 54(b) is satisfied here because the effect of the Court's rulings on standing requirements set out in the First Order is unquestionably "final" as to claims concerning the 413 Offerings asserted by the Plaintiffs on behalf of all investors in those offerings, including the Offerings dismissed based on the expiration of the statute of limitations. Moreover, Plaintiffs' claims as to the 413 Offerings were effectively dismissed with prejudice as no aspect of those claims, originally brought on behalf of investors in those Offerings, can be further litigated in this case. Likewise, the Court's additional rulings on standing set out in the Tranche Standing Order limiting claims to specific tranches purchased by the named plaintiffs are also final as to all tranches not purchased (the "Dismissed Tranches"). ECF No. 257. The First Order and Tranche Standing Order (collectively, the "Standing Opinions") are of course determinative of the rights of fewer than all the claims and parties as contemplated by Rule 54(b). As the Court has explicitly ruled that Plaintiffs have no standing to represent the interests of investors with respect to claims on the dismissed offerings or tranches, the Standing Opinions are thus "ultimate disposition[s] of [] individual claim[s] entered in the course of a multiple claims action." *Id.* They are therefore unquestionably final as to a large proportion of the purported class of investors Plaintiffs sought to, but under the Standings Opinions are now unable to represent, including 44 Offerings purchased by Plaintiffs rendered time barred by the First Order's rulings on tolling, as well as an additional 208 tranches (including five entire offerings) that will be dismissed by the Tranche Standing Order. Under

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT AND OTHER RELIEF FROM ORDERS RESOLVING MOTIONS TO DISMISS

8

similar facts, the Northern District of California (Koh, J.) recently agreed the entry of a Rule 54(b) judgment was appropriate. *In re Wells Fargo Mortgage-Backed Certificates Litig.*, No. 09-CV-01376-LHK, 2010 WL 5422554 (N.D. Cal. Dec. 27, 2010).

### 2.    The Orders Warrant Review At This Time In The Interest Of Preserving Judicial Resources

Plaintiffs respectfully submit that the facts here strongly support the argument that there is no just reason to delay entry of a final judgment as to the Standing Opinions. *Curtiss-Wright,* 446 U.S. at 8 ("Once having found finality, the district court must go on to determine whether there is any just reason for delay."). "There is a two-step test to determine whether there is a just reason for delay." *Ahmadi v. Chertoff*, No. C 07-03455-WHA, 2008 WL 1886001, at *5 (N.D. Cal. Apr. 25, 2008) (*citing AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 954 (9th Cir. 2006)). "First, the court must assess the judicial administrative interests at stake, including factors such as 'the interrelationship of the claims so as to prevent piecemeal appeals in cases which should be reviewed only as single units.'" *Id.* (*quoting Curtiss-Wright*, 446 U.S. at 10). "Second, the court must weigh the equities involved." *Id.* (*citing AmerisourceBergen Corp.*, 465 F.3d at 954).

Here, certification for immediate appeal raises no serious procedural problems, and does not offend the general policy against potentially redundant "piecemeal" appeals. *AmerisourceBergen Corp.*, 465 F.3d at 954; *Curtiss-Wright*, 446 U.S. at 8-10 (holding that proper factors for Rule 54(b) review include "whether the claims under review were separable from the others . . . and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once."). Indeed, the requirements for standing to assert claims on behalf of purchasers of other certificates is an issue that needs only be resolved on appeal once. A one-time resolution of the standing

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT AND OTHER RELIEF FROM ORDERS RESOLVING MOTIONS TO DISMISS

9

issues on appeal will establish the contours of this litigation.  Plaintiffs respectfully submit that it is more efficient to consider the issue at the outset of the litigation, rather than to continue to litigate under the cloud that the entire class certification, discovery process and trial may ultimately need to be redone to include additional offerings should the Standing Opinions be modified on appeal.

As the Court itself acknowledges in the Tranche Standing Order,

> The importance of the Court's resolution of the standing question in this case is two-fold.  First, Plaintiffs' standing determines the essential scope of this litigation, and which securities are properly the subject of it. Second, Plaintiffs are relying on two prior cases, which were later consolidated, to toll the statute of limitations for Plaintiffs' causes of action in this case.  As the Court explained in its prior Order, the consolidated case *Luther* tolls the statute of limitations only with respect to those securities as to which the named plaintiffs in *Luther* and *Washington State* had standing to sue. *Maine State Ret. Sys.*, 722 F. Supp. 2d at 1166-67. Thus, the Court's decision about whether to impose a tranche standing requirement affects not only the litigants in this case, but potentially any other plaintiffs who seek the benefits of tolling based on *Luther*.

