1
2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

3

| | | |
|---|---|---|
| 4 | MAINE STATE RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated, | No. 2:10-cv-00302-MRP(MANx) |
| 5 | | |
| 6 | Plaintiff, | **CLASS ACTION** |
| 7 | vs. | **DECLARATION OF JOSE FRAGA REGARDING (A) MAILING OF THE NOTICE AND PROOF OF CLAIM FORM; (B) PUBLICATION OF THE SUMMARY NOTICE; AND (C) REPORT ON REQUESTS FOR EXCLUSION RECEIVED TO DATE** |
| 8 | COUNTRYWIDE FINANCIAL CORPORATION, et al., | |
| 9 | Defendants. | |
| 10 | | |

| | | |
|---|---|---|
| 11 | WESTERN CONFERENCE OF TEAMSTERS PENSION TRUST FUND, Individually and On Behalf of All Others Similarly Situated, | No. 2:12-cv-05122-MRP(MANx) |
| 12 | | **CLASS ACTION** |
| 13 | | |
| 14 | Plaintiff, | |
| 15 | vs. | |
| 16 | COUNTRYWIDE FINANCIAL CORPORATION, et al., | |
| 17 | Defendants. | |
| 18 | | |

| | | |
|---|---|---|
| 19 | DAVID H. LUTHER, et al., Individually and On Behalf of All Others Similarly Situated, | No. 2:12-cv-05125-MRP(MANx) |
| 20 | | |
| 21 | Plaintiffs, | **CLASS ACTION** |
| 22 | vs. | |
| 23 | COUNTRYWIDE FINANCIAL CORPORATION, et al., | |
| 24 | Defendants. | |
| 25 | | |

26
27
28

1

JOSE FRAGA, declares as follows:

1.     I am a Senior Director of Operations for The Garden City Group, Inc. ("GCG"). Pursuant to the Court's Order Granting Preliminary Approval to Settlement and Directing Dissemination of Notice to the Class dated August 7, 2013 (the "Preliminary Approval Order"), GCG was retained to act as the Claims Administrator in connection with the settlement of the above-captioned actions (the "Settlement"). I have personal knowledge of the facts stated herein.[1]

## MAILING OF THE NOTICE AND THE PROOF OF CLAIM

2.     Pursuant to the Preliminary Approval Order, GCG was responsible for disseminating the Notice of Pendency and Proposed Settlement of Class Actions, Fairness Hearing and Motion for an Award of Attorneys' Fees and Litigation Expenses (the "Notice") and the Proof of Claim and Release Form (the "Proof of Claim" and, together with the Notice, the "Notice Packet") to potential members of the Class. A copy of the Notice Packet is attached hereto as Exhibit A.

3.     As in most class actions of this nature, the large majority of potential Class Members are beneficial purchasers whose securities are held in "street name"- i.e., the securities are purchased by brokerage firms, banks, institutions and other third-party nominees in the name of the nominee, on behalf of the beneficial purchasers. GCG maintains a proprietary database with names and addresses of the largest and most common U.S. banks, brokerage firms, and nominees, including national and regional offices of certain nominees (the "Nominee Database"). GCG's Nominee Database is updated from time to time as new nominees are identified, and others go out of business. At the time of the initial mailing, the Nominee Database contained 2,046 mailing records. On August 16, 2013, GCG caused the Notice Packet to be mailed to the 2,046 mailing records contained in GCG's Nominee Database.

---

[1] All terms with initial capitalizations not otherwise defined herein shall have the meanings ascribed to them in the Preliminary Approval Order.

4. The Notice informs nominees that if, between March 12, 2004 and August 7, 2013, inclusive, they purchased or held any of the Certificates for the beneficial interest of a person or organization other than themselves that they must, within ten (10) calendar days of their receipt of the Notice, either (i) provide to GCG the name and last known address of each person or organization for whom or which they purchased or held Certificate(s) during the relevant time period or (ii) request additional copies of the Notice and Proof of Claim and within seven (7) calendar days mail the Notice and Proof of Claim directly to the beneficial owners. *See* Notice at page 16.

5. As of September 20, 2013, GCG has received an additional 41,120 unique names and addresses of potential Class Members from nominee holders and others requesting that Notice Packets be mailed to such individuals and entities. GCG has promptly mailed a Notice Packet to each name and address provided. Also, GCG has received requests from nominee holders and others for an additional 4,224 Notice Packets to be forwarded by such nominee holders directly to their customers. All such requests have been complied with in a timely manner.

6. In the aggregate, from August 16, 2013 to September 20, 2013, GCG mailed 47,390 Notice Packets to potential Class Members and nominees by first-class mail, postage prepaid. This includes 35 Notice Packets that were returned by the U.S. Postal Service as undeliverable and re-mailed to updated addresses provided by the U.S. Postal Service.

## PUBLICATION OF THE SUMMARY NOTICE

7. Pursuant to the Preliminary Approval Order, GCG Communications, the media division of GCG, caused the Summary Notice of Pendency and Proposed Settlement of Class Actions, Fairness Hearing and Motion for an Award of Attorneys' Fees and Litigation Expenses (the "Summary Notice") to be published on August 23, 2013 in *The Wall Street Journal*'s U.S., European and Asian editions. Attached hereto as Exhibit B is the affidavit of Jeb Smith, the Advertising Clerk of the Publisher of *The Wall Street Journal*'s U.S., European and Asian editions, attesting to the publication of the Summary Notice on August 23, 2013. On August

3

23, 2013, the Summary Notice was also issued over the *PR Newswire*. Attached hereto as Exhibit C is a Confirmation Report for *PR Newswire*, attesting to that issuance.

8.     On August 16, 2013, GCG caused the Notice to be posted on the DTC Electronic Legal Notice (LENS) System.[2]

## WEBSITE AND TELEPHONE HOTLINE

9.     In coordination with Plaintiffs' Counsel, GCG designed, implemented and maintains a website dedicated to the Settlement. The website is located at: www.countrywidembssettlement.com. The Home Page of the website contains a general overview of the Settlement and the Actions. The website lists the exclusion, objection, notice of intention to appear and claim filing deadlines, as well as the date and time of the Court's Fairness Hearing. In addition, this website contains, among other things, links to the Notice and Proof of Claim, the Stipulation and Agreement of Settlement, the Preliminary Approval Order as well as other relevant court documents for the *Maine State* and *Luther* actions. Potential Class Members can also ascertain a list of the 429 Offerings at issue in the Settlement along with a complete list of the Certificates and corresponding CUSIPs. The address for the website is set forth in the Notice, Proof of Claim and Summary Notice. In addition, the website contains a link to a document that contains detailed instructions for institutions submitting their claims electronically. The website became operational beginning on August 14, 2013, and is accessible 24 hours a day, 7 days a week.

10.     GCG established and continues to maintain a toll-free Interactive Voice Response ("IVR") system (1-866-336-8968) to accommodate inquiries from potential Class Members. This system became operational on or about August 15, 2013, and is accessible 24 hours a day, 7 days a week. Callers to the toll-free hotline during regular business hours have the option to speak with a call center representative. As of September 20, 2013, GCG has received a total of

---

[2] The Depository Trust Company (DTC) is the central securities depository for security transactions in the United States.

1  342 calls to the toll-free hotline, out of which 7 potential Class Members left messages and/or
2  requests to speak with GCG administrators for assistance. All of the requests for a return phone
3  call have been responded to in a timely manner.

4  ## REQUESTS FOR EXCLUSION RECEIVED TO DATE

5       11.     The Notice informs potential Class Members that requests for exclusion must be
6  postmarked and mailed to: Countrywide MBS Settlement, c/o The Garden City Group, Inc., P.O.
7  Box 9993, Dublin, OH 43017-5993, no later than October 1, 2013. The Notice also sets forth the
8  information that must be included in each request for exclusion.  GCG has been monitoring all
9  mail delivered to the Post Office Box.  As of September 20, 2013, GCG has received four
10  requests for exclusion.  GCG will submit a supplemental declaration after the October 1, 2013
11  deadline to request exclusion that addresses all requests for exclusion received.

12       I declare under penalty of perjury under the laws of the United States of America that the
13  foregoing is true and correct.

14       Executed in Lake Success, New York on September 20, 2013.

16                                    _____
17                                        Jose C. Fraga

5

# EXHIBIT A



Must be
Postmarked
No Later Than
DECEMBER 15, 2013

**Countrywide MBS Settlement**
c/o The Garden City Group, Inc.
PO Box 9993
Dublin, OH 43017-5993
www.countrywidembssettlement.com
1-866-336-8968



Claim Number:

Control Number:

## PROOF OF CLAIM AND RELEASE

**I.   GENERAL INSTRUCTIONS**

1.    To recover as a member of the Class based on your claims in the actions entitled *Maine State Ret. Sys. v. Countrywide Fin. Corp., et al.*, No. 2:10-cv-00302 MRP (MANx)(C.D.Cal.); *Luther v. Countrywide Fin. Corp., et al.*, No. 2:12-cv-05125-MRP (MANx)(C.D.Cal.); and/or *Western Conference of Teamsters Pension Trust Fund v. Countrywide Fin. Corp., et al.*, No. 2:12-cv-05122-MRP (MANx)(C.D.Cal.) (the "Actions"), you must complete this Proof of Claim and Release form. If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release, your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed settlement of the Actions (the "Settlement").

2.    Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of the Settlement in the Actions.

3.    YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE POST-MARKED NOT LATER THAN DECEMBER 15, 2013, ADDRESSED AS FOLLOWS:

Countrywide MBS Settlement
c/o The Garden City Group, Inc.
P.O. Box 9993
Dublin, OH  43017-5993

If you are NOT a member of the Class, as defined in the Notice of Pendency and Proposed Settlement of Class Actions, Fairness Hearing and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses ("Notice"), DO NOT submit a Proof of Claim and Release form.

4.    If you are a member of the Class, you are bound by the terms of any judgment entered in the Actions, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM.

**TABLE OF CONTENTS**                                                                                      **PAGE #**

PART I - CLAIMANT IDENTIFICATION ................................................................................................ 2

PART II - SCHEDULES OF TRANSACTIONS IN MORTGAGE PASS-THROUGH CERTIFICATES ................... 3-4

PART III - DEFINITIONS AND RELEASE OF CLAIMS.................................................................................... 5

PART IV - SIGNATURE AND CERTIFICATIONS ........................................................................................... 6

QUESTIONS?  CALL TOLL-FREE 1(866) 336-8968, VISIT www.countrywidembssettlement.com
OR
EMAIL: Questions@countrywidembssettlement.com

*Important* - *This form should be completed IN CAPITAL LETTERS using BLACK or DARK BLUE ballpoint/fountain pen. Characters and marks used should be similar in the style to the following:*

A B C D E F G H I J K L M N O P Q R S T U V W X Y Z 1 2 3 4 5 6 7 0

## PART I - CLAIMANT IDENTIFICATION
Complete either Section A or B and then proceed to C.  Please type or print.

A.   Complete this Section ONLY if the Beneficial Owner is an individual, joint, or IRA account.  Otherwise, proceed to B.

Last Name(Beneficial Owner)                                        First Name (Beneficial Owner)

Last Name (Joint Beneficial Owner, if applicable)                  First Name (Joint Beneficial Owner)

Name of IRA Custodian, if applicable

If this account is an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA account, please include "IRA" in the "Last Name" box above (e.g., Jones IRA).

B.   Complete this Section ONLY if the Beneficial Owner is an Entity; i.e., corporation, trust, estate, etc.  Then, proceed to C.

Entity Name

Name of Representative, if applicable (Executor, administrator, trustee, c/o, etc.)

C.   Account/Mailing Information:
Specify one of the following:

Individual(s)        Corporation        UGMA Custodian        IRA        Partnership        Estate        Trust

Other:

Number and Street or P.O. Box

City                                        State                            Zip Code

Foreign Province                            Foreign Country                  Foreign Postal Code

Telephone Number (Day)                      Telephone Number (Night)

-        -                                   -        -

Email Address   (Email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.)

Account Number

Enter Taxpayer Identification Number below for the Beneficial Owner(s).
Last 4 digits of Social Security No. (for individuals)    or    Taxpayer Identification No.

**NOTE:** Separate Proofs of Claim should be submitted for each separate legal entity (e.g., a claim from Joint Owners should not include separate transactions of just one of the Joint Owners, an Individual should not combine his or her IRA transactions with transactions made solely in the Individual's name).  Conversely, a single Proof of Claim should be submitted on behalf of one legal entity including all transactions made by that entity no matter how many separate accounts that entity has (e.g., a Corporation with multiple brokerage accounts should include all transactions in Countrywide Mortgage Pass-Through Certificates) and no matter how many accounts the transactions were made in.

**NOTICE REGARDING ELECTRONIC FILES:** Certain Claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  All Claimants MUST submit a manually signed paper Proof of Claim form, whether or not they also submit electronic copies, either listing all their transactions or including a notation to see corresponding electronic file for all transactions.  If you wish to file your claim electronically, you must contact the Claims Administrator at eClaim@gcginc.com or visit the website for the Settlement, www.countrywidembssettlement.com, to obtain the required file layout.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

To view GCG's Privacy Notice, please visit http://www.gcginc.com/pages/privacy-policy.php

3

## PART II - SCHEDULE OF TRANSACTIONS IN MORTGAGE PASS-THROUGH CERTIFICATES

1.   **PURCHASES AND ACQUISITIONS:**   List all purchases and acquisitions of the Countrywide Mortgage Pass-Through Certificates listed on www.countrywidembssettlement.com.  Be sure to attach the required documentation.

| Date(s) of Purchase or Acquisition (list chronologically) Month/Day/Year | CUSIP | Face Value | Price | Total Cost (excluding commissions, taxes & fees) |
|---|---|---|---|---|
| ____ / ____ / ____ | | . | . | . |
| ____ / ____ / ____ | | . | . | . |
| ____ / ____ / ____ | | . | . | . |
| ____ / ____ / ____ | | . | . | . |
| ____ / ____ / ____ | | . | . | . |

2.   **SALES:**   List all sales of the Countrywide Mortgage Pass-Through Certificates listed on www.countrywidembssettlement.com.  Be sure to attach the required documentation.

| Date(s) of Sale (list chronologically) Month/Day/Year | CUSIP | Face Value at time of Sale | Price | Total Proceeds (excluding commissions, taxes & fees) |
|---|---|---|---|---|
| ____ / ____ / ____ | | . | . | . |
| ____ / ____ / ____ | | . | . | . |
| ____ / ____ / ____ | | . | . | . |
| ____ / ____ / ____ | | . | . | . |
| ____ / ____ / ____ | | . | . | . |

IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS PLEASE PHOTOCOPY THIS PAGE, WRITE YOUR NAME ON THE COPY AND CHECK THIS BOX:

IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES MAY NOT BE REVIEWED.

Exhibit A
- 9 -



4

---

**PART II - SCHEDULE OF TRANSACTIONS IN MORTGAGE PASS-THROUGH CERTIFICATES (CONT.)**

3.  **PRINCIPAL PAYMENTS:** List all Principal Payments received on the Countrywide Mortgage Pass-Through Certificates through the close of business on October 16, 2008 (Attach documentation if available):

| CUSIP | Total Proceeds (Excluding fees, commissions and interest adjustments) |
|---|---|
| | |
| | |
| | |
| | |
| | |

4.  **CERTIFICATES HELD:** List all Countrywide Mortgage Pass-Through Certificates that continue to be held at the close of business on October 16, 2008 – **EXCEPT** FOR THOSE 58 CERTIFICATES THAT ARE LISTED ON THE WEBSITE (WWW.COUNTRYWIDEMBSSETTLEMENT.COM) AS "LIVE REPRESENTED TRANCHES" YOU **MUST** INCLUDE THE AMOUNT OF FACE VALUE HELD AS OF THE FOLLOWING DATES: NOVEMBER 14, 2007, JUNE 12, 2008, SEPTEMBER 9, 2008 AND OCTOBER 16, 2008. (Attach documentation if available):

| CUSIP | Face Value Held | Held as of Date (ONLY FOR "LIVE REPRESENTED TRANCHES") |
|---|---|---|
| | | /     / |
| | | /     / |
| | | /     / |
| | | /     / |
| | | /     / |

---

IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS PLEASE PHOTOCOPY THESE PAGES, WRITE YOUR NAME ON THE COPY AND CHECK THIS BOX:
IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES MAY NOT BE REVIEWED.

Exhibit A



5

## PART III: DEFINITIONS AND RELEASE OF CLAIMS

### DEFINITIONS

1.     "Defendants" means Countrywide Financial Corporation, Countrywide Home Loans, Inc., CWALT, Inc., CWMBS, Inc., CWHEQ, Inc., CWABS, Inc., Countrywide Capital Markets, Countrywide Securities Corporation, Bank of America Corporation, NB Holdings Corporation. Stanford L. Kurland, David A. Spector; Eric P. Sieracki, David A. Sambol, Ranjit Kripalani, N. Joshua Adler, Jennifer S. Sandefur; Jeffrey P. Grogin, Thomas Boone, Thomas K. McLaughlin, Banc of America Securities LLC; Barclays Capital Inc.; Bear, Stearns & Co. Inc.; BNP Paribas Securities Corp.; Citigroup Global Markets Inc.; Credit Suisse Securities (USA) LLC; Deutsche Bank Securities Inc.; Edward D. Jones & Co., L.P. d/b/a Edward Jones; Goldman, Sachs & Co.; Greenwich Capital Markets, Inc. a.k.a. RBS Greenwich Capital now known as RBS Securities Inc.; HSBC Securities (USA) Inc.; J.P. Morgan Securities Inc.; Merrill, Lynch, Pierce, Fenner & Smith Incorporated; Morgan Stanley & Co. Incorporated; and UBS Securities LLC.

