UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAINE STATE RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  vs.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, et al.,<br><br>    Defendants. | No. 2:10-cv-00302-MRP(MANx)<br><br><u>CLASS ACTION</u><br><br>DECLARATION OF PROFESSOR ERIC GREEN |
| WESTERN CONFERENCE OF TEAMSTERS PENSION TRUST FUND, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  vs.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, et al.,<br><br>    Defendants. | No. 2:12-cv-05122-MRP(MANx)<br><br><u>CLASS ACTION</u> |

[Caption continued on following page.]

| | | |
|---|---|---|
| DAVID H. LUTHER, et al., Individually and On Behalf of All Others Similarly Situated, | ) ) ) | No. 2:12-cv-05125-MRP(MANx) |
| | ) | <u>CLASS ACTION</u> |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| COUNTRYWIDE FINANCIAL CORPORATION, et al., | ) ) ) | |
| Defendants. | ) ) | |

I, PROFESSOR ERIC GREEN, declare and state as follows:

1. I am a duly licensed attorney engaged to serve as an impartial mediator selected by the parties in these cases. I make this declaration based on personal knowledge and am competent to testify to the matters set forth herein.

2. I am a full time professional mediator with Resolutions, LLC, an ADR firm located in Boston, Massachusetts. I recently retired as a professor at the Boston University School of Law where for thirty years I taught negotiation, mediation, complex ADR processes, resolution of mass torts, constitutional law and evidence. I am a co-founder and principal of Resolutions, LLC. I previously co-founded JAMS/Endispute and was a member of the Center for Public Resources Institute of Dispute Resolution virtually since its inception and have served on many of its panels and committees and spoken at numerous of its conferences and programs on mediation and ADR. I was a co-author with Professors Frank Sander and Stephen Goldberg of the first edition of *Dispute Resolution*, the first legal textbook on ADR, and have written numerous books and articles on dispute resolution and evidence. I maintain an active ADR/mediation practice for complex, legally-intensive disputes.

3. I have successfully mediated many high stakes cases, including the *United States v. Microsoft* antitrust case, the various MasterCard/Visa merchants' class action antitrust cases, portions of the Enron Securities class action cases, the Monsanto PCB cases in Alabama, the childhood and adult cancer cases in Toms River, New Jersey, numerous large construction cases, including most of the disputes arising out of the design and construction of major league baseball and football stadiums, insurance coverage, intellectual property, international disputes, and ERISA cases, including class action consumer cases. I have also mediated many complex, multi-party class action cases involving horizontal and vertical price-fixing claims, mergers and acquisitions, contract disputes, patent disputes, securities fraud, shareholder derivative claims,

- 1 -

accounting problems, mass torts, employment and consumer claims. In the past few years, I have mediated countless cases arising out of the 2007-2008 financial crisis, including class actions involving all aspects of mortgage-based securities, CDO's, auction-rate securities, private equity, and various types of financial fraud. I have also served as court-appointed Special Master, Futures Representative, Mediator and *Guardian Ad Litem* in class or mass claimant matters in the Northern District of Ohio, Southern District of New York, District of Massachusetts and Eastern District of Texas.

  4.  I am a 1968 Honors graduate of Brown University and graduated in 1972 from Harvard Law School, *magna cum laude*, where I was Executive Editor of the *Harvard Law Review*. I am a member of the bars of the states of California (inactive) and Massachusetts, the United States District Courts for the Northern and Central Districts of California and the District of Massachusetts, several Courts of Appeal, and the Supreme Court of the United States. Prior to teaching at Boston University School of Law, I clerked for the Hon. Benjamin Kaplan, Supreme Court of Massachusetts and then was an associate and partner at Munger Tolles & Olson in Los Angeles.

  5.  I have delivered hundreds of lectures, panel discussions and training sessions on ADR and taught or supervised more than a thousand students in ADR while mediating more than a hundred cases a year for over 30 years. In 2001, I was awarded a Lifetime Achievement Award from the American College of Civil Trial Mediators. I was voted Boston's Lawyer of the Year for Alternative Dispute Resolution for 2011 based on my "particularly high level of peer recognition." In 2011, I received the rarely awarded James F. Henry Award for outstanding contributions to the field of ADR from The International Institute for Conflict Prevention & Resolution.

