UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAINE STATE RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>vs.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, et al.,<br><br>    Defendants. | No. 2:10-cv-00302-MRP(MANx)<br><br><u>CLASS ACTION</u><br><br>**DECLARATION OF NANCY GERTNER** |
| WESTERN CONFERENCE OF TEAMSTERS PENSION TRUST FUND, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>vs.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, et al.,<br><br>    Defendants. | No. 2:12-cv-05122-MRP(MANx)<br><br><u>CLASS ACTION</u> |

[Caption continued on following page.]

| | |
|---|---|
| DAVID H. LUTHER, et al., Individually and On Behalf of All Others Similarly Situated, | No. 2:12-cv-05125-MRP(MANx) |
| Plaintiffs, | <u>CLASS ACTION</u> |
| vs. | |
| COUNTRYWIDE FINANCIAL CORPORATION, et al., | |
| Defendants. | |

I, Nancy Gertner hereby declare and state as follows:

I am a duly licensed attorney engaged by the Plaintiffs in these Actions[1] to serve as a neutral mediator. I submit this declaration in connection with final approval of the Plan of Allocation. I have personal knowledge of the statements herein and, if called as a witness, could competently testify thereto.

1. I served as a District Judge for the United States District Court for the District of Massachusetts from 1994 to September 2011 where I presided over thousands of complex actions during my tenure. Upon my retirement from the federal bench in September 2011, I joined the faculty at Harvard Law School where I teach a number of subjects including criminal law, criminal procedure, sentencing and law and forensic science. My curriculum vitae is attached as Exhibit A hereto. I also conduct mediations and arbitrations, mainly through Resolutions, LLC, a Boston, Massachusetts based mediation services firm that provides a full range of alternative dispute resolution services with expertise in the resolution of complex litigation, including securities class actions.

2. The *Maine State*, *Luther* and *Western Conference* Class Counsel asked me to help them arrive at a fair and equitable plan for allocating the proceeds of the $500 million Settlement reached with Defendants in these Actions. As discussed below, in my opinion the agreed upon Plan of Allocation, set forth in the Notice and explained more extensively in Plaintiffs' Supplemental Plan of Allocation Submission filed on July 23, 2013, represents a well-reasoned, fair and equitable distribution of the Settlement Amount. While the Court will make a final determination as to the "fairness, adequacy and reasonableness" of the Settlement as a whole under applicable legal standards, from a neutral mediator's perspective, I unreservedly recommend the Plan of Allocation presented in the Notice because it appropriately reflects the relative

---

[1] Unless otherwise defined herein, capitalized terms have the meanings ascribed to them in the Stipulation and Agreement of Settlement ("Stipulation"), previously filed with the Court on July 9, 2013. *Maine State* ECF 408, *Luther* ECF 151, and *Western Conference* ECF 132.

viability and strength of the claims that fall within each of the three delineated categories: certificates purchased by the named Plaintiffs that Plaintiffs believe are currently not subject to dismissal pursuant to the Court's Orders ("Category One"); certificates purchased by Plaintiffs that sought to act as class representatives but had their claims dismissed or their claims were subject to dismissal by the Court's Orders ("Category Two"); and certificates for which claims were dismissed because no plaintiff with standing under the Court's rulings sought to act as a class representative ("Category Three").

3. Due to the complexity of the Actions and the number of Certificates encompassed by the Settlement, several possible allocation scenarios were presented by Class Counsel. On June 13, 2013, Plaintiffs made submissions to me setting forth potential plans of allocation and providing the legal and factual rationale behind their proposed allocations of the Settlement Amount.

4. On June 19, 2013, I conducted an in-person session with Plaintiffs in Boston, Massachusetts during which Class Counsel presented the legal justification for the potential plans of allocation and discussed the relative fairness and equitability of the plans.

5. During the June 19th session, I recommended that Plaintiffs agree to the Plan of Allocation currently set forth in the Notice. My recommendation was based on my evaluation of the legal support for this plan, as compared to other potential allocations, as well as the overall fairness and equitability of the plan. In evaluating the possible allocation schemes, I considered the Court's prior opinions in the Actions, the standing and tolling case law from other Courts of Appeals and the plans of allocation that have been adopted in other mortgage-backed securities class action settlements.

6. The agreed upon Plan of Allocation provides that the majority of the Settlement Amount (65% or $325 million) be apportioned to the Category One tranches because the claims as to the 58 tranches within this category would likely

have been upheld at the pleading stage by the Court in the Luther action, based on the Court's prior standing and tolling rulings in the Maine State action. In fact, claims as to 8 of the 58 tranches were upheld in Maine State at the pleading stage. Because these 58 tranches were actually purchased by named Plaintiffs in the Actions and subjected Defendants to the greatest possibility of liability at trial, it is my opinion that these Category One tranches should be allocated the majority of the Settlement Amount.

