| | |
|---|---|
| ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>SPENCER A. BURKHOLZ (147029)<br>THOMAS E. EGLER (189871)<br>SCOTT H. SAHAM (188355)<br>NATHAN R. LINDELL (248668)<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101<br>Telephone: 619/231-1058<br>619/231-7423 (fax)<br>spenceb@rgrdlaw.com<br>tome@rgrdlaw.com<br>scotts@rgrdlaw.com<br>nlindell@rgrdlaw.com<br><br>KESSLER TOPAZ MELTZER<br>  & CHECK, LLP<br>ANDREW L. ZIVITZ<br>SHARAN NIRMUL<br>KIMBERLY JUSTICE<br>JENNIFER L. JOOST<br>280 King of Prussia Road<br>Radnor, PA 19087<br>Telephone: 610/667-7706<br>610/667-7056 (fax)<br>azivitz@ktmc.com<br>snirmul@ktmc.com<br>kjustice@ktmc.com<br>jjoost@ktmc.com<br><br>Co-Lead Counsel in the *Luther*<br>and *Western Conference* actions | *Note changes made by the Court*<br><br><br>FILED<br>CLERK, U.S. DISTRICT COURT<br>OCT 3 2016<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY ____ DEPUTY<br><br>COHEN MILSTEIN SELLERS<br>  & TOLL PLLC<br>STEVEN J. TOLL (*pro hac vice*)<br>JULIE GOLDSMITH REISER (*pro hac vice*)<br>JOSHUA S. DEVORE (*pro hac vice*)<br>1100 New York Avenue, N.W.<br>West Tower, Suite 500<br>Washington, DC 20005-3964<br>Telephone: 202/408-4600<br>202/408-4699 (fax)<br>stoll@cohenmilstein.com<br>jreiser@cohenmilstein.com<br>jdevore@cohenmilstein.com<br><br>Lead Counsel in the *Maine State* action only |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAINE STATE RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>                      Plaintiff,<br><br>  vs.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, et al.,<br><br>                      Defendants. | ) No. 2:10-cv-00302-MRP(MANx)<br>)<br>) <u>CLASS ACTION</u><br>)<br>) [~~PROPOSED~~] CLASS<br>) DISTRIBUTION ORDER<br>)<br>)<br>)<br>)<br>)<br>) |

[Caption continued on following page.]

1173240_1

| | |
|---|---|
| WESTERN CONFERENCE OF TEAMSTERS PENSION TRUST FUND, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, et al.,<br><br>Defendants. | No. 2:12-cv-05122-MRP(MANx)<br><br>CLASS ACTION |
| DAVID H. LUTHER, et al., Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, et al.,<br><br>Defendants. | No. 2:12-cv-05125-MRP(MANx)<br><br>CLASS ACTION |

1173240_1

Plaintiffs' Counsel, on behalf of Plaintiffs, on notice to Defendants' Counsel, have moved this Court for entry of the [Proposed] Class Distribution Order in the above-captioned class actions (the "Actions"), and the Court having considered all materials and arguments submitted in support of the motion, including the Affidavit of Stephen J. Cirami in Support of Plaintiffs' Counsel's Motion for an Order Approving Distribution of the Net Settlement Fund (the "Cirami Affidavit") and the Memorandum of Law in Support of Plaintiffs' Counsel's Motion for Entry of Class Distribution Order, submitted therewith;

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated July 9, 2013 (*Maine State* Dkt. No. 408, the "Stipulation") and all terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction over the subject matter of the Actions and over all parties to the Actions, including all Class Members.

3. The administrative determinations to accept claims, including the otherwise valid claims filed after the original December 15, 2013 deadline, but before August 15, 2016 (the "Late But Otherwise Authorized Claims"), and to reject wholly ineligible or otherwise deficient claims, including the five disputed claims, as recommended by the Court-appointed Claims Administrator, Garden City Group, LLC ("GCG"), as stated in the Cirami Affidavit and its exhibits, are adopted.

4. GCG's proposed plan for distribution of the Net Settlement Fund to Authorized Claimants is **APPROVED**. Accordingly,

    (a) GCG will calculate award amounts to all Authorized Claimants as if the entire Net Settlement Fund was to be distributed now by calculating their *pro rata* share of the fund in accordance with the Court-approved Plan of Allocation (the Authorized Claimant's "Distribution Amount").

- 1 -

1173240_1

     (b)    GCG will, pursuant to the terms of the Court-approved Plan of Allocation, eliminate from the distribution list any Authorized Claimant whose Distribution Amount calculates to less than $10.00. Such claimants will not receive any distribution from the Net Settlement Fund.

     (c)    After eliminating claimants from the distribution list who would have received less than $10.00, GCG will recalculate the Distribution Amounts for Authorized Claimants who would have received $10.00 or more pursuant to the calculations described in paragraph 4(a) above.

     (d)    GCG will then conduct an Initial Distribution of the Net Settlement Fund as follows:

     (i)    With respect to Authorized Claimants whose Distribution Amount calculates to less than $100.00 pursuant to paragraph 4(c) above, GCG will distribute to such claimants their full Distribution Amount ("Claims Paid in Full"). These Authorized Claimants will get no additional funds in subsequent distributions, and

     (ii)    With respect to Authorized Claimants whose Distribution Amount calculates to $100.00 or more pursuant to paragraph 4(c) above, GCG will distribute to such claimants 80% of their Distribution Amounts. The remaining 20% of their payments will be held in reserve (the "Reserve") to address any claims that may ultimately be determined to be eligible to participate in the Settlement, and for any other contingencies that may arise. To the extent the Reserve is not depleted, the remainder will be distributed in subsequent distributions.