ECF No. 257 at 8-9 (footnote omitted).

Absent an immediate final judgment, Plaintiffs' claims as to the 413 Offerings and Dismissed Tranches remain non-appealable and non-prosecutable until the rest of the Class has prosecuted the case to a final judgment.  Such delay, which, if this Court's decision is reversed, might ultimately require a separate trial for claims arising from the 413 Offerings and Dismissed Tranches, is not "in the interest of sound judicial administration." *Curtiss-Wright*, 446 U.S. at 8 (citation omitted); *AmerisourceBergen Corp.*, 465 F.3d at 954-55 (in "weighing the equities," "unreasonable delay" is a factor for Rule 54(b) certification); *Torres v. City of Madera*, 655 F. Supp. 2d 1109, 1135 (E.D. Cal. 2009) (entering Rule 54(b) judgment to "avoid the need for possibly two duplicative trials").  Conversely, allowing the Ninth Circuit Court of Appeals to rule immediately on the dismissed claims would foster judicial economy for both the Court and the parties.  *Wells*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT
AND OTHER RELIEF FROM ORDERS RESOLVING MOTIONS TO DISMISS

*Fargo*, 2010 WL 5422554, at *2.  Once the Court of Appeals rules on the Standing Opinions, the facts and law concerning standing and the dismissal of the 413 Offerings and Dismissed Tranches is such that "no appellate court would have to decide the same issues more than once." *Curtiss-Wright*, 446 U.S. at 8.

Because the fundamental definition of the investor class who will be represented in this case will be determined by resolution of the standing issue, the relevant subsequent proceedings in this litigation will be more efficiently managed by the Court and the parties following a ruling after an immediate appeal.  Indeed, a separate appeal of these rulings is consistent with Defendants' clearly articulated position that each Offering and each tranche within those Offerings constitute separate claims for which Plaintiffs cannot serve as class representative  As there is no "just reason for delay" for entering of final judgment pursuant to Rule 54(b) as to the Plaintiffs' claims related to the 413 Offerings and the Dismissed Tranches, Plaintiffs respectfully request the Court direct the Clerk to enter judgment accordingly.

### 3.     Claims Against Certain Specific Defendants Have Been Finally Dismissed

The First Order and the BoA Order effect final dismissals against certain specific defendants as well.  As noted above, as a result of standing rulings in the First Order, all claims against defendants Kripalani, Sandefur, and Adler could not be included in the Second Amended Complaint.  At those defendants' request, the Court made clear in a February 16, 2011 Minute Order that those defendants were dismissed from the Action with prejudice.  ECF No. 246 ("all claims and counts against Ranjit Kripalani, Jennifer Sandefur, and N. Joshua Adler are hereby DISMISSED WITH PREJUDICE.").  Likewise, the dismissals of Bank of America and NB Holdings are final dismissals with prejudice.  ECF No. 255 at 15 ("The dismissal is WITH PREJUDICE.  As no further claims are alleged against them, Bank of America and NB Holdings are DISMISSED from the lawsuit entirely.")

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT AND OTHER RELIEF FROM ORDERS RESOLVING MOTIONS TO DISMISS

11

1    (defendants Kripalani, Sandefur, Adler, Bank of America and NB Holdings are
2    collectively referred to as the "Dismissed Parties").

3         The dismissals of the Dismissed Parties plainly meets the "final judgment"
4    requirement of *Curtis-Wright*, and the "two-step test to determine whether there is
5    a just reason for delay," *Ahmadi*, 2008 WL 1886001, at *5, is satisfied for the same
6    reasons as the Court's opinions on standing set forth above.   The "judicial
7    administrative interests" at stake, *Curtiss-Wright*, 446 U.S. at 8, are such that
8    whether or not claims can proceed against the Dismissed Parties for the reasons set
9    out in the First Order and the BoA Order will be subject to review only once.
10   Moreover, consolidating the appeals of the dismissals of Bank of America and NB
11   Holdings with that of the other Dismissed Parties who were dismissed in
12   accordance with the Standing Opinions in firmly in the interest of judicial
13   economy and avoiding duplicative appeals.   Likewise, in weighing "the equities
14   involved," *AmerisourceBergen Corp.*, 465 F.3d at 954, Plaintiffs' claims, if
15   revived against any of the Dismissed Parties, would be unreasonably delayed until
16   after trial – a trial which would need to be repeated if claims against the Dismissed
17   Parties were revived only after a complete final judgment on all claims. *Curtiss-*
18   *Wright*, 446 U.S. at 8; *AmerisourceBergen Corp.*, 465 F.3d at 954-55; *Torres*, 655
19   F. Supp. 2d at 1135.