2.     "Effective Date" shall be the date on which all the following conditions of settlement shall have occurred: (a) with respect to Defendants, deposit of the Settlement Amount into the Escrow Account in accordance with Paragraph 2 of the Stipulation and Agreement of Settlement dated July 9, 2013 (the "Settlement Agreement"); (b) final approval by the Court of the Settlement, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; (c) entry by the Court of the Final Judgment in all material respects in the form set forth in Exhibit B to the Settlement Agreement, and the Final Judgment becoming Final, or, in the event that the Court enters a judgment in a form other than that provided above ("Alternative Judgment") and neither Plaintiffs nor the Countrywide Defendants elect to terminate this Settlement, the date that such Alternative Judgment becomes Final; and (d) if the circumstances described in Paragraphs 36 and/or 38 of the Settlement Agreement occur, the expiration of the time for the Plaintiffs or the Countrywide Defendants to exercise the termination rights provided in the applicable paragraph(s) without the termination rights being exercised.

3.     "Final Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be entered by the Court approving the Settlement.

4.     "Released Parties" means (i) any and all of the following persons and entities:  (1) the Defendants, (2) each and every person, partnership, firm, corporation, limited liability company, trust or other entity or organization in which any Defendant has a controlling interest or which is or was related to or affiliated with any of the Defendants; and (3) any other Person that is or was an issuer, depositor, sponsor, underwriter, seller, or servicer of any one or more of the Offerings or the Certificates comprising them, or that otherwise is or was involved in any way in the creation, underwriting, issuance, structuring, rating, marketing, sale, servicing, or collateralization of, or in any other way with, any one or more of the Offerings or the Certificates comprising them; (ii) with respect to each of the Persons in subsection (i) of this paragraph, their respective past or present directors, officers, employees, insurers, reinsurers, attorneys, agents, partners, principals, advisors, investment advisors, auditors, accountants, trustees, underwriters, investment bankers, affiliates, subsidiaries, parents, any other entity in which any such parent entity has a controlling interest or which is or was related to or affiliated with any such parent, successors, predecessors, heirs, Immediate Family, executors or administrators; and (iii) the legal representatives, predecessors, successors and assigns of any of the foregoing.

5.     "Settled Claims" means to the fullest extent permitted by law or equity, any and all claims, debts, rights, demands, disputes, matters, actions and causes of action of any kind concerning, arising out of, based upon, or relating in any way to any of the Offerings or any one or more of the tranches comprising such Offerings (including the Certificates listed on the website www.countrywidembssettlement.com), including but not limited to all claims, debts, rights, demands, disputes, matters, actions and causes of action concerning, arising out of, based upon, or relating in any way to any of the allegations, facts, circumstances, transactions, statements, misstatements, omissions, or subject matters that were alleged or could have been alleged in the Actions or in any other actions (including but not limited to the Putnam Action), or could in the future be alleged, whether such claims, debts, rights, demands, disputes, matters, actions, or causes of action are known or Unknown Claims, direct, derivative, indirect or otherwise, whether under federal, state, local, foreign, or other law, whether based on statutory or common law, or any other law, rule or regulation, or whether arising under contract, trust indenture, other trust agreement or document, or any other document or otherwise, including but not limited to claims for successor liability, for damages, rescission, or any other remedy or relief whatsoever, as against any and all Released Parties; provided, however, that Settled Claims do not include any and all individual, class, or derivative claims that have been asserted against Bank New York Mellon in complaints filed in *Retirement Bd. Of the Policemen's Ann. & Benefit Fund of the City of Chicago v. Bank New York Mellon*, Civ. A. No. 1:11-cv-05452 (S.D.N.Y.) (including, but not limited to, claims asserted against Bank New York Mellon in any amended complaint in that action permitted as a result of the currently pending motion filed July 3, 2013 under Federal Rules of Civil Procedure 15(a) and 62.1 in that action, or that certain appeal currently pending in the Second Circuit, *Retirement Bd. Of the Policemen's Ann. & Benefit Fund of the City of Chicago v. Bank New York Mellon*, Case Nos. 13-1776-cv, 13-1777-cv (2nd Cir.)), and provided further that Settled Claims shall not include claims to enforce the Settlement or  any benefits to which any Plaintiff or other member of the Class may become entitled, upon final court approval of the BNYM Settlement. Notwithstanding the foregoing, if the BNYM Settlement does not receive final court approval as currently agreed, Plaintiffs and the Class shall retain all contractual rights they may have in regard to certificates included in the BNYM Settlement under the pooling and servicing agreements pursuant to which they purchased those certificates, including but not limited to the right, if any, to participate in any other settlement reached, action taken, or recovery obtained in regard to such certificates by the trustee of the MBS trusts at issue in the BNYM Settlement.

6.     "Class" means all Persons that purchased or otherwise acquired the Certificates during the Class Period.  Excluded from the Class are: the Defendants; members of the Individual Defendants' immediate families; any entity in which any Underwriter Defendant has a majority interest; any entity in which any other Defendant has a majority or controlling interest; any person who was an officer, director, partner, or controlling person of any Defendant during the Class Period; and the legal representatives, heirs, successors and assigns of any such excluded Person.  Also excluded from the Class are those Persons who submit valid and timely requests for exclusion from the Class in compliance with each of the requirements set forth in the Notice.

### RELEASE

7.     I (We) understand and acknowledge that without further action by anyone, on and after the Effective Date, each Class Member, on behalf of him, her or itself and any of his, her or its personal representatives, spouses, domestic partners, trustees, heirs, executors, administrators, successors or assigns for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of the Final Judgment shall have fully, finally, and forever released, relinquished, waived, discharged and dismissed each and every Settled Claim against each and all of the Released Parties, and shall forever be enjoined from pursuing any or all Settled Claims against any Released Party, whether directly or indirectly, whether on their own behalf or otherwise, and regardless of whether or not such Class Member executes and delivers a Proof of Claim form (except that the foregoing provision shall not apply to any such representative, spouse, domestic partner, trustee, heir, executor, administrator, successor or assign who independently would be a member of the Class and timely excludes himself, herself or itself). By entering into this Settlement Agreement, I (we) represent and warrant that I (we) have not assigned, hypothecated, conveyed, transferred or otherwise granted or given any interest in the Settled Claims, or any of them, to any other person or entity, whether or not a Proof of Claim form is executed and delivered by, or on behalf of, such Class Member.

## PART IV: SIGNATURE AND CERTIFICATIONS

By signing and submitting this Proof of Claim form, the Claimant(s) or the person(s) who represents the Claimant(s) certifies, as follows:

I (We) submit this Proof of Claim form under the terms of the Settlement Agreement described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Central District of California, with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I (we) am (are) bound by and subject to the terms of any judgment that may be entered in the Actions, including the releases set forth in connection with the Settlement of the Actions. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim covering the same purchases or acquisitions of Countrywide Mortgage Pass-Through Certificates and alleging the Settled Claims and know of no other person having done so on my (our) behalf.

I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever release, relinquish, waive, discharge and dismiss with prejudice each and every one of the Settled Claims against each and all the Released Parties as defined above. I (We) further acknowledge:

1.  that the Claimant(s) is a (are) Class Member(s), as defined herein and in the Notice;

2.  that I (we) will not be entitled to receive recovery in any other action against any of the Released Parties based on or arising out of the Settled Claims (as defined above);

3.  that I (we) have not filed a request for exclusion from the Class and that I (we) do not know of any request for exclusion from the Class filed on my (our) behalf with respect to my (our) transactions in the Mortgage Pass-Through Certificates at issue herein;

4.  that I (we) own(ed) the Mortgage Pass-Through Certificates identified in the Proof of Claim, or that, in signing and submitting this Proof of Claim, I (we) have the authority to act on behalf of the owner(s) thereof;

5.  that Claimant(s) may be eligible to receive a distribution from the Net Settlement Fund;

6.  that I (we) agree to furnish such additional information with respect to this Proof of Claim as the parties, the Claims Administrator or the Court may require;

7.  that I (we) waive trial by jury, to the extent it exists, and agree to the Court's summary disposition of the determination of the validity or amount of the claim made by this Proof of Claim;

8.  that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof;

9.  that I (we) have included information requested above about all of my (our) transactions in Countrywide Mortgage Pass-Through Certificates; and

10. that I (we) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(c) of the Internal Revenue Code.

NOTE: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike the language that you are not subject to backup withholding in the certification above. The Internal Revenue Service does not require your consent to any provision other than the certification required to avoid backup withholding.

I (We) declare, under penalty of perjury under the laws of the United States of America, that the statements made and answers given in this Proof of Claim are true and correct and that the documents submitted herewith are true and genuine.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____ in _____ .
                                (Month) (Year)                      (City, State, Country)

_____      _____
Signature of Claimant                                        Date

_____
Print your name here

_____      _____
Signature of Joint Claimant, if any                           Date

_____
Print your name here

*If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____      _____
Signature of person signing on behalf of Claimant            Date

_____
Print your name here

_____
Capacity of person signing on behalf of Claimant, if other than an individual (e.g., Administrator, Executor, Trustee, President, Custodian, Power of Attorney, etc.)

## REMINDER CHECKLIST

1.     Please sign the Certification Section of the Proof of Claim and Release form.

2.     If this Claim is being made on behalf of Joint Claimants, then both must sign.

3.     Please remember to attach supporting documents.

4.     DO NOT SEND ORIGINALS OF ANY SUPPORTING DOCUMENTS.

5.     Keep a copy of your Proof of Claim and Release form and all documentation submitted for your records.

6.     The Claims Administrator will acknowledge receipt of your Proof of Claim and Release by mail, within 60 days. Your claim is not deemed filed until you receive an acknowledgment postcard. If you do not receive an acknowledgment postcard within 60 days, please call the Claims Administrator toll free at (866) 336-8968.

7.     If you move, please send your new address to:

*Countrywide MBS Settlement*
**c/o The Garden City Group, Inc.**
**PO Box 9993**
**Dublin, OH 43017-5993**

Do not use highlighter on the Proof of Claim and Release form or supporting documentation.

**THIS PROOF OF CLAIM MUST BE POSTMARKED NO LATER THAN DECEMBER 15, 2013, AND MUST BE MAILED TO:**

*Countrywide MBS Settlement*
**c/o The Garden City Group, Inc.**
**PO Box 9993**
**Dublin, OH 43017-5993**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| MAINE STATE RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, *et al.*,<br><br>Defendants. | Case No.  2:10-CV-00302 MRP (MANx) |
| DAVID H. LUTHER, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, *et al.*,<br><br>Defendants. | Case No. 2:12-CV-05125 MRP (MANx) |
| WESTERN CONFERENCE OF TEAMSTERS PENSION TRUST FUND, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, *et al.*,<br><br>Defendants. | Case No. 2:12-CV-05122 MRP (MANx) |

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTIONS, FAIRNESS HEARING
AND MOTION FOR AN AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES**

TO:     ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED THE INDIVIDUAL SECURITIES ISSUED AS PART OF THE 429 OFFERINGS AT ISSUE IN THE ACTIONS (THE "CERTIFICATES") DURING THE PERIOD MARCH 12, 2004 THROUGH AUGUST 7, 2013 (THE "CLASS"):

> <u>Please Note</u>:  The 429 Offerings at issue in the above-captioned actions are listed on Exhibit A hereto and also can be viewed, along with a complete list of the Certificates and corresponding CUSIPs, by visiting the website for the settlement, www.countrywidembssettlement.com.

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

The purpose of this Notice is to inform you of (a) the pendency of the above-captioned class actions (the "Actions"), (b) the proposed settlement of the Actions (the "Settlement"), and (c) the hearing to be held by the Court (the "Fairness Hearing") to consider:  (i) whether the Settlement should be approved as fair, reasonable and adequate; (ii) whether the Court should grant final certification of the Class for settlement purposes only; (iii) whether the Court should approve the proposed plan for allocating the settlement proceeds as fair and reasonable; (iv) whether the application of Plaintiffs' Counsel for an award of attorneys' fees and expenses should be approved; and (v) certain other matters.[1]  This Notice explains important rights you may have, including your possible receipt of cash from the Settlement, and what steps you must take if you wish to be eligible to participate in the Settlement or wish to be excluded from the Class.

- The Settlement provides a total recovery of $500 million in cash for the benefit of the Class described herein.

- The Settlement resolves lawsuits alleging that (i) Defendants[2] (other than the Bank of America Defendants) made misstatements and omissions in connection with the offering and sale of the Certificates in violation of Sections 11, 12(a)(2) and 15 of the Securities Act of 1933; and (ii) the Bank of America Defendants are liable as successors-in-interest to certain of the Countrywide Defendants.  Defendants have denied all claims.

---

[1]     All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation and Agreement of Settlement dated as of July 9, 2013 (the "Settlement Agreement"), which is available on the website established for the Settlement of the Actions, www.countrywidembssettlement.com.

[2]     Defendants are:  (i) Countrywide Financial Corporation ("Countrywide" or the "Company"), Countrywide Home Loans, Inc., CWALT, Inc., CWMBS, Inc., CWHEQ, Inc., CWABS, Inc., Countrywide Capital Markets, and Countrywide Securities Corporation (collectively, the "Countrywide Defendants"); (ii) Bank of America Corporation and NB Holdings Corporation (together, the "Bank of America Defendants"); (iii) Stanford L. Kurland, David A. Spector, Eric P. Sieracki, David A. Sambol, Ranjit Kripalani, N. Joshua Adler, Jennifer S. Sandefur, Jeffrey P. Grogin, Thomas Boone and Thomas K. McLaughlin (collectively, the "Individual Defendants"); and (iv) Banc of America Securities LLC, Barclays Capital Inc., Bear, Stearns & Co. Inc., BNP Paribas Securities Corp., Citigroup Global Markets Inc., Credit Suisse Securities (USA) LLC, Deutsche Bank Securities Inc., Edward D. Jones & Co., L.P. d/b/a Edward Jones, Goldman, Sachs & Co., Greenwich Capital Markets, Inc. a.k.a. RBS Greenwich Capital now known as RBS Securities Inc., HSBC Securities (USA) Inc., J.P. Morgan Securities Inc., Merrill, Lynch, Pierce, Fenner & Smith Incorporated, Morgan Stanley & Co. Incorporated, and UBS Securities LLC (collectively, the "Underwriter Defendants").

- **If you are a Class Member, your legal rights will be affected by the Actions and the Settlement whether or not you act.  PLEASE READ THIS NOTICE CAREFULLY.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A PROOF OF CLAIM FORM BY DECEMBER 15, 2013** | The only way to be eligible to receive a payment from the Settlement. |
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A REQUEST FOR EXCLUSION POSTMARKED NO LATER THAN OCTOBER 1, 2013** | If you exclude yourself from the Class, you will not be eligible to receive any payment from the Settlement.  This is the only option that potentially allows you to ever bring or maintain your own lawsuit against the Defendants and the other Released Parties, or to be part of another lawsuit, concerning the Settled Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING AN OBJECTION SO THAT IT IS RECEIVED BY OCTOBER 7, 2013** | If you do not like the proposed Settlement, the proposed Plan of Allocation, and/or the request for attorneys' fees and litigation expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and litigation expenses unless you are a Class Member. |
| **GO TO A HEARING ON OCTOBER 28, 2013 AT 1:30 P.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS RECEIVED NO LATER THAN OCTOBER 7, 2013** | Filing an objection and notice of intention to appear by October 7, 2013 allows you to speak in Court about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and litigation expenses.  If you submit an objection, you may (but do not have to) attend the hearing and speak to the Court about your objection. |
| **DO NOTHING** | If you are a member of the Class and you do not submit a Proof of Claim, you will not be eligible to receive any payment from the Settlement. You will, however, remain a member of the Class, which means that  you give up your right to sue about the claims being resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Actions. |

- These rights and options—**and the deadlines to exercise them—**are further explained in this Notice.

- The Court in charge of the Actions still must decide whether to approve the Settlement.  Payments will be made to all Class Members who timely submit a valid Proof of Claim form, if the Court approves the Settlement and after any appeals are resolved and all Proof of Claim forms have been reviewed and processed.  Please be patient.