6. I submit this declaration in support of the Settlement.[1] As discussed below, I believe the Settlement of the Actions, negotiated after an extended mediation process and hard-fought litigation, for the total amount of $500 million in cash, represents an arms-length principled, well-reasoned, and sound resolution of highly uncertain litigation. The Court of course, will make determinations as to the "fairness, reasonableness and adequacy" of the Settlement under applicable legal standards. From the mediator's perspective, however, I can attest that the proposed Settlement is a reasonable result, obtained at arm's-length after a difficult, protracted, adversarial negotiation, and is consistent with the risks and potential rewards of the claims asserted when measured against the "no-agreement alternative" of continued uncertain litigation.

7. After being asked by counsel for the parties to serve as mediator in the *Luther* Action in 2009, I agreed to serve with the understanding that there would be adequate exchange of pertinent information and that the parties were committed to working towards a settlement of the *Luther* Action.

8. To that end, I met with the parties to the *Luther* Action on June 26, 2009, to discuss preliminary settlement prospects. Information is a key component of a fair, principled settlement. Accordingly, as an initial matter, I mediated a dispute regarding the confidential treatment of discovery that would be produced to the *Luther* plaintiffs to aid in their analysis of the strengths and weaknesses of their case prior to formal discovery. At this stage of the process, I helped the *Luther* parties negotiate an agreement that allowed for the production of nearly 10 million pages of documents that had been previously produced to the Securities and

---

[1] Unless otherwise defined herein, capitalized terms have the meanings ascribed to them in the Stipulation and Agreement of Settlement ("Stipulation"), previously filed with the Court on July 9, 2013. *Luther* ECF 151; *Maine* State ECF 408.

- 3 -

Exchange Commission. Due, in part, to this production, the *Luther* plaintiffs were able to assess in detail the strengths and risks associated with continued litigation of their action.

9. As a result of various Court rulings, including the dismissal of the *Luther* state court action by the trial court, no further mediation sessions were held until 2012. After the *Luther* plaintiffs succeeded on their appeal to the California Court of Appeal, and the *Maine State* plaintiffs approached the close of fact discovery, settlement discussions resumed and ultimately two full-day, in-person mediation sessions were convened on November 5, 2012 and December 11, 2012, in an attempt to collectively resolve each of these SP actions.

10. Prior to the 2012 mediation sessions, at my request, Class Counsel and Defendants' counsel provided me with detailed mediation memoranda and supporting documentation so that I could re-acquaint myself with the facts presented, as well as the relevant liability and damages issues and the respective positions of each party. These mediation materials discussed, *inter alia*, the relative strengths and weaknesses of the parties' respective claims and defenses, including issues of timeliness and standing, loss causation, and the parties' damages analyses and estimates. The submitted materials were extensive, as the issues involved in the structuring and securitizations, were far more complex than those presented in a typical securities class action.

11. At both in-person sessions, Plaintiffs were represented by at least Darren Robbins, Spencer Burkholz, Andrew Zivitz, Kimberly Justice, Steven Toll and Julie Reiser. At both in-person sessions, the Countrywide Defendants were represented by at least Brian Pastuszenski and John Farley and Bank of America was represented by Jill Fairbrother. Thomas J. Hendricks, a representative for Plaintiff Pension Trust Fund for Operating Engineers, also attended the November 5, 2012 session. At the December 11, 2012 mediation session, Jill Fairbrother and Jana Litsey represented Bank of America. Jaye Johnson, Assistant Attorney

General for the State of Vermont, and representative for Vermont Pension Investment Committee, also attended the December 11, 2012 session. Gregg Schochenmaier, General Counsel for Iowa Public Employees' Retirement System, was available telephonically during both sessions.

12. At the mediation, Class Counsel made a detailed evidentiary presentation analyzing the legal bases for establishing both liability and damages. The Countrywide Defendants' counsel also made a presentation on their assessment of Plaintiffs' case and outlined, in detail, the numerous defenses that they intended to assert with respect to liability and damages. These presentations further provided the factual and legal foundation for a merits-based, principled negotiation.