7. The Plan of Allocation allocates $125 million, or 25% of the Settlement Amount, to the 111 tranches in Category Two. The Category Two tranches are entitled to a smaller recovery than the first category because these tranches had previously been dismissed or would have been dismissed by the Court upon an application of the Court's prior rulings to the Luther and Western Conference actions. However, unlike the tranches in the third category, discussed below, the Category Two tranches were purchased by a named Plaintiff in the Actions. The tranches in this second category, therefore, would have relatively stronger claims on appeal and are thus entitled to a larger apportionment of the Settlement Amount. If, for example, the Court of Appeals for the Ninth Circuit overturned the Court's standing ruling on appeal, the Court nonetheless could hold at the class certification stage that only those tranches which were purchased by named Plaintiffs in the Actions could validly be included in a certified class. In my opinion, the ability of the claims within this second category to withstand such a decision militates in favor of allocating a larger portion of the Settlement Amount to the Category Two tranches when compared to the third category.

8. The Plan of Allocation allocates $50 million or 10% of the Settlement Amount to the tranches in Category Three. Claims based on these tranches previously have been dismissed by the Court on both standing and tolling grounds. In addition, none of these tranches were purchased by any of the named Plaintiffs in the Actions. Therefore, in my opinion, the claims based on these Category Three tranches do not

have as strong appellate rights as do the represented tranches and are thus entitled to a lesser recovery than the claims based on the tranches within the First and Second Categories.

9. Throughout my dealings with Class Counsel, they at all times were focused on the fairness to all members of the class in all three categories of tranches. I spent considerable time discussing with class counsel what a fair and reasonable allocation of the settlement funds to purchasers of these tranches would be. I believe that providing the Category Three tranches with an allocation of $50 million is an excellent recovery for these purchasers given the Court's standing rulings and the relative strength of their potential appeal rights. In my view, the named Class Plaintiffs and Class Counsel vigorously represented the interests of all Class Members, including those in Category Three, while mindful of the differences in the relative strength of their appellate rights and the current value of their claims under Judge Pfaelzer's rulings as to standing and timeliness.

10. In sum, it is my view that the Plan of Allocation, as set forth in the Notice, represents a fair and equitable distribution of the Settlement Amount and has support in the case law. I am also of the view that the Plan of Allocation was agreed upon following vigorous and well-reasoned discussions between Class Counsel, involving their clients.

11. I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct.

Executed this 2B day of September, 2013

_____
Nancy Gertner

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2013, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 23, 2013.

    s/ Spencer A. Burkholz
    SPENCER A. BURKHOLZ

ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: spenceb@rgrdlaw.com

**Mailing Information for a Case 2:10-cv-00302-MRP-MAN**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Seth A Aronson**
  saronson@omm.com,LitigationCalendar@omm.com,skemp@omm.com

- **Randall K Berger**
  rberger@kmllp.com

- **Leiv H Blad , Jr**
  leiv.blad@bingham.com

- **Stephen Douglas Bunch**
  dbunch@cohenmilstein.com,efilings@cohenmilstein.com

- **Spencer Alan Burkholz**
  spenceb@rgrdlaw.com,jillk@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Christopher G Caldwell**
  caldwell@caldwell-leslie.com,hammer@caldwell-leslie.com, ,hong@caldwell-leslie.com,perigoe@caldwell-leslie.com,pettit@caldwell-leslie.com,records@caldwell-leslie.com,hayes@caldwell-leslie.com,popescu@caldwell-leslie.com,strother@caldwell-leslie.com

- **Matthew D Caplan**
  matthew.caplan@dlapiper.com,susan.byrd@dlapiper.com

- **Matthew W Close**
  mclose@omm.com

- **Jeffrey B Coopersmith**
  jeffcoopersmith@dwt.com,evelyndacuag@dwt.com

- **John B Daukas**
  jdaukas@goodwinprocter.com

- **Brian Charles Devine**
  bdevine@goodwinprocter.com,ABoivin@goodwinprocter.com

- **Joshua S Devore**
  jdevore@cohenmilstein.com,efilings@cohenmilstein.com

- **Rajiv S Dharnidharka**
  rajiv.dharnidharka@dlapiper.com

- **Daniel S Drosman**
  ddrosman@rgrdlaw.com,tholindrake@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Thomas E Egler**
  tome@rgrdlaw.com

- **Andrew A Esbenshade**
  esbenshade@caldwell-leslie.com,records@caldwell-leslie.com,harper@caldwell-leslie.com