     (e)    In order to encourage Authorized Claimants to promptly cash their distribution checks, and to avoid or reduce future expenses relating to unpaid distribution checks, all distribution checks shall bear a notation "CASH PROMPTLY;

1173240_1

VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED WITHIN 90 DAYS AFTER ISSUE DATE."[1]

(f) Authorized Claimants who do not cash their Initial Distribution checks within the time allotted or during reasonable follow-up efforts will irrevocably forfeit all recovery from the Settlement. The funds allocated to all such uncashed checks will be available in the re-distribution to other Authorized Claimants. Similarly, Authorized Claimants who do not cash subsequent distributions within the time allotted will irrevocably forfeit any further recovery from the Settlement.

(g) GCG shall conduct a second distribution of the Net Settlement Fund (the "Second Distribution"), pursuant to which any amount remaining in the Net Settlement Fund, after the Initial Distribution (including the Reserve and the funds for all uncashed or returned checks), after deducting GCG's reasonable fees expected to be incurred in connection with the Second Distribution and the expenses incurred in connection with administering the Settlement for which GCG has not yet been paid, and after the payment of any estimated escrow fees and taxes and the costs of preparing appropriate tax returns, will be distributed to all Authorized Claimants from the Initial Distribution who (1) were not Claims Paid in Full, (2) cashed their distribution payment, and (3) are entitled to at least $10.00 from the re-distribution based on their *pro rata* share of the remaining fund.

(h) In order to allow a final distribution of any remaining funds in the Net Settlement Fund after completion of the Second Distribution, whether by reason of returned funds, tax refunds, interest, uncashed checks, or otherwise:

(i) If cost-effective, after the Second Distribution is conducted, GCG will conduct a further distribution of the Net Settlement Fund, pursuant to which all funds remaining in the Net Settlement Fund, after payment of any unpaid expenses

---

[1] In an effort to have as many Authorized Claimants as possible cash their checks, GCG shall use reasonable and diligent efforts to follow-up with those Authorized Claimants whose checks are initially uncashed. Cirami Affidavit, ¶43.

- 3 -

1173240_1

or fees incurred or to be incurred in connection with administering the subsequent distributions from the Net Settlement Fund, and after the payment of any estimated escrow fees or taxes and the costs of preparing appropriate tax returns, shall be distributed on the same *pro rata* basis as the Second Distribution to Authorized Claimants who were not Claims Paid in Full, cashed their distribution checks and who would receive at least $10.00 in such further distribution, with additional distributions thereafter to be conducted on the same terms until GCG and Plaintiffs' Counsel determine that the amounts in the Net Settlement Fund is *de minimis* making further redistribution not cost-effective, and

(ii) At such time as GCG and Plaintiffs' Counsel determine that further re-distribution is not cost-effective, the remaining balance in the Net Settlement Fund shall then be donated to an appropriate non-profit organization(s) designated by Plaintiffs' Counsel and approved by Countrywide (which approval shall not be unreasonably withheld) [as approved by the Court], after payment of any unpaid expenses or fees incurred by the Claims Administrator in connection with administering the Net Settlement Fund and after the payment of any estimated escrow fees or taxes and the costs of preparing appropriate tax returns.

(i) All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proofs of Claims submitted herein, or otherwise involved in the administration or taxation of the Gross Settlement Fund or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they receive payment from the Net Settlement Fund, are barred from making any further claims against the Net Settlement Fund, Plaintiffs, Plaintiffs' Counsel, the Claims Administrator, the Escrow Agent or any other Person retained by Plaintiffs or Plaintiffs' Counsel in connection with the administration or taxation of the Gross Settlement Fund or the Net Settlement Fund beyond the amount allocated to Authorized Claimants.

   (j) Unless otherwise ordered by the Court, no Proof of Claim received or modified after August 15, 2016, may be eligible for payment in the Initial Distribution. ~~However, it is also requested that the Court order~~ that Lead Counsel shall have the discretion (but not the obligation) to accept and pay claims received or modified after that date in subsequent distributions on an equitable basis, so long as such subsequent distributions are not materially delayed thereby.

   (k) Unless otherwise ordered by the Court, one year after the Initial Distribution, GCG will destroy the paper copies of the Proofs of Claim and all supporting documentation, and three years after the Final Distribution, GCG will destroy electronic copies of the same.

  5. The fees and expenses incurred by GCG in connection with its administration of the Settlement that have not been paid pursuant to the Stipulation and estimated to be incurred in connection with the Initial Distribution are approved; accordingly, Plaintiffs' Counsel shall direct payment of $222,423.78 out of the Gross Settlement Fund to GCG for such unpaid fees and expenses incurred and expected to be incurred through the Initial Distribution. Additional reasonable and necessary expenses incurred in the administration of the Settlement and subsequent distributions to Authorized Claimants shall be paid to GCG pursuant to the terms of the Stipulation. *See* Stipulation, ¶17.

IT IS SO ORDERED.

DATED: Oct 3 2016

THE HONORABLE Virginia A. Phillips
UNITED STATES DISTRICT JUDGE

- 5 -

1173240_1