20        As such, Plaintiffs respectfully request the Court direct the Clerk to enter
21   final judgment on behalf of defendants Kripalani, Sandefur, Adler, Bank of
22   America and NB Holdings.

### 4.    Section 12(a)(2) Claims Were Finally Dismissed Against The Issuer Defendants

24        Finally as to the request for entry of judgment under Rule 54(b), Plaintiffs
25   respectfully request the Court enter judgment regarding its ruling that the "Issuer
26   Defendants" – CWALT, CWMBS, CWABS and CWHEQ – are not statutory
27   sellers.   This ruling is a "final judgment as to one … claim[] [and] parties." Fed.

R. Civ. P. 54(b); ECF No. 257 at 20 ("The Court DISMISSES Count Two against the Issuer Defendants."). Again, for the same reasons as those set forth above, the dismissal of these claims meets the two-part test of judicial administrative interests and weighing of equities. *Ahmadi*, 2008 WL 1886001, at *5. There is no just reason for delay of review of this dismissal, and review in the context of the appeal of the other issues set forth above is in the interest of judicial economy. And again, the reinstatement of any such claims after trial would result in a costly retrial of the Action.

As such, Plaintiffs respectfully request the Court direct that the clerk enter judgment in favor of the Issuer Defendants on Count Two of the SAC.

**B. The Court Should Amend The Standing Opinions To Include A Statement That Immediate Appeal Pursuant To 28 U.S.C. §1292(b) Is Appropriate**

Additionally, or in the alternative,[5] Plaintiffs respectfully request that the Court amend the Standing Opinions to include the requisite statement under 28 U.S.C. § 1292(b) that such Orders involve "controlling question[s] of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order[s] may materially advance the ultimate termination of the litigation" and thus may be subject to immediate appeal.

---

[5] The Court may authorize an appeal under ***both*** Rule 54(b) and Section 1292(b). Wright & Miller explains that in some cases "it is not clear whether an adjudication has the requisite finality to comply with Rule 54(b), so that it may be appropriate for a district judge to certify under both the rule and the statute in an action with multiple claims or multiple parties….. As was noted by the Seventh Circuit, '[t]hough the mechanics of the two procedures are different, their primary purposes are identical: to accelerate appellate review of select portions of a litigation.'" 10 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure Civil § 2658.2 (3d ed.) (quoting *Local P-171, Amalgamated Meat Cutters & Butcher Workmen of N. America v. Thompson Farms Co.*, 642 F.2d 1065, 1071 (7th Cir. 1981). While Plaintiffs do not believe any ambiguity exists as to the finality of the dismissals effected by the Standing Opinions, Plaintiffs nonetheless submit that 1292(b) certification would be an appropriate alternative.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT AND OTHER RELIEF FROM ORDERS RESOLVING MOTIONS TO DISMISS

13

Section 1292(b) certification is appropriate where, as here, (1) the Order involves a "controlling question of law;" (2) there is "substantial ground for difference of opinion" as to that question; and (3) an immediate appeal "may materially advance the ultimate termination of the litigation." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 n.4 (9th Cir. 1982) (citing 28 U.S.C. § 1292(b)).  The Ninth Circuit readily accepts interlocutory appeals of orders on motions to dismiss involving federal securities claims. *See, e.g.*, *Northstar Fin. Advisors, Inc. v. Schwab Inv.*, No. 09-16347 (9th Cir. June 29, 2009) (order granting petition for interlocutory appeal); *South Ferry LP #2 v. Killinger*, 542 F.3d 776, 779 (9th Cir. 2008) (reviewing an interlocutory appeal of district court order granting in part and denying in part motion to dismiss securities class action complaint).

Such appeals are particularly necessary in federal securities fraud cases to avoid "protracted and expensive litigation." *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 n.2 (9th Cir. 1966) (noting Congress intended § 1292(b) be used in "antitrust and similar protracted cases" (citations omitted)). In such situations, courts have expressed a willingness to grant interlocutory review because "certifying an appeal sooner rather than later will provide certainty to all parties going forward." *South Ferry LP #2 v. Killinger*, No. 04-cv-1599-JCC (W.D. Wash. Mar. 6, 2006) (order granting motion for interlocutory appeal).