## SUMMARY NOTICE

**Statement of Class Recovery**

Court-appointed Lead Plaintiff and class representative Iowa Public Employees' Retirement System; state court-appointed Lead Plaintiffs Vermont Pension Investment Committee, Mashreqbank, p.s.c., Pension Trust Fund for Operating Engineers, Operating Engineers Annuity Plan, Washington State Plumbing and Pipefitting Pension Trust, Maine State Retirement System and David H. Luther; class representatives General Board of Pension and Health Benefits of the United Methodist Church, Orange County Employees' Retirement System, the State of Oregon, by and through the Oregon State Treasurer and the Oregon Public Employee Retirement Board on behalf of the Oregon Public Employee Retirement Fund and plaintiff Western Conference of Teamsters Pension Trust Fund (collectively, the "Plaintiffs"), on behalf of themselves and the Class (*i.e.*, all persons and entities who purchased or otherwise acquired Certificates in any of the 429 Offerings listed in Exhibit A attached hereto during the period March 12, 2004 through August 7, 2013), have entered into a proposed Settlement with the Defendants that, if approved by the Court, will resolve the Actions in their entirety.

A settlement fund of $500 million in cash, plus interest (the "Gross Settlement Fund"), is being established for the benefit of the Class described herein.  The Gross Settlement Fund, less any Taxes, Notice and Administration Costs, and attorneys' fees and litigation expenses awarded by the Court (the "Net Settlement Fund") will be distributed to eligible Class Members in accordance with a plan of allocation to be approved by the Court.  The proposed plan of allocation (the "Plan of Allocation") is set forth on pages 9-11 below, and may be modified by the Court without further notice.

**Estimate of Average Amount of Recovery**

$325 million of the $500 million Settlement Amount will be allocated to the 58 Certificates purchased by Plaintiffs that Plaintiffs believe are currently not subject to dismissal pursuant to the Court's Orders ("Live Represented Tranches").  The estimated average distribution before payment of Court-approved attorneys' fees and expenses is $24.96 per $1,000 in initial certificate value of the Certificates.  $125 million of the $500 million Settlement Amount will be allocated to the 111 Certificates purchased by Plaintiffs that sought to act as class representatives but had their claims dismissed or their claims were subject to dismissal by the Court's Orders ("Dismissed Represented Tranches").  The estimated average distribution before payment of Court-approved attorneys' fees and expenses is $4.75 per $1,000 initial certificate value of the Certificates.  $50 million of the $500 million Settlement Amount will be allocated to approximately 9,214 Certificates for

2

which no plaintiff sought to act as a class representative and were dismissed by the Court ("Dismissed Unrepresented Tranches"). The estimated average distribution before payment of Court-approved attorneys' fees and expenses is \$.16 per \$1,000 in initial certificate value of the Certificates. **Class Members should note, however, that these are only estimates.** Class Members may recover more or less than the above amounts, depending on, among other factors, the amount and type of Certificate(s) purchased or otherwise acquired, when the Class Member purchased or otherwise acquired their Certificate(s) and whether or not they sold such Certificate(s), the amount of principal, if any, that has been repaid on their Certificate(s), the number of Class Members who submit timely Proof of Claim forms, and the amount of such claims.

You should visit the settlement website, www.countrywidembssettlement.com, to determine which of the three "buckets" described above your Certificates are in.

**Please Note: For purposes of settlement, the proposed Class is comprised of all Persons who purchased or otherwise acquired the individual securities issued as part of the 429 Offerings at issue in the Actions during the period March 12, 2004 through August 7, 2013; <u>however, as set forth in the Plan of Allocation below, only those purchases made from March 12, 2004 to October 16, 2008 are eligible to potentially recover from the Net Settlement Fund.</u>**

<u>**Statement of Potential Outcome of Case**</u>

The Parties vigorously disagree about both the existence of any liability and damages, and do not agree on the average amount of damages per Certificate (if any) that would be recoverable if Plaintiffs were to prevail on each claim asserted against Defendants. The issues on which the Parties disagree include, without limitation: (a) whether Defendants made any misstatements or omissions in connection with the offering of the Certificates, including any misstatements or omissions that are legally actionable under the federal securities laws; (b) the effect of various market forces on the value and prices of the Certificates during the Class Period, including but not limited to the precipitous drop in national home prices that began in 2007, the seizing up of credit and capital markets in the United States (including the secondary market on which MBS are bought and sold), and the massive disruptions in other markets domestically and abroad in which Countrywide did not operate or sell securities; (c) the extent to which external factors, such as general market, economic and industry conditions, or unusual levels of volatility affected the value and prices of the Certificates during the Class Period; (d) the extent to which any claimed damages should be offset by the proceeds of that certain settlement agreement dated June 28, 2011 (or any subsequently amended agreement), among (i) The Bank of New York Mellon in its capacity as trustee or indenture trustee for certain trusts formed in connection with the offering of MBS issued by subsidiaries of Countrywide Financial Corporation, and (ii) Bank of America Corporation, Bank of America Corporation Home Loans Servicing, L.P., Countrywide Financial Corporation, and Countrywide Home Loans, Inc. (the "BNYM Settlement"); and (e) the extent to which the various matters that Plaintiffs alleged were misstated or omitted affected the value and prices of the Certificates during the Class Period.

All Defendants deny that they are liable to the Plaintiffs or the Class and deny that the Plaintiffs or the Class have suffered any recoverable damages relating to their investments in the Certificates.

<u>**Statement of Attorneys' Fees and Costs Sought**</u>

Plaintiffs' Counsel will make an application to the Court for an award of attorneys' fees and litigation expenses from the Gross Settlement Fund in connection with this Settlement. It is expected that the application for attorneys' fees will seek no more than \$85 million, which constitutes approximately 17% of the Gross Settlement Fund (which amount includes interest earned at the same rate as the Gross Settlement Fund).

Plaintiffs' Counsel will also apply for their expenses in prosecuting and resolving the Class' claims, including the fees of Plaintiffs' experts and consultants, in an amount not to exceed \$4 million plus interest earned on this amount at the same rate as the Gross Settlement Fund. Plaintiffs' Counsel's application for expenses may include reimbursement of the expenses of Plaintiffs in accordance with 15 U.S.C. §78u-4(a)(4).

If approved, the requested attorneys' fees and expenses combined (\$89 million) would amount to an average of approximately \$.25 per \$1,000 in initial certificate value of the Certificates, based upon Plaintiffs' estimates, as determined by their damages consultant.

The attorneys representing Plaintiffs and the Class in the Actions have expended considerable time and effort over more than five years in prosecuting and resolving the Actions on a contingent-fee basis, and have advanced all of the expenses of the litigation, totaling millions of dollars, with the expectation that if they were successful in obtaining a recovery for the Class they would be paid from such recovery. In this type of litigation, it is customary for plaintiffs' counsel to be awarded a percentage of the class' recovery as their attorneys' fees.

<u>**Identification of Attorney Representatives**</u>

Plaintiffs and the Class are being represented by: Steven J. Toll, Esq., Cohen Milstein Sellers & Toll PLLC, 1100 New York Avenue, N.W., Suite 500, West Tower, Washington, D.C. 20005, (888) 240-0775, e-mail: stoll@cohenmilstein.com; Spencer A. Burkholz, Esq., Robbins Geller Rudman & Dowd, LLP, 655 West Broadway, Suite 1900, San Diego, CA

92101, (800) 449-4900, e-mail: spenceb@rgrdlaw.com; Andrew L. Zivitz, Esq., Kessler Topaz Meltzer & Check, LLP, 280 King of Prussia Road, Radnor, PA 19087, (610) 667-7706, e-mail: azivitz@ktmc.com.  Plaintiffs' Counsel are available to answer questions concerning all matters contained in this Notice.

**Reasons for the Settlement**

Plaintiffs and Plaintiffs' Counsel, who have extensive experience in securities class action litigation, agreed to the Settlement after considering, among other things: (a) the substantial cash benefits to Class Members of the Settlement; (b) the uncertainty of being able to prove the allegations in the Actions and collect from Countrywide given Plaintiffs' assessment of the risk of a potential bankruptcy filing; (c) the inherent problems of proof and possible defenses to the claims asserted against Defendants; (d) the risk that the Court may grant, in whole or in part, any motions for summary judgment that might be filed by Defendants; (e) the uncertainty, even if Plaintiffs were to establish at trial that one or more of the alleged misstatements were made by Defendants, that it could be found that the macroeconomic events of the last several years were the cause of any declines in the values of the securities purchased by Class Members and any losses allegedly incurred; (f) the discussions of the Parties that occurred during the settlement negotiations that were presided over by two experienced private mediators, including a former federal judge, who assisted Plaintiffs in arriving at the proposed Plan of Allocation described in this Notice; (g) the attendant risks of litigation, especially in complex actions such as this, as well as the difficulties and delays inherent in such litigation (including any appeals); (h) the desirability of consummating the Settlement Agreement in order to provide certain and effective relief to Class Members at this juncture of the Actions and without further delay; and (i) Plaintiffs' and Plaintiffs' Counsel's belief that the Settlement is fair, reasonable, and adequate and in the best interests of all Class Members.

For Defendants, who deny all allegations of wrongdoing and liability whatsoever, the principal reasons for entering into the Settlement are to bring to an end the substantial expenses, burdens, risks, and uncertainties associated with continued litigation of these Actions; to finally put to rest those claims and the underlying matters; and to avoid further expense and disruption to the management and operation of the corporate Defendants' businesses due to the prosecution and defense of these Actions.

| WHAT THIS NOTICE CONTAINS |
|---|

**Table of Contents**

Page

BASIC INFORMATION..................................................................................................................5
  1.  Why did I get this notice package?............................................................... 5
  2.  What are these lawsuits about? .................................................................... 5
  3.  Why are these class actions?....................................................................... 7
  4.  Why is there a settlement?........................................................................... 7
  5.  How do I know if I am part of the Settlement?.............................................. 8
  6.  Are there exceptions to being included? ...................................................... 8
  7.  What if I am still not sure if I am included? .................................................. 9
THE SETTLEMENT BENEFITS — WHAT YOU GET ..................................................... 9
  8.  What does the Settlement provide? ............................................................. 9
PROPOSED PLAN OF ALLOCATION: GENERAL PROVISIONS ................................. 9
  9.  How much will my payment be?................................................................... 9
CALCULATION OF RECOGNIZED LOSS OR GAIN AMOUNTS ................................. 10
CALCULATION OF NET RECOGNIZED LOSS .......................................................... 11
HOW YOU GET A PAYMENT — SUBMITTING A PROOF OF CLAIM FORM ............. 11
  10. How can I get a payment?......................................................................... 11
  11. When will I get my payment?..................................................................... 11
  12. What am I giving up to get a payment or stay in the Class? ...................... 11
EXCLUDING YOURSELF FROM THE CLASS ............................................................ 13
  13. How do I exclude myself from the Class? ................................................. 13
  14. If I do not exclude myself, can I sue the Defendants and the other Released
      Parties for the same thing later?............................................................... 13
  15. If I exclude myself, can I get money from the proposed Settlement? ......... 13
THE LAWYERS REPRESENTING YOU...................................................................... 13
  16. Do I have a lawyer in these cases?........................................................... 13
  17. How will the lawyers be paid? ................................................................... 14
OBJECTING TO THE SETTLEMENT.......................................................................... 14
  18. How do I tell the Court that I do not like the proposed Settlement?........... 14
  19. What is the difference between objecting and excluding? ......................... 15
THE SETTLEMENT FAIRNESS HEARING ................................................................. 15
  20. When and where will the Court decide whether to approve the proposed Settlement? ... 15
  21. Do I have to come to the hearing? ........................................................... 15
  22. May I speak at the hearing? ..................................................................... 15

4

IF YOU DO NOTHING ............................................................................................................................. 15
   23. What happens if I do nothing at all? ............................................................................................ 15
GETTING MORE INFORMATION ........................................................................................................... 16
   24. Are there more details about the proposed Settlement? ............................................................. 16
   25. How do I get more information? .................................................................................................. 16
SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES ....................................... 16

**BASIC INFORMATION**

| 1. | Why did I get this notice package? |
|---|---|

The Court authorized this Notice to be sent to you because you or someone in your family, or an investment account for which you serve as custodian, may have purchased or otherwise acquired the Certificates between March 12, 2004 and August 7, 2013, inclusive.

If this description applies to you or someone in your family, you have a right to know about the proposed Settlement of three class action lawsuits, and about all of your options, before the Court decides whether to approve the Settlement. Additionally, you have the right to understand how a class action may generally affect your legal rights. If the Court approves the Settlement, and after any objections and appeals are resolved, an administrator appointed by the Court will make the payments that the Settlement allows.

This Notice explains the Actions, the Settlement, Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of these Actions is the United States District Court for the Central District of California, in Los Angeles, California, and the cases are known as *Maine State Retirement System v. Countrywide Financial Corporation, et al.*, No. 2:10-CV-00302 MRP (MANx) (C.D. Cal.), *Luther v. Countrywide Financial Corporation, et al.*, No. 2:12-CV-05125 MRP (MANx) (C.D. Cal.), and *Western Conference of Teamsters Pension Trust Fund v. Countrywide Financial Corporation, et al.*, No. 2:12-CV-05122 MRP (MANx) (C.D. Cal.). The Actions are assigned to and overseen by the Honorable Mariana R. Pfaelzer, United States District Judge.

The institutions and individual that are suing, namely Iowa Public Employees' Retirement System, David H. Luther, General Board of Pension and Health Benefits of the United Methodist Church, Maine State Retirement System, Mashreqbank, p.s.c., Operating Engineers Annuity Plan, Orange County Employees' Retirement System, Pension Trust Fund for Operating Engineers, the State of Oregon, by and through the Oregon State Treasurer and the Oregon Public Employee Retirement Board on behalf of the Oregon Public Employee Retirement Fund, Vermont Pension Investment Committee, Washington State Plumbing and Pipefitting Pension Trust, and Western Conference of Teamsters Pension Trust Fund, are called Plaintiffs.

The companies and persons being sued in some or all of the Actions, namely, Countrywide Financial Corporation, Countrywide Home Loans, Inc., CWALT, Inc., CWMBS, Inc., CWHEQ, Inc., CWABS, Inc., Countrywide Capital Markets, Countrywide Securities Corporation (collectively, the "Countrywide Defendants"), Bank of America Corporation and NB Holdings Corporation (collectively, the "Bank of America Defendants"), certain of Countrywide's former officers and directors (the "Individual Defendants" as set forth in footnote 2 above), and various investment banks that underwrote offerings of Countrywide Securities (the "Underwriter Defendants" as set forth in footnote 2 above), are called the Defendants.

| 2. | What are these lawsuits about? |
|---|---|

Headquartered in Calabasas, California, Countrywide was one of the nation's largest mortgage and home equity lenders. Countrywide originated and securitized mortgage and home equity loans, and the resulting securitizations were offered and sold to investors. In each of the actions described below, Plaintiffs allege generally that in offering those securitizations, Defendants violated the federal securities laws, specifically Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §§77k, 77l(a)(2), and 77o, by making material misstatements and omissions concerning Countrywide's loan origination and underwriting practices (including how properties collateralizing loans were appraised), the creditworthiness of its borrowers, and the value of the collateral underlying its loans.

Plaintiffs further allege that the Individual Defendants signed the offering documents for the Certificates and that the Underwriter Defendants each acted as underwriters in the sale of one or more of the Certificates and disseminated one or more of the offering documents for the Certificates. In one of the Actions, the Bank of America Defendants are alleged to be liable as the Countrywide Defendants' successors in interest.

On November 14, 2007, David Luther filed the first putative class action, captioned *Luther v. Countrywide Home Loans Servicing LP, et al.* ("*Luther*"), in the Superior Court of the State of California, County of Los Angeles, No. BC 380698.

On June 12, 2008, Washington State Plumbing and Pipefitting Pension Fund Trust filed a similar putative class action captioned *Washington State Plumbing & Pipefitting Pension Fund Trust v. Countrywide Financial Corporation, et al.* ("*Washington State Plumbing*") in the Superior Court of the State of California, County of Los Angeles, No. BC392571.

5

Exhibit A
-18-

On September 12, 2008, *Luther* and *Washington State Plumbing* were consolidated, with *Luther* designated as the consolidated lead action (hereinafter referred to as "*Luther*"). Thereafter, on October 6, 2008, Judge Elias of the California Superior Court ("State Court") issued an order appointing David H. Luther, Vermont Pension Investment Committee, Mashreqbank, p.s.c., Operating Engineers Annuity Plan, Pension Trust Fund for Operating Engineers, Washington State Plumbing & Pipefitting Trust, and Maine Public Employees Retirement System as co-lead plaintiffs in *Luther* and Coughlin Stoia Geller Rudman & Robbins, LLP (n/k/a Robbins Geller Rudman & Dowd LLP) and Schiffrin Barroway Topaz & Kessler, LLP (n/k/a Kessler Topaz Meltzer & Check, LLP) as co-lead counsel.

On October 16, 2008, certain of the Plaintiffs filed a Consolidated Complaint for Violations of Sections 11, 12(a)(2) and 15 of the Securities Act (the "Consolidated Complaint") in *Luther* alleging claims for violation of the Securities Act on behalf of a class of all persons and entities that purchased any securities issued in any one or more of 429 mortgage-backed securities offerings identified in that complaint.

On April 22, 2009, the Court entered Stipulations and Orders dismissing all claims and counts against Messrs. Grogin, Boone and McLaughlin in *Luther* with prejudice.

On January 6, 2010, the State Court issued an order dismissing *Luther* on the grounds that the State Court did not have subject matter jurisdiction under the Securities Act over *Luther*.