13. Throughout the mediation, Defendants denied any wrongdoing and alternatively argued that Plaintiffs' actual damages were materially less than what Plaintiffs were claiming. The parties held divergent views on almost every issue, including Plaintiffs' ability to (1) establish standing beyond the 58 tranches the named Plaintiffs purchased, (2) prove liability, (3) prove loss causation, and (4) prove that the Class was in fact damaged, since many of the holders of the Certificates at issue in the Actions continued to receive principal and interest payments during the relevant time period. Defendants also argued that any damages Plaintiffs suffered should be offset by the $8.5 billion that BoA is planning to pay to current MBS holders in the matter of *In re: Bank of New York Mellon, et al.*, New York State Supreme Court, New York County Index No. 651786/2011. Throughout the mediation, the parties discussed at length their views on the respective strength of their clients' claims and defenses.

14. The mediation sessions in this case were conducted on both sides by highly experienced and capable counsel who were fully prepared and had an excellent understanding of the strengths and weaknesses of their claims and defenses. The quality of the advocacy on both

sides was extremely high.  While counsel were professional and cooperative, each side zealously advanced their respective arguments in the best interests of their clients.  Moreover, each side demonstrated a willingness to continue to litigate rather than accept a settlement that was not in the best interest of their clients.  During the mediation, the parties exchanged numerous offers and counter-offers, always through the mediator after extensive discussions with the mediator.

15.  Although all parties were confident in the strength of their respective positions, it was clear that continued litigation carried substantial risks for both sides.  If the Actions had not settled, the litigation would have continued for a very long time.  Defendants, while adamant that they were not liable under the securities laws, could not be sure of a favorable jury verdict.  Defendants also faced the risk that if Plaintiffs proved liability at trial, a jury could award damages in excess of the Settlement Amount.  Plaintiffs faced serious obstacles to establishing liability and were also confronted with the possibility that further discovery would undermine their claims.  Plaintiffs also faced several challenges in establishing their damages.  In fact, even if Plaintiffs were successful and established liability at trial, the jury could have awarded damages much less than the amount of settlement.  Both sides also faced the risk that a jury would react unfavorably to the evidence presented.

16.  From the inception of this mediation, it was apparent that these Actions were extremely complex and involved numerous difficult legal and factual issues. Based on my review of the mediation briefing and supporting documentation supplied to me by the parties, the detailed presentations by Class and Defendants' Counsel, the two full-day mediation sessions, and the many hours of telephone conversations I conducted with respective counsel, it is my opinion that continued litigation posed great risks for both sides, in particular the Class Plaintiffs.

17.     In addition to the two full-day mediation sessions that were held in late 2012, I also conducted over twenty telephonic conferences with the parties, either jointly or separately between November 2012 and April 2013.  These detailed telephonic communications, along with the in-person sessions, substantially reduced the gap between the Class Plaintiffs' demand and the Defendants' offer, but a material gap remained.  Further mediation telephone conferences ultimately resulted in my Mediator's Proposal of a $500 million settlement, which was presented on a double-blind basis and eventually accepted by both sides.  My Mediator's proposal was based in part upon the detailed work done by the parties as well as my analysis of the risks the parties would confront if a settlement was not reached.

18.     The complex nature of this Settlement is further exhibited by Plaintiffs' thoughtful and lengthy negotiation of a plan for allocating the Settlement Amount.  Because of the number of Certificates involved, as well as the complicated standing and tolling issues that had arisen in the Actions, Plaintiffs asked me and my colleague at Resolutions, LLC, retired Federal Judge, Nancy Gertner, to aid in the development of the Plan of Allocation.  After I helped Class Counsel shape the structure of a Plan of Allocation, specific issues related to the plan of allocation among the over 9,000 Certificates at issue in the Actions were presented to Judge Gertner on June 13, 2013.  Thereafter, an in-person session was held with Judge Gertner on June 19, 2013.  Judge Gertner's guidance ultimately resulted in the development of the Plan of Allocation for which Plaintiffs seek final approval.  The decision and need to involve a retired federal judge in the development of the Plan of Allocation further illustrates the sheer complexity of this matter, even as compared to otherwise complex securities class actions, and Plaintiffs' zealous and thoughtful representation of all members of the Class.