- **John O Farley**
  jfarley@goodwinprocter.com

- **James O Fleckner**
  jfleckner@goodwinprocter.com

- **Inez H Friedman-Boyce**
  ifriedmanboyce@goodwinprocter.com,MConnolly@goodwinprocter.com

- **Jeanne A Fugate**
  fugate@caldwell-leslie.com,records@caldwell-leslie.com,harper@caldwell-leslie.com

- **Michael M Goldberg**
  mmgoldberg@glancylaw.com,dmacdiarmid@glancylaw.com,info@glancylaw.com

- **Penelope A Graboys Blair**
  pgraboysblair@orrick.com

- **Joshua G Hamilton**
  joshuahamilton@paulhastings.com,melmanahan@paulhastings.com,lindayoung@paulhastings.com

- **Jeffrey M Hammer**
  hammer@caldwell-leslie.com

- **Sean M Handler**
  shandler@btkmc.com

- **Jennifer L Joost**
  jjoost@ktmc.com,mswift@ktmc.com

- **Matthew B Kaplan**
  mbkaplan@thekaplanlawfirm.com

- **Don M Kennedy**
  dkennedy@goodwinprocter.com

- **Dean J Kitchens**
  dkitchens@gibsondunn.com,MOstrye@gibsondunn.com

- **Joel P Laitman**
  jlaitman@cohenmilstein.com

- **Christopher Lometti**
  clometti@cohenmilstein.com

- **Jennifer B Luz**
  jluz@goodwinprocter.com

- **Azra Z Mehdi**
  azram@themehdifirm.com,ghamilton@themehdifirm.com

- **Alexander K Mircheff**
  amircheff@gibsondunn.com,mostrye@gibsondunn.com,inewman@gibsondunn.com,cnowlin@gibsondunn.com,mpulley@gibsondunn.com

- **Nicolas Morgan**
  nicolas.morgan@dlapiper.com,docketingpaloalto@dlapiper.com,sonji.leblanc@dlapiper.com,paul.puzon@dlapiper.com

- **Sharan Nirmul**
  snirmul@ktmc.com,azivitz@ktmc.com

- **Brian E Pastuszenski**
  bpastuszenski@goodwinprocter.com,dkantrowitz@goodwinprocter.com,aboivin@goodwinprocter.com,ashapiro@goodwinprocter.com

- **Kelly L Perigoe**
  perigoe@caldwell-leslie.com,records@caldwell-leslie.com

- **Ira M Press**
  ipress@kmllp.com,lmorris@kmllp.com

- **David A Priebe**
  david.priebe@dlapiper.com,carmen.manzano@dlapiper.com

- **Daniel B Rehns**
  drehns@cohenmilstein.com,efilings@cohenmilstein.com

- **Julie G Reiser**
  jreiser@cohenmilstein.com

- **Daniel P Roeser**
  droeser@goodwinprocter.com

- **Jonathan Rosenberg**
  jrosenberg@omm.com

- **Scott H Saham**
  scotts@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jennifer M Sepic**
  jennifer.sepic@bingham.com

- **Richard A Speirs**
  rspeirs@cohenmilstein.com

- **William F Sullivan**
  williamsullivan@paulhastings.com,lisavermeulen@paulhastings.com,lindayoung@paulhastings.com

- **Steven J Toll**
  stoll@cohenmilstein.com

- **Michael D Torpey**
  mtorpey@orrick.com

- **Michael C Tu**
  mtu@orrick.com,cchiang@orrick.com

- **Avi N Wagner**
  avi@thewagnerfirm.com,anwagneresq@hotmail.com

- **Shirli Fabbri Weiss**
  shirli.weiss@dlapiper.com,emiko.gonzales@dlapiper.com

- **Lloyd Winawer**
  lwinawer@goodwinprocter.com,ahsia@goodwinprocter.com,cburgos@goodwinprocter.com

- **Andrew L Zivitz**
  azivitz@ktmc.com,dpotts@ktmc.com,jenck@ktmc.com,cchiappinelli@ktmc.com,acashwell@ktmc.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Peter            Young Hoon Cho
,

Dennis           N D'Angelo
Goodwin Procter LLP
Exchange Place
53 State Street
Boston, MA 02109

Lauren           G Kerkhoff
Robbins Geller Rudman & Dowd LLP
655 West Broadway  Suite 1900
San Diego, CA 92101-8498

Lauren           Wagner Pederson
Kessler Topaz Meltzer & Check LLP
280 King of Prussia Road
Radnor, PA 19087

Christina        A Royce
Robbins Geller Rudman & Dowd LLP
655 West Broadway   Suite 1900
San Diego, CA 92101

Arthur           L Shingler                                    , III
Scott and Scott LLP
6424 Santa Monica Boulevard
Los Angeles, CA 90038
```