As noted above, the Court has itself acknowledged the importance of its holdings on the issues of standing and tolling of the statute of limitations, which are plainly controlling issues.  ECF No. 257 at 8-9.  Moreover, there can be little debate that there is substantial ground for difference of opinion on the standing requirements vis-à-vis mortgage-backed securities ("MBS") offerings or to what extent the *American Pipe* doctrine applies to the statute of limitations in this securities class action.  Although numerous courts have addressed the issue of

standing regarding MBS offerings, none has reached the same conclusion as this Court that standing is required at the tranche level.  *See, e.g., Wells Fargo*, 2010 WL 5422554 (directing entry of 54(b) judgment on determination that standing required at the Offering level).  Indeed, in reaching its holding on tranche standing and tolling, the Court acknowledged that its ruling was at odds with other Courts' opinions.  ECF No. 257 at 9 (*citing In re Wachovia Equity Secs. Litig.*, Nos. 08-6171(RJS), 09-4473(RJS), 09-5466(RJS), 09-6351(RJS), --- F. Supp. 2d ----, 2011 WL 1344027, at *29 (S.D.N.Y. Mar. 31, 2011).  In addition, the Court indicated that it was distinguishing this case from existing Ninth Circuit law in *Hertzberg v. Dignity Partners, Inc.,* 191 F. 3d 1076 (9th Cir. 1999) on the interpretation of the statutory language in Section 11 with regard to MBS securities offerings.  *See* Tranche Standing Order, ECF No. 257, at 11 n.16.  Further, the resolution of the standing issues directly affect the application of *American Pipe* to Plaintiffs' and class members' claims.

Likewise Plaintiffs respectfully submit that the issue of whether the Issuer Defendants are subject to liability under Section 12(a)(2) and SEC Rule 159A is also an important controlling question of law.  The Tranche Standing Order suggests that there is a conflict between Supreme Court authority and the SEC's Rule and disagreed with the one other district court to consider the issue.  ECF No. 257 at 20.

Resolution of each of these questions at this time will materially advance the ultimate termination of the litigation.

### 1.    The Orders Involve Controlling Issues of Law

The Orders which dismissed certain of Plaintiffs' claims, relies on three "controlling question[s] of law." 28 U.S.C. § 1292(b). A controlling issue of law need not "be dispositive of the lawsuit in order to be regarded as controlling." *U.S. v. Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959); *Ass'n of Irritated Residents v.*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT AND OTHER RELIEF FROM ORDERS RESOLVING MOTIONS TO DISMISS

15

*Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1092 (E.D. Cal. 2008) (finding that the controlling question need "only advance [the action's] ultimate termination"). Rather, a "controlling question" is one where "resolution of the issue on appeal could materially affect the outcome of litigation in the district court," and at least encompasses "every order which, if erroneous, would be reversible error on final appeal." *Cement Antitrust*, 673 F.2d at 1026 (quoting *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974)); 19 Jeremy Wm. Moore et al., Moore's Federal Practice § 203.31[2] (3d ed.) (if "resolution of the question being challenged on appeal will terminate the action in the district court, it is clearly controlling").

Here, the Court's Standing Orders implicate several controlling questions of law that could materially affect the litigation in the district court.  First, the question of whether purchasers of Certificates in one tranche of a public offering have standing to represent purchasers of the remaining tranches of that offering under Article III or the Securities Act, manifestly affects both the size and scope of this securities class action – everything from the scope of discovery to the nature of class certification proceedings and class notice.  The same holds true with regard to whether purchasers in one Offering can represent investors in all offerings that occurred pursuant to the same registration statement, or even in different offerings under different registration statements.[6]

Directly related to these controlling questions of law is whether the doctrine of tolling under *American Pipe* is applicable to the dismissed offerings and to what extent.  Resolution of the statute of limitations issue will also drive both the size and scope of these class action proceedings.

Similarly, whether the Issuer Defendants are statutory sellers by Rule and therefore liable under Section 12(a)(2) is an important question of law which controls the outcome of Plaintiffs' claims against those defendants.  The Court

---

[6]  Accordingly, will this case be about nine tranches or about fourteen offerings made up of 208 tranches? Or will it be about 427 offerings totaling $351 billion?

rejected Plaintiffs' argument that SEC Rule 159A imposes such liability as inconsistent with Supreme Court authority.  ECF No. 257 at 20.  As such, this presents an important legal issue appropriate for appellate consideration as the validity of an SEC Rule is implicated.

The significance of these controlling questions clearly satisfy the requirement the first requirement for certification under §1292(b).