On November 17, 2010, Plaintiff Western Conference of Teamsters Pension Fund filed a putative class action captioned *Western Conference of Teamsters Pension Trust Fund v. Countrywide Financial Corporation, et al.* ("*Western Teamsters*") in the Superior Court of the State of California, County of Los Angeles, No. BC449726, alleging claims virtually identical to those alleged in *Luther*.

On May 18, 2011, the California Court of Appeal reversed the Superior Court's judgment sustaining Defendants' demurrer in *Luther*. The California Court of Appeal issued a remittitur of the *Luther* action back to the State Court on September 27, 2011.

On June 12, 2012, the Countrywide Defendants removed *Luther* and *Western Teamsters* to the United States District Court for the Central District of California (the "Court"). Plaintiffs' motion to remand was denied on August 31, 2012.

Subsequent to the State Court's dismissal of *Luther* for lack of subject matter jurisdiction, on January 14, 2010, one of the *Luther* Plaintiffs filed a virtually identical action in the Court, entitled *Maine State Retirement System v. Countrywide Financial Corporation, et al.,* No. 10-cv-00302-MRP ("*Maine State*").

On May 14, 2010, pursuant to the Private Securities Litigation Reform Act of 1995, the Court appointed Iowa Public Employees' Retirement System as Lead Plaintiff in *Maine State* and Cohen Milstein Sellers & Toll PLLC as Lead Counsel.

On August 5, 2010, the *Maine State* plaintiffs dismissed Messrs. Boone and McLaughlin from the action without prejudice. On August 11, 2010, the *Maine State* Plaintiffs dismissed Mr. Grogin from the action without prejudice.

On November 4, 2010, the Court held in *Maine State* that (i) the Plaintiffs had standing to sue only with respect to the specific MBS offerings in which they had actually purchased; and (ii) because the *Luther* Plaintiffs lacked standing with respect to any MBS offerings in which they did not purchase, the statute of limitations had not been tolled as to investors who purchased in MBS offerings other than those in which the named *Luther* Plaintiffs had purchased. As a result of these rulings, the Court dismissed the *Maine State* Plaintiffs' claims as to approximately 415 of the 429 Offerings at issue. On January 27, 2011, Putnam Bank filed a complaint alleging violations of the Securities Act (among other claims) in the federal District Court for the District of Connecticut captioned *Putnam Bank v. Countrywide Financial Corporation, et al.*, 3:11-cv-145 (D. Conn.) (the "*Putnam Action*"), ostensibly on behalf of a putative class of purchasers in eight of the very same MBS offerings encompassed by the *Luther* and *Maine State* actions. The *Putnam Action* was later transferred to this Court, where it was dismissed on March 9, 2012, with prejudice, as time-barred without either appointment of lead counsel or certification of any putative class by the Court.

On February 15, 2011, the Court entered an Order in *Maine State* dismissing, with prejudice, all claims and counts against Messrs. Kripalani and Adler and Ms. Sandefur.

On April 20, 2011, the Court dismissed with prejudice the so-called "successor-liability" claims asserted against Bank of America Corporation and NB Holdings Corporation in *Maine State* for failure to state a claim.

On May 5, 2011, the Court held, in *Maine State*, that a class action named plaintiff only has standing to sue with respect to the specific Certificates it actually purchased, and lacks standing as to all other Certificates. The Court further held that *Luther* only tolled the applicable statutes of limitations with respect to the specific Certificates purchased by the *Luther* Plaintiffs, and that claims as to all other Certificates were time-barred. On this basis, the Court dismissed all claims in the *Maine State* Second Amended Class Action Complaint except those relating to eight MBS tranches that at least one of the named Plaintiffs in *Maine State* and one of the named Plaintiffs in *Luther* had bought.

On September 30, 2011, the *Maine State* parties stipulated to certification of a class consisting of eight sub-classes (one for each remaining tranche), which the Court certified on October 12, 2011.

6

In June 2013, the United States Court of Appeals for the Second Circuit held in *Police & Fire Retirement System of the City of Detroit v. IndyMac MBS, Inc.*, __ F.3d __, No. 11-2998-cv (2d Cir. June 27, 2013), that the filing of a putative class action complaint does not suspend (toll) the running of the three-year statute of repose applicable to claims brought on behalf of absent class members under the Securities Act (like those in the Actions).  Should the Court or the Ninth Circuit Court of Appeals adopt the ruling in *IndyMac*, the claims of absent class members who decide to opt out of the Settlement could be time-barred in whole or in part under this ruling as well as under this Court's rulings as described above.

Throughout the course of these matters, the parties engaged in merits-related discovery, which included the depositions of numerous party and non-party witnesses during August and September of 2012, and certain third-party document discovery.

Although the Court has dismissed certain of the claims originally brought in one of these Actions on various grounds described herein, the Court has made no decision regarding the ultimate factual merits of any claims that survived, or may have survived, dismissal.

---

**3.      Why are these class actions?**

In a class action, one or more persons or entities (in this case, Plaintiffs (*i.e.*, the proposed representatives for the Class)), sue on behalf of people who allegedly have similar claims.  All these persons and entities are a Class, and each is a Class Member.  Bringing a case such as these as a class action allows the adjudication of many similar claims of persons and entities that might be economically too small to bring as individual actions.  One court resolves the issues for all Class Members at the same time, except for those who exclude themselves from the Class.

---

**4.      Why is there a settlement?**

The Court did not decide in favor of Plaintiffs or Defendants, who continue to deny liability.  Instead, both sides agreed to a settlement.  That way, they avoid the cost and risks of further litigation and trial.

Beginning in November 2012 and continuing over the course of six months until early April 2013, Plaintiffs and the Countrywide Defendants participated in arm's-length settlement discussions that were facilitated by Professor Eric D. Green, an experienced private mediator.  These arm's-length settlement discussions facilitated by Professor Green focused on the parties' significant factual and legal disagreements concerning (among other contested issues) the factual basis for Plaintiffs' allegations that Defendants had made misstatements concerning the Certificates, Defendants' challenges to the ability of Plaintiffs to prove loss causation given the crisis in the United States and global housing and capital markets that began in late 2007, and the calculation of monetary damages (if any) associated with Plaintiffs' claims (including the extent to which any claimed damages should be offset by payments made pursuant to the BNYM Settlement).

In the Actions, as set forth above, the Court has held, that: (a) Plaintiffs lack standing under both Article III of the U.S. Constitution and the Securities Act to assert claims relating to any Certificates that Plaintiffs did not actually purchase; and (b) to the extent *Luther* tolled the Securities Act's three-year statute of repose and one-year statute of limitations under *American Pipe and Construction Co. v. Utah*, 414 U.S. 538 (1974) ("*American Pipe*"), such tolling would apply only to the specific offerings and tranches that the *Luther* Plaintiffs actually purchased.  In any event, in another action in the Court involving MBS, the Court held that the filing of a complaint like *Luther* filed in state court does not trigger *American Pipe* tolling because that tolling rule applies only with respect to putative class actions filed in federal court pursuant to the provisions of Federal Rule of Civil Procedure 23.

In *Maine State*, the Court applied these rulings and dismissed all claims with respect to all but eight of the more than 9,000 Certificates over which the *Maine State* Plaintiffs originally sued.  The Court's rulings have not yet been subject to appellate review, and the *Maine State* Plaintiffs would have pursued their appellate rights had this Settlement not been reached.

In *Luther*, motions to dismiss asserting lack of standing and timeliness arguments were pending at the time this Settlement was reached in principle.  Although the *Luther* Plaintiffs reserved their rights to challenge the Court's rulings on appeal at the appropriate time, they acknowledged in their opposition to Defendants' motions to dismiss that an application of the Court's prior rulings would result in the dismissal of all but 58 Certificates.  Defendants contended that applying the Court's prior rulings to *Luther* would result in only 55 Certificates remaining in the case.

In *Western Teamsters*, motions to dismiss asserting timeliness arguments also were pending at the time this Settlement in principle was reached.

The outcome of a potential appeal of the Court's standing and tolling decisions is uncertain. The Court of Appeals for the Second Circuit recently held in *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145 (2d Cir. 2012), *cert. denied*, --- S. Ct. ---, 2013 WL 1091772 (Mar. 18, 2013), that a named plaintiff in a putative class action challenging disclosures made in connection with the public offering of MBS has "class standing" to sue on behalf of purchasers of certificates under common shelf registration statements that are backed by mortgages originated by the same lender that originated mortgages backing the certificates the named plaintiff actually bought.  The Court presiding

7

over the Actions has declined to follow *NECA-IBEW*, concluding that its reasoning is not persuasive and is at odds with every court to address standing in MBS suits prior to this decision.  *See FDIC as Receiver for Strategic Capital Bank v. Countrywide Fin'l Corp.*, 2012 WL 5900973 (Nov. 21, 2012); *FDIC as Receiver for Security Savings Bank*, 12-cv-06692-MRP, slip op. 14-15 (Mar. 1, 2013).  *NECA-IBEW* is not binding on the Court, and the Ninth Circuit Court of Appeals has not yet been presented with an opportunity to address these standing issues.

Moreover, in addition to denying that any material misstatements or omissions were made in connection with the offering of the Certificates, Defendants have contended that beginning in 2007, real estate prices fell significantly across the United States and then globally, causing the largest national decline in home prices since the Great Depression.  During this same period, Defendants point out that the credit and capital markets in the United States (including the secondary market on which MBS are traded) seized up, and demand for MBS all but disappeared as investors moved toward investments perceived to be less risky.  As a result of these broad market disruptions, Defendants contend, the market for MBS froze and values declined as investors panicked in the wake of the crisis in the housing and credit markets.  Had these matters not been settled, and had Defendants established one of these defenses, then the Class would have recovered nothing in the Actions.

Finally, the $8.5 billion BNYM Settlement, if approved by the court in current form, will be distributed to the 530 Countrywide MBS trusts at issue in that settlement, with each trust receiving a portion of the payment corresponding to its allocable share as defined in the settlement agreement.  Certain Plaintiffs and Class Members may be entitled to benefits resulting from that settlement if court approval is obtained, and Defendants have argued that such benefits would have offset in whole or in part any recoveries to which any Class Member alleges it would have been entitled had the Actions not been settled.

By formally agreeing to a settlement, the Parties avoid the risks, uncertainty and additional costs of a trial and any possible future appeals, and Class Members may receive compensation.  Plaintiffs and Plaintiffs' Counsel therefore believe the Settlement described in this Notice is in the best interests of all Class Members.

Defendants reserve all rights to assert any and all defenses they may have to any claims that may be asserted by any person or entity that submits a request for exclusion from the Class, including without limitation the defense that any such claims would be untimely under applicable statutes of limitations and statutes of repose pursuant to the Court's previous rulings described above.  Although Defendants have decided to settle the Actions in their entirety in order to avoid the continuing expense of litigation and for the other reasons described in this Notice, Defendants will retain and are not waiving the right to assert that the claims asserted by any individual Class Members who elect not to participate in the Settlement lack merit or are otherwise subject to dismissal.  Similarly, Defendants will retain and are not waiving the right to assert any and all defenses they may have to any and all claims that have been or could be asserted on behalf of the Class should the Court not approve the Settlement.

For a more detailed discussion of the Court's rulings and Defendants' asserted defenses in these matters, please see the Settlement Agreement at pages 20-25, a copy of which can be found by following the instructions in question 25 below.

On August 7, 2013, the Court preliminarily approved the Settlement, preliminarily certified a class for settlement purposes only, authorized this Notice to be sent to potential members of the Class, and scheduled the Fairness Hearing to consider whether to grant final approval to the Settlement.

## WHO IS IN THE SETTLEMENT

To see if you are eligible to receive a payment from this Settlement, you first have to determine whether you are a Class Member.

**5.     How do I know if I am part of the Settlement?**

The Class consists of:

**All Persons that purchased or otherwise acquired the individual securities issued as part of the 429 mortgage-backed securities offerings listed in Exhibit A attached hereto during the period March 12, 2004 through August 7, 2013. Please Note:  As set forth in the Plan of Allocation below, only those purchases made from March 12, 2004 to October 16, 2008 are eligible to potentially recover from the Net Settlement Fund.**

If you are part of the Class, you are a Class Member and part of the Settlement unless one of the exceptions described in the answer to question 6 below applies to you.

**RECEIPT OF THIS NOTICE DOES NOT NECESSARILY MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU ARE ELIGIBLE TO RECEIVE PROCEEDS FROM THE SETTLEMENT.  IF YOU WISH TO PARTICIPATE IN THE SETTLEMENT, YOU MUST SUBMIT THE ENCLOSED PROOF OF CLAIM FORM POSTMARKED NO LATER THAN DECEMBER 15, 2013.**

**6.     Are there exceptions to being included?**

Yes.  You are not a Class Member if you are a Defendant in these Actions; a member of the Individual Defendants' immediate families; any entity in which any Underwriter Defendant has a majority interest; any entity in which any other

8

Defendant has a majority or controlling interest; any person who was an officer, director, partner, or controlling person of any Defendant during the Class Period; or the legal representatives, heirs, successors and assigns of any such person or entity. Additionally, anyone who submits a valid and timely request for exclusion from the Class, in accordance with the procedures set forth in question 13 below, is not considered a Class Member and cannot participate in the Settlement.

| 7. | What if I am still not sure if I am included? |
|----|-----------------------------------------------|

If you are still not sure whether you are included in the Class, you can ask for free help. You can contact the Court-authorized claims administrator, The Garden City Group, Inc. by calling (866) 336-8968 (toll-free), sending an e-mail to Questions@countrywidembssettlement.com, or writing to *Countrywide MBS Settlement*, c/o The Garden City Group, Inc., P.O. Box 9993, Dublin, OH 43017-5993. Or you can fill out and return the Proof of Claim form described in question 10 below to see if you qualify.

## THE SETTLEMENT BENEFITS — WHAT YOU GET

| 8. | What does the Settlement provide? |
|----|-----------------------------------|

In exchange for the Settlement and dismissal of the Actions, the Countrywide Defendants, on behalf of all Defendants, have agreed to create a Five Hundred Million Dollar ($500,000,000.00) settlement fund to be distributed, after various Court-approved fees and expenses, among all Class Members who submit valid Proof of Claim forms and are eligible to receive a distribution from the Net Settlement Fund ("Authorized Claimants").

## PROPOSED PLAN OF ALLOCATION: GENERAL PROVISIONS

| 9. | How much will my payment be? |
|----|------------------------------|

1.      The $500 million settlement amount, and the interest earned thereon, if any, shall be the Gross Settlement Fund. The Gross Settlement Fund, less all taxes, approved costs, fees and expenses (the "Net Settlement Fund"), shall be distributed to the Authorized Claimants (as defined above). The Net Settlement Fund will be distributed to Authorized Claimants who timely submit acceptable Proof of Claim forms under the Plan of Allocation described below, or as otherwise ordered by the Court.

2.      Your share of the Net Settlement Fund will depend on the aggregate number of Certificates (represented by valid and acceptable Proof of Claim forms) that members of the Class submit to the Claims Administrator, relative to the Net Settlement Fund; how many Certificates you purchased or otherwise acquired; whether the claims related to those Certificates are represented by named Plaintiffs; whether the claims related to those Certificates are "live" or have been dismissed; whether you held or sold those Certificates; the date on which you sold those Certificates; the amount of principal payments received on those Certificates; and the price at which you sold them. At this time, it is not possible to determine how much individual Class Members may receive from the Settlement.

3.      A payment to any Authorized Claimant that would amount to less than $10.00 in total will not be included in the calculation of the Net Settlement Fund, and no payment to those members of the Class will be made.

4.      To determine the amount that an Authorized Claimant may recover under the Plan of Allocation, Plaintiffs' Counsel conferred with a valuation consultant who estimated the values of the Certificates as shown in the Tables available on the settlement website, www.countrywidembssettlement.com. The proposed Plan of Allocation is generally based upon the statutory measure of damages for claims asserted with respect to material misrepresentations or omissions in the offering documents.

5.      This Plan of Allocation concerns damages under §11 of the Securities Act. Section 11 concerns liability for untrue statements and omissions in a registration statement, under which losses are calculated as the "difference between the amount paid for the security (not exceeding the price at which the security was offered to the public) and (1) the value thereof at the time such suit was brought, or (2) the price at which such security shall have been disposed of in the market before suit, or (3) the price at which such security shall have been disposed of after suit but before judgment if such damages shall be less than the damages representing the difference between the amount paid for the security (not exceeding the price at which the security was offered to the public) and the value thereof as of the time such suit was brought."[3]

6.      For each Authorized Claimant, a "Recognized Claim" will be calculated. The calculation of "Recognized Claim," as defined in ¶18 below, is not intended to be an estimate of, nor does it indicate, the amount that a Class Member might have been able to recover after a trial. Nor is the calculation of a Recognized Claim pursuant to the Plan of Allocation an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement, which would depend on the total amount of all Recognized Claims. The Recognized Claim formula provides the basis for proportionately allocating the Net Settlement Fund to Authorized Claimants. That computation is only a method to weigh

---

[3]   Securities Act of 1933, §11(e).