19.     Throughout the extensive mediation process in these matters, Class Counsel advocated for the interests of the Class Members, including those Class Members who

purchased in the tranches in Category Three of the proposed settlement plan of allocation –i.e., purchasers for which no buyer of the same securities has ever come forward and expressed an interest in prosecuting a class action.  More specifically, during both the parties' formal mediation sessions and in my numerous telephone conferences with Class Counsel outside of those formal sessions, Class Counsel vigorously advocated for these Category Three Class Members (as well as Class Members in Categories One and Two), notwithstanding previous adverse rulings in the case.  Also, during the final stages of mediation, when Class Counsel discussed among themselves what a fair and reasonable allocation of the $500 million settlement fund would be, Class Counsel recognized that these Category Three class members had appeal rights.  For that reason, $50 million was ultimately allocated to these Category Three Class Members, reflecting in part the relative strength of those appellate rights.

20.   In my opinion, in light of the risks that both sides faced, the Settlement is advantageous to all parties.  If the Settlement is approved by the Court, the Class will receive $500 million cash without the risks of continued litigation where their claims could have been dismissed at the summary judgment stage, at trial or on appeal.  Based on the facts and circumstances presented by the parties and my experience in the mediation of securities class actions, it is my opinion that the Settlement – including its allocation of $325 million, $125 million and $50 million to the various categories of tranches – is an excellent result that reflects the realities of the litigation and is in the best interests of the Class.  Similarly, Defendants made a responsible business decision to avoid further litigation that had the potential to expose them to a significant financial loss.  All of this I attribute to exceptional and professional legal work on both sides.  Defendants were represented by several of the premier law firms in the country.  Similarly, Class Counsel are among the most capable and experienced lawyers in the country in

these kind of cases. Class Counsel took on an extremely risky and complicated case, invested a lot of time and resources, and achieved an outstanding result for the Class.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 19 day of September, 2013, at Boston, MA.

_____
ERIC GREEN

- 9 -

<h1 style="text-align:center">CERTIFICATE OF SERVICE</h1>

I hereby certify that on September 23, 2013, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 23, 2013.

    s/ Spencer A. Burkholz
    SPENCER A. BURKHOLZ

ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: spenceb@rgrdlaw.com

**Mailing Information for a Case 2:10-cv-00302-MRP-MAN**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Seth A Aronson**
  saronson@omm.com,LitigationCalendar@omm.com,skemp@omm.com

- **Randall K Berger**
  rberger@kmllp.com

- **Leiv H Blad , Jr**
  leiv.blad@bingham.com

- **Stephen Douglas Bunch**
  dbunch@cohenmilstein.com,efilings@cohenmilstein.com

- **Spencer Alan Burkholz**
  spenceb@rgrdlaw.com,jillk@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Christopher G Caldwell**
  caldwell@caldwell-leslie.com,hammer@caldwell-leslie.com, ,hong@caldwell-leslie.com,perigoe@caldwell-leslie.com,pettit@caldwell-leslie.com,records@caldwell-leslie.com,hayes@caldwell-leslie.com,popescu@caldwell-leslie.com,strother@caldwell-leslie.com

- **Matthew D Caplan**
  matthew.caplan@dlapiper.com,susan.byrd@dlapiper.com

- **Matthew W Close**
  mclose@omm.com

- **Jeffrey B Coopersmith**
  jeffcoopersmith@dwt.com,evelyndacuag@dwt.com

- **John B Daukas**
  jdaukas@goodwinprocter.com

- **Brian Charles Devine**
  bdevine@goodwinprocter.com,ABoivin@goodwinprocter.com

- **Joshua S Devore**
  jdevore@cohenmilstein.com,efilings@cohenmilstein.com

- **Rajiv S Dharnidharka**
  rajiv.dharnidharka@dlapiper.com

- **Daniel S Drosman**
  ddrosman@rgrdlaw.com,tholindrake@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Thomas E Egler**
  tome@rgrdlaw.com

- **Andrew A Esbenshade**
  esbenshade@caldwell-leslie.com,records@caldwell-leslie.com,harper@caldwell-leslie.com

- **John O Farley**
  jfarley@goodwinprocter.com

- **James O Fleckner**
  jfleckner@goodwinprocter.com

- **Inez H Friedman-Boyce**
  ifriedmanboyce@goodwinprocter.com,MConnolly@goodwinprocter.com

- **Jeanne A Fugate**
  fugate@caldwell-leslie.com,records@caldwell-leslie.com,harper@caldwell-leslie.com

- **Michael M Goldberg**
  mmgoldberg@glancylaw.com,dmacdiarmid@glancylaw.com,info@glancylaw.com