### 2.    There is Substantial Ground for Difference of Opinion as to Each of the Controlling Questions of Law

There are "substantial ground[s] for difference of opinion" as to each of the controlling questions of law that Plaintiffs present. 28 U.S.C. §1292(b). A "substantial ground[] for difference of opinion" will be found where there is no controlling precedent, such as where an issue has "not been squarely addressed by the Ninth Circuit." *Wells Fargo Bank v. Bourns, Inc.*, 860 F. Supp. 709, 717 (N.D. Cal. 1994). Similarly, this element is met where there are "strong arguments on both sides" of a disputed issue, *Panache Broadcasting of Penn., Inc. v. Richardson Electronics, Ltd.*, No. 90 C 6400, 1999 WL 1024560, at *5 (N.D. Ill. Oct. 29, 1999), or where there are disagreements between "judicial bodies" (*i.e.*, among the courts). *See Envtl. Prot. Info. Ctr. v. Pac. Lumber Co.*, No. C 01-2821 MHP, 2004 WL 838160, at *3 (N.D. Cal. Apr. 19, 2004) (noting failure to show substantial ground for difference of opinion "between and among judicial bodies").  As noted above, the Tranche Standing Order has adopted a standing requirement not endorsed by any of the numerous other courts that have ruled on this issue. Likewise, the Court has rejected the view of the SEC and the one district court to consider Rule 159A as to whether issuers of securities are by definition sellers under Rule 12(a)(2).  Under this standard, the issues identified by Plaintiffs easily provide substantial grounds for differing opinions.

### 3.   An Immediate Appeal Will Materially Advance the Ultimate Termination of the Litigation

The final factor under §1292(b) is whether the proposed appeal may materially advance the ultimate termination of the litigation by "appreciably shorten[ing] the time, effort, or expense of conducting a lawsuit." *Cement Antitrust*, 673 F.2d at 1027; *see also Ass'n of Irritated Residents*, 634 F. Supp. 2d at 1092 ("the Court should consider the effect of a reversal by the court of appeals" on case management); *Woodbury*, 263 F.2d at 787.

Here, an interlocutory appeal will certainly materially advance the ultimate termination of this litigation, and prevent the needless expenditure of significant judicial and party resources. Indeed, were Plaintiffs to await issuance of a final judgment in this case before appealing the Court's Order (which would likely take years of litigation and a prolonged trial on the merits) and prevail on appeal, a Ninth Circuit reversal could require the litigation to start anew, resulting in immeasurable waste. *In re Pac. Homes*, 456 F. Supp. 851, 866 (C.D. Cal. 1978) (noting that if the appellate court reversed the ruling, the "parties would be forced to retry the case"). Such a result is not an optimal use of judicial or litigant resources.

In addition, "pragmatic consideration[s]," such as the "procedural and substantive status of the case with respect to the progress or completion of discovery, the disposition of pretrial motions, the extent of the parties' preparation for trial" are also assessed when determining whether the final requirement for §1292(b) certification is met. *Ass'n of Irritated Residents*, 634 F. Supp. 2d at 1093 n.8 (citation omitted). Here, discovery has been stayed, the case is still at the pleading stage and class certification motions have not been made. So, a successful appeal by Plaintiffs could well result in an entirely different case with a different class of investors whose claims will not be litigated in this Action result in the termination of this lawsuit   Thus, this third and final element is met.

### C.   A Stay of Proceedings Pending Appeal Is In The Best Interest Of The Parties And Judicial System

Plaintiffs respectfully request that, following the entry of judgment under Rule 54(b) or amendment of the Standing Opinions pursuant to 28 U.S.C. § 1292(b), all proceedings in this Action before this Court be stayed until the appeals are resolved.  Plaintiffs submit that proceeding in any other manner would result in an inefficient use of judicial resources.  "If a district court certifies claims for appeal pursuant to Rule 54(b), it should stay all proceedings on the remaining claims if the interests of efficiency and fairness are served by doing so."  *Doe v. Univ. of Cal.*, No. C-92-2284 SAW, 1993 WL 361540, at *2 (N.D. Cal. Sept. 2, 1993); *de Aguilar v. National R.R. Passenger Corp.*, No. CV-F-02-6527 REC/LJO, 2006 WL 509444, at *3 (E.D. Cal. Mar. 2, 2006) (accepting plaintiffs' request for stay following entry of Rule 54(b) judgment on grounds that a stay "will prevent piecemeal litigation, as it will avoid the possibility of two separate trials arising out of the same incident" and "will reduce litigation expenses and be mutually convenient for this court and all litigants.").

Although Section 1292(b) provides that "application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order," 28 U.S.C. § 1292(b), district courts have broad discretion to issue a stay to "promote economy of time and effort for itself, for counsel, and for litigants." *Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972) (citation omitted). "[A] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Mediterranean Enters. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (citation omitted).