Class Members' claims against one another. Each Authorized Claimant will receive a *pro rata* share of the part of the Net Settlement Fund allocated to their type of claim, and based on his, her or its Recognized Claim.

7. Payment pursuant to the Plan of Allocation shall be conclusive against all Authorized Claimants. No Person shall have any claim based on distributions made substantially in accordance with the Settlement Agreement and the Settlement contained therein, the Plan of Allocation, or further order(s) of the Court against Plaintiffs' Counsel, Plaintiffs, Class Members, the Claims Administrator, Defendants, or the other Released Parties.

8. All members of the Class who fail to timely submit an acceptable Proof of Claim form by the deadline set forth herein, or such other deadline as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Settlement, but will in all other respects be subject to and bound by the terms of the Settlement, including the release of the Settled Claims.

9. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the claim of any member of the Class. The Court may approve this Plan of Allocation as proposed or it may modify it without further notice to the Class.

### CALCULATION OF RECOGNIZED LOSS OR GAIN AMOUNTS

10. A "Recognized Loss or Gain" should be calculated for each purchase or acquisition of a Certificate. The calculation of the Recognized Loss or Gain Amount will depend on several factors, including (i) when the Certificate was purchased or acquired; (ii) whether it was sold, and if so, when it was sold (*i.e.*, before or after suit) and for how much; and (iii) the value of the Certificate on its applicable "Date of First Suit".[4]

11. The "Recognized Loss or Gain Amount" will be calculated solely on the outstanding "Face Value" (*i.e.*, the principal amount) for each Certificate at the time of sale, or if not sold, the outstanding Face Value as of the applicable Date of First Suit *i.e.*, Authorized Claimants will not be allocated damages related to principal and interest payments they received prior to the date of suit. In each calculation of Recognized Loss or Gain Amount, the Face Value Sold will be limited to 100% of the Face Value Purchased.

12. The percentage of the original aggregate principal balance that remains to be distributed in a mortgage-backed security is known as the "Factor." The Factor for a specific Certificate will be calculated as follows:[5]

$$Factor = \frac{Certificate's\ Outstanding\ Aggregate\ Principal\ Balance}{Certificate's\ Original\ Aggregate\ Principal\ Balance}$$

The Factor for each Certificate on the applicable Date of First Suit is set forth on the settlement website, www.countrywidembssettlement.com.

13. For each calculation of the Recognized Loss or Gain Amount, the purchase price used for the calculation may not exceed the price at which the Eligible Certificate was offered to the public. Thus, if the actual purchase price exceeds the price at which the Eligible Certificate was offered to the public, the price at which it was offered to the public will be used as the purchase price. If the sales price or the value as of the applicable Date of First Suit exceeds the purchase price, then the calculation will result in a Recognized Gain Amount for that Certificate. If you have a Recognized Gain Amount for a Certificate, you will not receive a recovery in this Settlement for that Certificate.

14. The Recognized Loss for each Certificate is to be calculated in a manner consistent with the calculation of losses embodied in §11 of the Securities Act:

(a) The Recognized Loss is zero if the price at which the Certificate was sold or otherwise disposed is greater than the price at which the Certificate was offered to the public or the price at which it was purchased or acquired.

(b) For Certificates sold prior to the applicable Date of First Suit, the Recognized Loss or Gain Amount is calculated as follows:

$$Face\ Value\ Sold\ x\ \left(\frac{Purchase\ Price - Sale\ Price}{100}\right)$$

If a sale did not result in a complete disposition of an investor's ownership in a particular Certificate (*i.e.*, only a portion of the investor's ownership in the Certificate was sold), a Recognized Loss Amount, if any, related to the remaining portion of the Certificate will be calculated separately.

(c) For Certificates sold on or after the applicable Date of First Suit, the Recognized Loss or Gain Amount is calculated as follows:

---

[4] The Dates of First Suit are (1) November 14, 2007; (2) June 12, 2008; (3) September 9, 2008; and (4) October 16, 2008. The applicable Date of First Suit is the date on which a named Plaintiff with standing under the Court's orders to pursue claims on the Certificate was added to the case. Where two or more named Plaintiffs purchased the same Live Represented Tranche, the earlier of the respective complaint dates is the applicable Date of First Suit. Where no named Plaintiff had standing or a later-filed action had a plaintiff, October 16, 2008 was used as the Date of First Suit.

[5] The Certificate's Aggregate Outstanding Principal Balance is equal to the Original Aggregate Principal Balance minus amounts that have been paid down or written-off.

10

For Certificates sold on or after the applicable Date of First Suit, the sales price used to calculate the Recognized Loss or Gain Amount shall be the greater of: (i) the Eligible Certificate's value on the applicable Date of First Suit; or (ii) the actual sales price of the Eligible Certificate.

For Certificates that were not sold the Recognized Loss or Gain Amount is calculated as follows:[6]

$$Face\ Value\ at\ applicable\ Date\ of\ First\ Suit \times \left( \frac{Purchase\ Price - Value\ at\ applicable\ Date\ of\ First\ Suit}{100} \right)$$

### CALCULATION OF NET RECOGNIZED LOSS

15.     Notwithstanding the above provisions, the Recognized Loss or Gain Amount for any purchases or acquisitions that occurred after October 16, 2008 is zero.

16.     Based upon the Court's rulings relating to standing, Plaintiffs believe that claims for all but 58 tranches would have been dismissed.  Accordingly, 65% of the Settlement Amount ($325 million) will be allocated to the 58 tranches that remain live in the case ("Live Represented Tranches"); 25% of the Settlement Amount ($125 million) will be allocated to the 111 tranches for which Plaintiffs represent a named Plaintiff that purchased the Certificate (and thus had standing as to those tranches under the Court's rulings) and sought to act as a class representative had their claims dismissed or their claims were subject to dismissal in light of Judge Pfaelzer's Motion to Dismiss Rulings ("Dismissed Represented Tranches"); and 10% of the Settlement Amount ($50 million) will be allocated to dismissed claims for the tranches that were contained in the 429 offerings covered by the *Luther* action, but as to which no named Plaintiff actually purchased a Certificate (and had standing under the Court's rulings) ("Dismissed Unrepresented Tranches").  You should visit the settlement website, www.countrywidembssettlement.com, to determine which of the three "buckets" described above your Certificates are in.

17.     A "Total Recognized Loss by CUSIP" will be calculated for each Authorized Claimant on a CUSIP by CUSIP basis.  Accordingly, multiple transactions by an Authorized Claimant in a single CUSIP will be netted; *i.e.*, the total Recognized Gain or Loss Amounts for that CUSIP shall be calculated by (1) totaling the Recognized Loss Amounts for that CUSIP; and (2) subtracting from that total Recognized Loss Amount the total of all Recognized Gain Amounts for that CUSIP.  A Total Recognized Loss by CUSIP cannot be less than zero.

18.     Each Authorized Claimant's "Recognized Claim" is the sum of all that Authorized Claimant's Total Recognized Loss by CUSIPs.

### HOW YOU GET A PAYMENT — SUBMITTING A PROOF OF CLAIM FORM

| 10. | How can I get a payment? |
|---|---|

To qualify for a payment, you must submit a timely and valid Proof of Claim form.  A Proof of Claim form is included with this Notice.   If you did not receive a Proof of Claim form, you can get one on the Internet at www.countrywidembssettlement.com.  You can also request that a Proof of Claim form be mailed to you by contacting the claims administrator by calling (866) 336-8968 toll-free, sending an e-mail to Questions@countrywidembssettlement.com, or writing to *Countrywide MBS Settlement*, c/o The Garden City Group, Inc., P.O. Box 9993, Dublin, OH  43017-5993.

Read the instructions carefully, fill out the Proof of Claim form, include all the documents the form asks for, sign it, and mail it to the P.O. Box address on the form by first-class mail, postmarked **no later than December 15, 2013.**

| 11. | When will I get my payment? |
|---|---|

The Court will hold a hearing on **October 28, 2013** to decide whether to approve the Settlement.  If the Court approves the Settlement after that, there may be appeals.  It is always uncertain how these appeals will be resolved, and resolving them can take a long time, perhaps more than a year.  It also takes a long time, often as much as a year, for all of the Proofs of Claim to be accurately reviewed and processed.  Please be patient.

| 12. | What am I giving up to get a payment or stay in the Class? |
|---|---|

Unless you exclude yourself, you are staying in the Class, and that means that, upon the "Effective Date," you will release all "Settled Claims" (as defined below) against the "Released Parties" (as defined below).

The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes Final and not subject to appeal, as explained in more detail in the Settlement Agreement.

 "Released Parties" means (i) any and all of the following persons and entities:  (1) the Defendants; (2) each and every person, partnership, firm, corporation, limited liability company, trust or other entity or organization in which any Defendant has a controlling interest or which is or was related to or affiliated with any of the Defendants; and (3) any other Person

---

[6]     The Value as of the Date of First Suit for individual Certificates can be found in the Tables available on the settlement website, www.countrywidembssettlement.com.

that is or was an issuer, depositor, sponsor, underwriter, seller, or servicer of any one or more of the Offerings or the Certificates comprising them, or that otherwise is or was involved in any way in the creation, underwriting, issuance, structuring, rating, marketing, sale, servicing, or collateralization of, or in any other way with, any one or more of the Offerings or the Certificates comprising them; (ii) with respect to each of the Persons in subsection (i) of this paragraph, their respective past or present directors, officers, employees, insurers, reinsurers, attorneys, agents, partners, principals, advisors, investment advisors, auditors, accountants, trustees, underwriters, investment bankers, affiliates, subsidiaries, parents, any other entity in which any such parent entity has a controlling interest or which is or was related to or affiliated with any such parent, successors, predecessors, heirs, spouses, domestic partners, parents, grandparents, children, grandchildren, executors or administrators; and (iii) the legal representatives, predecessors, successors and assigns of any of the foregoing.

"Settled Claims" means, to the fullest extent permitted by law or equity, any and all claims, debts, rights, demands, disputes, matters, actions and causes of action of any kind concerning, arising out of, based upon, or relating in any way to any of the Offerings or any one or more of the tranches comprising such Offerings (including the Certificates), including but not limited to all claims, debts, rights, demands, disputes, matters, actions and causes of action concerning, arising out of, based upon, or relating in any way to any of the allegations, facts, circumstances, transactions, statements, misstatements, omissions, or subject matters that were alleged or could have been alleged in the Actions or in any other actions (including but not limited to the *Putnam Action*), or could in the future be alleged, whether such claims, debts, rights, demands, disputes, matters, actions, or causes of action are known or Unknown Claims, direct, derivative, indirect or otherwise, whether under federal, state, local, foreign, or other law, whether based on statutory or common law, or any other law, rule or regulation, or whether arising under contract, trust indenture, other trust agreement or document, or any other document or otherwise, including but not limited to claims for successor liability, for damages, rescission, or any other remedy or relief whatsoever, as against any and all Released Parties; provided, however, that Settled Claims do not include any and all individual, class, or derivative claims that have been asserted against Bank New York Mellon in complaints filed in *Retirement Bd. Of the Policemen's Ann. & Benefit Fund of the City of Chicago v. Bank New York Mellon*, Civ. A. No. 1:11-cv-05459 (S.D.N.Y.) (including, but not limited to, claims asserted against Bank New York Mellon in any amended complaint in that action permitted as a result of the currently pending motion filed July 3, 2013 under Federal Rules of Civil Procedure 15(a) and 62.1 in that action, or that certain appeal currently pending in the Second Circuit, *Retirement Bd. Of the Policemen's Ann. & Benefit Fund of the City of Chicago v. Bank New York Mellon*, Case Nos. 13-1776-cv, 13-1777-cv (2nd Cir.)), and provided further that Settled Claims shall not include claims to enforce the Settlement or any benefits to which any Plaintiff or other member of the Class may become entitled, upon final court approval of the BNYM Settlement. Notwithstanding the foregoing, if the BNYM Settlement does not receive final court approval as currently agreed, Plaintiffs and the Class shall retain all contractual rights they may have in regard to certificates included in the BNYM Settlement under the pooling and servicing agreements pursuant to which they purchased those certificates, including but not limited to the right, if any, to participate in any other settlement reached, action taken, or recovery obtained in regard to such certificates by the trustee of the MBS trusts at issue in the BNYM Settlement.

"Unknown Claims" means any and all Settled Claims that Plaintiffs (or any of them) or any Class Member does not know or suspect to exist in his, her or its favor as of the Effective Date and any Settled Defendants' Claims that any Released Party does not know or suspect to exist in his, her or its favor as of the Effective Date that, if known by him, her or it, might have affected his, her or its decision(s) with respect to the Settlement, or might have affected such party's decision not to object to this Settlement.  With respect to any and all Settled Claims and Settled Defendants' Claims, upon the Effective Date, Plaintiffs and Defendants shall expressly waive, and each Class Member and Released Party shall be deemed to have waived, and by operation of the Final Judgment shall have expressly waived, the provisions, rights and benefits of California Civil Code §1542, and of any U.S. federal or state law, or principle of common law or otherwise, that is similar, comparable, or equivalent to §1542 of the California Civil Code, which provides, in relevant part:

A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiffs and other Class Members or certain of them and Defendants and other Released Parties may hereafter discover facts in addition to or different from those which such party now knows or believes to be true with respect to the subject matter of the Settled Claims and Settled Defendants' Claims, but Plaintiffs and the Class Members, and each of them, upon the Effective Date, by operation of the Final Judgment shall have, fully, finally, and forever settled and released, any and all Settled Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, claims relating to conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, and the Released Parties, upon the Effective Date, by operation of the Final Judgment shall have, fully, finally, and forever settled and released, any and all Settled Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, claims relating to conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional

12

facts. Plaintiffs and Defendants each acknowledge, and the Class Members and Released Parties shall be deemed by operation of the Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and was a key element of the Settlement.

If you remain a member of the Class, all of the Court's orders will apply to you and legally bind you.

## EXCLUDING YOURSELF FROM THE CLASS

If you do not want a payment from this Settlement, but you want to keep any right you may have to sue or continue to sue the Defendants and the other Released Parties, on your own, concerning the Settled Claims, then you must take steps to exclude yourself. This is called excluding yourself or "opting out" of the Class.

| **13.** | **How do I exclude myself from the Class?** |
| --- | --- |

To exclude yourself from the Class, you must mail a signed letter stating that you "request exclusion from the Class in *Maine State Retirement System v. Countrywide Financial Corporation, et al.*, No. 2:10-CV-00302 MRP (MANx) (C.D. Cal.), *Luther v. Countrywide Financial Corporation, et al.*, No. 2:12-CV-05125 MRP (MANx) (C.D. Cal.), and *Western Conference of Teamsters Pension Trust Fund v. Countrywide Financial Corporation, et al.*, No. 2:12-CV-05122 MRP (MANx) (C.D. Cal.)." You cannot exclude yourself by telephone or e-mail. Each request for exclusion must provide (i) name, (ii) mailing address, (iii) daytime telephone number, (iv) email address (if available), (v) the Certificates owned as of March 12, 2004 (the first day of the Class Period) and the Certificates owned as of August 7, 2013 (the last day of the Class Period), (vi) the date(s), price(s) and amount(s) of all purchases, acquisitions and sales of Certificates during the Class Period, and (vii) a statement that the person or entity wishes to be excluded from the Class. You must mail your exclusion request by first-class mail, postmarked **no later than October 1, 2013** to:

*Countrywide MBS Settlement*
c/o The Garden City Group, Inc.
P.O. Box 9993
Dublin, OH 43017-5993

If you ask to be excluded from the Class, you will not receive any payment from the Settlement, and you cannot object to the Settlement. You will not be legally bound by anything that happens in these lawsuits, and you may be able to sue (or continue to sue) the Defendants and the other Released Parties in the future.

| **14.** | **If I do not exclude myself, can I sue the Defendants and the other Released Parties for the same thing later?** |
| --- | --- |

No. Unless you properly exclude yourself, you give up any rights you may have to sue the Defendants and the other Released Parties for any and all Settled Claims. **If you do not exclude yourself from the Class in accordance with the requirements set forth in this Notice, you will not be entitled to receive any recovery in any other action against any of the Released Parties based on or arising out of the Settled Claims.** If you have a pending lawsuit, speak to your lawyer in that case immediately. You must exclude yourself from **this** Class to continue your own lawsuit. Remember, the exclusion deadline is October 1, 2013.

| **15.** | **If I exclude myself, can I get money from the proposed Settlement?** |
| --- | --- |

No. If you exclude yourself, do not send in a Proof of Claim form to request any money. But, you may exercise any right you may have to sue, continue to sue, or be part of a different lawsuit against the Defendants and the other Released Parties.

**Should you elect to exclude yourself from the Class, you should understand that Defendants will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including without limitation the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose pursuant to the rulings described above previously issued by the Court, by any other court, or otherwise. Although Defendants have decided to settle the Actions in their entirety in order to avoid the continuing expense of litigation and for the other reasons described in this Notice, Defendants will retain and are not waiving in any way the right to assert that the claims asserted by any individual Class Members who elect not to participate in the Settlement are time-barred, are otherwise subject to dismissal, or otherwise lack merit.**

The confidential evidentiary record developed in these Actions is a valuable asset of the Class, and should not be made available to persons who exclude themselves from the Class absent an order of the Court.