- **Penelope A Graboys Blair**
  pgraboysblair@orrick.com

- **Joshua G Hamilton**
  joshuahamilton@paulhastings.com,melmanahan@paulhastings.com,lindayoung@paulhastings.com

- **Jeffrey M Hammer**
  hammer@caldwell-leslie.com

- **Sean M Handler**
  shandler@btkmc.com

- **Jennifer L Joost**
  jjoost@ktmc.com,mswift@ktmc.com

- **Matthew B Kaplan**
  mbkaplan@thekaplanlawfirm.com

- **Don M Kennedy**
  dkennedy@goodwinprocter.com

- **Dean J Kitchens**
  dkitchens@gibsondunn.com,MOstrye@gibsondunn.com

- **Joel P Laitman**
  jlaitman@cohenmilstein.com

- **Christopher Lometti**
  clometti@cohenmilstein.com

- **Jennifer B Luz**
  jluz@goodwinprocter.com

- **Azra Z Mehdi**
  azram@themehdifirm.com,ghamilton@themehdifirm.com

- **Alexander K Mircheff**
  amircheff@gibsondunn.com,mostrye@gibsondunn.com,inewman@gibsondunn.com,cnowlin@gibsondunn.com,mpulley@gibsondunn.com

- **Nicolas Morgan**
  nicolas.morgan@dlapiper.com,docketingpaloalto@dlapiper.com,sonji.leblanc@dlapiper.com,paul.puzon@dlapiper.com

- **Sharan Nirmul**
  snirmul@ktmc.com,azivitz@ktmc.com

- **Brian E Pastuszenski**
  bpastuszenski@goodwinprocter.com,dkantrowitz@goodwinprocter.com,aboivin@goodwinprocter.com,ashapiro@goodwinprocter.com

- **Kelly L Perigoe**
  perigoe@caldwell-leslie.com,records@caldwell-leslie.com

- **Ira M Press**
  ipress@kmllp.com,lmorris@kmllp.com

- **David A Priebe**
  david.priebe@dlapiper.com,carmen.manzano@dlapiper.com

- **Daniel B Rehns**
  drehns@cohenmilstein.com,efilings@cohenmilstein.com

- **Julie G Reiser**
  jreiser@cohenmilstein.com

- **Daniel P Roeser**
  droeser@goodwinprocter.com

- **Jonathan Rosenberg**
  jrosenberg@omm.com

- **Scott H Saham**
  scotts@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jennifer M Sepic**
  jennifer.sepic@bingham.com

- **Richard A Speirs**
  rspeirs@cohenmilstein.com

- **William F Sullivan**
  williamsullivan@paulhastings.com,lisavermeulen@paulhastings.com,lindayoung@paulhastings.com

- **Steven J Toll**
  stoll@cohenmilstein.com

- **Michael D Torpey**
  mtorpey@orrick.com

- **Michael C Tu**
  mtu@orrick.com,cchiang@orrick.com

- **Avi N Wagner**
  avi@thewagnerfirm.com,anwagneresq@hotmail.com

- **Shirli Fabbri Weiss**
  shirli.weiss@dlapiper.com,emiko.gonzales@dlapiper.com

- **Lloyd Winawer**
  lwinawer@goodwinprocter.com,ahsia@goodwinprocter.com,cburgos@goodwinprocter.com

- **Andrew L Zivitz**
  azivitz@ktmc.com,dpotts@ktmc.com,jenck@ktmc.com,cchiappinelli@ktmc.com,acashwell@ktmc.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Peter            Young Hoon Cho
,

Dennis            N D'Angelo
Goodwin Procter LLP
Exchange Place
53 State Street
Boston, MA 02109

Lauren            G Kerkhoff
Robbins Geller Rudman & Dowd LLP
655 West Broadway  Suite 1900
San Diego, CA 92101-8498

Lauren            Wagner Pederson
Kessler Topaz Meltzer & Check LLP
280 King of Prussia Road
Radnor, PA 19087

Christina         A Royce
Robbins Geller Rudman & Dowd LLP
655 West Broadway   Suite 1900
San Diego, CA 92101

Arthur            L Shingler                                            , III
Scott and Scott LLP
6424 Santa Monica Boulevard
Los Angeles, CA 90038
```