Here, a stay of the case pending appeal is appropriate because a resolution of the appeal in Plaintiffs favor would, as noted, markedly expand the scope of the

litigation and require renewed discovery efforts on a scale far greater than what will be necessary for the claims remaining at this time. As such, it "would be a waste of judicial and party resources to proceed with the . . . claims while the appeal is pending." *Ass'n of Irritated Residents*, 634 F. Supp. 2d at 1094; *Kotrous v. Goss-Jewitt Co. of N. Cal.*, No. Civ. S021520 FCD JFM, 2005 WL 2452606, at *5 (E.D. Cal. Oct. 4, 2005) (stay "will promote economy of time and effort for both the parties and the court"); *contra Wells Fargo,* 2010 WL 5422554, at **3-4 (rejecting *defendants'* request for a stay in the event 54(b) request was granted where plaintiffs sought to pursue action on behalf of entire offerings that remained in case, but noting that a second trial may be necessary).

Were the action to proceed under the confines the Court has set in its Orders, a tremendous waste of judicial resources would occur should the confines ultimately be changed following resolution of the appeal.  For example, the Court has directed the filing of a third amended complaint in this matter, and the simultaneous filing of a motion for class certification.  The contents of each of those filings would change dramatically if the Orders were modified in material part on appeal.  Significantly, if a class is certified under the existing case and notice is served on class members, such notice would be inadequate if the scope and nature of the class changes as a result of any appeal.  Re-noticing the class would be a significant waste of the Court's and parties resources.

Likewise, the scope of discovery, including costly expert discovery, would be tremendously different if the Action were to proceed under the current rubric. Given the nature of discovery of electronic documents, much of the search and retrieval of relevant documents will need to be completely redone using different parameters in the event of any modification of the Orders on appeal.  Further, as there is potentially significant overlap between the tranche certificates purchased by Plaintiffs and, at a minimum, the remaining tranches in those fourteen Offerings

1   dismissed in the Tranche Standing Order, substantial risk exists for having to

2   repeat the same related discovery and class proceedings a second time should the

3   Standing Orders get reversed in whole or in part.

4   **D.     Extension Of Time To File A Motion For Class Certification[7]**

5   Plaintiffs respectfully request that the Court extend the deadline to file a

6   motion for class certification in this Action by not less than 90 days after the

7   parties conduct a Rule 26(f) conference.  Unlike a typical securities class action

8   involving market-listed securities where holding and volume information is readily

9   available, in actions such as this Plaintiffs must conduct discovery to adduce

10  admissible evidence to meet all the requirements of Rule 23, including that the

11  class is sufficiently numerous and joinder of all class members impracticable.  *See*

12  Fed. R. Civ. P. 23.  Moreover, Plaintiffs cannot rule out the prospect that discovery

13  may be necessary on a number of issues relating to the other requirements of Rule

14  23 in order to meet their burden to certify the proposed  class.

15  For example, in similar pending MBS actions, Plaintiffs' Counsel has

16  subpoenaed records from the Depository Trust Co., which yields the names of

17  brokerage firms and other entities which hold the securities at issue in "street

18  name."  *See* Declaration of Daniel B. Rehns, ¶ 3 (previously filed at ECF No. 259;

19  attached as Exhibit A to the Declaration of Richard A. Speirs filed concurrently

20  herewith).   From these records, Plaintiffs' Counsel has then subpoenaed the

21  identified street-name holders of the securities to identify the actual holders of the

22  securities.  *Id*. ¶ 4. Similar discovery in those actions has also been obtained from

23  defendant underwriters who sold certificates on the offerings.  This process, which

24  will also be necessary in this case, is lengthy and has required the service and

25  accompanying discussions of more than 45 subpoenas.  *Id*. ¶ 6.  Given the two-step

26  nature of the process, completing the subpoenaing and collection of these records

27

28  _____

[7] *See* footnote 3, *infra*.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT AND OTHER RELIEF FROM ORDERS RESOLVING MOTIONS TO DISMISS

21

is difficult to accomplish in less than 90 days. *Id.* ¶ 7.  In addition, the subpoenaed records will need to be reviewed and analyzed by Plaintiffs' expert consultant. Without the opportunity for appropriate discovery, whether from parties or non-parties, Plaintiffs will be severely prejudiced and may not be able to meet their evidentiary burden under Rule 23.