## THE LAWYERS REPRESENTING YOU

| **16.** | **Do I have a lawyer in these cases?** |
| --- | --- |

The Court appointed the law firm of Cohen Milstein Sellers & Toll PLLC Lead Counsel in *Maine State Retirement System v. Countrywide Financial Corporation, et al.*, No. 2:10-CV-00302 MRP (MANx) (C.D. Cal.). The law firms of Kessler Topaz Meltzer & Check, LLP and Robbins Geller Rudman & Dowd LLP, represent the Plaintiffs and the putative class in *Luther v. Countrywide Financial Corporation, et al.*, No. 2:12-CV-05125 MRP (MANx) (C.D. Cal.) and *Western Conference*

13

*of Teamsters Pension Trust Fund v. Countrywide Financial Corporation, et al.*, No. 2:12-CV-05122 MRP (MANx) (C.D. Cal.) and were appointed Co-Lead Counsel in those actions before they were removed to federal court.

You will not be separately charged for any of these lawyers. The Court will determine the amount of Plaintiffs' Counsel's fees and expenses, which will be paid from the Gross Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 17. | How will the lawyers be paid? |
|---|---|

For their work over the past five-plus years, which Plaintiffs believe to have been exhaustive, Plaintiffs' Counsel will ask the Court to award attorneys' fees from the Gross Settlement Fund of no more than $85 million, or approximately 17% of the Gross Settlement Fund (which amount includes interest at the same rate as earned by the Gross Settlement Fund). Plaintiffs' Counsel will also seek an award of expenses incurred in connection with the prosecution and resolution of these Actions in an amount not to exceed $4 million, plus interest on such expenses at the same rate as earned by the Gross Settlement Fund. Plaintiffs' Counsel's application for expenses may include reimbursement of the expenses of Plaintiffs in accordance with 15 U.S.C. §78u-4(a)(4).

### OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

| 18. | How do I tell the Court that I do not like the proposed Settlement? |
|---|---|

If you are a Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation of the Net Settlement Fund, and/or the application by Plaintiffs' Counsel for an award of attorneys' fees and expenses. You may write to the Court setting out your objection. You may give reasons why you think the Court should not approve any or all of the Settlement terms or arrangements. If you would like the Court to consider your views, you must file a proper objection within the deadline identified, and according to the following procedures.

To object, you must send a signed letter stating that you object to the proposed Settlement in *Maine State Retirement System v. Countrywide Financial Corporation, et al.*, No. 2:10-CV-00302 MRP (MANx) (C.D. Cal.), *Luther v. Countrywide Financial Corporation, et al.*, No. 2:12-CV-05125 MRP (MANx) (C.D. Cal.), and *Western Conference of Teamsters Pension Trust Fund v. Countrywide Financial Corporation, et al.*, No. 2:12-CV-05122 MRP (MANx) (C.D. Cal.). Any objection must include: (a) the full name, mailing address, daytime telephone number, and e-mail address (if available) of the objecting Class Member; (b) a list and documentation of all of that Class Member's transactions involving the Certificates, including brokerage confirmation receipts or other competent documentary evidence of such transactions, including the amount and date of each purchase, acquisition or sale and the price paid and/or received; (c) a written statement of all grounds for the objection accompanied by any legal support for the objection; (d) copies of any papers, briefs or other documents upon which the objection is based; (e) a list of all persons who will be called to testify in support of the objection; (f) a statement of whether you intend to appear at the Fairness Hearing; (g) a list of other cases in which you or your counsel have appeared either as settlement objectors or as counsel for objectors in the preceding five years; and (h) the objector's signature, even if represented by counsel. Your objection must be filed with the Court **and** mailed or delivered to the following counsel at all of the following addresses, **on or before October 7, 2013:**

| **The Court:** | **Plaintiffs' Counsel:** | **Counsel for Countrywide:** |
|---|---|---|
| Clerk of the Court United States District Court for the Central District of California United States Courthouse 312 North Spring Street Los Angeles, CA  90012 | Steven J. Toll, Esq. Cohen Milstein Sellers & Toll PLLC 1100 New York Avenue, N.W. Suite 500, West Tower Washington, D.C. 20005 | Brian E. Pastuszenski, Esq. Alexis Shapiro, Esq. Goodwin Procter LLP Exchange Place 53 State Street Boston, MA  02109 |
| | Spencer A. Burkholz, Esq. Robbins Geller Rudman & Dowd LLP 655 West Broadway, Suite 1900 San Diego, CA 92101 | |
| | Andrew L. Zivitz, Esq. Kessler Topaz Meltzer & Check, LLP 280 King of Prussia Road Radnor, PA 19087 | |

You do not need to attend the Fairness Hearing to have your written objection considered by the Court. Any Class Member who has not previously submitted a request for exclusion from the Class and who has complied with the procedures set out in this question 18 may also appear at the Fairness Hearing and be heard, to the extent allowed by the Court, to state any objection to the Settlement, the Plan of Allocation, or Plaintiffs' Counsel's motion for an award of attorneys' fees and expenses. Any such objector may appear in person or arrange, at his or her own expense, for a lawyer to represent him or her at the Fairness Hearing.

Exhibit A

| 19. | What is the difference between objecting and excluding? |
|---|---|

Objecting is telling the Court that you do not like something about the proposed Settlement.  You can object only if you stay in the Class and follow the objection procedures described above.  Excluding yourself is telling the Court that you do not want to be part of the Class.  If you exclude yourself from the Class, you have no basis to object because the Actions no longer affect you.

## THE SETTLEMENT FAIRNESS HEARING

The Court will hold a hearing, called a Fairness Hearing, to consider whether to approve the proposed Settlement.  At or after the Fairness Hearing, the Court will also decide whether to approve the Plan of Allocation of the Net Settlement Fund and Plaintiffs' Counsel's application for attorneys' fees and expenses.

| 20. | When and where will the Court decide whether to approve the proposed Settlement? |
|---|---|

The Court will hold the Fairness Hearing on **October 28, 2013, at 1:30 p.m.,** in Courtroom 12 at the United States District Court for the Central District of California, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012.

At this hearing, the Court will consider whether the Settlement is fair, reasonable and adequate and should be approved, and will also consider the proposed Plan of Allocation and the application of Plaintiffs' Counsel for an award of attorneys' fees and expenses.  The Court will take into consideration any written objections filed in accordance with the instructions set forth in the answer to question 18 above.  The Court may also decide how much to award Plaintiffs' Counsel for their fees and expenses.  At or after the hearing, the Court will decide whether to approve the Settlement.  We do not know how long these decisions will take.

| 21. | Do I have to come to the hearing? |
|---|---|

No.  Plaintiffs' Counsel will answer any questions the Court may have.  But, you are welcome to attend the Fairness Hearing at your own expense.  If you send an objection, you do not have to come to Court to discuss it.  As long as you filed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not required.  If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to question 22 below.

Please be aware that the Court may change the date or time of the Fairness Hearing without further notice to Class Members.  If you or your attorney plan to come to the hearing, you should check with Plaintiffs' Counsel before coming to be sure that the date or time has not changed.

Class Members do not need to appear at the hearing or take any other action to indicate their approval of the matters being considered at the hearing.

| 22. | May I speak at the hearing? |
|---|---|

You may speak at the Fairness Hearing if you are a Class Member and you filed an objection to the Settlement, the Plan of Allocation, and/or Plaintiffs' Counsel's application for an award of attorneys' fees and expenses in the manner and the time period described in the answer to question 18 above.  If you plan to have an attorney speak on your behalf at the Fairness Hearing, your attorney must, on or before **October 7, 2013,** file a Notice of Appearance in these Actions with the Clerk of the Court and deliver a copy to Plaintiffs' Counsel and Counsel for the Countrywide Defendants at the addresses listed in the answer to question 18 above.

If you or your attorney plan to attend the Fairness Hearing **and** present evidence at the hearing, your written objections (prepared and submitted in accordance with the answer to question 18 above) must identify any witness you or your attorney may seek to call to testify, and must identify any documents or other exhibits you or your attorney may seek to introduce into evidence.

## IF YOU DO NOTHING

| 23. | What happens if I do nothing at all? |
|---|---|

If you do nothing, you will get no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against the Defendants and the other Released Parties concerning the Settled Claims, ever again.  To be eligible to share in the Net Settlement Fund, you must submit a Proof of Claim form (*see* question 10 above).  To start, continue or be a part of any other lawsuit against the Defendants and the other Released Parties concerning the Settled Claims in these cases, you must exclude yourself from the Class (*see* question 13 above).

Exhibit A

**GETTING MORE INFORMATION**

| 24. | Are there more details about the proposed Settlement? |
|---|---|

This Notice summarizes the proposed Settlement.  More details are contained in the Settlement Agreement dated as of July 9, 2013.  You can view and/or download a copy of the Settlement Agreement from the website, www.countrywidembssettlement.com.

You also can call the Claims Administrator toll-free at (866) 336-8968; send an e-mail to Questions@countrywidembssettlement.com; write to *Countrywide MBS Settlement*, c/o The Garden City Group, Inc., P.O. Box 9993, Dublin, OH  43017-5993; or visit the website at www.countrywidembssettlement.com, where you will find answers to common questions about the Settlement, as well as a downloadable copy of the Proof of Claim form, and other information to help you determine whether you are a Class Member and whether you are eligible for a payment.

| 25. | How do I get more information? |
|---|---|

Additional information concerning the matters involved in these Actions and the proposed Settlement is available at www.countrywidembssettlement.com, including, among other documents, copies of the Settlement Agreement, important Court Orders and the operative complaints.  For more detailed information, you are referred to the papers on file in the Actions, most of which may be inspected at the Office of the Clerk of the United States District Court for the Central District of California, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012, on weekdays (other than court holidays) between 10:00 a.m. and 4:00 p.m.  Subscribers to PACER, a fee-based service, can also view the papers filed publicly in the Actions through the Court's on-line Case Management/Electronic Case Files System at https://ecf.cacd.uscourts.gov.

All inquiries concerning this Notice or the Proof of Claim form should be directed to the Claims Administrator or Plaintiffs' Counsel.

**SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES**

If, between March 12, 2004 and August 7, 2013, inclusive, you purchased or held any of the Certificates for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN TEN (10) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE, you must either: (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased or held such Certificate(s) during the relevant time period or (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and within SEVEN (7) CALENDAR DAYS mail the Notice and Proof of Claim form directly to the beneficial owners.  If you choose the first option, the Claims Administrator will send a copy of the Notice and Proof of Claim form to the beneficial owner(s).  If you choose the second option, the Court has directed that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed.  You are entitled to reimbursement from the Gross Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners.  Those expenses will be paid upon request and submission of appropriate supporting documentation.  All communications concerning the foregoing should be addressed to the Claims Administrator:

*Countrywide MBS Settlement*
c/o The Garden City Group, Inc.
P.O. Box 9993
Dublin, OH  43017-5993

Toll-free telephone: (866) 336-8968
E-mail: Questions@countrywidembssettlement.com

***PLEASE DIRECT YOUR QUESTIONS TO THE CLAIMS ADMINISTRATOR OR TO PLAINTIFFS' COUNSEL.
DO NOT CONTACT THE COURT REGARDING THIS NOTICE.***

Dated:  Los Angeles, California
August 7, 2013

BY ORDER OF THE UNITED STATES
DISTRICT COURT FOR THE CENTRAL
DISTRICT OF CALIFORNIA

16

EXHIBIT A: 429 MBS OFFERINGS

| NO. | ISSUING TRUST | NO. | ISSUING TRUST |
|-----|---------------|-----|---------------|
| 1 | Alternative Loan Trust 2005-27 | 55 | Alternative Loan Trust 2005-1M1 |
| 2 | Alternative Loan Trust 2005-28CB | 56 | Alternative Loan Trust 2005-J10 |
| 3 | Alternative Loan Trust 2005-30CB | 57 | Alternative Loan Trust 2005-J11 |
| 4 | Alternative Loan Trust 2005-31 | 58 | Alternative Loan Trust 2005-J12 |
| 5 | Alternative Loan Trust 2005-32T1 | 59 | Alternative Loan Trust 2005-J13 |
| 6 | Alternative Loan Trust 2005-33CB | 60 | Alternative Loan Trust 2005-J14 |
| 7 | Alternative Loan Trust 2005-34CB | 61 | Alternative Loan Trust 2005-J7 |
| 8 | Alternative Loan Trust 2005-35CB | 62 | Alternative Loan Trust 2005-J8 |
| 9 | Alternative Loan Trust 2005-36 | 63 | Alternative Loan Trust 2005-J9 |
| 10 | Alternative Loan Trust 2005-37T1 | 64 | Alternative Loan Trust 2006-11CB |
| 11 | Alternative Loan Trust 2005-38 | 65 | Alternative Loan Trust 2006-12CB |
| 12 | Alternative Loan Trust 2005-40CB | 66 | Alternative Loan Trust 2006-13T1 |
| 13 | Alternative Loan Trust 2005-41 | 67 | Alternative Loan Trust 2006-14CB |
| 14 | Alternative Loan Trust 2005-42CB | 68 | Alternative Loan Trust 2006-15CB |
| 15 | Alternative Loan Trust 2005-43 | 69 | Alternative Loan Trust 2006-16CB |
| 16 | Alternative Loan Trust 2005-44 | 70 | Alternative Loan Trust 2006-17T1 |
| 17 | Alternative Loan Trust 2005-45 | 71 | Alternative Loan Trust 2006-18CB |
| 18 | Alternative Loan Trust 2005-46CB | 72 | Alternative Loan Trust 2006-19CB |
| 19 | Alternative Loan Trust 2005-47CB | 73 | Alternative Loan Trust 2006-20CB |
| 20 | Alternative Loan Trust 2005-48T1 | 74 | Alternative Loan Trust 2006-21CB |
| 21 | Alternative Loan Trust 2005-49CB | 75 | Alternative Loan Trust 2006-23CB |
| 22 | Alternative Loan Trust 2005-50CB | 76 | Alternative Loan Trust 2006-24CB |
| 23 | Alternative Loan Trust 2005-51 | 77 | Alternative Loan Trust 2006-25CB |
| 24 | Alternative Loan Trust 2005-52CB | 78 | Alternative Loan Trust 2006-26CB |
| 25 | Alternative Loan Trust 2005-53T2 | 79 | Alternative Loan Trust 2006-27CB |
| 26 | Alternative Loan Trust 2005-54CB | 80 | Alternative Loan Trust 2006-28CB |
| 27 | Alternative Loan Trust 2005-55CB | 81 | Alternative Loan Trust 2006-29T1 |
| 28 | Alternative Loan Trust 2005-56 | 82 | Alternative Loan Trust 2006-2CB |
| 29 | Alternative Loan Trust 2005-57CB | 83 | Alternative Loan Trust 2006-30T1 |
| 30 | Alternative Loan Trust 2005-58 | 84 | Alternative Loan Trust 2006-31CB |
| 31 | Alternative Loan Trust 2005-59 | 85 | Alternative Loan Trust 2006-32CB |
| 32 | Alternative Loan Trust 2005-60T1 | 86 | Alternative Loan Trust 2006-33CB |
| 33 | Alternative Loan Trust 2005-61 | 87 | Alternative Loan Trust 2006-34 |
| 34 | Alternative Loan Trust 2005-62 | 88 | Alternative Loan Trust 2006-35CB |
| 35 | Alternative Loan Trust 2005-63 | 89 | Alternative Loan Trust 2006-36T2 |
| 36 | Alternative Loan Trust 2005-64CB | 90 | Alternative Loan Trust 2006-37R |
| 37 | Alternative Loan Trust 2005-65CB | 91 | Alternative Loan Trust 2006-39CB |
| 38 | Alternative Loan Trust 2005-67CB | 92 | Alternative Loan Trust 2006-40T1 |
| 39 | Alternative Loan Trust 2005-70CB | 93 | Alternative Loan Trust 2006-41CB |
| 40 | Alternative Loan Trust 2005-71 | 94 | Alternative Loan Trust 2006-42 |
| 41 | Alternative Loan Trust 2005-72 | 95 | Alternative Loan Trust 2006-43CB |
| 42 | Alternative Loan Trust 2005-73CB | 96 | Alternative Loan Trust 2006-45T1 |
| 43 | Alternative Loan Trust 2005-74T1 | 97 | Alternative Loan Trust 2006-46 |
| 44 | Alternative Loan Trust 2005-75CB | 98 | Alternative Loan Trust 2006-4CB |
| 45 | Alternative Loan Trust 2005-76 | 99 | Alternative Loan Trust 2006-5T2 |
| 46 | Alternative Loan Trust 2005-77T1 | 100 | Alternative Loan Trust 2006-6CB |
| 47 | Alternative Loan Trust 2005-79CB | 101 | Alternative Loan Trust 2006-7CB |
| 48 | Alternative Loan Trust 2005-80CB | 102 | Alternative Loan Trust 2006-8T1 |
| 49 | Alternative Loan Trust 2005-81 | 103 | Alternative Loan Trust 2006-9T1 |
| 50 | Alternative Loan Trust 2005-82 | 104 | Alternative Loan Trust 2006-HY10 |
| 51 | Alternative Loan Trust 2005-83CB | 105 | Alternative Loan Trust 2006-HY11 |
| 52 | Alternative Loan Trust 2005-84 | 106 | Alternative Loan Trust 2006-HY12 |
| 53 | Alternative Loan Trust 2005-86CB | 107 | Alternative Loan Trust 2006-HY13 |
| 54 | Alternative Loan Trust 2005-AR1 | 108 | Alternative Loan Trust 2006-HY3 |