To date, all discovery in this Action has been stayed under the mandatory stay provisions of the PSLRA.  15 U.S.C. §77z-1(b)(1).  Moreover, given that the Court has ordered that Plaintiffs file a Third Amended Complaint, it is reasonably likely that Defendants will continue to assert that discovery should be stayed as a motion to dismiss the TAC is contemplated and thus "pending" under the PSLRA.

## IV.    CONCLUSION

For the reasons stated herein, Plaintiffs respectfully submit that the Court grant the requested relief.

Dated:  May 23, 2011                         Respectfully submitted,

                                             **GLANCY BINKOW & GOLDBERG**
                                             **LLP**

                                             By:  s/ *Michael Goldberg*
                                             Michael Goldberg
                                             Lionel Z. Glancy
                                             1801 Avenue of the Stars, Suite 311
                                             Los Angeles, California 90067
                                             Telephone:  (310) 201-9150
                                             Facsimile:  (310) 201-9160

                                             *Liaison Counsel*

1
2
3
4
5
6
7

Steven J. Toll
Julie Goldsmith Reiser
Joshua S. Devore
Matthew B. Kaplan
S. Douglas Bunch
**COHEN MILSTEIN SELLERS**
    **& TOLL PLLC**
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C. 20005
Telephone:  (202) 408-4600
Facsimile:  (202) 408-4699

8
9
10
11
12

Joel P. Laitman
Christopher Lometti
Richard Speirs
Daniel B. Rehns
**COHEN MILSTEIN SELLERS**
    **& TOLL PLLC**
88 Pine Street, 14th Floor
New York, New York 10005
Telephone:  (212) 838-7797
Facsimile:  (212) 838-7745

13

*Lead Counsel for the Class*

14

*– and –*

15
16
17
18

**KIRBY McINERNEY LLP**
Ira M. Press
Randall K. Berger
825 Third Avenue, 16th Floor
New York, New York 10022
Telephone:  (212) 371-6600
Facsimile:   (212) 751-2540

19
20

*Additional Counsel for United Methodist Churches Benefit Board, Inc.*

21
22
23
24
25
26
27
28

**PROOF OF SERVICE VIA ELECTRONIC POSTING PURSUANT TO CENTRAL DISTRICT OF CALIFORNIA LOCAL RULES AND ECF GENERAL ORDER NO. 10-07**

I, the undersigned, say:

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court. I am over the age of 18 and not a party to the within action. My business address is 1801 Avenue of the Stars, Suite 311, Los Angeles, California 90067.

On May 23, 2011, I caused to be served the following documents:

1.   **NOTICE OF MOTION AND MOTION FOR ENTRY OF JUDGMENT AND OTHER RELIEF FROM ORDERS RESOLVING MOTIONS TO DISMISS**

2.   **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT AND OTHER RELIEF FROM ORDERS RESOLVING MOTIONS TO DISMISS**

3.   **DECLARATION OF RICHARD A. SPEIRS IN SUPPORT OF PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT AND OTHER RELIEF FROM ORDERS RESOLVING MOTIONS TO DISMISS**

4.   **[PROPOSED] ORDER FOR ENTRY OF JUDGMENT AND OTHER RELIEF FROM ORDERS RESOLVING MOTIONS TO DISMISS**

By posting the documents to the ECF Website of the United States District Court for the Central District of California, for receipt electronically by the parties as listed on the attached Service List.

And on any non-ECF registered party:

**By Mail**: By placing true and correct copies thereof in individual sealed envelopes, with postage thereon fully prepaid, which I deposited with my employer for collection and mailing by the United States Postal Service. I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, this correspondence would be deposited by my employer with the United States Postal Service that same day.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 23, 2011, at Los Angeles, California.

*s/Michael Goldberg*
Michael Goldberg

PROOF OF SERVICE

## Mailing Information for a Case 2:10-cv-00302-MRP -MAN

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Seth A Aronson**
  saronson@omm.com,skemp@omm.com

- **Randall K Berger**
  rberger@kmllp.com

- **Leiv H Blad , Jr**
  leiv.blad@bingham.com

- **S Douglas Bunch**
  dbunch@cohenmilstein.com

- **Spencer Alan Burkholz**
  spenceb@rgrdlaw.com,jillk@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Christopher G Caldwell**
  caldwell@caldwell-leslie.com,martindale@caldwell-leslie.com,hammer@caldwell-leslie.com, ,hayes@caldwell-leslie.com,popescu@caldwell-leslie.com,pettit@caldwell-leslie.com,strother@caldwell-leslie.com,wilson@caldwell-leslie.com

- **Matthew D Caplan**
  matthew.caplan@dlapiper.com,susan.byrd@dlapiper.com,DocketingLA@dlapiper.com