EXHIBIT A: 429 MBS OFFERINGS

| NO. | ISSUING TRUST | NO. | ISSUING TRUST |
|-----|---------------|-----|---------------|
| 109 | Alternative Loan Trust 2006-J1 | 163 | Alternative Loan Trust 2007-4CB |
| 110 | Alternative Loan Trust 2006-J2 | 164 | Alternative Loan Trust 2007-5CB |
| 111 | Alternative Loan Trust 2006-J3 | 165 | Alternative Loan Trust 2007-6 |
| 112 | Alternative Loan Trust 2006-J4 | 166 | Alternative Loan Trust 2007-7T2 |
| 113 | Alternative Loan Trust 2006-J5 | 167 | Alternative Loan Trust 2007-8CB |
| 114 | Alternative Loan Trust 2006-J6 | 168 | Alternative Loan Trust 2007-9T1 |
| 115 | Alternative Loan Trust 2006-J7 | 169 | Alternative Loan Trust 2007-AL1 |
| 116 | Alternative Loan Trust 2006-J8 | 170 | Alternative Loan Trust 2007-HY2 |
| 117 | Alternative Loan Trust 2006-OA1 | 171 | Alternative Loan Trust 2007-HY3 |
| 118 | Alternative Loan Trust 2006-OA10 | 172 | Alternative Loan Trust 2007-HY4 |
| 119 | Alternative Loan Trust 2006-OA11 | 173 | Alternative Loan Trust 2007-HY5R |
| 120 | Alternative Loan Trust 2006-OA12 | 174 | Alternative Loan Trust 2007-HY6 |
| 121 | Alternative Loan Trust 2006-OA14 | 175 | Alternative Loan Trust 2007-HY7C |
| 122 | Alternative Loan Trust 2006-OA16 | 176 | Alternative Loan Trust 2007-HY8C |
| 123 | Alternative Loan Trust 2006-OA17 | 177 | Alternative Loan Trust 2007-HY9 |
| 124 | Alternative Loan Trust 2006-OA18 | 178 | Alternative Loan Trust 2007-J1 |
| 125 | Alternative Loan Trust 2006-OA19 | 179 | Alternative Loan Trust 2007-J2 |
| 126 | Alternative Loan Trust 2006-OA2 | 180 | Alternative Loan Trust 2007-OA10 |
| 127 | Alternative Loan Trust 2006-OA21 | 181 | Alternative Loan Trust 2007-OA11 |
| 128 | Alternative Loan Trust 2006-OA22 | 182 | Alternative Loan Trust 2007-OA2 |
| 129 | Alternative Loan Trust 2006-OA3 | 183 | Alternative Loan Trust 2007-OA3 |
| 130 | Alternative Loan Trust 2006-OA6 | 184 | Alternative Loan Trust 2007-OA4 |
| 131 | Alternative Loan Trust 2006-OA7 | 185 | Alternative Loan Trust 2007-OA6 |
| 132 | Alternative Loan Trust 2006-OA8 | 186 | Alternative Loan Trust 2007-OA7 |
| 133 | Alternative Loan Trust 2006-OA9 | 187 | Alternative Loan Trust 2007-OA8 |
| 134 | Alternative Loan Trust 2006-OC1 | 188 | Alternative Loan Trust 2007-OA9 |
| 135 | Alternative Loan Trust 2006-OC10 | 189 | Alternative Loan Trust 2007-OH1 |
| 136 | Alternative Loan Trust 2006-OC11 | 190 | Alternative Loan Trust 2007-OH2 |
| 137 | Alternative Loan Trust 2006-OC2 | 191 | Alternative Loan Trust 2007-OH3 |
| 138 | Alternative Loan Trust 2006-OC3 | 192 | Alternative Loan Trust Resecuritization 2006-22R |
| 139 | Alternative Loan Trust 2006-OC4 | 193 | Alternative Loan Trust Resecuritization 2007-26R |
| 140 | Alternative Loan Trust 2006-OC5 | 194 | Alternative Loan Trust-2005-85CB |
| 141 | Alternative Loan Trust 2006-OC6 | 195 | Alternative Loan Trust 2005-J1 |
| 142 | Alternative Loan Trust 2006-OC7 | 196 | Alternative Loan Trust 2005-J3 |
| 143 | Alternative Loan Trust 2006-OC8 | 197 | Alternative Loan Trust 2005-J4 |
| 144 | Alternative Loan Trust 2006-OC9 | 198 | Alternative Loan Trust 2005-J5 |
| 145 | Alternative Loan Trust 2007-10CB | 199 | Alternative Loan Trust 2005-J6 |
| 146 | Alternative Loan Trust 2007-11T1 | 200 | Alternative Loan Trust 2005-1CB |
| 147 | Alternative Loan Trust 2007-12T1 | 201 | Alternative Loan Trust 2005-2 |
| 148 | Alternative Loan Trust 2007-13 | 202 | Alternative Loan Trust 2005-3CB |
| 149 | Alternative Loan Trust 2007-14T2 | 203 | Alternative Loan Trust 2005-4 |
| 150 | Alternative Loan Trust 2007-15CB | 204 | Alternative Loan Trust 2005-6CB |
| 151 | Alternative Loan Trust 2007-16CB | 205 | Alternative Loan Trust 2005-7CB |
| 152 | Alternative Loan Trust 2007-17CB | 206 | Alternative Loan Trust 2005-9CB |
| 153 | Alternative Loan Trust 2007-18CB | 207 | Alternative Loan Trust 2005-10CB |
| 154 | Alternative Loan Trust 2007-19 | 208 | Alternative Loan Trust 2005-11CB |
| 155 | Alternative Loan Trust 2007-1T1 | 209 | Alternative Loan Trust 2005-13CB |
| 156 | Alternative Loan Trust 2007-20 | 210 | Alternative Loan Trust 2005-14 |
| 157 | Alternative Loan Trust 2007-21CB | 211 | Alternative Loan Trust 2005-16 |
| 158 | Alternative Loan Trust 2007-22 | 212 | Alternative Loan Trust 2005-17 |
| 159 | Alternative Loan Trust 2007-23CB | 213 | Alternative Loan Trust 2005-18CB |
| 160 | Alternative Loan Trust 2007-24 | 214 | Alternative Loan Trust 2005-19CB |
| 161 | Alternative Loan Trust 2007-2CB | 215 | Alternative Loan Trust 2005-20CB |
| 162 | Alternative Loan Trust 2007-3T1 | 216 | Alternative Loan Trust 2005-21CB |

**EXHIBIT A: 429 MBS OFFERINGS**

| NO. | ISSUING TRUST | NO. | ISSUING TRUST |
|-----|---------------|-----|---------------|
| 217 | Alternative Loan Trust 2005-22T1 | 271 | CHL Mortgage Pass-Through Trust 2006-HYB1 |
| 218 | Alternative Loan Trust 2005-23CB | 272 | CHL Mortgage Pass-Through Trust 2006-HYB2 |
| 219 | Alternative Loan Trust 2005-24 | 273 | CHL Mortgage Pass-Through Trust 2006-HYB3 |
| 220 | Alternative Loan Trust 2005-25T1 | 274 | CHL Mortgage Pass-Through Trust 2006-HYB4 |
| 221 | Alternative Loan Trust 2005-26CB | 275 | CHL Mortgage Pass-Through Trust 2006-HYB5 |
| 222 | Alternative Loan Trust 2005-69 | 276 | CHL Mortgage Pass-Through Trust 2006-J1 |
| 223 | Alternative Loan Trust Resecuritization 2005-5R | 277 | CHL Mortgage Pass-Through Trust 2006-J2 |
| 224 | Alternative Loan Trust 2005-J2 | 278 | CHL Mortgage Pass-Through Trust 2006-J3 |
| 225 | Alternative Loan Trust Resecuritization 2005-12R | 279 | CHL Mortgage Pass-Through Trust 2006-J4 |
| 226 | Alternative Loan Trust 2005-29CB | 280 | CHL Mortgage Pass-Through Trust 2006-OA4 |
| 227 | Alternative Loan Trust 2007-25 | 281 | CHL Mortgage Pass-Through Trust 2006-OA5 |
| 228 | CHL Mortgage Pass-Through Trust 2005-15 | 282 | CHL Mortgage Pass-Through Trust 2006-TM1 |
| 229 | CHL Mortgage Pass-Through Trust 2005-16 | 283 | CHL Mortgage Pass-Through Trust 2007-1 |
| 230 | CHL Mortgage Pass-Through Trust 2005-17 | 284 | CHL Mortgage Pass-Through Trust 2007-10 |
| 231 | CHL Mortgage Pass-Through Trust 2005-18 | 285 | CHL Mortgage Pass-Through Trust 2007-11 |
| 232 | CHL Mortgage Pass-Through Trust 2005-19 | 286 | CHL Mortgage Pass-Through Trust 2007-12 |
| 233 | CHL Mortgage Pass-Through Trust 2005-20 | 287 | CHL Mortgage Pass-Through Trust 2007-13 |
| 234 | CHL Mortgage Pass-Through Trust 2005-21 | 288 | CHL Mortgage Pass-Through Trust 2007-14 |
| 235 | CHL Mortgage Pass-Through Trust 2005-22 | 289 | CHL Mortgage Pass-Through Trust 2007-15 |
| 236 | CHL Mortgage Pass-Through Trust 2005-23 | 290 | CHL Mortgage Pass-Through Trust 2007-16 |
| 237 | CHL Mortgage Pass-Through Trust 2005-24 | 291 | CHL Mortgage Pass-Through Trust 2007-17 |
| 238 | CHL Mortgage Pass-Through Trust 2005-25 | 292 | CHL Mortgage Pass-Through Trust 2007-18 |
| 239 | CHL Mortgage Pass-Through Trust 2005-26 | 293 | CHL Mortgage Pass-Through Trust 2007-19 |
| 240 | CHL Mortgage Pass-Through Trust 2005-27 | 294 | CHL Mortgage Pass-Through Trust 2007-2 |
| 241 | CHL Mortgage Pass-Through Trust 2005-28 | 295 | CHL Mortgage Pass-Through Trust 2007-20 |
| 242 | CHL Mortgage Pass-Through Trust 2005-29 | 296 | CHL Mortgage Pass-Through Trust 2007-21 |
| 243 | CHL Mortgage Pass-Through Trust 2005-30 | 297 | CHL Mortgage Pass-Through Trust 2007-3 |
| 244 | CHL Mortgage Pass-Through Trust 2005-31 | 298 | CHL Mortgage Pass-Through Trust 2007-4 |
| 245 | CHL Mortgage Pass-Through Trust 2005-HYB10 | 299 | CHL Mortgage Pass-Through Trust 2007-5 |
| 246 | CHL Mortgage Pass-Through Trust 2005-HYB4 | 300 | CHL Mortgage Pass-Through Trust 2007-6 |
| 247 | CHL Mortgage Pass-Through Trust 2005-HYB5 | 301 | CHL Mortgage Pass-Through Trust 2007-7 |
| 248 | CHL Mortgage Pass-Through Trust 2005-HYB6 | 302 | CHL Mortgage Pass-Through Trust 2007-8 |
| 249 | CHL Mortgage Pass-Through Trust 2005-HYB7 | 303 | CHL Mortgage Pass-Through Trust 2007-9 |
| 250 | CHL Mortgage Pass-Through Trust 2005-HYB8 | 304 | CHL Mortgage Pass-Through Trust 2007-HY1 |
| 251 | CHL Mortgage Pass-Through Trust 2005-J2 | 305 | CHL Mortgage Pass-Through Trust 2007-HY3 |
| 252 | CHL Mortgage Pass-Through Trust 2005-J3 | 306 | CHL Mortgage Pass-Through Trust 2007-HY4 |
| 253 | CHL Mortgage Pass-Through Trust 2005-J4 | 307 | CHL Mortgage Pass-Through Trust 2007-HY5 |
| 254 | CHL Mortgage Pass-Through Trust 2006-1 | 308 | CHL Mortgage Pass-Through Trust 2007-HY6 |
| 255 | CHL Mortgage Pass-Through Trust 2006-10 | 309 | CHL Mortgage Pass-Through Trust 2007-HY7 |
| 256 | CHL Mortgage Pass-Through Trust 2006-11 | 310 | CHL Mortgage Pass-Through Trust 2007-HYB1 |
| 257 | CHL Mortgage Pass-Through Trust 2006-12 | 311 | CHL Mortgage Pass-Through Trust 2007-HYB2 |
| 258 | CHL Mortgage Pass-Through Trust 2006-13 | 312 | CHL Mortgage Pass-Through Trust 2007-J1 |
| 259 | CHL Mortgage Pass-Through Trust 2006-14 | 313 | CHL Mortgage Pass-Through Trust 2007-J2 |
| 260 | CHL Mortgage Pass-Through Trust 2006-15 | 314 | CHL Mortgage Pass-Through Trust 2007-J3 |
| 261 | CHL Mortgage Pass-Through Trust 2006-16 | 315 | CWABS Asset-Backed Certificate Trust 2006-ABC1 |
| 262 | CHL Mortgage Pass-Through Trust 2006-17 | 316 | CWABS Asset-Backed Certificates Trust 2005-10 |
| 263 | CHL Mortgage Pass-Through Trust 2006-18 | 317 | CWABS Asset-Backed Certificates Trust 2005-11 |
| 264 | CHL Mortgage Pass-Through Trust 2006-19 | 318 | CWABS Asset-Backed Certificates Trust 2005-12 |
| 265 | CHL Mortgage Pass-Through Trust 2006-20 | 319 | CWABS Asset-Backed Certificates Trust 2005-13 |
| 266 | CHL Mortgage Pass-Through Trust 2006-21 | 320 | CWABS Asset-Backed Certificates Trust 2005-14 |
| 267 | CHL Mortgage Pass-Through Trust 2006-3 | 321 | CWABS Asset-Backed Certificates Trust 2005-15 |
| 268 | CHL Mortgage Pass-Through Trust 2006-6 | 322 | CWABS Asset-Backed Certificates Trust 2005-16 |
| 269 | CHL Mortgage Pass-Through Trust 2006-8 | 323 | CWABS Asset-Backed Certificates Trust 2005-17 |
| 270 | CHL Mortgage Pass-Through Trust 2006-9 | 324 | CWABS Asset-Backed Certificates Trust 2005-4 |