- **Peter Young Hoon Cho**
  petercho@paulhastings.com

- **Boyd Cloern**
  boyd.cloern@bingham.com

- **Matthew W Close**
  mclose@omm.com

- **David C Codell**
  codell@caldwell-leslie.com,pettit@caldwell-leslie.com

- **Jeffrey B Coopersmith**
  jeff.coopersmith@dlapiper.com,evelyn.dacuag@dlapiper.com

- **Brian Charles Devine**
  bdevine@goodwinprocter.com,MEnglish@goodwinprocter.com,ABoivin@goodwinprocter.com

- **Joshua S Devore**
  jdevore@cohenmilstein.com

- **Daniel S. Drosman**
  ddrosman@rgrdlaw.com,tholindrake@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Thomas E Egler**
  tome@rgrdlaw.com

- **Inez H Friedman-Boyce**
  ifriedmanboyce@goodwinprocter.com

- **Michael Marc Goldberg**
  mmgoldberg@glancylaw.com,dmacdiarmid@glancylaw.com,asohrn@glancylaw.com,info@glancylaw.com,rprongay@glancylaw.co

- **Penelope A Graboys Blair**
  pgraboysblair@orrick.com

- **Joshua G Hamilton**
  joshuahamilton@paulhastings.com,melmanahan@paulhastings.com

- **Jeffrey M Hammer**
  hammer@caldwell-leslie.com

- **Sean M Handler**
  shandler@btkmc.com

- **Jennifer L Joost**
  jjoost@btkmc.com,acashwell@btkmc.com,mswift@btkmc.com

- **Matthew B Kaplan**
  mkaplan@cohenmilstein.com,efilings@cohenmilstein.com

- **Dean J Kitchens**
  dkitchens@gibsondunn.com,MOstrye@gibsondunn.com

- **Joel P Laitman**
  jlaitman@cohenmilstein.com

- **Christopher Lometti**
  clometti@cohenmilstein.com

- **Jennifer B Luz**
  jluz@goodwinprocter.com

- **Azra Z Mehdi**
  amehdi@milberg.com

- **Alexander K Mircheff**
  amircheff@gibsondunn.com,dlanning@gibsondunn.com,inewman@gibsondunn.com

- **Nicolas Morgan**
  nicolas.morgan@dlapiper.com

- **Sharan Nirmul**
  snirmul@btkmc.com,azivitz@btkmc.com

- **Brian E Pastuszenski**
  bpastuszenski@goodwinprocter.com,ktayman@goodwinprocter.com

- **Lauren Wagner Pederson**
  lpederson@btkmc.com,neena.verma@btkmc.com,dpotts@btkmc.com

- **Ira M Press**
  ipress@kmllp.com,lmorris@kmllp.com

- **David A Priebe**
  david.priebe@dlapiper.com,carmen.manzano@dlapiper.com

- **Daniel B Rehns**
  drehns@cohenmilstein.com,efilings@cohenmilstein.com

- **Julie G Reiser**
  jreiser@cohenmilstein.com

- **Jonathan Rosenberg**
  jrosenberg@omm.com

- **Scott H Saham**
  scotts@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jennifer M Sepic**
  jennifer.sepic@bingham.com

- **Arthur L Shingler , III**
  ashingler@scott-scott.com,efile@scott-scott.com

- **Richard A Speirs**
  rspeirs@cohenmilstein.com

- **William F Sullivan**
  williamsullivan@paulhastings.com,lisavermeulen@paulhastings.com,lindayoung@paulhastings.com

- **Steven J Toll**
  stoll@cohenmilstein.com

- **Michael D Torpey**
  mtorpey@orrick.com

- **Michael C Tu**
  mtu@orrick.com,fphan@orrick.com

- **Avi N Wagner**
  avi@thewagnerfirm.com,anwagneresq@hotmail.com

- **Shirli Fabbri Weiss**
  shirli.weiss@dlapiper.com,emiko.gonzales@dlapiper.com

- **Lloyd Winawer**
  lwinawer@goodwinprocter.com,ahsia@goodwinprocter.com,monyeagbako@goodwinprocter.com,cburgos@goodwinprocter.com

- **Andrew L Zivitz**
  azivitz@btkmc.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Lauren G Kerkhoff**
Robbins Geller Rudman & Dowd LLP
655 West Broadway  Suite 1900
San Diego, CA 92101-8498

**Christina A Royce**
Robbins Geller Rudman & Dowd LLP
655 West Broadway    Suite 1900
San Diego, CA 92101