**EXHIBIT A: 429 MBS OFFERINGS**

| NO. | ISSUING TRUST | NO. | ISSUING TRUST |
|-----|---------------|-----|---------------|
| 325 | CWABS Asset-Backed Certificates Trust 2005-5 | 379 | CWABS Asset-Backed Certificates Trust 2007-13 |
| 326 | CWABS Asset-Backed Certificates Trust 2005-6 | 380 | CWABS Asset-Backed Certificates Trust 2007-2 |
| 327 | CWABS Asset-Backed Certificates Trust 2005-7 | 381 | CWABS Asset-Backed Certificates Trust 2007-3 |
| 328 | CWABS Asset-Backed Certificates Trust 2005-8 | 382 | CWABS Asset-Backed Certificates Trust 2007-4 |
| 329 | CWABS Asset-Backed Certificates Trust 2005-9 | 383 | CWABS Asset-Backed Certificates Trust 2007-5 |
| 330 | CWABS Asset-Backed Certificates Trust 2005-AB2 | 384 | CWABS Asset-Backed Certificates Trust 2007-6 |
| 331 | CWABS Asset-Backed Certificates Trust 2005-AB3 | 385 | CWABS Asset-Backed Certificates Trust 2007-7 |
| 332 | CWABS Asset-Backed Certificates Trust 2005-AB4 | 386 | CWABS Asset-Backed Certificates Trust 2007-8 |
| 333 | CWABS Asset-Backed Certificates Trust 2005-AB5 | 387 | CWABS Asset-Backed Certificates Trust 2007-9 |
| 334 | CWABS Asset-Backed Certificates Trust 2005-BC3 | 388 | CWABS Asset-Backed Certificates Trust 2007-BC1 |
| 335 | CWABS Asset-Backed Certificates Trust 2005-BC4 | 389 | CWABS Asset-Backed Certificates Trust 2007-BC2 |
| 336 | CWABS Asset-Backed Certificates Trust 2005-BC5 | 390 | CWABS Asset-Backed Certificates Trust 2007-BC3 |
| 337 | CWABS Asset-Backed Certificates Trust 2005-HYB9 | 391 | CWHEQ Home Equity Loan Trust, Series 2006-S1 |
| 338 | CWABS Asset-Backed Certificates Trust 2005-IM1 | 392 | CWHEQ Home Equity Loan Trust, Series 2006-S10 |
| 339 | CWABS Asset-Backed Certificates Trust 2005-IM2 | 393 | CWHEQ Home Equity Loan Trust, Series 2006-S2 |
| 340 | CWABS Asset-Backed Certificates Trust 2005-IM3 | 394 | CWHEQ Home Equity Loan Trust, Series 2006-S3 |
| 341 | CWABS Asset-Backed Certificates Trust 2006-1 | 395 | CWHEQ Home Equity Loan Trust, Series 2006-S4 |
| 342 | CWABS Asset-Backed Certificates Trust 2006-10 | 396 | CWHEQ Home Equity Loan Trust, Series 2006-S5 |
| 343 | CWABS Asset-Backed Certificates Trust 2006-11 | 397 | CWHEQ Home Equity Loan Trust, Series 2006-S6 |
| 344 | CWABS Asset-Backed Certificates Trust 2006-12 | 398 | CWHEQ Home Equity Loan Trust, Series 2006-S7 |
| 345 | CWABS Asset-Backed Certificates Trust 2006-13 | 399 | CWHEQ Home Equity Loan Trust, Series 2006-S8 |
| 346 | CWABS Asset-Backed Certificates Trust 2006-14 | 400 | CWHEQ Home Equity Loan Trust, Series 2006-S9 |
| 347 | CWABS Asset-Backed Certificates Trust 2006-15 | 401 | CWHEQ Home Equity Loan Trust, Series 2007-S1 |
| 348 | CWABS Asset-Backed Certificates Trust 2006-16 | 402 | CWHEQ Home Equity Loan Trust, Series 2007-S2 |
| 349 | CWABS Asset-Backed Certificates Trust 2006-17 | 403 | CWHEQ Home Equity Loan Trust, Series 2007-S3 |
| 350 | CWABS Asset-Backed Certificates Trust 2006-18 | 404 | CWHEQ Revolving Home Equity Loan Trust, Series 2005-C |
| 351 | CWABS Asset-Backed Certificates Trust 2006-19 | 405 | CWHEQ Revolving Home Equity Loan Trust, Series 2005-D |
| 352 | CWABS Asset-Backed Certificates Trust 2006-2 | 406 | CWHEQ Revolving Home Equity Loan Trust, Series 2005-E |
| 353 | CWABS Asset-Backed Certificates Trust 2006-20 | 407 | CWHEQ Revolving Home Equity Loan Trust, Series 2005-F |
| 354 | CWABS Asset-Backed Certificates Trust 2006-21 | 408 | CWHEQ Revolving Home Equity Loan Trust, Series 2005-G |
| 355 | CWABS Asset-Backed Certificates Trust 2006-22 | 409 | CWHEQ Revolving Home Equity Loan Trust, Series 2005-H |
| 356 | CWABS Asset-Backed Certificates Trust 2006-23 | 410 | CWHEQ Revolving Home Equity Loan Trust, Series 2005-I |
| 357 | CWABS Asset-Backed Certificates Trust 2006-24 | 411 | CWHEQ Revolving Home Equity Loan Trust, Series 2005-J |
| 358 | CWABS Asset-Backed Certificates Trust 2006-25 | 412 | CWHEQ Revolving Home Equity Loan Trust, Series 2005-K |
| 359 | CWABS Asset-Backed Certificates Trust 2006-26 | 413 | CWHEQ Revolving Home Equity Loan Trust, Series 2005-L |
| 360 | CWABS Asset-Backed Certificates Trust 2006-3 | 414 | CWHEQ Revolving Home Equity Loan Trust, Series 2005-M |
| 361 | CWABS Asset-Backed Certificates Trust 2006-4 | 415 | CWHEQ Revolving Home Equity Loan Trust, Series 2006-A |
| 362 | CWABS Asset-Backed Certificates Trust 2006-5 | 416 | CWHEQ Revolving Home Equity Loan Trust, Series 2006-B |
| 363 | CWABS Asset-Backed Certificates Trust 2006-6 | 417 | CWHEQ Revolving Home Equity Loan Trust, Series 2006-C |
| 364 | CWABS Asset-Backed Certificates Trust 2006-7 | 418 | CWHEQ Revolving Home Equity Loan Trust, Series 2006-D |
| 365 | CWABS Asset-Backed Certificates Trust 2006-8 | 419 | CWHEQ Revolving Home Equity Loan Trust, Series 2006-E |
| 366 | CWABS Asset-Backed Certificates Trust 2006-9 | 420 | CWHEQ Revolving Home Equity Loan Trust, Series 2006-F |
| 367 | CWABS Asset-Backed Certificates Trust 2006-BC1 | 421 | CWHEQ Revolving Home Equity Loan Trust, Series 2006-G |
| 368 | CWABS Asset-Backed Certificates Trust 2006-BC2 | 422 | CWHEQ Revolving Home Equity Loan Trust, Series 2006-H |
| 369 | CWABS Asset-Backed Certificates Trust 2006-BC3 | 423 | CWHEQ Revolving Home Equity Loan Trust, Series 2006-I |
| 370 | CWABS Asset-Backed Certificates Trust 2006-BC4 | 424 | CWHEQ Revolving Home Equity Loan Trust, Series 2007-A |
| 371 | CWABS Asset-Backed Certificates Trust 2006-BC5 | 425 | CWHEQ Revolving Home Equity Loan Trust, Series 2007-B |
| 372 | CWABS Asset-Backed Certificates Trust 2006-IM1 | 426 | CWHEQ Revolving Home Equity Loan Trust, Series 2007-C |
| 373 | CWABS Asset-Backed Certificates Trust 2006-SPS1 | 427 | CWHEQ Revolving Home Equity Loan Trust, Series 2007-D |
| 374 | CWABS Asset-Backed Certificates Trust 2006-SPS2 | 428 | CWHEQ Revolving Home Equity Loan Trust, Series 2007-E |
| 375 | CWABS Asset-Backed Certificates Trust 2007-1 | 429 | CWHEQ Revolving Home Equity Loan Trust, Series 2007-G |
| 376 | CWABS Asset-Backed Certificates Trust 2007-10 | | |
| 377 | CWABS Asset-Backed Certificates Trust 2007-11 | | |
| 378 | CWABS Asset-Backed Certificates Trust 2007-12 | | |

# EXHIBIT B

## AFFIDAVIT

**STATE OF TEXAS**                             )
                                               )
**CITY AND COUNTY OF DALLAS)**

I, Jeb Smith, being duly sworn, depose and say that I am the Advertising Clerk of the Publisher

of THE WALL STREET JOURNAL, a daily national newspaper of general circulation throughout

 the United States, Asia and Europe, and that the notice attached to this Affidavit has been regularly

published in THE WALL STREET JOURNAL for Global distribution (US, Asia, and Europe) for

 1    insertion(s) on the following date(s):

AUG-23-2013;

ADVERTISER: GCG Communications - OR;

and that the foregoing statements are true and correct to the best of my knowledge.

Sworn to before me this
23   day of   August      2013

Notary Public

JENNIFER KAY WATSON LAWS
Notary Public, State of Texas
My Commission Expires
November 03, 2015

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | | |
|---|---|---|
| MAINE STATE RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated, Plaintiff, vs. COUNTRYWIDE FINANCIAL CORPORATION, et al., Defendants. | | Case No. 2:10-CV-00302 MRP (MANx) |
| DAVID H. LUTHER, Individually and On Behalf of All Others Similarly Situated, Plaintiff, vs. COUNTRYWIDE FINANCIAL CORPORATION, et al., Defendants. | | Case No. 2:12-CV-05125 MRP (MANx) |
| WESTERN CONFERENCE OF TEAMSTERS PENSION TRUST FUND, Individually and On Behalf of All Others Similarly Situated, Plaintiff, vs. COUNTRYWIDE FINANCIAL CORPORATION, et al., Defendants. | | Case No. 2:12-CV-05122 MRP (MANx) |

**SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTIONS, FAIRNESS HEARING AND MOTION FOR AN AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES**

TO: ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED THE INDIVIDUAL SECURITIES ISSUED AS PART OF THE 429 OFFERINGS AT ISSUE IN THE ACTIONS DURING THE PERIOD MARCH 12, 2004 THROUGH AUGUST 7, 2013 (THE "CLASS").

Please Note: The 429 Offerings at issue in the Actions are listed below and in the detailed Notice of Pendency and Proposed Settlement of Class Actions, Fairness Hearing and Motion for an Award of Attorneys' Fees and Litigation Expenses which was mailed to potential Class Members and nominees, and also can be viewed, along with a complete list of the individual securities issued as part of the 429 Offerings, by visiting the website for the settlement, www.countrywidembssettlement.com.

[Large multi-column table of issuing trust numbers omitted in detail]

PLEASE READ THIS NOTICE CAREFULLY: YOUR RIGHTS WILL BE AFFECTED BY THE SETTLEMENT OF CLASS ACTION LAWSUITS PENDING IN THIS COURT.

DATED: August 7, 2013

BY ORDER OF THE UNITED STATES
DISTRICT COURT FOR THE CENTRAL
DISTRICT OF CALIFORNIA

# EXHIBIT C

Exhibit C
-37-

## Tammy Ollivier

| | |
|---|---|
| **From:** | sfhubs@prnewswire.com |
| **Sent:** | Friday, August 23, 2013 6:01 AM |
| **To:** | GCGBuyers; Tammy Ollivier |
| **Subject:** | PR Newswire: Press Release Clear Time Confirmation for Cohen Milstein Sellers & Toll PLLC, Robbins Geller Rudman & Dowd LLP and Kessler Topaz Meltzer & Check, LLP. ID# 920295-1-1 |

# PR NEWSWIRE EDITORIAL

Hello

Here's the clear time* confirmation for your news release:

Release headline: Plaintiffs' Counsel Announce Pendency and Proposed Settlement of Countrywide Mortgage-Backed Securities Litigation
Word Count: 1934
Product Summary:
US1
ReleaseWatch
Complimentary Press Release Optimization
PR Newswire's Editorial Order Number: 920295-1-1

Release clear time: 23-Aug-2013 09:00:00 AM

* Clear time represents the time your news release was distributed to the newswire distribution you selected.

Thank you for choosing PR Newswire!
************************************************************************
COMPLIMENTARY SERVICES FOR MEMBERS

Are you getting the most out of your PR Newswire membership?
PR Newswire not only distributes your news; we provide complimentary news monitoring, intelligence and feedback to help you gauge its impact. Be sure to take advantage of these free services exclusively for PR Newswire members.

For more information, please contact our Information Desk at 888-776-0942, or email information@prnewswire.com

For a list of worldwide offices, please visit http://prnewswire.mediaroom.com/index.php?s=29545

1

Exhibit C
-38-

CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2013, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 23, 2013.

s/ Spencer A. Burkholz
SPENCER A. BURKHOLZ

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: spenceb@rgrdlaw.com

## Mailing Information for a Case 2:10-cv-00302-MRP-MAN

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Seth A Aronson**
  saronson@omm.com,LitigationCalendar@omm.com,skemp@omm.com

- **Randall K Berger**
  rberger@kmllp.com

- **Leiv H Blad , Jr**
  leiv.blad@bingham.com

- **Stephen Douglas Bunch**
  dbunch@cohenmilstein.com,efilings@cohenmilstein.com

- **Spencer Alan Burkholz**
  spenceb@rgrdlaw.com,jillk@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Christopher G Caldwell**
  caldwell@caldwell-leslie.com,hammer@caldwell-leslie.com, ,hong@caldwell-leslie.com,perigoe@caldwell-leslie.com,pettit@caldwell-leslie.com,records@caldwell-leslie.com,hayes@caldwell-leslie.com,popescu@caldwell-leslie.com,strother@caldwell-leslie.com

- **Matthew D Caplan**
  matthew.caplan@dlapiper.com,susan.byrd@dlapiper.com

- **Matthew W Close**
  mclose@omm.com

- **Jeffrey B Coopersmith**
  jeffcoopersmith@dwt.com,evelyndacuag@dwt.com

- **John B Daukas**
  jdaukas@goodwinprocter.com

- **Brian Charles Devine**
  bdevine@goodwinprocter.com,ABoivin@goodwinprocter.com

- **Joshua S Devore**
  jdevore@cohenmilstein.com,efilings@cohenmilstein.com

- **Rajiv S Dharnidharka**
  rajiv.dharnidharka@dlapiper.com

- **Daniel S Drosman**
  ddrosman@rgrdlaw.com,tholindrake@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Thomas E Egler**
  tome@rgrdlaw.com

- **Andrew A Esbenshade**
  esbenshade@caldwell-leslie.com,records@caldwell-leslie.com,harper@caldwell-leslie.com

- **John O Farley**
  jfarley@goodwinprocter.com

- **James O Fleckner**
  jfleckner@goodwinprocter.com

- **Inez H Friedman-Boyce**
  ifriedmanboyce@goodwinprocter.com,MConnolly@goodwinprocter.com

- **Jeanne A Fugate**
  fugate@caldwell-leslie.com,records@caldwell-leslie.com,harper@caldwell-leslie.com

- **Michael M Goldberg**
  mmgoldberg@glancylaw.com,dmacdiarmid@glancylaw.com,info@glancylaw.com

- **Penelope A Graboys Blair**
  pgraboysblair@orrick.com

- **Joshua G Hamilton**
  joshuahamilton@paulhastings.com,melmanahan@paulhastings.com,lindayoung@paulhastings.com

- **Jeffrey M Hammer**
  hammer@caldwell-leslie.com

- **Sean M Handler**
  shandler@btkmc.com

- **Jennifer L Joost**
  jjoost@ktmc.com,mswift@ktmc.com

- **Matthew B Kaplan**
  mbkaplan@thekaplanlawfirm.com

- **Don M Kennedy**
  dkennedy@goodwinprocter.com

- **Dean J Kitchens**
  dkitchens@gibsondunn.com,MOstrye@gibsondunn.com

- **Joel P Laitman**
  jlaitman@cohenmilstein.com

- **Christopher Lometti**
  clometti@cohenmilstein.com

- **Jennifer B Luz**
  jluz@goodwinprocter.com

- **Azra Z Mehdi**
  azram@themehdifirm.com,ghamilton@themehdifirm.com

- **Alexander K Mircheff**
  amircheff@gibsondunn.com,mostrye@gibsondunn.com,inewman@gibsondunn.com,cnowlin@gibsondunn.com,mpulley@gibsondunn.com

- **Nicolas Morgan**
  nicolas.morgan@dlapiper.com,docketingpaloalto@dlapiper.com,sonji.leblanc@dlapiper.com,paul.puzon@dlapiper.com

- **Sharan Nirmul**
  snirmul@ktmc.com,azivitz@ktmc.com

- **Brian E Pastuszenski**
  bpastuszenski@goodwinprocter.com,dkantrowitz@goodwinprocter.com,aboivin@goodwinprocter.com,ashapiro@goodwinprocter.com

- **Kelly L Perigoe**
  perigoe@caldwell-leslie.com,records@caldwell-leslie.com

- **Ira M Press**
  ipress@kmllp.com,lmorris@kmllp.com

- **David A Priebe**
  david.priebe@dlapiper.com,carmen.manzano@dlapiper.com

- **Daniel B Rehns**
  drehns@cohenmilstein.com,efilings@cohenmilstein.com

- **Julie G Reiser**
  jreiser@cohenmilstein.com

- **Daniel P Roeser**
  droeser@goodwinprocter.com

- **Jonathan Rosenberg**
  jrosenberg@omm.com

- **Scott H Saham**
  scotts@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jennifer M Sepic**
  jennifer.sepic@bingham.com

- **Richard A Speirs**
  rspeirs@cohenmilstein.com

- **William F Sullivan**
  williamsullivan@paulhastings.com,lisavermeulen@paulhastings.com,lindayoung@paulhastings.com

- **Steven J Toll**
  stoll@cohenmilstein.com

- **Michael D Torpey**
  mtorpey@orrick.com

- **Michael C Tu**
  mtu@orrick.com,cchiang@orrick.com

- **Avi N Wagner**
  avi@thewagnerfirm.com,anwagneresq@hotmail.com

- **Shirli Fabbri Weiss**
  shirli.weiss@dlapiper.com,emiko.gonzales@dlapiper.com

- **Lloyd Winawer**
  lwinawer@goodwinprocter.com,ahsia@goodwinprocter.com,cburgos@goodwinprocter.com

- **Andrew L Zivitz**
  azivitz@ktmc.com,dpotts@ktmc.com,jenck@ktmc.com,cchiappinelli@ktmc.com,acashwell@ktmc.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Peter                    Young Hoon Cho
,

Dennis                   N D'Angelo
Goodwin Procter LLP
Exchange Place
53 State Street
Boston, MA 02109

Lauren                   G Kerkhoff
Robbins Geller Rudman & Dowd LLP
655 West Broadway  Suite 1900
San Diego, CA 92101-8498

Lauren                   Wagner Pederson
Kessler Topaz Meltzer & Check LLP
280 King of Prussia Road
Radnor, PA 19087

Christina                A Royce
Robbins Geller Rudman & Dowd LLP
655 West Broadway   Suite 1900
San Diego, CA 92101

Arthur                   L Shingler                               , III
Scott and Scott LLP
6424 Santa Monica Boulevard
Los Angeles, CA 90038
```